1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

LOCKE LORD LLP
MICHAEL F. PERLIS (State Bar No. 095992)
RICHARD R. JOHNSON (State Bar No. 198117)
LILIAN M. KHANJIAN (State Bar No. 259015)
DANIEL A. SOLITRO (State Bar No. 243908)
300 South Grand Avenue
Los Angeles, CA  90071
Telephone: 213-485-1500
Facsimile: 310-485-1200
Email: *MPerlis@lockelord.com*
Email: *RRJohnson@lockelord.com*
Email: *LKhanjian@lockelord.com*
*Email: DSolitro@lockelord.com*

Attorneys for Plaintiff,
Markel American Insurance Company

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LAYFIELD & BARRETT, APC<br><br>                         Debtor(s).<br>-----------------------------------------<br><br>EVANSTON INSURANCE COMPANY,<br>an Illinois corporation,<br>    Plaintiff,<br>vs.<br>LAYFIELD & BARRET, APC, PHILIP J.<br>LAYFIELD, an individual, JOSEPH<br>BARRETT, an individual, TODD D.<br>WAKEFIELD, an individual, and TERRY<br>BAILEY, an individual,<br>    Defendants. | **Case No. 2:17-bk-19548-NB**<br><br>**CHAPTER 11**<br><br>**Honorable Neil W. Bason**<br><br>**Adversary Proc. No. _____**<br><br>**COMPLAINT FOR RESCISSION<br>AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

ADVERSARY PROCEEDING: COMPLAINT FOR RESCISSION & DECLARATORY RELIEF

**INTRODUCTION**

1.     Plaintiff, Evanston Insurance Company ("Evanston"), by and through its undersigned attorneys, brings this action for Rescission and Declaratory Relief against Layfield & Barret, APC ("L&B"), Philip J. Layfield (also known as Philip S. Pesin), Joseph Barrett, Todd D. Wakefield, and Terry Bailey (collectively, "Defendants" or the "Insureds").     Plaintiff Evanston is an Illinois corporation centered in Deerfield, Illinois.  As alleged more fully below, federal court jurisdiction of this matter is authorized pursuant to 28 U.S.C. Section 1332(a) because the parties are citizens of different States and/or foreign states, and the amount in controversy exceeds $75,000.00.    In addition, Evanston files this action as an adversary proceeding in this Bankruptcy Court pursuant to subsections (7) (equitable relief) and (9) (declaratory relief) of Rule 7001 of the Federal Rules of Bankruptcy Procedure. Pursuant to Local Bankruptcy Rule 7008-1, Evanston avers that the related bankruptcy proceeding, *In re: Layfield & Barret, APC*, Case No.: 2:17-bk-19548-NB (which was filed as an involuntary petition under Chapter 7 but has since been converted to a Chapter 11 proceeding), is pending in this United States Bankruptcy Court for the Central District of California, Los Angeles Division, before the Honorable Neil W. Bason, United States Bankruptcy Judge.     Plaintiff, which demands a jury trial and will be filing a Motion for Withdrawal of Reference, does not consent to the entry of final orders or judgments by the Bankruptcy Court.

2.     Evanston issued an insurance policy (the "Policy") to L&B, under which Messrs. Layfield, Barrett, and Wakefield, and others (perhaps including Mr. Bailey) are purported Insureds for certain purposes pursuant to the terms and conditions of the Policy and applicable law.  Evanston has recently discovered that Mr. Layfield, who may have left the country for Costa Rica, is accused of having misappropriated $5-10 million of client monies from L&B client trust or other accounts, as part of an intentional scheme.  That scheme was ongoing when Mr. Wakefield (who also had knowledge of the client complaints regarding unpaid monies and was concerned that

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

1

ADVERSARY PROCEEDING: COMPLAINT FOR RESCISSION & DECLARATORY RELIEF

1  they would lead to litigation) signed the Application for the Policy.  The Application

2  was materially false because it failed to disclose (among other things) the

3  misappropriation scheme and L&B client complaints regarding unpaid client funds.

