1  Ira D. Kharasch (CA Bar No. 109084)
   Debra I. Grassgreen (CA Bar No. 169978)
2  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067
4  Telephone: 310/277-6910
   Facsimile:  310/201-0760
5  E-mail: ikharasch@pszjlaw.com
          dgrassgreen@pszjlaw.com
6          mpagay@pszjlaw.com

7  Attorneys for Richard M. Pachulski,
   Chapter 11 Trustee

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11 | In re:                          | Case No.: 2:17-bk-19548-NB
12 |                                 |
   | LAYFIELD & BARRETT, APC         | Chapter 11
13 |                                 |
   |                    Debtor.      | **CHAPTER 11 TRUSTEE'S**
14 |                                 | **APPLICATION TO EMPLOY**
   |                                 | **PACHULSKI STANG ZIEHL & JONES**
15 |                                 | **LLP AS GENERAL BANKRUPTCY**
   |                                 | **COUNSEL EFFECTIVE AUGUST 22,**
16 |                                 | **2017; DECLARATION OF MALHAR S.**
   |                                 | **PAGAY IN SUPPORT THEREOF**
17

18         Richard M. Pachulski, the duly appointed chapter 11 trustee (the "Trustee") in the above-

19 captioned bankruptcy case (the "Case") of Layfield & Barrett, APC (the "Debtor" or "L&B"),

20 hereby files this application (the "Application") to employ Pachulski Stang Ziehl & Jones LLP

21 ("PSZ&J" or the "Firm") as general bankruptcy counsel to the Trustee in this Case, effective as of

22 August 22, 2017. This Application is brought pursuant to section 327(a) of title 11 of the United

23 States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Federal Rule of Bankruptcy

24 Procedure 2014, and Local Bankruptcy Rule 2014-1. In support of the Application, the Trustee

25 respectfully represents as follows:

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# I.

## BACKGROUND

On August 3, 2017, petitioning creditors The Dominguez Firm, Mario Lara, Nayazi Reyes and Maria A. Rios (the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against L&B.  That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* [Docket No. 3] (the "Trustee Motion").

In response to the Trustee Motion, the Debtor filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [Docket No. 19] (the "Conversion Motion"), seeking to convert the Case to one under chapter 11 of the Bankruptcy Code.  The Court entered orders granting the Conversion Motion [Docket No. 25], and denying the Trustee Motion [Docket No. 24].

On August 16, 2017, the Debtor, Petitioning Creditors, and secured creditor, Advocate Capital, Inc., entered into a *Stipulation for the Appointment of a Chapter 11 Trustee* [Docket No. 38], which the Court approved by order on August 17, 2017 [Docket No. 42].

On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as Chapter 11 Trustee in the Case [Docket No. 51].  Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee* [Docket No. 53], which application was granted by the Court's order entered the following day [Docket No. 56].

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

# II.

## RELIEF REQUESTED

The Trustee seeks Court approval to retain PSZ&J, effective as of August 22, 2017, to provide the legal services to the Trustee that will be required to administer this Case.  The Trustee desires to retain PSZ&J because of its particular expertise in the areas of insolvency, business reorganization, and other debtor/creditor matters. PSZ&J has served as general bankruptcy counsel to chapter 7 and 11 trustees in many cases and to a wide range of debtors in various industries. In

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

addition, PSZ&J has served as counsel to unsecured creditors' committees in numerous chapter 11 cases. PSZ&J also has extensive experience in representing individual creditors, special interest committees, asset purchasers and investors in both in and out-of-court restructurings. Copies of the resumes of PSZ&J's attorneys who are expected to be principally responsible for the representation of the Trustee in the Case are attached to the Declaration of Malhar S. Pagay (the "Pagay Declaration") as Exhibit A. PSZ&J's depth of experience in bankruptcy makes it well qualified to represent the Trustee. More information about PSZ&J is available at its website, www.pszjlaw.com. Therefore, the Trustee believes that PSZ&J's retention is in the best interest of the estate.

The Trustee desires to retain PSZ&J, at the expense of the estate, to undertake such tasks as required by the Trustee, including, but not limited to, the following:

(a)    Advising the Trustee concerning the rights and remedies of the estate in regard to the assets of the estate, and with respect to administrative expenses and secured, priority and unsecured claims of creditors asserted against the estate;

(b)    Representing the Trustee in connection with financial and business matters, including the sale of any assets;

(c)    Representing the Trustee in connection with investigation of potential causes of action, and the litigation thereof if warranted and directed by the Trustee;

(d)    Investigating and prosecuting preference, fraudulent transfer and other actions, if any, arising under the Trustee's avoiding powers;

(e)    Representing the Trustee in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the estate may be litigated or affected;

(f)    Conducting examinations of witnesses, claimants, or adverse parties and preparing and assisting in the preparation of motions, applications, answers, orders, memoranda, reports and papers, etc.;

(g)    Advising the Trustee concerning the requirements of the Bankruptcy Code and Rules and the requirements of the Office of the United States Trustee relating to the administration of the estate; and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(h)    Rendering such other advice and services as the Trustee may require in connection with this Case.

