FILED & ENTERED

NOV 09 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>Philip James Layfield,<br><br>               Debtor(s) | Case No.:    2:18-bk-15829-NB<br>Chapter:    7<br><br>**ORDER CONTINUING HEARINGS, ADOPTING PDF PROTOCOL, AND MEMORIALIZING TENTATIVE RULINGS**<br><br><u>Hearing Date:</u><br>Date:  10/24/2018<br>Hour:  10:00 a.m.<br>Place: Courtroom 1545<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

At the above-captioned date and time this Court heard motions and held status conferences in the following three cases: (a) In re Layfield & Barrett, APC, Case No. 2:17-bk-19548-NB ("L&B"); (b) In re Layfield, Case No. 2:18-bk-15829-NB ("Lay-Invol."), (c) In re Maximum Legal (Cal.), LLP, Case No. 2:17-bk-18433-NB ("Max-CA") (collectively, the "Layfield-Related Cases").  Prior to the hearing this Court posted written tentative rulings.  The tentative ruling for the L&B status conference, which

-1-

addresses all the matters that were on for hearing and related issues, is attached hereto and incorporated herein.

At the hearing this Court also addressed the effects of Mr. Layfield's motion to convert his involuntary chapter 7 case to chapter 11; his motion to transfer venue; and related matters. This Court was persuaded to rule as follows:

(1) All matters addressed in the attached tentative rulings or at the above-captioned hearing are continued to December 6, 2018 at 10:00 a.m., including (a) this Court's *sua sponte* issue of whether Mr. Layfield should be subject to a "pre-filing" order; (b) Mr. Layfield's motion to convert the Lay-Invol case (Lay-Invol dkt.95); and (c) his motion to transfer venue (Lay-Invol dkt. 93), except that this Court has not excused Mr. Layfield's failure to pay the filing fee for his motion to convert and if that is not cured in advance of the continued hearing that may be a ground for denial of that motion.

(2) This Court will hold a hearing at the same date and time to consider whether to appoint a chapter 11 trustee - if the involuntary case against Mr. Layfield is not dismissed, and if it is converted to chapter 11 - based on (a) the oral requests (motions) and arguments of parties in interest at the above-captioned hearing, (b) any written motions they may choose to file and self-calendar for the same time, and (c) this Court's own oral motion for the reasons stated on the record pursuant to 11 U.S.C. 105(a) and Rule 52(a)(1) (Fed. R. Civ. P., incorporated by Rules 7052 and 9014(c), Fed. R. Bankr. P.).

(3) Mr. Layfield's motion for relief from the default judgment in the fraudulent transfer adversary proceeding involving the Utah condominium properties (Case No. 2:17-bk-19548-NB, Adv. No. 2:18-ap-1050-NB, dkt. 27) is being denied without leave to

amend as to the Layfield V entity, and continued as to Mr. Layfield individually (this ruling is embodied in a separate written order and is included herein for informational purposes only).

(4) Mr. Layfields' motion to dismiss the Max-Ca case is being denied without leave to amend (this ruling is embodied in a separate written order and is included herein for informational purposes only).

(5) This Court has adopted as a final ruling the tentative ruling directing Mr. Layfield to file/serve documents as PDF documents (Lay-Invol dkt.88, Max-Ca dkt.128, L&B dkt.362).

(6) The deposition of Mr. Layfield by petitioning creditors Wellgen and the L&B Chapter 11 Trustee will take place on November 27, 2018 at 9:30 a.m. (local time) in Wilmington, Delaware, regarding (a) his motion to dismiss the Lay-Invol case, (b) his motion to convert the Lay-Invol case, and (c) his motion to transfer venue.  Mr. Layfield is directed to provide any corrections of the transcript via email no later than December 1, 2018.  The parties to those motions are directed to file and serve their briefs no later than December 4, 2018 at noon.

(7) On the merits of Mr. Layfield's motion to convert the Lay-Invol case, the tentative ruling is that he has an absolute right to do so, for the reasons stated on the record - although that issue may be argued at the continued hearing, and this Court emphasizes that on this and all other issues, set for hearing on December 6, 2018, no final ruling has yet been made.

