Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: dgrassgreen@pszjlaw.com
         mpagay@pszjlaw.com

Attorneys for Richard M. Pachulski,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LAYFIELD & BARRETT, APC,<br><br>　　　　　　　　Debtor. | Case No.: 2:17-bk-19548-NB<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S THIRD CHAPTER 11 STATUS REPORT**<br><br>Date:　December 12, 2017<br>Time:　1:00 p.m.<br>Place:　United States Bankruptcy Court<br>　　　　Edward R. Roybal Federal Building<br>　　　　255 E. Temple Street<br>　　　　Courtroom 1545<br>　　　　Los Angeles, California<br>Judge:　Honorable Neil M. Bason |

Richard M. Pachulski, the duly appointed chapter 11 trustee (the "Trustee") in the above-captioned bankruptcy case (the "Case") of Layfield & Barrett, APC (the "Debtor" or "L&B"), hereby files his third chapter 11 status report, which updates the information provided to this Court in the *Chapter 11 Trustee's Second Status Report* [Docket No. 111], which was filed on October 10, 2017, in accordance with the Court's *Order Setting Case Status Conference and Procedures* entered on August 14, 2017 [Docket No. 28] (the "Case Status Conference Order").

The Trustee respectfully represents the following:

DOCS_SF:95479.2 51414/001

# I.

# BACKGROUND

**A.    Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for any relief sought or granted herein are sections 105(a) and (d) of Title 11 of the United States Code (the "Bankruptcy Code").

**B.    The Commencement of the Case and Appointment of the Chapter 11 Trustee**

On August 3, 2017, petitioning creditors The Dominguez Firm, a law firm that previously has referred matters to the Debtor, and Mario Lara, Nayazi Reyes and Maria A. Rios, each a client of the Debtor (the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against L&B.  That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* [Docket No. 3] (the "Trustee Motion").  The Petitioning Creditors served the Involuntary Petition and Trustee Motion on the Debtor at 2720 Homestead Road, Suite 210, Park City, Utah  84098.  See [Docket No. 6].

In the Trustee Motion, the Petitioning Creditors assert, among other allegations, that "[s]ettlement proceeds have not been distributed and may no longer exist, vendors and other creditors have not been paid and clients are effectively unrepresented in some 80 pending cases," and that, consequently, the appointment of a trustee is "essential to protect and preserve property of the … estate and to prevent concealment, waste, loss or conversion of the assets of the estate …."  Trustee Motion at 1.

In response to the Trustee Motion, the Debtor filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [Docket No. 19] (the "Conversion Motion"), seeking to convert the Case to one under chapter 11 of the Bankruptcy Code.  The Court entered orders granting the Conversion Motion [Docket No. 25], and denying the Trustee Motion [Docket No. 24].

2

DOCS_SF:95479.2 51414/001

On August 16, 2017, the Debtor, Petitioning Creditors, and secured creditor, Advocate Capital, Inc. ("Advocate Capital"), entered into a *Stipulation for the Appointment of a Chapter 11 Trustee* [Docket No. 38], which the Court approved by order on August 17, 2017 [Docket No. 42].

On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as Chapter 11 Trustee in the Case [Docket No. 51]. Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee* [Docket No. 53], which application was granted by the Court's order entered the following day [Docket No. 56].

On August 28, 2017, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].

## II.

## CASE STATUS

Since his appointment on August 22, 2017, the Trustee and his counsel have continued to engage in discussions with, and informally request documentation and information from, persons and entities associated with the Debtor, as well as third parties, regarding the Debtor's assets, liabilities and business operations. To date, the Trustee has received a significant amount of information from third parties and continues to review and gather additional materials relating to the Debtor, its former business operations, assets and potential liabilities. Significant events in the Case thus far since the prior case status conference include:

**A.    Withdrawal of Debtor's Counsel**

On November 9, 2017, the Court entered an order granting Havkin & Shrago, counsel for the Debtor, leave to withdraw as counsel of record [Docket No. 129].

**B.    Claims Bar Date and Notice of Chapter 11 Case**

Pursuant to the status conference held on October 17, 2017, the Court entered an order [Docket No. 114] (the "Claims Bar Date Order") fixing December 31, 2017, as the general deadline by which proofs of claim or proofs of interest must be filed (the "Claims Bar Date"), and directing the Trustee to serve the *Notice of Chapter 11 Case and Bar Date* (the "Bar Date Notice") on all creditors, interest holders, and other parties in interest no later than October 26, 2017.

3

DOCS_SF:95479.2 51414/001

However, on October 26, the Trustee filed an *Ex Parte Motion to Reset Claims Bar Date and Service Deadline Set Forth in Order (I) Setting Claims Bar Date and Directing Service by Chapter 11 Trustee; and (II) Approving Form of Notice of Chapter 11 Bankruptcy Case and Claims Bar Date* [Docket No. 121] (the "Extended Bar Date Motion") seeking to extend the Claims Bar Date to January 15, 2018, and the deadline to serve the Bar Date Notice to November 10, 2017, based upon the fact that the Trustee and his professionals had determined that they needed additional time to finalize the logistics, financial and other arrangements necessary to serve potentially over 20,000 parties with the Bar Date Notice and related materials. The Court granted the Extended Bar Date Motion [Docket No. 123], and set January 15, 2018, as the general deadline by which proofs of claim or proofs of interest must be filed and extended the deadline by which the Trustee must serve the Bar Date Notice on all creditors, interest holders, and other parties in interest to November 10, 2017.

