1  Debra I. Grassgreen (CA Bar No. 169978)
   Malhar S. Pagay (CA Bar No. 189289)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 13th Floor
3  Los Angeles, California  90067
   Telephone: 310/277-6910
4  Facsimile:  310/201-0760
   E-mail:  dgrassgreen@pszjlaw.com
5            mpagay@pszjlaw.com

6  Attorneys for Richard M. Pachulski,
   Chapter 11 Trustee

7

8              UNITED STATES BANKRUPTCY COURT

               CENTRAL DISTRICT OF CALIFORNIA
9
                     LOS ANGELES DIVISION

10  In re:                              Case No.: 2:17-bk-19548-NB

11  LAYFIELD & BARRETT, APC,            Chapter 11

12                      Debtor.         NOTICE OF MOTION AND MOTION OF
                                        THE CHAPTER 11 TRUSTEE FOR
13                                      ORDER AUTHORIZING AND
                                        APPROVING PROCEDURES FOR
14                                      RESOLVING ESTATE FEE AND COST
                                        CLAIMS; MEMORANDUM OF POINTS
15                                      AND AUTHORITIES AND
                                        DECLARATION OF RICHARD M.
16                                      PACHULSKI IN SUPPORT THEREOF

17                                      Date:     January 11, 2018
                                        Time:     3:00 p.m.
18                                      Place:    United States Bankruptcy Court
                                                  Edward R. Roybal Federal Building
19                                                255 E. Temple Street, Crtrm. 1545
                                                  Los Angeles, California 90012
20                                      Judge:    Hon. Neil W. Bason

21

22  **TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE;
    ALL PARTIES WHO HAVE FILED PROOFS OF CLAIM OR INTEREST; THE DEBTOR;
23  ADVOCATE CAPITAL, INC.; THE OFFICE OF THE UNITED STATES TRUSTEE; ALL
    PARTIES RECEIVING CM/ECF NOTICE; AND PARTIES REQUESTING SPECIAL
24  NOTICE:**

25      **PLEASE TAKE NOTICE** that Richard M. Pachulski, the duly appointed chapter 11 trustee

26  (the "Trustee") in the above-captioned bankruptcy case (the "Case") of Layfield & Barrett, APC (the

27  "Debtor" or "L&B"), hereby files this motion ("Motion") for the entry of an order authorizing and

28  approving an omnibus procedure for asserting, settling, resolving and collecting claims held by the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Debtor's bankruptcy estate for payment of attorneys' fees (including, without limitation, *quantum merit* claims and referral fees) and reimbursement of costs.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of Motion and Motion, the Declaration of Richard M. Pachulski (the "Pachulski Declaration") and Memorandum of Points and Authorities submitted herewith, the record in this Case, and such further oral and documentary evidence as may be presented at the hearing regarding the Motion, which is scheduled for **January 11, 2018, at 3:00 p.m. Pacific Time** before the Honorable Neil W. Bason, United States Bankruptcy Judge, at the Edward R. Roybal Federal Building, 255 E. Temple Street, Courtroom 1545, Los Angeles, California 90012.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f) requires that any response or opposition to the Motion must be filed no later than fourteen (14) days prior to the hearing.  Any party filing a response or opposition must serve such papers by U.S. Mail upon (1) the Debtor; (2) counsel for the Trustee; (3) the Office of the United States Trustee, and (4) parties that file with the Court requests for notice of all matters in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**PLEASE TAKE FURTHER NOTICE** that the failure to timely respond in the manner set forth above by the dates indicated above may result in the Court granting the Motion or refusing to consider any late-filed response or opposition.

Dated:  December 21, 2017                    PACHULSKI STANG ZIEHL & JONES LLP


                                             By: */s/ Malhar S. Pagay*
                                                 Debra I. Grassgreen
                                                 Malhar S. Pagay

                                                 Attorneys for Richard M. Pachulski,
                                                 Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:308728.5 51414/001

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ......................................................................................................... 1

II.   BACKGROUND ........................................................................................................... 1

    A.    Jurisdiction and Venue............................................................................. 1
    B.    The Commencement of the Case and Appointment of the Chapter 11 Trustee .... 2
    C.    The Trustee's Activities Since Appointment........................................... 3
    D.    Advocate Capital's Asserted Lien ........................................................... 4
    E.    The Estate Fee and Cost Claims .............................................................. 5

III.  RELIEF REQUESTED................................................................................................... 5

IV.   BASIS FOR RELIEF .................................................................................................... 8

    A.    Facilitating Settlement is Favored in Bankruptcy.................................. 8
    B.    Bankruptcy Rule 9019(b) Enables the Court to Authorize the Trustee to Settle the Estate Fee and Cost Claims................................................................. 9
    C.    The Settlement and Resolution Procedures Regarding the Estate Fee and Cost Claims Also May Be Authorized Under Sections 105(a) and 363(b)(1) of the Bankruptcy Code ................................................................................... 10
    D.    Bankruptcy Rule 2002(a)(3) Permits the Court to Limit Notice of Settlements Upon a Showing of Good Cause........................................................... 11

V.    CONCLUSION.............................................................................................................. 12

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:308728.5 51414/001

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re NJ Affordable Homes Corp.,*
 05-60442, 2007 WL 3166950, *11 (Bankr. D.N.J. Oct. 222007)
 (Bankr. D.N.J. Oct. 22, 2007) .......................................................................... 9

*In re Pacific Gas & Elec. Co.,*
 304 B.R. 395 (Bankr. N.D. Cal. 2004) ............................................................ 9

*In re Sassalos,*
 160 B.R. 646 (D. Or. 1993) .............................................................................. 8

*In re TCI2 Holdings, LLC,*
 428 B.R. 117 (Bankr. D.N.J. 2010) ................................................................. 9

*In re WCI Cable, Inc.,*
 282 B.R. 457 (Bankr. D. Or. 2002) ................................................................. 9

*Martin v. Kane  (In re A & C Props.),*
 784 F.2d 1377 (9th Cir. 1986) ........................................................................ 8

*Myers v Martin (In re Martin),*
 91 F.3d 389 (3d Cir. 1996) ............................................................................ 11

*Northview Motors, Inc. v. Chrysler Motors Corp.,*
 186 F.3d 346 (3d Cir. 1999) .......................................................................... 10

*Protective Committee v. Anderson,*
 390 U.S. 414 (1968) ......................................................................................... 8

*Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani,)*
 325 B.R. 282 (B.A.P. 9th Cir. 2005) ............................................................. 11

*Woodson v. Fireman's Fund Ins. Co. (In re Woodson),*
 839 F.2d 610 (9th Cir. 1988) ........................................................................... 9

**STATUTES**

11 U.S.C. § 101 ....................................................................................................... 1