4        3.     Accordingly, as fully set forth below, Evanston petitions this Court for:

5  (I) rescission of the Policy (subject to Court approval), rendering it void *ab initio*, as

6  to all Insureds, on the ground that it was issued in reliance on the materially false

7  Application; and/or (II) a judicial declaration that the Policy does not provide any

8  coverage for any Claims whatsoever, including, but not limited to, the lawsuit

9  captioned, *Josephine Nguyen v. Philip Layfield, et al.*, Orange County Super. Ct.

10  Case No. 30-2017-00930393-BU-BC-CJC (filed July 7, 2017) (the "*Nguyen*

11  Action").

12        4.     As a part of its rescission claim, Evanston hereby tenders the refund of

13  the premium paid by L&B for the Policy, ultimately to be distributed as the Court

14  may direct, including for the benefit of Mr. Layfield's client-victims.

15  ### THE PARTIES, JURISDICTION, AND VENUE

16        5.     Defendant L&B, the putative "Named Insured" identified in the

17  Declarations of the Policy, and hitherto a California Professional Corporation in good

18  standing with its principal place of business at 9170 Irvine Center Drive Suite 100,

19  Irvine, California 92618, is the Debtor in the related bankruptcy proceeding, *In re:*

20  *Layfield & Barrett, APC*, Case No.: 2:17-bk-19548-NB.

21        6.     Defendant Philip J. Layfield (also known as Philip S. Pesin), a member

22  of the State Bar of California and on information and belief a California domiciliary,

23  is the President and Managing Partner of L&B, and a purported Insured under the

24  Policy for certain purposes.

25        7.     Defendant Joseph Barrett, a member of the State Bar of California and on

26  information and belief a California domiciliary, is a purported Insured under the

27  Policy for certain purposes.

28        8.     Defendant Todd D. Wakefield, a member of the State Bar of Utah and a

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

2

ADVERSARY PROCEEDING: COMPLAINT FOR RESCISSION & DECLARATORY RELIEF

1
2
3

California domiciliary, is or was the General Counsel of L&B, and a purported Insured under the Policy for certain purposes, who signed the Application for the Policy.

4
5
6
7

9.    Evanston is informed and believes, and on that basis alleges, that Defendant Terry Bailey, a member of the State Bar of California and on information and belief a California domiciliary, claims to be a purported Insured under the Policy for certain purposes.

8
9
10
11
12

10.    Messrs. Layfield, Barrett, Wakefield, and Bailey, and any and all other current or former lawyer employees of L&B, to the extent that they purport to qualify as Insureds under the Policy, have authorized L&B to act on their behalf with respect to the giving and receiving of all notices to and from Evanston, pursuant to Other Condition L of the Policy.

13
14
15
16
17

11.    Defendants are (or, in the case of Mr. Bailey, may be) purported Insureds under Lawyers Professional Liability Insurance Policy Number LA808710 (the "Policy"), which Evanston issued to L&B for the Policy Period of February 15, 2017 to February 15, 2018.    The Policy has a $2 million aggregate and $1 million per Claim limit of liability, subject to a $25,000 per claim deductible.

18
19
20

12.    The Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1332(a) because the parties are citizens of different States and/or foreign states, and the amount in controversy exceeds $75,000.00.

21
22
23
24

13.    Venue is appropriate pursuant to 28 U.S.C. 1391(b) because it is the location of the principal place of business of the Named Insured, to which Evanston delivered the subject Policy, through a California licensed surplus lines broker, and is the location in which a substantial portion of the events at issue occurred.