### III.

### DISINTERESTEDNESS

To the best of the Trustee's knowledge and based upon the Pagay Declaration attached hereto, neither PSZ&J nor any of its partners, counsel, or associates has any connection with the Debtor, its principals or former employees, any creditor of the estate, any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent set forth in the Pagay Declaration.  To the extent the Trustee's continuing investigation of the business affairs of the Debtor and administration of the Case reveals additional connections, the Firm will supplement the Pagay Declaration accordingly

To the best of the Trustee's knowledge and based upon the Pagay Declaration:  (a) neither PSZ&J nor any of its partners, counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code; (b) neither PSZ&J nor any of its partners, counsel, or associates is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) neither PSZ&J nor any of its partners, counsel, or associates has any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor for any other reason. Accordingly, PSZ&J and its partners, counsel, and associates are "disinterested persons" as that term is defined and used in sections 101(14) and 327 of the Bankruptcy Code.

### IV.

### COMPENSATION

Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and this Court's rules, the Trustee proposes to pay PSZ&J its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies. The attorneys currently expected to be principally responsible for the Case, and their respective hourly rates effective as of January 1, 2017, are as follows:  Ira D. Kharasch ($1,025);

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Debra I. Grassgreen ($975) and Malhar S. Pagay ($750). The hourly rate for paralegals assigned to

2    the Case is $350.

3          The Firm has not received any retainer in contemplation of its proposed employment.

4    However, it is contemplated that the Firm will seek interim compensation during the Case as

5    permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm

6    understands that its compensation in the Case is subject to the prior approval of this Court. No

7    compensation will be paid except upon application to and approval by this Court after notice and a

8    hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016,

9    and Local Bankruptcy Rule 2016-1.

10          Pursuant to Local Bankruptcy Rule 2014-1(b)(4), a hearing is not required in connection with

11   the Application unless requested by the United States Trustee, a party in interest, or otherwise

12   ordered by the Court. Pursuant to Local Bankruptcy Rule 2014-1(b)(3), any response to the

13   Application and request for hearing must be in the form prescribed by Local Bankruptcy Rule 9013-

14   1(f) and must be filed with the Court and served upon the Trustee, its proposed counsel, and the

15   United States Trustee no later than fourteen (14) days from the date of service of notice of the filing

16   of the Application.

17          Notice of filing of this Application was provided to the Office of the United States Trustee

18   and all parties who filed and served a request for special notice as of the date of service of the

19   Notice.

20          **WHEREFORE**, the Trustee requests that this Court approve the employment of Pachulski

21   Stang Ziehl & Jones LLP as general bankruptcy counsel, as of August 22, 2017, to render services as

22   described above, with compensation to be paid by the estate as an administrative expense in such

23   amounts as this Court may hereafter determine and allow.

24   Dated:  August 29, 2017

25                                                    Richard M. Pachulski
                                                      Chapter 11 Trustee
26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Ira D. Kharasch (CA Bar No. 109084)
   Debra I. Grassgreen (CA Bar No. 169978)
2  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
3  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, CA  90067
4  Telephone: 310/277-6910
   Facsimile:  310/201-0760
5  E-mail: ikharasch@pszjlaw.com
           dgrassgreen@pszjlaw.com
6          mpagay@pszjlaw.com

7  Attorneys for Richard M. Pachulski,
   Chapter 11 Trustee

8
                    **UNITED STATES BANKRUPTCY COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10
                         **LOS ANGELES DIVISION**
11

12  In re:                                | Case No.: 2:17-bk-19548-NB

13  LAYFIELD & BARRETT, APC               | Chapter 11

14                          Debtor.       | **DECLARATION OF MALHAR S.
                                            PAGAY IN SUPPORT OF CHAPTER 11
15                                          TRUSTEE'S APPLICATION TO
                                            EMPLOY PACHULSKI STANG ZIEHL
16                                          & JONES LLP AS GENERAL
                                            BANKRUPTCY COUNSEL EFFECTIVE
17                                          AUGUST 22, 2017**

18          I, Malhar S. Pagay, declare and state as follows:

19          1.      I am an attorney at Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm")[1]

20  duly admitted to practice in the State of California and before this Court.