(8) On the merits of whether to appoint a Chapter 11 Trustee if the Lay-Invol case is converted (and not dismissed), the tentative ruling is that Mr. Layfield cannot

serve as a debtor in possession (with the duties and powers of a trustee for the benefit of creditors) because (a) he is prohibited, by his own admission, from being a fiduciary due to the conditions imposed in connection with a D.C. Bar matter, and alternatively, (b) given the extant judgments against him by the California Bar and in the Nguyen matter, and his history of non-compliance with the rules and procedures in these cases (as memorialized in this Court's orders prior to the above-captioned hearing).

(9) On the merits of whether the criminal proceeding(s) pending against Mr. Layfield give him standing to seek relief from the default judgment in the Utah condo matter, the tentative ruling is that that is too vague, remote, and speculative a basis on which to establish his standing, for the reasons stated on the record.

(10) The Chapter 11 Trustee in the L&B case is directed to serve the Order Setting Preliminary Status Conference and Procedures, (dkt. 28) on all parties in interest, as per the tentative ruling.

(11) The Lay-Invol Trustee is directed to serve all persons on the creditor matrix and all other known parties in interest who do not receive NEF in the Lay-Invol case with a copy of this Order no later than November 14, 2018.

SO ORDERED

###

Date: November 9, 2018

Neil W. Bason
United States Bankruptcy Judge

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

---

Wednesday, October 24, 2018                                      Hearing Room    1545

---

10:00 AM
**2:17-19548**    **Layfield & Barrett, APC**                                    Chapter 11

#5.00   Status conference
fr. 9/18/18

Docket    323

Tentative Ruling:

**Tentative Ruling 10/24/18:**
Appearances required.

(1) General matters
    (a) Combined status conferences in the interrelated bankruptcy cases
    This Status Conference is being held in each of the three related bankruptcy cases before this Court: (a) *In re Layfield & Barrett, APC*, Case No. 2:17-bk-19548-NB ("L&B"); (b) *In re Layfield*, Case No. 2:18-bk-15829-NB ("Lay-Invol."), (c) *In re Maximum Legal (Cal.), LLP*, Case No. 2:17-bk-18433-NB ("Max-CA").
    (b) Service of status conference order in L&B Case
    The parties are reminded that this Court's order issued on 8/14/17 (L&B dkt. 28) provides that this Court may take various actions at any status conference in the L&B chapter 11 case without further notice. Although that order directed Debtor to serve a copy of that order on all parties in interest, it appears that Debtor never did so. The tentative ruling is to direct the Trustee in the *Layfield & Barrett* case to do so.
    (c) PDF procedures for Mr. Layfield
    The parties should be prepared to address whether there is any reason why this Court should not adopt the procedures set forth in the tentative ruling requiring Mr. Layfield to file and serve documents in PDF format. *See, e.g.*, *In re Layfield* (Case No. 2:18-bk-15829-NB), dkt. 88.
    (d) Other procedures for Mr. Layfield
    This Court has reviewed every page of every paper filed by Mr. Layfield to date, including, for example, one motion that includes what he has estimated as either 3,500 pages or "over 4,000 pages" of exhibits. *See* Max-CA dkt. 113, p.10:1 (emphasis added), & dkt. 123, p.2:11. Most if not all of the documents accompanying Mr. Layfield's motions appear to be duplicative and irrelevant.

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Wednesday, October 24, 2018                                                                 Hearing Room    1545

10:00 AM
CONT...        **Layfield & Barrett, APC**                                                          **Chapter 11**

More generally, Mr. Layfield has shown a pattern of ignoring the applicable rules for service, notice, and other procedures.  His papers generally consist of stream-of-consciousness allegations, with few if any citations to any statute, rule, court decision, or evidence, except blanket references to massive quantities of documents in bulk.

This Court has pointed out these problems repeatedly, but Mr. Layfield has not taken any meaningful measures to correct the problems (*e.g.*, he has filed supplemental proofs of service in some matters, but those are also deficient).  Mr. Layfield's massive sets of documents, lack of adherence to procedures, and lack of citations to law or evidence all place an unfair burden on parties in interest, as well as this Court.  *See, e.g.*, L&B dkt. 351 (order re motion to terminate appointment of trustee); L&B dkt. 355 (order denying "protocol" motion); L&B Adv. P. 2:18-ap-01050-NB (the "Utah Condo A/P") dkt. 29 (order re motion to set aside default); Lay-Invol. dkt. 50 (order re 362(k) motion v. LeBlanc); Lay-Invol. dkt. 51 (order re 362(k) motion v. Jansheski); Lay-Invol. dkt. 56 (order re motion to dismiss involuntary case); Lay-Invol. dkt. 58 (order re motion for protective order); Lay-Invol. dkt. 64 (order re "special appearance"); Max-CA dkt. 116, p.1:19-4:5 (order re motion to dismiss case).