On November 10, 2017, the Trustee filed its *Second Ex Parte Motion to Reset Claims Bar Date and Service Deadline Set Forth in Order (I) Setting Claims Bar Date and Directing Service by Chapter 11 Trustee; and (II) Approving Form of Notice of Chapter 11 Bankruptcy Case and Claims Bar Date* [Docket No. 130] (the "Second Extended Bar Date Motion") seeking to further extend the Claims Bar Date and the deadline to serve the Bar Date Notice based primarily upon the fact that the Trustee had not yet secured the consent of the Debtor's former lender, which asserts a security interest on certain monetary assets of the estate, to utilize its putative cash collateral to fund the substantial costs to be incurred in connection with the service of the Bar Date Notice. The Court granted the Second Extended Bar Date Motion [Docket No. 133], and set February 5, 2018, as the general deadline by which proofs of claim or proofs of interest must be filed and extended the deadline by which the Trustee must serve the Bar Date Notice on all creditors, interest holders, and other parties in interest to December 1, 2017.

C.  **Advocate Capital Adversary Proceeding**

On October 17, 2017, the Debtor's former lender, Advocate Capital, Inc. ("Advocate"), commenced an adversary proceeding in the Case by filing a *Complaint for: (1) Declaratory Relief; and (2) Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542* (the "Advocate Complaint")

4

against Maximum Legal (California), LLP, California Attorney Lending II, Inc., Maximum Legal, LLC, Todd D. Wakefield, Joseph Martin Barrett and the Trustee.

In the Advocate Complaint, Advocate alleges, among other things:

1. Pursuant to an Amended and Restated Master Loan and Security Agreement, dated August 7, 2016 (the "Loan Agreement"), between L&B and Advocate, Advocate asserts a secured claim against the Debtor's bankruptcy estate in the amount of $3,995,992.39 (plus interest, finance charges, legal fees and expenses). Under the terms of the Loan Agreement, among other collateral, Advocate asserts a security interest in "all of [L&B's] rights to receive payment or otherwise, for legal and other services rendered and to be rendered, and for costs and expenses advanced and to be advanced, and all other rights and interest that [L&B] may have in and with respect to each and every Client Matter." Loan Agreement at 6-7.

2. The defendants other than the Trustee and California Attorney Lending II, Inc., allegedly engaged in sham and fraudulent transactions to avoid the claims of L&B's creditors, including, without limitation, the failed attempt by Todd Wakefield to form Maximum Legal (California), LLP.

3. The attorneys' fees earned from litigation entitled *Teitelbaum v. Lyft, Inc., et al.*, (the "Teitelbaum Fees") filed in the Superior Court for Los Angeles County, California (bearing Case No. 596036) allegedly constitute part of Advocate's collateral.

4. Advocate requests that the Court order turnover of the Teitelbaum Fees to the Trustee.

As of the filing of this Status Report, only the Trustee and Joseph Barrett have responded to the Advocate Complaint.

### III.

### OTHER INFORMATION RELATING TO THE CASE

To date, three separate *Notice(s) of Disciplinary Charges* have been filed by the State Bar of California against Philip Layfield in State Bar Court, Case Nos. 17-O-04140, 17-O-4198, and 17-O-4754 (collectively, the "Disciplinary Actions"). A pretrial conference in each of the above Disciplinary Actions has been set for December 19, 2017.

DOCS_SF:95479.2 51414/001

Dated:  November 28, 2017                    PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Malhar S. Pagay*
    Debra I. Grassgreen
    Malhar S. Pagay

    Attorneys for
    Richard M. Pachulski, Chapter 11 Trustee

DOCS_SF:95479.2 51414/001

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 TRUSTEE'S THIRD CHAPTER 11 STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 28, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 28, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA FED-EX**
Honorable Neil W. Bason
U.S. Bankruptcy Court
255 E. Temple Street, Room 940
Los Angeles, CA 90012
Attn: Mail Room Clerk-Judge's Courtesy Copies

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 28, 2017 | Nancy H. Brown | /s/ Nancy H. Brown |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

   **Mailing Information for Case 2:17-bk-19548-NB**

   - Moises S Bardavid    mbardavid@hotmail.com
   - Daniel I Barness    daniel@barnesslaw.com
   - Martin J Brill    mjb@lnbrb.com
   - Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
   - Jennifer Witherell Crastz    jcrastz@hemar-rousso.com
   - Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
   - Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com
   - James KT Hunter    jhunter@pszjlaw.com
   - Joseph M Kar    jkar@mindspring.com
   - Dare Law    dare.law@usdoj.gov, Kenneth.g.lau@usdoj.gov,Alvin.mar@usdoj.gov,ron.maroko@usdoj.gov
   - Joel A Osman    osman@parkermillsllp.com, sanders@parkermillsllp.com
   - Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
   - Michael F Perlis    mperlis@lockelord.com, merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
   - Michael F Perlis    , merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
   - Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
   - Daniel H Reiss    dhr@lnbyb.com, dhr@ecf.inforuptcy.com
   - Damion Robinson    dr@agzlaw.com
   - Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
   - Daniel A Solitro    dsolitro@lockelord.com, ataylor2@lockelord.com
   - United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
   - Alan J Watson    alan.watson@hklaw.com, gloria.hoshiko@hklaw.com

2