11 U.S.C. § 105(a) ....................................................................................... 2, 5, 10, 11

11 U.S.C. § 107(b) .................................................................................................. 8

11 U.S.C. § 303 ........................................................................................... 2, 10, 11

11 U.S.C. § 341(a) ............................................................................................. 1, 3

11 U.S.C. § 363  ........................................................................................... 5, 11

11 U.S.C. § 363(b) ................................................................................................ 11

11 U.S.C. § 363(b)(1) ................................................................................ 2, 10, 11

28 U.S.C. § 157 ...................................................................................................... 1

28 U.S.C. § 157(b)(2) ............................................................................................ 1

28 U.S.C. § 1334 .................................................................................................... 1

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

ii

28 U.S.C. § 1408 ........................................................................................................................ 1

28 U.S.C. § 1409 ........................................................................................................................ 2

## **RULES**

Federal Rules of Bankruptcy Proc. Rule 9018 ........................................................................ 8

Federal Rules of Bankruptcy Proc. Rule 9019 ........................................................................ 5

Federal Rules of Bankruptcy Proc. Rule 9019(b)..................................................................... 2

Federal Rules of Bankruptcy Proc. Rule 2002(a)(3) ........................................................ 2, 5, 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:308728.5 51414/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Debtor was a personal injury law firm forced into bankruptcy by certain former clients and a law firm that previously referred matters to the Debtor, relating to allegations that the Debtor had obtained funds from settlements of litigation and failed to remit a portion of such funds to the clients and the referring law firm.  Since his appointment on August 22, 2017, the Trustee and his counsel have engaged in discussions with, and requested documentation and information from, persons and entities associated with the Debtor and third parties regarding the Debtor's assets, liabilities and previous business operations.  The Debtor did not file its Schedules or Statement of Financial Affairs in the Case and no representative of the Debtor has appeared to respond to inquiries at a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").  Therefore, despite his efforts, the Trustee has obtained incomplete information regarding the estate.

During the course of the Trustee's investigation of the Debtor's assets to date, the Trustee has determined that the principal assets of the bankruptcy estate include claims for payment of attorneys' fees (including, without limitation, *quantum merit* claims and referral fees) and reimbursement of costs (collectively, "Estate Fee and Cost Claims") relating to legal matters of former clients of the Debtor ("Client Cases").  These Client Cases number in the dozens and, in some cases, may involve modest sums.  Therefore, in order to expedite the Trustee's collection of these amounts and minimize the administrative costs to the estate in resolving any disputes relating to the amount of such fee and cost claims, the Trustee is proposing and seeking Court approval of procedures to allow him to assert, settle, resolve and collect any disputed Estate Fee and Cost Claims.

## II.

## BACKGROUND

### A.    Jurisdiction and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408

and 1409. The statutory and rule predicates for the relief sought herein are sections 105(a) and 363(b)(1) of the Bankruptcy Code and Rules 2002(a)(3) and 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**B.    The Commencement of the Case and Appointment of the Chapter 11 Trustee**

On August 3, 2017, petitioning creditors The Dominguez Firm, a law firm that previously has referred matters to the Debtor, and Mario Lara, Nayazi Reyes and Maria A. Rios, each a client of the Debtor (the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against the Debtor. That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* [Docket No. 3] (the "Trustee Motion").

In the Trustee Motion, the Petitioning Creditors assert, among other allegations, that "[s]ettlement proceeds have not been distributed and may no longer exist, vendors and other creditors have not been paid and clients are effectively unrepresented in some 80 pending cases," and that, consequently, the appointment of a trustee is "essential to protect and preserve property of the … estate and to prevent concealment, waste, loss or conversion of the assets of the estate …." Trustee Motion at 1.

In response to the Trustee Motion, the Debtor filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [Docket No. 19] (the "Conversion Motion"), seeking to convert the Case to one under chapter 11 of the Bankruptcy Code. The Court entered orders granting the Conversion Motion [Docket No. 25], and denying the Trustee Motion [Docket No. 24].

On August 16, 2017, the Debtor, Petitioning Creditors, and secured creditor, Advocate Capital, Inc. ("Advocate Capital"), entered into a *Stipulation for the Appointment of a Chapter 11 Trustee* [Docket No. 38], which the Court approved by order on August 17, 2017 [Docket No. 42].

On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as Chapter 11 Trustee in the Case [Docket No. 51]. Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee* [Docket No. 53], which application was granted by the Court's order entered the following day [Docket No. 56].

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

On August 28, 2017, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].

C.    **The Trustee's Activities Since Appointment**

Since his appointment on August 22, 2017, among other actions, the Trustee and his counsel have engaged in discussions with, and requested documentation and information from, persons and entities associated with the Debtor and third parties regarding the Debtor's assets, liabilities and previous business operations.  The Debtor did not file its Schedules or Statement of Financial Affairs in the Case and no representative of the Debtor has appeared to respond to inquiries at a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code.  Therefore, despite his efforts, the Trustee has obtained incomplete information regarding the estate.

1.    **Motion to Approve Client Transition Protocol**

On September 5, 2017, the Trustee filed his *Chapter 11 Trustee's Emergency Motion for an Order (I) Authorizing Trustee to Implement Client Transition Protocol; and (II) Approving Compromise of Quantum Meruit Claims with The Dominguez Firm, Inc.* [Docket No. 74] ("Client Transition Protocol Motion"), seeking, among other relief, authority to withdraw from various active and pre-litigation matters and transitioning those matters to other counsel.  The Debtor did not have sufficient funds or personnel to continue representation of the clients in these matters consistent with the ethical obligations owed to such clients.  Thus, withdrawal from these matters was mandatory, and the bankruptcy estate is entitled to recover in *quantum meruit* for service rendered by the Debtor and for expense reimbursement.

2.    **Implementation of Client Transition Protocol**

On September 7, 2017, the Court entered an *Order (1) Authorizing Chapter 11 Trustee to Implement Client Transition Protocol; and (2) Approving Compromise of Quantum Meruit with the Dominguez Firm, Inc.* [Docket No. 83] (the "Client Transition Protocol Order").  In accordance with the Client Protocol Order, the Trustee sent out hundreds of letters (the "Client Transition Protocol Letters") to clients of the Debtor informing them of the Case and the need to obtain subsequent counsel.  The Trustee and his counsel have received numerous phone calls and emails as a result of the Client Transition Protocol Letters, and have continued to engage in conversations with the

3

Debtor's clients and various counsel in order to assist in the transition of the representation from the Debtor to counsel selected by such clients.  The Client Transition Protocol Order expressly provided that the Debtor's withdrawal "shall be subject to the bankruptcy estate's claim for *quantum meruit* and expense reimbursement, which shall be determined by this Court at a later date."  (Client Transition Protocol Order ¶ 2b).