25
26

**FACTUAL BACKGROUND RE: MR. LAYFIELD'S MISAPPROPRIATIONS**

27
28

14.    Evanston alleges the facts set forth below in ¶¶ 15-23, *infra*, on information and belief, after diligent inquiry and review of available information.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

3

ADVERSARY PROCEEDING: COMPLAINT FOR RESCISSION & DECLARATORY RELIEF

1    The allegations set forth in in ¶¶ 15-23 are taken largely from the pleadings in the

2    *Nguyen* Action, and from the filings in a bankruptcy proceeding filed by a non-

3    Insured unrelated entity of which L&B's former General Counsel, Todd D.

4    Wakefield (who signed the Application) is the sole shareholder.

5        15.    Mr. Layfield was, during the relevant period, the sole or majority

6    shareholder and managing partner of L&B, a litigation firm founded in or about

7    2010.  L&B was a plaintiffs' contingent fee litigation law firm headquartered in

8    Irvine, California, and subsequently Los Angeles, California. L&B also operated

9    offices at various times in Park City, Utah, Scottsdale, Arizona, and Miami, Florida.

10   At times the firm had more than 60 employees in the United States and reportedly

11   over 200 employees in India through an Indian entity owned by Mr. Layfield.

12       16.    Mr. Layfield reportedly misappropriated funds from L&B's interest-on-

13   lawyer-trust account(s) (IOLTA account[s]), into which all L&B client funds were

14   reportedly deposited after settlements or verdicts in contingency fee cases.  At all

15   times, Mr. Layfield allegedly had sole and exclusive control of L&B's finances and

16   bank accounts (including the primary L&B IOLTA account), and all aspects of

17   handling of client funds and firm cash flows.  Mr. Layfield had virtually all the

18   accounting work for L&B performed by employees of his Indian entity.

19       17.    In late 2016 and early 2017, Mr. Wakefield became aware of complaints

20   that some clients (mostly in California) were experiencing delays in receiving

21   disbursements of their settlement proceeds. The reason Mr. Wakefield became aware

22   of delays is that clients would first contact the L&B attorneys who had handled their

23   cases, or sometimes other staff members, and when their problems persisted, they

24   became angry, or threatened formal action, they would be "escalated" to Mr.

25   Wakefield as a more senior staff member who reported directly to Mr. Layfield, the

26   managing partner. Mr. Layfield was purportedly reluctant to engage directly with

27   clients and others who had complaints and rarely did so.

28       18.    Upon hearing complaints from clients that it was taking longer than

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

4

ADVERSARY PROCEEDING: COMPLAINT FOR RESCISSION & DECLARATORY RELIEF

1  expected to receive their final disbursement checks, Mr. Wakefield voiced those

2  concerns to Mr. Layfield, who responded with a shifting series of excuses, none of

3  which appear to be valid.

4      19.    During this period, Mr. Wakefield advised Mr. Layfield multiple times of

5  the risk that L&B clients would file complaints to the California Bar over the delayed

6  disbursements.  This cannot have come as any surprise to Mr. Layfield, given that he

7  had been misappropriating client settlement funds at least since August of 2016, if

8  not earlier.

9      20.    In June of 2017, Mr. Layfield abruptly took everyone off of the L&B

10  payroll and accelerated his departure from day to day activities of L&B.  In mid-June

11  2017, Mr. Layfield allegedly moved to Tamarindo, Costa Rica, where he claims to be

12  setting up an office from which to conduct purportedly further legal business.

13      21.    On July 7, 2017, one of L&B's former clients, Josephine Nguyen sued

14  L&B, Mr. Layfield, and Mr. Wakefield's non-Insured unrelated entity, alleging that

15  Mr. Layfield misappropriated settlement checks totaling approximately $3.9 million

16  (of which her share was 60%).  Ms. Nguyen, who retained L&B on March 15, 2016

17  to represent her as a plaintiff in a personal injury lawsuit arising out of injuries caused

18  when she was struck by a vehicle in a crosswalk on February 24, 2016, alleges: (1)

19  that on or about August 16, 2016, she signed a settlement agreement to resolve her

20  injury claims for the total sum of $3.9 million; (2) that two separate settlement checks

21  totaling $3.9 million (both dated August 25, 2016), were delivered to L&B and made

22  jointly payable to Plaintiff and L&B's trust account; and (3) that both checks were