21          2.      I make this declaration in support of the application (the "Application") filed by

22  Richard M. Pachulski, Chapter 11 Trustee (the "Trustee") of the estate of Layfield & Barrett, APC

23  ("L&B" or the "Debtor"), to employ PSZ&J as his general bankruptcy counsel, effective as of

24  August 22, 2017.

25          3.      The name, address, telephone number, and facsimile number of the Firm are as

26  follows:

27

28
   ───────────────
   [1] Capitalized terms not defined herein have the meanings used in the Application.

   DOCS_SF:94837.1 51414/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4

Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

5
6
7
8
9
10
11
12

4.    The Firm has particular expertise in the areas of insolvency, business reorganization, and other debtor/creditor matters. The Firm has served as general bankruptcy counsel to chapter 7 and 11 trustees in many cases and to a wide range of debtors in various industries. In addition, the Firm has served as counsel to unsecured creditors' committees in numerous chapter 11 cases. The Firm also has extensive experience in representing individual creditors, special interest committees, asset purchasers and investors in both in and out-of-court restructurings. Copies of the resumes of the Firm's attorneys who are expected to be principally responsible for the representation of the Trustee in L&B's bankruptcy case (the "<u>Case</u>"), are attached hereto as **<u>Exhibit A</u>**.

13
14

5.    The Trustee desires to retain the Firm, at the expense of the estate, to undertake such tasks as required by the Trustee, including, but not limited to the following:

15
16
17

(a)    Advising the Trustee concerning the rights and remedies of the estate in regard to the assets of the estate, and with respect to administrative expenses and secured, priority and unsecured claims of creditors asserted against the estate;

18
19

(b)    Representing the Trustee in connection with financial and business matters, including the sale of any assets;

20
21

(c)    Representing the Trustee in connection with investigation of potential causes of action, and the litigation thereof if warranted and directed by the Trustee;

22
23

(d)    Investigating and prosecuting preference, fraudulent transfer and other actions, if any, arising under the Trustee's avoiding powers;

24
25

(e)    Representing the Trustee in any proceeding or hearing in the Bankruptcy Court, and in any action in other courts where the rights of the estate may be litigated or affected;

26
27
28

(f)    Conducting examinations of witnesses, claimants, or adverse parties and preparing and assisting in the preparation of motions, applications, answers, orders, memoranda, reports and papers, etc.;

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

(g)    Advising the Trustee concerning the requirements of the Bankruptcy Code and Rules and the requirements of the Office of the United States Trustee relating to the administration of the estate; and

(h)    Rendering such other advice and services as the Trustee may require in connection with the Case.

6.    To the best of my knowledge, neither the Firm nor any of its partners, counsel, or associates has any connection with the Debtor, its principals or former employees, any creditor of the estate, any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except to the extent set forth below:

(a)    The Firm has in the past represented the Trustee in his capacity as chapter 7 and 11 trustees in other cases wholly unrelated to this matter.

(b)    The Firm represents many committees, whose members may be creditors in the Case; however, the Firm is not representing any of those entities in this Case and will not represent any members of these committees in any claims that they may have collectively or individually against the Debtor.

(c)    The Trustee or the Firm may retain various professionals during the pendency of this Case, and the Trustee or the Firm may retain other professionals in the future. The Firm has previously worked with and will continue to work with certain of these professionals on various representations, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

(d)    PSZ&J and certain of its partners, counsel and associates may have in the past represented, and may currently and likely in the future represent creditors of the Debtor in connection with matters unrelated to the Debtor and this Case.  At this time, I am not aware of any current representations in unrelated cases of parties who are creditors of the Debtor or other parties on the conflicts list attached hereto as **Exhibit B**.

(e)    Maximum Legal (California), LLP ("<u>MLC</u>"), is a debtor and debtor in possession in a chapter 11 bankruptcy case pending before this Court (Case No. 2:17-bk-18433-

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

NB).  In pleadings filed in its bankruptcy case, MLC has stated that it is "a law firm specializing in personal injury and certain other litigation … owned and operated by several former managers and employees of L&B" and that its bankruptcy filing was precipitated by being "under attack from current and former clients … of [L&B] who have not received disbursement of funds received by L&B in settlements of their cases."  See [MLC Docket No. 19] at 3.  I am married to Carmela T. Pagay, a partner in the law firm Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBY&B"), proposed counsel to MLC in connection with its bankruptcy case.  To the best of my knowledge, she has no involvement whatsoever in LNBY&B's representation of MLC.  Pursuant to Rule 3-320 of the California Rules of Professional Conduct, the Trustee has been advised of this connection between PSZ&J and LNBY&B.

(f)    To the extent the Trustee's continuing investigation of the business affairs of the Debtor and administration of the Case reveals additional connections between the Firm or any of its partners, counsel, or associates with the Debtor, its principals or former employees, any creditor of the estate, any party in interest, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, the Firm will supplement this declaration accordingly.

7.    To the best of my knowledge, neither the Firm nor any of its partners, counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code.