In addition, Mr. Layfield's motions appear to lack merit.  Opposing parties and this Court have explained why, as set forth in the tentative rulings for all of the matters that are on for hearing today (10/24/18).

All of the foregoing defects suggests that Mr. Layfield's papers have been filed for improper purposes, such as to harass the parties, delay these proceedings, or create a false image that he is diligently attempting to pursue his (former) clients' interests.  *See, e.g.*, Max-CA dkt. 116 (order on motion to dismiss case).  The tentative ruling is that this Court will issue an order to show cause why Mr. Layfield should not be subject to a "pre-filing order."  In addition, this Court may consider other remedies, either on its own motion or on a motion of a party in interest, under Rule 9011, Section 105, this Court's inherent powers, or any other applicable statute, rule, or doctrine.  *See generally* 11 U.S.C. 105(a); Rule 9011 (Fed. R. Bankr. P.); *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); *De Long v. Hennessey, et al.*, 912 F.2d 1144 (9th Cir. 1990); *In re Stanwyck*, 450 B.R. 181, 200-08 (Bankr. C.D. Cal. 2011).

(2) Matters on Calendar Today (10/24/18)

11/9/2018 3:11:03 PM                              Page 2 of 5

#### United States Bankruptcy Court
#### Central District of California
##### Los Angeles
##### Judge Neil Bason, Presiding
##### Courtroom 1545 Calendar

Wednesday, October 24, 2018      Hearing Room    1545

10:00 AM
CONT...    **Layfield & Barrett, APC**      **Chapter 11**

    (a) Mr. Layfield's motion to dismiss Max-CA case (Max-CA dkt. 113, 114). Deny, without leave to amend, for the reasons stated in the tentative ruling for calendar no. 1 (10/24/18 at 10:00 a.m.).

    (b) Motion to terminate appointment of L&B trustee (L&B dkt. 349, 350). Deny for the reasons set forth in this Court's order setting this hearing (dkt. 351). The parties should be prepared to address whether leave to amend should be granted.

    (c) Motion to set aside default (Pachulski v. Layfield V, LLC et al.) (L&B, Adv. No. 18-ap-01050-NB, dkt. 27, 28). Deny, without leave to amend, for the reasons set forth in this Court's order setting this hearing (adv. dkt. 29) and the plaintiff/trustee's opposition papers (adv. dkt. 33, 34).

    (d) Motions for relief from stay (L&B dkt. 143, 144) (Utah Condos); and Status Conference re related fraudulent transfer action (Utah Condo A/P) (L&B, Adv. No. 18-ap-01050-NB). The parties should be prepared to address the status of the sale of the condos, and any other issues appropriate to address at this status conference.

    (e) Motion for protective order etc. (Lay-Invol. dkt. 54, 55). Deny, without leave to amend, for the reasons set forth in this Court's order setting this hearing (adv. dkt. 58) and the opposition of Wellgen Standard, LLC ("Wellgen") (adv. dkt. 81).

    (f) Motion to dismiss involuntary case (Lay-Invol. dkt. 48). Deny, without leave to amend, for the reasons set forth in this Court's order setting this hearing (adv. dkt. 56), Wellgen's opposition (adv. dkt. 73, pp.4:25-12:15), the joinder (dkt. 82, 83) of Richard M. Pachulski, Chapter 11 Trustee of Layfield & Barrett, APC (Case No. 2:17-bk-19548-NB), and Wellgen's Sur-Reply (dkt. 89, Ex.1). Although Mr. Layfield's reply (dkt. 84) asserts that he has grounds to dispute each claim, those grounds are insufficient to rebut the *prima facie* showing by the petitioners that they hold three claims in an aggregate amount of at least $15,775, and that this is not subject to "bona fide" dispute. 11 U.S.C. 104, 303(b)(2) (emphasis added).