3.    **Notices of Pendency, Appointment of Trustee, and Lien Rights of Bankruptcy Estate**

On or about September 12, 2017, the Trustee and his counsel filed a *Notice of (A) Pendency of Case Under Chapter 11 of the Federal Bankruptcy Code; (B) Appointment of Trustee; and (C) Lien for Attorneys' Fees and Costs* (the "Notice of Pendency") in more than 200 active litigation cases in which the Trustee was able to determine (to the best of his and his counsel's ability based on information obtained by the Trustee) either a current or prior involvement by the Debtor as counsel. Each Notice of Pendency advised the litigants and the non-bankruptcy court of the filing of the Case, the appointment of the Trustee, and the assertion by the Trustee, on behalf of the bankruptcy estate, of a lien for the Estate Fee and Cost Claims.  As a result of the filing of the Notices of Pendency, the Trustee and his counsel have been contacted by numerous counsel, many of whom have been able to provide the Trustee with information regarding the disposition of such litigation, the current status of the representation of any current or former clients of the Debtor involved therein, and other information.

**D.    Advocate Capital's Asserted Lien**

Pursuant to an Amended and Restated Master Loan and Security Agreement, dated August 7, 2016 (the "Loan Agreement"), between the Debtor and Advocate Capital, Inc. ("Advocate"), Advocate asserts a secured claim against the Debtor's bankruptcy estate in the amount of $3,995,992.39 (plus interest, finance charges, legal fees and expenses).  Under the terms of the Loan Agreement, among other collateral, Advocate asserts a security interest in "all of [the Debtor's] rights to receive payment or otherwise, for legal and other services rendered and to be rendered, and for costs and expenses advanced and to be advanced, and all other rights and interest that [the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

Debtor] may have in and with respect to each and every Client [Case]." Loan Agreement at 6-7.

Therefore, Advocate asserts a first priority security interest in Estate Fee and Cost Claims.[1]

**E.    The Estate Fee and Cost Claims**

In matters where the Debtor rendered prepetition services and withdrew in accordance with the Client Transition Protocol Order, the Debtor is entitled to compensation for such services (including, without limitation, on a *quantum meruit* basis) and reimbursement of expenses upon any settlement or judicial ruling in favor of such client on account of a Client Case,  The Debtor is also entitled to recover referral fees from other counsel to whom the Debtor referred Client Cases in exchange for a referral fee payable upon any recoveries from such matters.  All such Estate Fee and Cost Claims constitute property of the Debtor's bankruptcy estate over which this Court has exclusive jurisdiction.  Due, in part, to the Trustee's issuance of the Client Transition Protocol Letters and the Notices of Pendency, various counsel and former clients have begun to contact the Trustee and his counsel in order to advise the Trustee of existing, potential or imminent settlements of Client Cases and to ascertain the nature and extent of the Estate Fee and Cost Claim asserted in such cases.  Accordingly, in order to facilitate the Trustee's assertion, settlement, resolution and collection of Estate Fee and Cost Claims, the Trustee is proposing and seeking Court authorization to implement certain procedures in respect of such claims.

**III.**

**RELIEF REQUESTED**

Because of the number of former client matters and the need to promptly and efficiently resolve the Estate Fee and Cost Claims with minimal expense to the estate, the Trustee hereby seeks entry of an order, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a) and 9019, establishing the following procedures to permit the Trustee to compromise and settle the Estate Fee and Cost Claims on an expedited and cost-effective basis (the "Settlement and Resolution Procedures").  In the case of settlements of Estate Fee and Cost Claims, the Settlement

---

[1] Nothing herein should be construed as the Trustee's (or the bankruptcy estate's) acknowledgement of, consent to or admission regarding, the nature, extent or validity of any security interest asserted by or on behalf of Advocate, whether in the Estate Fee and Cost Claims or other collateral, or the allowance of any claim by or on behalf of Advocate in connection therewith.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

and Resolution Procedures establish "tiered" requirements based on the size of the proposed

settlement:

- For Estate Fee and Cost Claims that do not exceed $50,000, the Trustee may settle the matter without further Court approval or prior notice to any party as long as the amount proposed to be recovered through the Trustee's settlement is 50% or more of the Estate Fee and Cost Claim amount asserted by the estate. Following any such settlement, the Trustee shall provide written notice of such settlement to Advocate, which notice shall be provided by e-mail or facsimile transmission to Advocate's counsel.

- For Estate Fee and Cost Claims that are greater than $50,000, but do not exceed $100,000, the Trustee may settle the matter without further Court approval or notice to any party of the terms of such settlement (the "Notice of Settlement"), other than prior written notice to Advocate, which notice shall be provided by e-mail or facsimile transmission to Advocate's counsel. If Advocate either (a) indicates in writing its consent to the Trustee's proposed settlement; or (b) fails to indicate in writing to the Trustee its objection to such proposed settlement (which objection may be provided by e-mail or facsimile transmission to the Trustee's counsel) by 5:00 p.m. (Pacific Time) on the fifth (5th) business day after the Trustee served the Notice of Settlement on Advocate, the Trustee may settle the matter on the terms described in the Notice of Settlement without order of the Court or notice to or approval of any other party. If Advocate timely indicates in writing to the Trustee its objection to the terms of the proposed settlement and Advocate and the Trustee are unable to resolve Advocate's objection, then the Trustee shall seek Court approval of such settlement pursuant to Bankruptcy Rule 9019(a).

- The Trustee shall seek Court approval of the settlement of any Estate Fee or Cost Claim in excess of $100,000 pursuant to Bankruptcy Rule 9019(a).

- In considering any settlement of an Estate Fee and Cost Claim, the Trustee shall determine whether such proposed settlement is reasonable in his sound business judgment and in his sole discretion upon consideration of (a) the probability of success if the claim is litigated or arbitrated; (b) the complexity, expense, and likely duration of any litigation or mediation with respect to the claim; (c) other factors relevant to assessing the prudence of the settlement; and (d) the fairness of the settlement to creditors of the bankruptcy estate.

- In no event will any settlement of any Estate Fee and Costs Claim pursuant to these Settlement and Resolution Procedures provide for any monetary payment to be made by or on behalf of the Trustee or the bankruptcy estate.

- With respect to any settlement proposed by the Trustee that becomes authorized through the above Settlement and Resolution Procedures, the Trustee may enter into, execute and consummate a written agreement memorializing such settlement that will be binding on all parties thereto, including the Trustee and the Debtor's bankruptcy estate, without further order of the Court.