23  signed by L&B only (with an apparently forged signature for Ms. Nguyen), and

24  deposited into L&B's bank account in August 2016.  Ms. Nguyen further alleges:

25  (A) that she made several oral and written inquiries with L&B between August 2016

26  and the present regarding the status of her settlement funds, and also made several

27  requests for an accounting of her settlement funds; and (B) that L&B continued to

28  assure her that an accounting and delivery of settlement funds would be forthcoming

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

5

1    imminently to "close out" her file, but that neither has occurred.  Ms. Nguyen also

2    alleges that L&B issued her a $25,000 check (described as an "advance on your

3    settlement") on or about March 9, 2017, but that she has not received any other

4    settlement monies from L&B.  Interestingly, the $25,000 check does not appear to

5    have come from an L&B IOLTA account.  (Also interestingly, the letter transmitting

6    the check was dated February 15, 2017 [the day the Policy incepted, and one day

7    after L&B signed the Application], but the check itself was not issued until several

8    weeks later, on March 9, 2017.)

9         22.    Most recently, on July 12, 2017, at least two Utah clients, for whom L&B

10    collected a combined $225,000 in settlements, complained that still have not received

11    any funds from Mr. Layfield, even though their cases settled months ago. It appears

12    to be only a matter of time before these and other L&B clients file their own lawsuits.

13         23.    In sum, it is claimed that Mr. Mr. Layfield has misappropriated between

14    $5 and 10 million in L&B client funds.

15               **L&B'S FALSE APPLICATION FOR THE POLICY**

16         24.    On February 14, 2017, L&B signed its Application for the Policy.  A

17    notice above the Application's signature line provides that it "[m]ust be signed by the

18    owner, principal, partner, executive officer or equivalent.  The notice also provides

19    that "[t]his application is signed by undersigned authorized agent of the Applicant(s)

20    on behalf of the Applicant(s) and its, owners, partners, directors, officers and

21    employees.  While L&B's President and Managing Partner, Philip J. Layfield's name

22    and title were typed on the signature line, L&B's General Counsel, Todd Wakefield,

23    typed in his name and title above Mr. Layfield's, and signed the Application.

24         25.    The Application contains a warranty on the signature page that provides:

25    "I/We warrant to the Company, that I/We understand and accept the notice stated

26    above and that the information contained herein is true and that it shall be the basis of

27    the policy and deemed incorporated therein, should the Company evidence its

28    acceptance of this application by issuance of a policy."

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

6

26.    The Application also provides, on pages 6 to 7, that:

NO FACT, CIRCUMSTANCE OR SITUATION INDICATING THE PROBABILITY OF A CLAIM OR ACTION FOR WHICH COVERAGE MAY BE AFFORDED BY THE PROPOSED INSURANCE IS NOW KNOWN BY ANY PERSON(S) OR ENTITY(IES) PROPOSED FOR THIS INSURANCE OTHER THAN THAT WHICH IS DISCLOSED IN THIS APPLICATION. IT IS AGREED BY ALL CONCERNED THAT IF THERE IS KNOWLEDGE OF ANY SUCH FACT, CIRCUMSTANCE OR SITUATION, ANY CLAIM SUBSEQUENTLY EMANATING THEREFROM SHALL BE EXCLUDED FROM COVERAGE UNDER THE PROPOSED INSURANCE.

FOR THE PURPOSE OF THIS APPLICATION, THE UNDERSIGNED AUTHORIZED AGENT OF THE PERSON(S) AND ENTITY(IES) PROPOSED FOR THIS INSURANCE DECLARES THAT TO THE BEST OF HIS/HER KNOWLEDGE AND BELIEF, AFTER REASONABLE INQUIRY, THE STATEMENTS IN THIS APPLICATION AND IN ANY ATTACHMENTS, ARE TRUE AND COMPLETE. THE UNDERWRITING MANAGER, COMPANY AND/OR AFFILIATES THEREOF ARE AUTHORIZED TO MAKE ANY INQUIRY IN CONNECTION WITH THIS APPLICATION. SIGNING THIS APPLICATION DOES NOT BIND THE COMPANY TO PROVIDE OR THE APPLICANT TO PURCHASE THE INSURANCE.