8.    To the best of my knowledge, neither the Firm nor any of its partners, counsel, or associates is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor.

9.    To the best of my knowledge, neither the Firm nor any of its partners, counsel, or associates has any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor for any other reason. Accordingly, the Firm and its partners, counsel, and associates are "disinterested persons" as that term is defined and used in sections 101(14) and 327 of the Bankruptcy Code.

10.    Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and this Court's rules, the Trustee proposes to pay the Firm its customary hourly rates in effect from time to time and to reimburse the Firm according to its customary reimbursement policies. The attorneys currently expected to be principally responsible for the representation of the Trustee in the Case, and their respective hourly rates effective as of January 1, 2017, are as follows:  Ira D. Kharasch ($1,025); Debra I. Grassgreen ($975) and Malhar S. Pagay ($750). The hourly rate for paralegals assigned to the Case is $350.

11.    The Firm has not received any retainer in contemplation of its proposed employment. However, it is contemplated that the Firm will seek interim compensation during the Case as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016. The Firm understands that its compensation in the Case is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

12.    The attorneys at the Firm that will be involved in the Case are familiar with the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules and will comply with them.

13.    The Firm has not represented and does not currently represent a related debtor in a bankruptcy case in this Court or any other court.

To the best of my knowledge, after conducting or supervising the investigation described above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 29th day of August, 2017, at Los Angeles, California.

*/s/ Malhar S. Pagay*
Malhar S. Pagay

# EXHIBIT A

**Attorney Biographies**





10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067-4003

# Ira D. Kharasch

Tel: 310.277.6910    |    ikharasch@pszjlaw.com

**EDUCATION**

University of Illinois (B.A.,
*cum laude*, 1977)

University of California
School of Law, Los Angeles
(J.D. 1982)

Phi Beta Kappa

**BAR AND COURT
ADMISSIONS**

1983, California

1983, Alaska

2011, New York

**CLERKSHIPS**

Judicial law clerk, Chief
Justice Edmond Burke
(Alaska)

Mr. Kharasch has significant experience as lead counsel representing debtors, creditors' committees, and other constituencies in chapter 11 corporate reorganizations and out-of-court workouts, and has a proven track record of confirming both creditor and debtor chapter 11 plans of reorganization. He has also been a longstanding member of the firm's management committee.

Mr. Kharasch is a graduate of the University of Illinois and received his J.D. from UCLA. He holds an AV Preeminent Peer Rating, Martindale-Hubbell's highest recognition for ethical standards and legal ability, and has been named a "Super Lawyer" in the field of Bankruptcy and Creditor/Debtor Rights in a peer survey conducted by Law & Politics and the publisher of *Los Angeles Magazine*. He is admitted to practice in California, New York and Alaska and is a resident in our Los Angeles office.

## Representations

**Forbes Energy Services**: Represented Forbes Energy Services, an independent oilfield services contractor located in Texas with over $330 million in debt. Prior to the chapter 11 filing in Houston, the firm negotiated a restructuring with the bondholders where all their debt was converted to new equity, as well as providing new employment and management incentive contracts for management. A prepackaged plan was confirmed.

**Pacific Energy Resources**: Representing Pacific Energy Resources, an independent energy company that develops and produces oil and gas at its Alaska and California offshore drilling facilities. Pacific Energy had over $500 million in debt and generated over $200 million in revenue at the time of its chapter 11 filing. Pacific Energy's common stock traded on the Toronto Stock Exchange causing it to file a CCAA reorganization proceeding in Vancouver to enforce certain US bankruptcy court orders. The company

PACHULSKI
STANG
ZIEHL
JONES

Ira D. Kharasch (Cont.)

successfully sold its operations and confirmed a plan, and Mr. Kharasch continues to represent the company as a going concern.

**Plainwell:** Successfully managed the sale, resolved and restructured billions in claims (including $3.2 billion of Superfund claims), and confirmed the reorganization plan as principal bankruptcy counsel for this leading U.S. paper producer.

**Telogy:** Successfully reorganized Telogy, Inc., a Silicon Valley-based, high- tech distribution company that had approximately $100 million in revenue.

**OwnIt Mortgage Solutions:** Represented OwnIt Mortgage Solutions, a Southern California-based subprime mortgage company, in its chapter 11 case. OwnIt originated approximately $8.3 billion in subprime mortgage loans in 2005, filed for bankruptcy in late 2006 and successfully confirmed its plan of reorganization.

**Specialty Trust:** Represented Specialty Trust, a Reno-based Real Estate
Investment Trust (REIT), in its chapter 11 case. Specialty Trust managed
$203 million in mostly short-term mortgage loans to residential developers and confirmed its plan within 16 months.