    (g) Motion under 11 U.S.C. 362(k) - Michel LeBlanc (Lay-Invol. dkt. 41). Deny, due to lack of proper service (*see* Order, dkt. 50, and proof of service, dkt. 79) (with impermissible "/s/" signature), and for the reasons stated in the Wellgen's opposition (dkt. 68). In addition, although Mr. Layfield asserts that the subject property is exempt, it appears from the docket that he has not filed any bankruptcy Schedule C claiming any property as exempt; and, were he to do so, any party in interest may have objections.

11/9/2018 3:11:03 PM      Page 3 of 5

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Wednesday, October 24, 2018                                                                 Hearing Room    1545

10:00 AM
CONT...        **Layfield & Barrett, APC**                                                                 **Chapter 11**
           (h) Motion under 11 U.S.C. 362(k) - John Jansheki (dkt. 42). Deny. First, due to lack of proper service. See Order, dkt. 51 (pointing out lack of signature); proof of service (dkt. 77) (with impermissible "/s/" signature); Jansheki Opp. (dkt. 72) (point out service on non-bankruptcy attorneys is inadequate); *In re Villar*, 317 B.R. 88 (9th Cir. BAP 2004) (same). Second, for the reasons stated in the Wellgen's opposition (dkt. 69) and Mr. Jansheki (dkt. 72). Although Mr. Layfield's reply (dkt. 85) asserts that the subject property is exempt, it appears from the docket that he has not filed any bankruptcy Schedule C claiming any property as exempt; and, were he to do so, any party in interest may have objections.
           (i) "Special appearance" for the limited purpose of objecting to the employment of Jeffrey Golden's Law Firm and the appointment of an interim trustee (dkt. 37). Overrule Mr. Layfield's objection, in his "special appearance" (dkt. 37), to the Chapter 7 Trustee's application (dkt. 30) to employ Mr. Golden's law firm, and overrule any objection or request for reconsideration of the appointment of the Trustee, because Mr. Layfield's papers are procedurally deficient (as explained in section "(3)" of the tentative ruling attached to this Court' order setting this hearing, dkt. 64, Exhibit), and also for the reasons stated in Wellgen's response (dkt. 46).
           Note: This Court is not persuaded that any waiver by the Trustee of conflicts would be effective to override any non-compliance with 11 U.S.C. 327. But there is no such non-compliance on the present record. To the contrary, the statute specifically provides that an attorney for a creditor may be employed by the Trustee for limited purposes. See 11 U.S.C. 327(a)&(c); *In re Fondiller*, 15 B.R. 890 (9th Cir. BAP 1981). But in the event that any future conflict or potential conflict were to develop, that must be disclosed and the Trustee would need to request re-authorization or termination of the employment.
           ***Proposed orders:*** This Court will issue a "Memorialization of Tentative Rulings" with a copy of these tentative rulings attached, so that they are on the docket. Within 7 days thereafter, the prevailing parties are directed to lodge proposed orders via LOU, adopting this Court's oral rulings at the hearing, based on the tentative rulings, except as modified by this Court's findings of fact and conclusions of law made on the record at the hearing (as permitted by Rule 52(a)(1) (incorporated by Rules 7052 and 9014(c), Fed. R. Bankr. P.). See LBR 9021-1(b)(1)(B). For purposes of this paragraph, Wellgen is considered the prevailing party on the LeBlanc matter (in the

11/9/2018 3:11:03 PM                              Page 4 of 5

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Wednesday, October 24, 2018      Hearing Room    1545

**10:00 AM**
**CONT...**     **Layfield & Barrett, APC**                                               **Chapter 11**
absence of any response from Mr. LeBlanc).

(3) <u>Deadlines/dates</u>
    (a) <u>Plan/Disclosure Statement*</u>: TBD
    (b) <u>Continued status conference</u>: Vacate the L&B status conference presently set for 11/6/18 at 1:00 p.m. and instead hold combined status conferences in all three cases and the Utah Condo A/P on 12/4/18 at 2:00 p.m., no written status reports required.
*<u>Warning</u>: special procedures apply (*see* order setting initial status conference).

If appearances are <u>not</u> required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings." If appearances <u>are</u> required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

| Party Information |
|---|

**Debtor(s):**

    Layfield & Barrett, APC              Pro Se

**Trustee(s):**

    Richard Pachulski (TR)             Represented By
                                                          Malhar S Pagay
                                                          James KT Hunter