Rather than burden this Court's docket by presenting a motion to compromise for each

settlement of an Estate Fee and Cost Claim that does not exceed $100,000, the Trustee proposes that

this Court authorize the Settlement and Resolution Procedures described above pursuant to Rule

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

9019(b), and grant the Trustee authority to settle such Estate Fee and Cost Claims without court approval or notice except as provided above.  The Trustee further submits that the Settlement and Resolution Procedures requested herein are in the best interest of the estate because the time and expense of seeking Court approval with respect to each and every settlement would significantly diminish the estate's net recovery, and ultimately the benefit to creditors.

All Estate Fee and Cost Claims that are not resolved by settlement shall be adjudicated by the Court in accordance with the following procedures:

- Within fifteen (15) days after the later of (a) the entry of the Court's order approving the Settlement and Resolution Procedures; and (b) the settlement or adjudication of any Client Case, counsel who assumed responsibility for one or more Client Cases as co-counsel with the Debtor or subsequent to the Debtor's representation of the client or to whom the Debtor referred one or more Client Cases, as the case may be ("Counsel"), shall file with the Court and serve by electronic mail or facsimile transmission written notice ("Notice of Recovery and Proposed Allocation") to (i) counsel to the Trustee, (ii) counsel to Advocate, (iii) all other counsel of record in the Client Case being settled or adjudicated and (iv) the Office of the United States Trustee (collectively, the "Notice Parties"), which notice shall contain or be accompanied by, at a minimum, the following information:  (1) the title of the Client Case, the names and addresses of the parties and counsel thereto, the court where the Client Case is pending and case number (if applicable); (2) if the Client Case was disposed by judgment, a copy of the judgment, if by settlement, a copy of any settlement agreement, or other document memorializing the terms of settlement, and any other documentation regarding the settlement; (3) all fee agreements pertaining to the Client Case; (4) a statement of all expenses paid and/or incurred by Counsel with evidence thereof; (5) any statement of court-approved common benefit fees and expenses, if applicable; (6) a calculation of total fees and costs in connection with the Client Case; and (7) the legal and factual basis (including declarations and other evidence) supporting Counsel's asserted allocation of the fees and costs to be paid to the bankruptcy estate on account of its Estate Fee and Cost Claim.

- Within thirty (30) days of receipt of Notice of Recovery and Proposed Allocation, the Trustee shall file with the Court and serve on Counsel and the other Notice Parties by electronic mail or facsimile transmission a written response ("Trustee Response") thereto indicating (a) the amount of the Trustee's asserted Estate Fee and Cost Claim; and (b) the legal and factual basis (including declarations and other evidence) supporting the Trustee's asserted Estate Fee and Cost Claim.

- Following the filing of the Trustee's Response and in the absence of a settlement, the Trustee, Counsel or any Notice Party may move this Court in accordance with Bankruptcy Rules 9013 and 9014 to determine the amount of the Estate Fee and Cost Claim.   Any such motion shall be heard on regular notice unless the moving party obtains a hearing on shortened time in accordance with the Court's procedures.

- Immediately upon receipt of the Trustee Response, Counsel shall cause to be paid to the Trustee that portion of the Estate Fee and Cost Claim that is not in dispute.

- This Court shall have exclusive jurisdiction to determine all disputes regarding Estate Fee and Cost Claims.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

- • In connection with any proceedings before the Court arising from the Settlement and Resolution Procedures, if the terms of the settlement or other resolution of the Client Case are confidential, the party seeking to address such matters before the Court shall file a motion pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and the procedures of the Court, seeking permission to file such terms under seal.

Advocate asserts that all proceeds from the Estate Fee and Cost Claims are Advocate's cash collateral.  Without admitting or conceding Advocate's assertion, the Trustee shall hold all proceeds of the Estate Fee and Cost Claims and shall not use or dispose of such proceeds without Advocate's prior written consent or further order of this Court.

**IV.**

## BASIS FOR RELIEF

A.    **Facilitating Settlement is Favored in Bankruptcy**

Bankruptcy Rule 9019(a) sets forth the requirements for the settlement or compromise of controversies after notice to all creditors and a hearing upon each such proposed compromise. Bankruptcy courts favor compromise. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise … rests in the sound discretion of the bankruptcy judge.").  In reviewing a settlement, bankruptcy courts must determine whether the settlement is "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Protective Committee v. Anderson*, 390 U.S. 414, 424 (1968).  When deciding whether to approve a settlement, the bankruptcy court must determine if the settlement is reasonable under the circumstances of the case, fair and equitable, and in the best interest of the estate.  *See Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

The United States Court of Appeals for the Ninth Circuit has indicated that in determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, a court should consider the following factors:  (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

1   expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the

2   creditors and the proper deference to their reasonable views in the premises (collectively, the

3   "Woodson Factors"). *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620

4   (9th Cir. 1988) (quoting *A & C Props.*, 784 F.2d at 1380). It is not necessary that all of the

5   conclusions reached in the consideration of each of the Woodson Factors support the settlement, but

6   taken as a whole, those conclusions must favor the approval of the settlement. *See In re Pacific Gas*

7   *& Elec. Co*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) (citing *In re WCI Cable, Inc.*, 282 B.R. 457,

8   473-74 (Bankr. D. Or. 2002)). "Ultimately, the court must determine whether the individual

9   settlement sought to be approved under Bankruptcy Rule 9019(a) falls within the lowest range of

10  reasonableness." *In re TCI2 Holdings, LLC*, 428 B.R. 117, 136 (Bankr. D.N.J. 2010).

**B.**   **Bankruptcy Rule 9019(b) Enables the Court to Authorize the Trustee to Settle the Estate Fee and Cost Claims**

Bankruptcy Rule 9019(b) provides an exception to the procedure set forth in Bankruptcy

Rule 9019(a) for approving individual settlements:

> After a hearing on such notice as the court may direct, **the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice**.

*Id*. (Emphasis added).

Bankruptcy Rule 9019(b) provides that the Court may authorize the Trustee to settle certain

classes of controversies without requiring separate notice and a hearing with respect to each separate

controversy. As set forth in the Advisory Committee Note to the original enactment of this rule,

subdivision (b) permits a court to deal efficiently with a case that may involve a large number of

settlements. *In re NJ Affordable Homes Corp.*, 05-60442, 2007 WL 3166950, *11 (Bankr. D.N.J.

Oct. 22, 2007) (citing and discussing Advisory Committee Note). The subdivision was intended to

address situations in which compliance with the requirements of subdivision (a) would not be

practical or efficient. *Id*.