THIS APPLICATION, INFORMATION SUBMITTED WITH THIS APPLICATION AND ALL PREVIOUS APPLICATIONS AND MATERIAL CHANGES THERETO OF WHICH THE UNDERWRITING MANAGER, COMPANY AND/OR AFFILIATES THEREOF RECEIVES NOTICE IS ON FILE WITH THE UNDERWRITING MANAGER, COMPANY AND/OR AFFILIATES THEREOF AND IS CONSIDERED PHYSICALLY ATTACHED TO AND PART OF THE POLICY IF ISSUED. THE UNDERWRITING MANAGER, COMPANY AND/OR AFFILIATES THEREOF WILL HAVE RELIED UPON THIS APPLICATION AND ALL SUCH ATTACHMENTS IN ISSUING THE POLICY.

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

7

ADVERSARY PROCEEDING: COMPLAINT FOR RESCISSION & DECLARATORY RELIEF

1
2
3
4
5
6

IF THE INFORMATION IN THIS APPLICATION AND ANY ATTACHMENT MATERIALLY CHANGES BETWEEN THE DATE THIS APPLICATION IS SIGNED AND THE EFFECTIVE DATE OF THE POLICY, THE APPLICANT WILL PROMPTLY NOTIFY THE UNDERWRITING MANAGER, COMPANY AND/OR AFFILIATES THEREOF, WHO MAY MODIFY OR WITHDRAW ANY OUTSTANDING QUOTATION OR AGREEMENT TO BIND COVERAGE.

7

8

9

10

11

27.     Section VI of the Application contains the following Question 7: "After inquiry, is any person or entity proposed for this insurance aware of any fact, act, error, omission, personal injury, incident, circumstance or situation that could result in any claim under the proposed insurance, irrespective of the actual validity of the claim?"  In answer to Question 7, L&B answered: "[X] No[.]"

12

13

14

15

16

17

18

19

20

21

28.     L&B's answer was materially false, as Mr. Layfield was already aware, as of February 14, 2017, that he had been withholding/misappropriating client settlement monies, and Mr. Wakefield had also been aware, since late 2016, of resultant client complaints that he was concerned could lead to litigation.  Mr. Layfield knew that he had been withholding Ms. Nguyen's $2.34 million (60%) portion of her $3.9 million settlement sum since he (allegedly forged Ms. Nguyen's signature and) deposited her settlement checks almost six months earlier, on August 29, 2016.  Mr. Layfield also knew that Ms. Nguyen had been inquiring about and requesting those funds, orally and in writing, since August 2016, and that he still had not paid her any of those funds.

22

23

24

25

29.     Evanston issued the Policy in reliance on the materially false Application. Had Evanston been aware of the omitted facts, circumstances, and situations, it would not have issued the Policy at all, let alone for the same premium and on the same terms and conditions.

26

27

30.     Other Condition D ("Representations") of the Policy provides as follows:

By acceptance of this policy, the Insureds agree as follows:

28

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

8

ADVERSARY PROCEEDING: COMPLAINT FOR RESCISSION & DECLARATORY RELIEF

1 1. that the information and statements contained in the application(s) are the basis of this policy and are to be considered as incorporated into and constituting a part of this policy; and

2. that the information and statements contained in the application(s) are their representations, that they shall be deemed material to the acceptance of the risk or hazard assumed by the Company under this policy, and that this policy is issued in reliance upon the truth and accuracy of such representations.