PACHULSKI
STANG
ZIEHL
JONES



# Debra Grassgreen

Tel: 415.217.5102    |    Tel: 415.263.7000    |    dgrassgreen@pszjlaw.com

150 California Street
15th Floor
San Francisco, CA
94111-4500

**EDUCATION**

University of Florida (B.S.
B.A. 1988; Outstanding
Female Graduate)

University of Florida (J.D.,
with honors, 1991)

**BAR AND COURT
ADMISSIONS**

1992, Florida

1994, California

Ms. Grassgreen has significant experience representing debtors, trustees, and creditors' committees in large chapter 11 cases nationwide and internationally. Ms. Grassgreen is an author and frequent speaker on various bankruptcy-related topics including the management of large and complex chapter 11 cases, the treatment of intellectual property rights in bankruptcy, issues in technology bankruptcy cases, cross-border bankruptcy issues, and issues facing individual chapter 11 debtors. Ms. Grassgreen participates in the United Nations working group (UNCITRAL) that has been developing a uniform international insolvency law and materials to assist countries in the adoption and implementation of insolvency legislation.

Ms. Grassgreen has been named by the *Daily Journal* as one of the top 100 women lawyers in California for several years, including in 2016. She is a fellow in the American College of Bankruptcy, on the board of directors of the International Insolvency Institute, and has been listed in "San Francisco's Best Lawyers" by Best Lawyers in America every year since 2001 for her work in bankruptcy and creditor-debtor rights law. She holds an AV Preeminent Peer Rating, Martindale-Hubbell's highest recognition for ethical standards and legal ability, and was recently ranked among Bankruptcy/ Restructuring attorneys by Chambers USA. Every year since 2010, she has been named a "Northern California Super Lawyer" by *San Francisco Magazine.* Ms. Grassgreen is a graduate of the University of Florida, where she also received her J.D., and is admitted to practice in Florida as well as California.

## Representations

Chapter 11 debtors/trustees: Solyndra LLC; American Suzuki Motor Corporation; New Zoom; Ultura (APTwater Rochem); Select Staffing; Exigen (USA); Digital Domain Media; Highway Technologies; Global Aviation (co-counsel); Mesa Air Group; MagnaChip Semiconductor; Dunmore Homes; Woodside Homes; Webvan Group; Pacific Crossing Limited (subsidiary of Global Crossing); RBX Industries; Laura West Enterprises; Clarent

PACHULSKI
STANG
ZIEHL
JONES

Debra Grassgreen  (Cont.)

Corporation; Breed Technologies; TCW/Camil Holdings; Sleepmaster Corporation; Sizzler International; Fresh Choice; Tri-Valley Growers; Dana Corporation (co-counsel); Le-Nature's; Crown Paper; Mike Tyson; Toni Braxton; Ronald Isley

Creditors' committees: Payless Holdings; BCBG Max Azria; SFX Entertainment; RDIO, Inc.; Twenty First Century Film Corporation; Death Row Records/Marion "Suge" Knight; Flying J; Trident Microsystems (Far East) Ltd; LandSource Communities Development; Chrysler (co-counsel); SK Foods, Frank Parsons International; BR Festivals

Trustee: Ron Isley

Lenders/investors in Quirky Inc.; Nirvanix; KiOR; PacWest Telecom

Out-of-court workout: Provider of end-to-end mobile media solutions Amonix

Other: Counsel to former San Francisco Mayor Art Agnos as receiver of the SF Housing Authority; counsel to lender/plan sponsor in PacWest Funding Corporation

## Professional Affiliations

Fellow, American College of Bankruptcy

Board of Directors, American College of Bankruptcy Foundation (2013-2016)

Board of Directors & Fellow, International Insolvency Institute

Member, Advisory Committee of the American Bankruptcy Institute Commission to Study the Reform of Chapter 11

Board of Directors, International Women's Insolvency & Restructuring Confederation ("IWIRC")(2010-2014)

IWIRC Delegate to UNCITRAL

Member, International Bar Association

## Programs and Lectures

Practicing Law Institute (standing faculty); American Bankruptcy Institute; Turnaround Management Association; State Bar of California; Beverly Hills Bar Association; American Bar Association; Bar Association of San Francisco; University of Florida College of Law; California Continuing Education of the Bar; Association of Insolvency and Restructuring Accountants; International Council of Shopping Centers

Debra Grassgreen  (Cont.)