In this case, the proposed Settlement and Resolution Procedures (a) require the Trustee to

consider the Woodson Factors before proposing any settlement of an Estate Fee and Cost Claim; (b)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   with respect to the resolution of more substantial claims, provide notice and an opportunity to object

2   to the party asserting the principal pecuniary interest in the Estate Fee and Cost Claims – Advocate,

3   the Debtor's former lender; (c) significantly reduce the time and administrative expenses associated

4   with resolving the Estate Fee and Cost Claims; and (d) provide for the efficient disposition of

5   smaller Estate Fee and Cost Claims.  Accordingly, the Settlement and Resolution Procedures

6   themselves fulfill the criteria contemplated in the Woodson Factors and related Ninth Circuit

7   precedent regarding the disposition of settlements.

8           By the Motion, the Trustee seeks relief under Bankruptcy Rule 9019(b) for both efficiency

9   and strategic reasons.  The Trustee believes that the relief requested herein will aid in his efforts to

10  reduce expenses and maximize value for the benefit of creditors.  The Trustee is investigating

11  numerous former client matters that may give rise to Estate Fee and Cost Claims.  The expense that

12  would have to be borne by the estate to prepare, file, and serve individual motions to approve

13  settlements for those Estate Fee and Cost Claims that are eventually settled could be substantial and

14  in some instances could render a settlement valueless.  By granting the relief requested herein, the

15  Trustee will be able to avoid much of this cost and the delay inherent in the filing of such motions.

16  The Settlement and Resolution Procedures also will reduce the burden on the Court's docket.

17  Approval of the Settlement and Resolution Procedures is in the best interest of the Debtor's

18  bankruptcy estate and will not prejudice the rights of any party in interest in the Case.

19          Therefore, the Trustee requests that the Court approve the Settlement and Resolution

20  Procedures described herein because they will streamline the settlement process and reduce the

21  administrative burden of the estate and the Court while protecting the interests of all creditors.

22  **C.      The Settlement and Resolution Procedures Regarding the Estate Fee and Cost Claims
            Also May Be Authorized Under Sections 105(a) and 363(b)(1) of the Bankruptcy Code**

23          A settlement of claims and causes of action owned by a debtor constitutes a disposition of the

24  property of the estate.  *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350 (3d

25  Cir. 1999).  If a settlement falls outside the ordinary course of business of the debtor, it requires

26  approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code.  *Id.* at 351; *see*

27  11 U.S.C. § 363(b).  Pursuant to section 363(b)(1) of the Bankruptcy Code, a trustee, "after notice

28

10

and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  To obtain court approval of a use of property under section 363(b), a trustee needs only to show a legitimate business justification for the proposed action.  *See, e.g.*, *Myers v Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (noting that under normal circumstances, courts defer to a trustee's judgment concerning use of property under section 363(b) when there is a legitimate business justification) (internal citations omitted); *Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani)*, 325 B.R. 282, 288-89 (B.A.P. 9th Cir. 2005)("Ordinarily, the position of the trustee is afforded deference, particularly where business judgment is entailed in the analysis or where there is no objection.").  In addition, section 105(a) of the Bankruptcy Code empowers a bankruptcy court to "issue any order…that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  *See* 11 U.S.C. § 105(a).

Here, the establishment of the Settlement and Resolution Procedures is supported by a legitimate business justification and is in the best interests of the Debtor's estate and creditors.  Specifically, the Settlement and Resolution Procedures will: (a) facilitate the prompt monetization of the Estate Fee and Cost Claims; and (b) minimize the administrative expense and procedural burdens associated with obtaining approval of numerous settlements of Estate Fee and Cost Claims, while preserving fundamental checks on the reasonableness of such settlements.

## D.    Bankruptcy Rule 2002(a)(3) Permits the Court to Limit Notice of Settlements Upon a Showing of Good Cause

Pursuant to Bankruptcy Rule 2002(a)(3), certain parties must receive notice of hearings on the approval of a compromise or settlement of any controversy, unless the Court orders otherwise upon good cause shown.  In furtherance of the relief requested herein, the Trustee also requests that, pursuant to Bankruptcy Rule 2002(a)(3), the Court find that cause exists to limit notice, as described above, of any settlement entered pursuant to the Settlement and Resolution Procedures.

The Debtor never filed a list of creditors, and the Trustee is continuing its investigation into the Debtor's books and records to establish such information.  The cost of producing and mailing notice of settlement to all creditors or even a short list of creditors, whether or not they desire such notice, is burdensome and wasteful to the estate, particularly where, as here, all the Estate Fee and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11

Cost Claims are asserted to be the collateral of the Debtor's former lender – Advocate – who will receive notice of certain settlements in accordance with the Settlement and Resolution Procedures. The Trustee submits that limiting notice and authorizing compromises of claims as provided hereinabove will preserve the resources of the estate.

**V.**

**<u>CONCLUSION</u>**

**WHEREFORE**, the Trustee respectfully requests that this Court (a) approve the Settlement and Resolution Procedures; and (b) grant the Trustee such other and further relief as may be appropriate under the circumstances.

Dated:  December 21, 2017                    PACHULSKI STANG ZIEHL & JONES LLP


                                             By: */s/ Malhar S. Pagay*
                                                 Debra I. Grassgreen
                                                 Malhar S. Pagay

                                                 Attorneys for Richard M. Pachulski,
                                                 Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:308728.5 51414/001

## DECLARATION OF RICHARD M. PACHULSKI

I, Richard M. Pachulski, declare as follows:

1.      I am the duly appointed Chapter 11 Trustee in the bankruptcy case of Layfield & Barrett, APC (the "Debtor").

2.      I make this declaration in support of the *Motion of the Chapter 11 Trustee for Order Authorizing and Approving Procedures for Resolving Estate Fee and Cost Claims* (the "Motion"). Capitalized terms that I use, but do not define, hereinbelow, shall have the same meanings as set forth in the Motion.

3.      The Debtor was a personal injury law firm forced into bankruptcy by certain former clients and a law firm that previously referred matters to the Debtor, relating to allegations that the Debtor had obtained funds from settlements of litigation and failed to remit a portion of such funds to the clients and the referring law firm.

4.      Since my appointment on August 22, 2017, among other actions, my counsel and I have engaged in discussions with, and requested documentation and information from, persons and entities associated with the Debtor and third parties regarding the Debtor's assets, liabilities and previous business operations.  The Debtor did not file its Schedules or Statement of Financial Affairs in the Case and no representative of the Debtor has appeared to respond to inquiries at a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code.  Therefore, despite our efforts, we have obtained incomplete information regarding the estate.