31. The Policy does not contain any severability provision with respect to rescission.

32. The Policy's Insuring Agreement provides as follows: :

The Company shall pay on behalf of the Insured all sums in excess of the Deductible amount stated in Item 5. of the Declarations, which the Insured shall become legally obligated to pay as Damages as a result of Claims first made against the Insured during the Policy Period or the Extended Reporting Period, if exercised, and reported to the Company pursuant to Section Claims A., Claim Reporting Provision, by reason of:

A. a Wrongful Act arising out of Professional Legal Services; or

B. Personal Injury committed by the Insured;

provided:

1. the entirety of the Wrongful Act or Personal Injury happens during the Policy Period or on or after the Retroactive Date stated in Item 7. of the Declarations; and

2. prior to the effective date of this policy no Insured had any knowledge of such Wrongful Act or Personal Injury or any fact, circumstance, situation or incident which would lead a reasonable person in that Insured's position to conclude that a Claim was likely.

33. Coverage for the *Nguyen* Claim and any and all other client fund misappropriation claims would be precluded pursuant to Proviso No. 2 in the Insuring

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

ADVERSARY PROCEEDING: COMPLAINT FOR RESCISSION & DECLARATORY RELIEF

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

1    Agreement above even if the Policy were not rescinded, and even if the such matters

2    were not already excluded pursuant to the Application Exclusion.

3                                    **COUNT I (RESCISSION)**

4                                    **(Against All Defendants)**

5            34.    Evanston incorporates by reference, as if set forth fully herein, the

6    allegations of all of the preceding paragraphs 1 through 33.

7            35.    Evanston is entitled (subject to Court approval) to rescind the Policy

8    pursuant to California Insurance Code section 359, which provides that: "If a

9    representation is false in a material point, whether affirmative or promissory, the

10   injured party is entitled to rescind the contract from the time the representation

11   becomes false."

12           36.    The Application was false in a material point, at the very least, because

13   L&B falsely represented therein that no Insured was aware of "any fact, act, error,

14   omission, personal injury, incident, circumstance or situation that could result in any

15   claim under the proposed insurance[,]" when Mr. Layfield was clearly aware of his

16   misappropriations.

17           37.    Evanston issued the Policy in reliance on the materially false

18   Application.  Had Evanston been aware of the omitted facts, circumstances, and

19   situations, it would not have issued the Policy at all, let alone for the same premium

20   and on the same terms and conditions.

21           38.    Moreover, as noted above, Other Condition D of the Policy provides that

22   "the information and statements contained in the application(s) are [the Insureds']

23   representations, that they shall be deemed material to the acceptance of the risk or

24   hazard assumed by [Evanston] under this policy, and that this policy is issued in

25   reliance upon the truth and accuracy of such representations."  Such provisions are

26   unambiguous and enforceable and render misrepresentations in an Application

27   material as a matter of law.

28

                                    10
ADVERSARY PROCEEDING: COMPLAINT FOR RESCISSION & DECLARATORY RELIEF

39.   Since the Policy does not contain a severability provision limiting the scope of rescission, Evanston is entitled (subject to Court approval), pursuant to California Insurance Code section 650, to rescind the Policy as to all Insureds.

40.   Pursuant to California Civil Code section 1691, notice of rescission (subject to Court approval) is hereby given, and Evanston hereby tenders the refund of the premium L&B paid for the Policy, to be distributed as the Court may direct, including for the benefit of L&B's client-victims.

## COUNT II (JUDICIAL DECLARATION)

### (Against All Defendants)

41.   Plaintiff Evanston incorporates by reference, as if set forth fully herein, the allegations of all of the preceding paragraphs 1 through 40.

42.   As a result of the foregoing matters, an actual and justiciable controversy exists between Evanston and the Defendants regarding the coverage, if any, available to Defendants, pursuant to the terms of the Policy and applicable law, for any Claims, including (without limitation) the underlying *Nguyen* Claim.

43.   Plaintiff therefore respectfully petitions the Honorable Court for a judicial declaration to the effect that (*inter alia*, without limitation):

- The Policy is rescinded, in its entirety, rendering it void, *ab initio*, as to all Insureds, such that Evanston owes no benefits and has no obligations thereunder.