PACHULSKI
STANG
ZIEHL
JONES

## Publications

First Day Motions (3d ed.)
A Guide to the Critical First Days of a Bankruptcy Case
American Bankruptcy Institute, June 2012

Valuation and the Chapter 11 Process
Contested Valuation in Corporate Bankruptcy: A Collier Monograph
(LexisNexis),  2011

Individual Chapter 11 Cases
After BAPCPA What Happened
to the "Fresh Start"?
2006 Annual Survey of Bankruptcy Law 309 (West 2006), 2006

Coauthor with M. Litvak: *First Day Motions: A Guide to the Critical
First Days of a Bankruptcy Case* (ABI 2d ed. 2006)(sole author of 1st
ed. 2003)

Coauthor with P. Egan: "Valuation and the Chapter 11 Process" in
*Contested
Valuation in Corporate Bankruptcy - A Collier Monograph* (LexisNexis
2011)

Author: "Individual Chapter 11 Cases After BAPCPA: What
Happened to the " Fresh Start?" 2006 *Annual Survey of Bankruptcy
Law* 309 (West 2006)

"Property of the Estate," in *Understanding the Basics of
Bankruptcy & Reorganization 2005*, 880 *PLI/Comm* 145
(2005)

"Sale of Assets," in *Understanding the Basics of
Bankruptcy & Reorganization 2005*, 880 *PLI/Comm*
249 (2005)

"Rejection,  Assumption and Assignment of Real Estate Leases
Generally," in
*Impact of Bankruptcy on Real Property Transactions* (Cal. Cont. Ed. of
the
Bar 2003)

PACHULSKI
STANG
ZIEHL
JONES



10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067-4003

# Malhar S. Pagay

Tel: 310.277.6910     |     mpagay@pszjlaw.com

**EDUCATION**

Yale University (B.A. 1989)

University of Southern California (J.D. 1994)

**BAR AND COURT ADMISSIONS**

1997, California

**CLERKSHIPS**

Law clerk, Judge Erithe A. Smith (Bankr. C.D. Cal. 1994-96)

Mr. Pagay is a business lawyer with substantial experience representing chapter 11 debtors, trustees, unsecured creditors, creditors' committees, and other parties in the contexts of bankruptcy cases, adversary proceedings, commercial litigation, mediations, and domestic and international business transactions. Mr. Pagay has concentrated his practice
in business reorganizations and has advised clients in out-of-court corporate restructurings of debt. He has broad industry experience, including healthcare and life sciences, real estate, technology, retail, manufacturing, transportation, sports, and entertainment. He also has advised clients in the acquisition of assets from distressed companies. Recent representations include advising a creditors' committee in connection with a successful hospital reorganization; assisting physician groups in resolving disputes with their care network and affiliated hospital, respectively; counseling a debtor in possession in connection with the multiple sales of resort and industrial properties throughout the United States; and completing the sale through section 363 of the United States Bankruptcy Code of a $100 million Class A commercial office property over the objections of co-owners. He has served as principal counsel to China Export & Credit Insurance Corporation (SINOSURE) and its Chinese policyholders and clients in complex United States insolvency matters. Mr. Pagay is a member of the firm's Healthcare Restructuring Group. He has lectured both in the United States and internationally regarding a variety of legal issues, including cross-border transactions and insolvencies. He was named among "Southern California Super Lawyers: Rising Stars" in 2005, 2006, and 2007, and a "Super Lawyer" in the field of Bankruptcy & Creditor/Debtor Rights every year since 2009 in a peer survey conducted by Law & Politics and the publishers of *Los Angeles* magazine, an honor bestowed on only 5% of Southern California attorneys. Mr. Pagay holds an AV Preeminent Peer Rating (Martindale-Hubbell's highest recognition for ethical standards and legal ability). Mr. Pagay is a graduate of Yale University and received his J.D. from University of Southern California.

Malhar S. Pagay (Cont.)

## Representations

Asset acquirers: Fuji Photo Film USA; Genmar Holdings; Homestore.com

Creditors: Anhui Light Industries International Company; Artapower International Group; China Export & Credit Insurance Corporation (SINOSURE); Zhejiang Xing Yang Import & Export Company; Wynn Las Vegas LLC; FUJIFILM Diosynth Biotechnologies; FUJIFILM Medical Systems USA

Financial institutions: Bank of Tokyo-Mitsubishi UFJ, Ltd. (Hong Kong)

Asset seller: DSL Transportation Services and subsidiaries.

Out-of-court restructurings/wind-downs: Bridge Pharmaceuticals; Handspring; The Mobile Solutions

Chapter 11 debtors: AgriBioTech; Alert Cellular; Blue Earth; Gordian Medical, dba American Medical Technologies; Mike Tyson; Monaco Coach; Murray; Peregrine Systems; Sweet Factory Group.