5.      On September 5, 2017, my counsel filed the *Chapter 11 Trustee's Emergency Motion for an Order (I) Authorizing Trustee to Implement Client Transition Protocol; and (II) Approving Compromise of Quantum Meruit Claims with The Dominguez Firm, Inc.* [Docket No. 74] ("Client Transition Protocol Motion"), seeking, among other relief, authority to withdraw from various active and pre-litigation matters and transitioning those matters to other counsel.  The Debtor did not have sufficient funds or personnel to continue representation of the clients in these matters consistent with the ethical obligations owed to such clients.  Thus, withdrawal from these matters was mandatory, and the bankruptcy estate is entitled to recover in *quantum meruit* for service rendered by the Debtor and for expense reimbursement.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6.        On September 7, 2017, the Court entered an *Order (1) Authorizing Chapter 11 Trustee to Implement Client Transition Protocol; and (2) Approving Compromise of Quantum Meruit with the Dominguez Firm, Inc.* [Docket No. 83] (the "Client Transition Protocol Order").  In accordance with the Client Protocol Order, my office sent out hundreds of letters (the "Client Transition Protocol Letters") to clients of the Debtor informing them of the Case and the need to obtain subsequent counsel.  My counsel and I have received numerous phone calls and emails as a result of the Client Transition Protocol Letters, and have continued to engage in conversations with the Debtor's clients and various counsel in order to assist in the transition of the representation from the Debtor to counsel selected by such clients.  The Client Transition Protocol Order expressly provided that the Debtor's withdrawal "shall be subject to the bankruptcy estate's claim for *quantum meruit* and expense reimbursement, which shall be determined by this Court at a later date."  (Client Transition Protocol Order ¶ 2b.).

7.        On or about September 12, 2017, my counsel filed a *Notice of (A) Pendency of Case Under Chapter 11 of the Federal Bankruptcy Code; (B) Appointment of Trustee; and (C) Lien for Attorneys' Fees and Costs* (the "Notice of Pendency") in more than 200 active litigation cases in which we were able to determine (to the best of my and my counsel's ability based on information obtained by our office) either a current or prior involvement by the Debtor as counsel.  Each Notice of Pendency advised the litigants and the non-bankruptcy court of the filing of the Debtor's Case, the appointment of the Trustee, and my assertion, on behalf of the bankruptcy estate, of a lien for the Estate Fee and Cost Claims.  As a result of the filing of the Notices of Pendency, my office has been contacted by numerous counsel, many of whom have been able to provide us with information regarding the disposition of such litigation, the current status of the representation of any current or former clients of the Debtor involved therein, and other information.

8.        I understand that, pursuant to an Amended and Restated Master Loan and Security Agreement, dated August 7, 2016 (the "Loan Agreement"), between the Debtor and Advocate Capital, Inc. ("Advocate"), Advocate asserts a secured claim against the Debtor's bankruptcy estate in the amount of $3,995,992.39 (plus interest, finance charges, legal fees and expenses).  Under the terms of the Loan Agreement, among other collateral, Advocate asserts a security interest in "all of

14

[the Debtor's] rights to receive payment or otherwise, for legal and other services rendered and to be rendered, and for costs and expenses advanced and to be advanced, and all other rights and interest that [the Debtor] may have in and with respect to each and every Client Matter." Loan Agreement at 6-7. Therefore, I am advised that Advocate asserts a lien on Estate Fee and Cost Claims.

9.    In matters where the Debtor rendered prepetition services and withdrew in accordance with the Client Transition Protocol Order, the Debtor is entitled to compensation for such services (including, without limitation, on a *quantum meruit* basis) and reimbursement of expenses upon any settlement or judicial ruling in favor of such client on account of a Client Case, The Debtor is also entitled to recover referral fees from other counsel to whom the Debtor referred Client Cases in exchange for a referral fee payable upon any recoveries from such matters. All such Estate Fee and Cost Claims constitute property of the Debtor's bankruptcy estate over which this Court has exclusive jurisdiction. Due, in part, to my office's issuance of the Client Transition Protocol Letters and the Notices of Pendency, various counsel and former clients have begun to contact me and my counsel in order to advise us of existing, potential or imminent settlements of Client Cases and to ascertain the nature and extent of the Estate Fee and Cost Claim. Accordingly, in order to facilitate the bankruptcy estate's assertion, settlement, resolution and collection of Estate Fee and Cost Claims, I am proposing and seeking Court authorization to implement certain procedures in respect of such claims.

10.    By the Motion, I am seeking relief under Bankruptcy Rule 9019(b) for both efficiency and strategic reasons. I believe that approval of the Settlement and Resolution Procedures will aid in my efforts to reduce expenses and maximize value for the benefit of creditors. My office is investigating numerous former client matters that may give rise to Estate Fee and Cost Claims. The expense that would have to be borne by the estate to prepare, file, and serve individual motions to approve settlements for those Estate Fee and Cost Claims that are eventually settled could be substantial and in some instances could render a settlement valueless. By granting the relief requested herein, the bankruptcy estate will be able to avoid much of this cost and the delay inherent in the filing of such motions. The Settlement and Resolution Procedures also will reduce the burden on the Court's docket. Therefore, I believe that approval of the Settlement and Resolution

15

1    Procedures is in the best interest of the Debtor's bankruptcy estate and will not prejudice the rights

2    of any party in interest in the Case.

3          11.    I also believe that the establishment and implementation of the Settlement and

4    Resolution Procedures is supported by a legitimate business justification.  Specifically, the

5    Settlement and Resolution Procedures will: (a) facilitate the prompt monetization of the Estate Fee

6    and Cost Claims; and (b) minimize the administrative expense and procedural burdens associated

7    with obtaining approval of numerous settlements of Estate Fee and Cost Claims, while preserving

8    fundamental checks on the reasonableness of such settlements.

9          12.    Therefore, I respectfully request that the Court approve the Settlement and Resolution

10   Procedures described herein because they will streamline the settlement process and reduce the

11   administrative burden of the estate and the Court while protecting the interests of all creditors.

12         I declare under penalty of perjury under the laws of the United States of America that the

13   foregoing is true and correct.