- Coverage for the *Nguyen* Claim and any other undisclosed or related claims is precluded by the Application Exclusion, because L&B failed to disclose the facts, circumstances, and situation underlying those Claims (or the Claims themselves) in response to Question 7 in the Application;

- Coverage for the *Nguyen* Claim and any other pre-Policy Period or related claims is unavailable pursuant to the claims-made Insuring Agreement (which only provides coverage for Claims first made against the Insured during the Policy Period, because such Claims were first made before the Policy incepted on February 15, 2017;

- Coverage for the *Nguyen* Claim and any other client fund misappropriation claims is unavailable pursuant to Insuring Agreement's

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

11

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA 90071**

1
2

requirement that the Wrongful Act complained of "aris[e] out of Professional Legal Services"

3
4
5
6

- Coverage for the *Nguyen* Claim and any other undisclosed or related claims is precluded pursuant to Proviso no. 2 of the Insuring Agreement, which provides that coverage is unavailable if any Insured had any knowledge of any fact, circumstance, situation or incident which would lead a reasonable person in that Insured's position to conclude that a Claim was likely;

7
8

- California law governs the legal insurability and availability of coverage for the *Nguyen* Claim and any other client fund misappropriation claims;

9
10
11

- The matters alleged in the *Nguyen* Claim and any other claims based on wilful misconduct are, in their entirety, legally uninsurable pursuant to California Insurance Code section 533, because they are premised upon or inextricably intertwined with a willful scheme of misappropriation;

12
13
14
15

- The *Nguyen* Claim and any other client fund misappropriation claims, to the extent that they seek the return of misappropriated monies, are legally uninsurable pursuant to California's well-established public policy against insurance coverage for restitution/disgorgement ill-gotten gains.

16

## **PRAYER FOR RELIEF**

17

WHEREFORE, Plaintiff Evanston respectfully requests that the Honorable Court:

18
19

A.    Order, Adjudge, and Decree that the Policy is rescinded, in its entirety, and void, *ab initio*, as to all Insureds;

20
21
22

B.    Order, Adjudge, and Decree that Defendants are not entitled to any coverage under the Policy for the *Nguyen* Claim or any other Claims, and that such Claims are uninsurable as a matter of law;

23
24

C.    Award Evanston any such other and further relief as is just and appropriate; and

25
26
27

D.    Retain jurisdiction over this matter to oversee the distribution of the tendered premium refund, in such manner as the Court may direct, including for the benefit of L&B's defrauded client-victims.

28

12

ADVERSARY PROCEEDING: COMPLAINT FOR RESCISSION & DECLARATORY RELIEF

1    Dated:  August 22, 2017              LOCKE LORD LLP

2                                         By: */s/  Daniel A. Solitro*

3                                              Michael F. Perlis
                                               Richard R. Johnson
4                                              Lilian M. Khanjian
                                               Daniel A. Solitro
5                                         Attorneys for Plaintiff,
6                                         EVANSTON INSURANCE COMPANY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

13
ADVERSARY PROCEEDING: COMPLAINT FOR RESCISSION & DECLARATORY RELIEF

1

## **DEMAND FOR JURY TRIAL**

2          Pursuant to Fed. R. Civ. P. 38 and Central District Civil L.R. 38-1, Plaintiff

3    Evanston Insurance Company hereby demands a trial by jury.

4    Dated:  August 22, 2017                LOCKE LORD LLP

5
                                        By: */s/  Daniel A. Solitro*
6                                             Michael F. Perlis
                                              Richard R. Johnson
7                                             Lilian M. Khanjian
                                              Daniel A. Solitro
8                                          Attorneys for Plaintiff,
                                           EVANSTON INSURANCE COMPANY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