Creditors' committees: Adamson Apparel; Currie Technologies; Hawaii Medical Center; Pacifica Hospital of the Valley; Persik Productions

Physician groups: Consultant for Pathology & Laboratory Medicine and Wilshire Oncology Medical Group

Patient care ombudsman: Upland Surgical Institute

Chapter 11 trustee: Ezri Namvar and Namco Capital Group (special litigation counsel)

## Professional Affiliations

Member, American Law Institute-American Bar Association Commercial Law Advisory Panel (2009)

Member, American Health Lawyers Association

Chair (2006-07), Executive Committee (2003-), Beverly Hills Bar Association Bankruptcy Section

Member, Board of Governors, Beverly Hills Bar Association (2008-2010)

First Vice-Chair (2011-2012), Treasurer (2010-2011), Executive Committee Member (2008-2013), Los Angeles County Bar Association International Law Section

Member, Los Angeles County Bar Association Healthcare Law Section

Member, State Bar of California International Law Section Executive Committee (2010-2013)

Member, State Bar of California Business Law Section Insolvency Law Committee (2004-2007)

PACHULSKI
STANG
ZIEHL
JONES

Malhar  S. Pagay (Cont.)

Member, American Bar Association Section  of  International Law & Practice, China Law Section  (2005-)

Member, American Bar Association Conference  of  Minority Partners  in Majority Corporate  Law Firms  (2003-)

Member, California Society  for  Healthcare  Attorneys

Member, INSOL  International

Member, The Inter-Pacific  Bar  Association

Member, Turnaround Management Association

Member, South  Asian Bar Association of  Southern California

Certified  Commercial Arbitrator, Institute for  Conflict  Management LLC

Member, Health  Care Restructuring Subcommittee of the American Bar Association Business  Law Section  Health  Law and Life Sciences  Committee

Member, American Bar Association Health  Law Section

## Programs and Lectures

"A General  Overview of Legal  and Security  Issues Arising From  Employee Telecommuting," National Golf Hardware  Credit Exchange Conference (2017); "Restructuring the Healthcare  Provider:  Successfully  Navigating  the Reorganization Process," ABA Health  Law Section  Washington Summit (2016); "Cross-Border Insolvency Proceedings," Canadian Bar Association National Insolvency Conference  (2016); "China's  New Normal: How Far, How Deep, and What Type  of Impact?" AIRA Restructuring & Plan of Reorganization Conference  (2015); "Outbound Activity: Chinese Participation in Western  Restructurings and Insolvencies," ABI/NYU School  of Law (2015); "U.S. Bankruptcies—Risks  for  Chinese Exporters," China Export  & Credit Insurance  Corporation and Sun Yat-sen University School  of Business International Transactions Risk Forum  (2015); "Help!  My  Producer  (or Software Licensee or Actor)  Just  Went Bankrupt—Now What?" Beverly  Hills Bar Association, Bankruptcy  Law,  Intellectual Property,  Internet  and New Media Sections  (2012); "Setoff and Recoupment in  Bankruptcy" and "Nuts and Bolts—Current Litigation Issues,"  Bankruptcy and Collections From  a Government Perspective Seminar,  National Association of Attorneys General (NAAG), National Attorney General's  Training Institute (NAGTRI), States' Association  of Bankruptcy Attorneys (SABA) (2011); "Impact  of Corporate  Restructurings and Financial  Distress on  International Trade," International Association of Young  Lawyers  (AIJA)  International Trade & Transport Symposium  (2011); "PRC Insolvency Law:  The New  PRC Bankruptcy Law,  NPLS and Out-of-Court Workouts," American Bankruptcy Institute Third Annual  Hawaii  Bankruptcy Workshop (2010); "2010 - A Year of Economic  Transition in China and the United  States: Risks and Opportunities for  Chinese Companies," Asian  Legal Business In-House  Summit (Beijing, China) (2009); "Recent Developments in Cross-Border  Transactions," INSOL International Association of Restructuring, Insolvency & Bankruptcy

PACHULSKI

STANG

ZIEHL

JONES

Malhar  S. Pagay (Cont.)

Failed International Construction Project: A Case Study,"  Inter-Pacific Bar
Association (IPBA) 18th Annual  Conference  (2008); "Economic
Overview and Outlook  - Downturn  in the US to Burst the Bubble  in
China" (2008); "China as Top Creditor  - The Evolving Opportunities
for Chinese Companies  to Invest Abroad" (2007), Association of
Insolvency & Restructuring Advisors (AIRA) Restructuring and
Investing Conference (Shanghai, China); "Bankruptcy/ Insolvency -
The Effects on Entertainment Industry Contracts,"  Black
Entertainment and Sports Lawyers Association (BESLA) 27th
Annual Conference  (Cancun, Mexico)  (2007); "Issues 2006:
America's Best Lawyers
" American Airlines/Forbes.com and SkyRadioNetwork.com
(discussing impact  of Bankruptcy Code amendments on
business) (2006); Professor, Beijing Foreign Studies University
School of Law (2012-2013)

## Publications

Resolving  Insolvency
Measuring the Strength of Insolvency Laws
Doing Business 2015: Going Beyond Efficiency (World Bank),
October 2014