14         Executed this 21st day of December, 2017 at Puerto Vallarta, Mexico.

15

16

17   _____
     Richard M. Pachulski

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13ᵗʰ Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*):  ***NOTICE OF MOTION AND MOTION OF THE CHAPTER 11 TRUSTEE FOR ORDER AUTHORIZING AND APPROVING PROCEDURES FOR RESOLVING ESTATE FEE AND COST CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD M. PACHULSKI IN SUPPORT THEREOF*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 21, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **December 21, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **December 21, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Honorable Neil W. Bason
U.S. Bankruptcy Court
255 E. Temple Street, Room 940
Los Angeles, CA  90012
Attn: Mail Room Clerk-Judges  Copies

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 21, 2017 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 2:17-bk-19548-NB**

- *Moises S Bardavid    mbardavid@hotmail.com*
- *Daniel I Barness    daniel@barnesslaw.com*
- *James W Bates    jbates@jbateslaw.com*
- *Martin J Brill    mjb@lnbrb.com*
- *Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com*
- *Jennifer Witherell Crastz    jcrastz@hemar-rousso.com*
- *Beth Gaschen    bgaschen@wgllp.com,*
  *kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com*
- *Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com*
- *James KT Hunter    jhunter@pszjlaw.com*
- *Joseph M Kar    jkar@mindspring.com*
- *Richard W Labowe    richardwlabowe@gmail.com, llhlaw1631@aol.com*
- *Dare Law    dare.law@usdoj.gov, Kenneth.g.lau@usdoj.gov,Alvin.mar@usdoj.gov,ron.maroko@usdoj.gov*
- *Joel A Osman    osman@parkermillsllp.com, sanders@parkermillsllp.com*
- *Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com*
- *Michael F Perlis    mperlis@lockelord.com,*
  *merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com*
- *Michael F Perlis    ,*
  *merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com*
- *Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com*
- *Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com*
- *Daniel H Reiss    dhr@lnbyb.com, dhr@ecf.inforuptcy.com*
- *Damion Robinson    dr@agzlaw.com*
- *Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com*
- *Daniel A Solitro    dsolitro@lockelord.com, ataylor2@lockelord.com*
- *United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov*
- *Alan J Watson    alan.watson@hklaw.com, gloria.hoshiko@hklaw.com*

1. **Service by U.S. First Class Mail**

| | | |
|---|---|---|
| **Court's Manual Notice List**<br>Roger G Jones<br>1600 Division St Ste 700<br>Nashville, TN 37203 | **Court's Manual Notice List**<br>Patricia Salcedo<br>The Dominguez Firm<br>3250 Wilshire Blvd #2200<br>Los Angeles, CA 90010 | **Court's Manual Notice List**<br>Timothy M Smith<br>McKinley Smith APC<br>3445 American River Dr<br>Ste A<br>Sacramento, CA 95864 |
| **Court's Manual Notice List**<br>*Debtor*<br>**Layfield & Barrett, APC**<br>Attn:  Philip Layfield, Officer of Record<br>2720 Homestead Rd Ste 210<br>Park City, UT 84098 | *Debtor*<br>**Layfield & Barrett, APC**<br>Attn:  Philip Layfield, Officer of Record<br>2720 Homestead Rd Ste 200<br>Park City, UT 84098 | *Debtor*<br>**Layfield & Barrett, APC**<br>Attn:  Any Officer Other Than Philip Layfield<br>2720 Homestead Rd Ste 210<br>Park City, UT 84098 |
| *Debtor*<br>**Layfield & Barrett, APC**<br>Attn:  Any Officer Other Than Philip Layfield<br>2720 Homestead Rd Ste 200<br>Park City, UT 84098 | **Individual Insured**<br>Philip J. Layfield<br>31381 Trigo Trl<br>Trabuco Canyon, CA 92679-3610 | **Individual Insured**<br>Philip J. Layfield<br>382 NE 191st St., #42308<br>Miami, FL 33179-3899 |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:311228.1 51414/001

**F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| **Individual Insured**<br>Todd Douglas Wakefield<br>871 W Abigail Dr<br>Kamas, UT 8403 6 | **Individual Insured**<br>Terry R Bailey<br>4821 Caminito Mirador<br>Camarillo, CA 93012 | **Individual Insured**<br>Terry Bailey<br>Abir Cohen Treyzon Salo, LLP<br>1901 Avenue of the Stars, Suite 935<br>Los Angeles, CA  90067 |
| **Individual Insured**<br>Joseph Barrett<br>Affeld & Grivakes LLP<br>2049 Century Park East, Suite 2460<br>Los Angeles, CA  90067-3126 | **Individual Insured**<br>Joseph Barrett<br>415 S. Prospect Ave., Apt. 202<br>Redondo Beach, CA  90277-3944 | **Individual Insured**<br>Joseph Barrett<br>845 Avenue B<br>Redondo Beach, CA  90277 |
| **Individual Insured**<br>Counsel to Joseph Barrett<br>David W. Affeld, Esq.<br>Affeld & Grivakes LLP<br>2049 Century Park East, Suite 2460<br>Los Angeles, CA  90067-3126 | **Individual Insured**<br>Philip Layfield<br>c/o Atlas Legal Services<br>c/o Maximum Legal Services (Costa Rica) S.R.L.<br>382 NE 191st Street<br>#42308<br>Miami, FL  33179 | **Individual Insured**<br>Counsel to Philip Layfield<br>Tina M. Talarchyk, Esq.<br>The Talarchyk Firm<br>The Worth Avenue Building<br>205 Worth Avenue, Suite 320<br>Palm Beach, FL  33480 |
| **Individual Insured**<br>Todd D. Wakefield<br>Barrett Law<br>825 Avenue B<br>Redondo Beach, CA  90277 | **Individual Insured**<br>Todd D. Wakefield<br>Wakefield Law Office<br>P.O. Box 983056<br>Park City, UT  84098 | **Individual Insured**<br>Todd D. Wakefield<br>2730 Rasmussen Rd., Suite 206<br>Park City, UT  84098 |
| **Individual Insured**<br>Todd D. Wakefield<br>2585 Lower Lando Ln<br>Park City, UT  84098 | | |

**In re Layfield & Barrett, APC**
**Case No. 2:17-bk-19548-NB**

**Creditors who Filed Proofs of**
**Claim as of 12/20/17**

| | | |
|---|---|---|
| 6 Harbor Park Drive<br>C/O Jeff Schwartz, COO<br>6 Harbor Park Dr<br>Port Washington, NY 11050 | Access Multilingual Services Inc<br>11041 Santa Monica Blvd #813<br>Los Angeles CA 90025 | Ada Zelaya<br>3875 E Ashlan Ave<br>Fresno CA 93726-3623 |
| | Ann Brabant<br>503 Olympic Blvd<br>Santa Monica CA 90401 | Antonia Torres<br>10023 Mallow Dr<br>Moreno Valley CA 92557 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Atkinson-Baker, Inc.
500 N. Brand Blvd., Third Floor
Glendale, California 91203

Benjamin E. Hernandez
65 Washington St #184
Santa Clara, CA 95050

Brandi Posey
2800 W 141 Pl #5
Gardena CA 90249

C&C Factoring Solutions
6060 W Manchester Avenue Suite
207
Los Angeles, CA 90045

Carolyn Hacobian
Asbet A Issakhanian Esq
440 Western Ave Suite 205
Glendale CA 91201