14

ADVERSARY PROCEEDING: COMPLAINT FOR RESCISSION & DECLARATORY RELIEF

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>EVANSTON INSURANCE COMPANY, an Illinois<br>corporation | DEFENDANTS<br>LAYFIELD & BARRETT, APC,  PHILIP J. LAYFIELD,<br>and individual, JOSEPH BARRETT, an individual,<br>TODD D. WAKEFIELD, an individual, and TERRY<br>BAILEY, an individual |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>LOCKE LORD LLP<br>300 S. Grand Avenue, Suite 2600 (213) 485-1500<br>Los Angeles, CA 90071 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Rescission (Cal. Ins. § 359, Cal. Civ. § 1691, and Declaratory Relief (28 U.S.C. 2201); Federal Diversity
Jurisdiction (28 U.S.C. § 1332; Adversary Proceeding per Fed. R. Bankruptcy P. 7001(7)(9).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 70 01( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/propert y - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 70 01 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
     actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 70 01(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
     (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☒ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
☒ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation of Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
     if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | ☐ Demand $ |

Other Relief Sought
Rescission of Insurance Policy


American LegalNet, Inc.
www.FormsWorkFlow.com

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>LAYFIELD & BARRETT, APC | BANKRUPTCY CASE NO.<br>2:17-bk-19548-NB | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE | NAME OF JUDGE<br>Niel W. Bason |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>August 22, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Michael F. Perlis |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.


American LegalNet, Inc.
www.FormsWorkFlow.com

1  LOCKE LORD LLP
2  MICHAEL F. PERLIS (State Bar No. 095992)
   RICHARD R. JOHNSON (State Bar No. 198117)
3  LILIAN M. KHANJIAN (State Bar No. 259015)
4  DANIEL A. SOLITRO (State Bar No. 243908)
   300 South Grand Avenue
5  Los Angeles, CA  90071
6  Telephone: 213-485-1500
   Facsimile: 310-485-1200
7  Email: *MPerlis@lockelord.com*
8  Email: *RRJohnson@lockelord.com*
   Email: *LKhanjian@lockelord.com*
9  *Email: DSolitro@lockelord.com*

10  Attorneys for Plaintiff,
11  Markel American Insurance Company

12
                    **UNITED STATES BANKRUPTCY COURT**
13
                    **CENTRAL DISTRICT OF CALIFORNIA**
14
                         **LOS ANGELES DIVISION**
15

16

17  In re:                                ) **Case No. 2:17-bk-19548-NB**
                                           )
18  LAYFIELD & BARRETT, APC                ) **CHAPTER 11**
19                                         )
                         Debtor(s).        ) **Honorable Neil W. Bason**
20  -----------------------------------    )
                                           )
21                                         ) **Adversary Proc. No. _____**
    EVANSTON INSURANCE COMPANY,            )
22  an Illinois corporation,               )
    Plaintiff,                             ) **FED. R BANKR. P. 7007.1**
23  vs.                                    ) **CORPORATE OWNERSHIP**
                                           ) **STATEMENT**
24  LAYFIELD & BARRET, APC, PHILIP J.      )
25  LAYFIELD, an individual, JOSEPH        )
    BARRETT, an individual, TODD D.        )
26  WAKEFIELD, an individual, and TERRY    )
    BAILEY, an individual,                 )
27  Defendants.                            )
                                           )
28                                         )

**Locke Lord LLP**
**300 South Grand Avenue, Suite 2600**
**Los Angeles, CA  90071**

FED. R BANKR. P. 7007.1 CORPORATE OWNERSHIP STATEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Locke Lord LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Pursuant to Rule 7007.1 of the Federal Rules of Bankruptcy Procedure, Evanston Insurance Company states that it is a subsidiary of Markel Corporation, a Virginia Corporation, headquartered at 4521 Highwoods Parkway, Glen Allen, Virginia 23060.  Markel Corporation (ticker symbol = MKL) is publicly traded on the New York Stock Exchange.

Dated:  August 22, 2017           LOCKE LORD LLP

By: */s/  Daniel A. Solitro*
Michael F. Perlis
Richard R. Johnson
Lilian M. Khanjian
Daniel A. Solitro
Attorneys for Plaintiff,
EVANSTON INSURANCE COMPANY

1
ADVERSARY PROCEEDING: COMPLAINT FOR RESCISSION & DECLARATORY RELIEF