Sunbeam  Products  Inc. v. Chicago American Manufacturing LLC:
New Hope for Licensees of Intellectual Property?
2012 INSOL International News  Update  (Oct. No. 10)

Author, "Section 105(a) of the Bankruptcy Code," 2007 *Annual Survey of*
*Bankruptcy Law* 473 (West 2007); 2006 *Annual Survey of Bankruptcy Law*
415 (West 2006); 2005 *Annual Survey of Bankruptcy Law* 689 (West 2005)

Author, "Improving The Odds of Repayment In Bankruptcy," 51 *Practical*
*Lawyer* 45 (August  2005)

Author, "Section 105(a) of the Bankruptcy Code in 2002-2003 -- Two Years of
Continued Development," 2004 *Annual Survey of Bankruptcy Law*
645 (West 2004)

# **EXHIBIT B**

**Conflicts Check Parties**

## Client

Richard M. Pachulski (Chapter 11 Trustee)

## Debtor and Affiliated Parties

Layfield & Barrett, APC
f/k/a Layfield & Wallace, APC
f/k/a The Layfield Law Firm, APC

Maximum Legal, LLC
Maximum Legal Holdings, LLC
Maximum Legal (California). LLP
Maximum Legal (Arizona) LLC
Maximum Legal (Utah), LLC
Maximum Legal (Florida), PLLC
Maximum Legal Florida, LLP
Maximum Legal Staffing, LLC
Maximum Legal Services, LLC
Philip J. Layfield a/k/a Philip S. Pesin
Christine Layfield
Layfield V, LLC
Joseph M. Barrett
The Barrett Law Firm, APC
Todd D. Wakefield
Terry Bailey
Shyam Bandepalli
Jeffery Pannebaker
Stella Havkin, Havkin & Shrago
Jeffrey B. Smith, Curd, Galindo & Smith L.L.P.
Jones Waldo Holbrook & McDonough, PC

Maximum Legal Holdings BVI
Maximum Holdings I Cyprus
Maximum Legal Costa Rica
Maximum Legal Finance BVI
Maximum IT Services BVI
L&B Buy-In Services BVI
Triallawyers.com India Pvt
Maximum Legal India Pvt
Hamilton Newstead LLC Montana

## Creditors

The Dominguez Firm
Mario Lara

Nayazi Reyes
Maria A. Rios

Advocate Capital, Inc.
Alliance Legal Solutions, LLC
Law Office of Michael D. Waks
Michael Waks
US Claims Opco LLC
EverBank Commercial Finance, Inc.
Evanston Insurance Company

Daniel Cortez
Agripina Mora
Catalina Nunez
Jose Nunez
Elizabeth Rose Pineda
Jasmine Esmerelda Pineda
Jessica Lorraine Pineda
Rosa Pineda
Yolanda Valdez
Julia Vasquez
Wilfredo Vasquez

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California  90067**


A true and correct copy of the foregoing document entitled (*specify*):  ***CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS GENERAL BANKRUPTCY COUNSEL EFFECTIVE AUGUST 22, 2017; DECLARATION OF MALHAR S. PAGAY IN SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 29, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **August 29, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 29, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Honorable Neil W. Bason
U.S. Bankruptcy Court
255 E. Temple Street, Room 940
Los Angeles, CA  90012
Attn: Mail Room Clerk-Judges  Copies

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 29, 2017 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

   **Mailing Information for Case 2:17-bk-19548-NB**

   - *Moises S Bardavid    mbardavid@hotmail.com*
   - *Martin J Brill    mjb@lnbrb.com*
   - *Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com*
   - *Jennifer Witherell Crastz    jcrastz@hemar-rousso.com*
   - *Beth Gaschen    bgaschen@wgllp.com,
     kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com*
   - *Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com*
   - *Stella A Havkin    stella@havkinandshrago.com, havkinlaw@earthlink.net;r49306@notify.bestcase.com*
   - *Dare Law    dare.law@usdoj.gov*
   - *Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com*
   - *Michael F Perlis*
   - *Daniel H Reiss    dhr@lnbyb.com, dhr@ecf.inforuptcy.com*
   - *Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com*
   - *Daniel A Solitro    dsolitro@lockelord.com, ataylor2@lockelord.com*
   - *United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov*
   - *Alan J Watson    alan.watson@hklaw.com, gloria.hoshiko@hklaw.com*

2. **SERVED BY UNITED STATES MAIL**:

Roger G Jones
1600 Division St Ste 700
Nashville, TN 37203

Patricia Salcedo
The Dominguez Firm
3250 Wilshire Blvd #2200
Los Angeles, CA 90010

Timothy M Smith
McKinley Smith APC
3445 American River Dr Ste A
Sacramento, CA 95864

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:308358.1 51414/002