Cathleen Couchois
3309 Virginia Ave
Santa Monica CA 90404

Chiropractic Fitness PLLC
8316 Pheville-Matthews Rd Ste
#806
Charlotte NC 28226

Claudia Eskenazi
Ronald B Cohen
4109 Aleman Dr
Tarzana CA 91356

Cosmeticare
1101 Bayside Dr #101
Corona Del Mar CA 92625

County of Orange
P.O. Box 4515
Santa Ana, CA 92702-4515
Attn: Bankruptcy Unit

Cynthia L Chabay, M.D.
11645 Wilshire Blvd Ste 1100
Los Angeles CA 90025

David Iwamoto
21022 Anza Ave Apt 211
Torrance CA 90503

David W Martin
POB 3283
Rancho Cucamonga, CA 91729

Department of the Treasury
Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

F. David Rudnick, M.D. A Medical
Corp
501 Santa Monica Bl #509
Santa Monica, CA 90401

Frank Panoussi, D.C.
38344 30th St East
Palmdale, CA 93550

Gary Tachobanian
2950 Los Feliz Blvd #201
Los Angeles CA 90039

Gene Charles Roland M.D.
3200 Fourth Ave #100
San Diego CA 92103

George Georgiou
579 Bridgeway
Sausalito CA 94965

Gilbert Tanap
c/o Michael D. Waks
300 E. San Antonio Dr.
Long Beach, CA 90807

Graham Chiropractic
Dr Chester Graham
3900 Pelandale #125
Modesto CA 95356

Hamden Injury Rehab Center
1700 Dixwell Ave
Hamden CT 06514

Irma D Charles
2538 1/2 E 126th St
Compton CA 90222

ISSAC RYLIE CASAS
PATRICIA CASAS FOR ISSAC
RYLIE CASAS
847 CITRON LANE
SANTA PAULA CA 93060

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

John Finton
LAW OFFICES OF MOSES S.
BARDAVID
16177 Ventura Boulevard, #700
Encino, CA 91436

Kaila Gibson
360 E. 1st Street #281
Tustin, CA 92780

Kamryn Whitney Court Reporting
2151 Michelson Dr #282
Irvine CA 92612

Karoline St. George
MKP Law Group
468 N. Camden Dr., Ste. 200
Beverly Hills, CA 90210

Kathy Townsend Court Reporters
110 12th Street NW
Albuquerque NM 87102

Layton Chiropractic Clinic
1025 N Main Street
Layton UT 84041

LOS ANGELES COUNTY
TREASURER AND TAX
COLLECTOR
PO BOX 54110
LOS ANGELES CA 90054-0110

Maria A Rios
520 W Cressey St
Compton, CA 90222

Mario Lara
5407 Sierra Vista #301
Los Angeles, CA 90038

Maurizio Bertoldi
2014 W. West Wind
Santa Ana, CA 92704

Method Technologies, Inc.
10805 Holder Street, Suite 100
Cypress, CA 90630

Michael D. Waks
300 E. San Antonio Dr.
Long Beach, CA 90807

Michael Haiby
19425 Soledad Cyn Rd Ste 252
Santa Clarita CA 91351

Mitchell Tyler Middleton
4628 Pepperwood Ave
Long Beach CA 90808

MKP Law Group
468 N. Camden Drive, Ste. 200
Beverly Hills, CA 90210

Moses Bardavid
16133 Ventura Blvd. #700
Encino, CA 91436

NAKITA RAY SMITH
306 CAROLINA AVE
TARBORO NC 27886

National Record Retrieval , LLC
c/o Rubin & Levin P.C
135 N Pennsylvania ST Ste 1400
Indianapolis IN 46204

Nationwide Legal, LLC
c/o Allen Hyman, Esq.
10737 Riverside Drive
North Hollywood, CA 91602

Nayazi Reyes
1549 W San Bernadino Rd
Apt S
West Covina, CA 91790

NDS
PO BOX 61002
Anaheim, CA 92803

Nga Phung, entity
Huong Phung
412 N Valley St #3
Anaheim CA 92801

Orbie Troy Davis
321 N Mall Dr Ste H-102
St George UT 84790

PATRICIA CASAS
847 CITRON LANE
SANTA PAULA CA 93060

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Personal Court Reporters
14520 Sylvan St
Van Nuys CA 91411

Phillip E. Scott
32302 Alipaz #245
S.J.C., CA 92675

Price Chiropractic Inc
471 Ainsley Ave
Yuba City CA 95991

Rachel Martinez
5339 Mitchell Ave
Riverside CA 92505

Raines Feldman LLP
Attn: Hamid R. Rafatjoo
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

Ramiro Hurtado
2440 N Ditman Ave
Los Angeles CA 90032

Roberta Jacobs
1041 N La Jolla Ave
West Hollywood CA 90046

SOLEMON HAKIMI, MD
1140 S. ROBERTSON BLVD #3
LOS ANGELES, CA 90035

Sprint Corp Correspondence
Attn Bankruptcy Dept
PO Box 7949
Overland Park KS 66207-0949

STEPHEN H BARKOW MD INC
26902 OSO PARKWAY #120
MISSION VIEJO CA 92691

Steuber Corporation
20425 S Susana Rd
Long Beach CA 90810

Susana Lopez
1273 N Quincy Ave
Ogden Utah 84404

The Dominguez Firm
3250 Wilshire Blvd #2200
Los Angeles, CA 90010

The Sullivan Group of Court
Reporters
4802 E 2nd St Ste 3
Long Beach CA 90803

Thomson Reuters
Thomson Reuters-Legal
610 Opperman Drive
Eagan MN 55123

Toll Creek Owners Association Inc
c/o Jacob Watterson
130 South Main Ste 200
PO Box 525
Logan UT 84323

Topmark Floor & Design
1490 Munchkin Rd #105B
Park City UT 84060

Transportation Corridor Agencies
125 Pacifica Ste 100
Irvine CA 92618

Universal Imaging Center
616 E Alvarado St Ste E
Fallbrook CA 92028

USA Express Legal & Investigative
Services Inc
USA Express
21031 Ventura Blvd Ste 920
Woodland Hills CA 91364

Veritext Corp
290 West Mt. Pleasant Ave. Suite
2260
Livingston NJ 07039

Wells Fargo Bank, National
Association
c/o Jennifer Witherell Crastz
Hemar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436

Westpoint Physical Therapy Center
Inc
1115 W Ave M14
Palmdale CA 93557

Whittier Spine Center
PO Box 1108
Hutto TX 78634

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
DOCS_LA:311228.1 51414/001

F 9013-3.1.PROOF.SERVICE

Yvonne De La Paz
31111 Via Sonora
San Juan Capistrano CA 92675

Interventional Spine $ Pain
Management
274 N Main St
Logan UT 84321

Ocala Spine & Injury
1541 SE 17th St
Ocala FL 34471

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.