LOCKE LORD LLP
MICHAEL F. PERLIS (State Bar No. 095992)
RICHARD R. JOHNSON (State Bar No. 198117)
LILIAN M. KHANJIAN (State Bar No. 259015)
DANIEL A. SOLITRO (State Bar No. 243908)
300 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213-485-1500
Facsimile: 310-485-1200
Email: *MPerlis@lockelord.com*
Email: *RRJohnson@lockelord.com*
Email: *LKhanjian@lockelord.com*
Email: *DSolitro@lockelord.com*

Attorneys for Plaintiff,
Evanston Insurance Company

**FILED & ENTERED**

**FEB 07 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** francis    **DEPUTY CLERK**

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LAYFIELD & BARRETT, APC<br>   Debtor(s).<br>------------------------------------------------<br><br>EVANSTON INSURANCE COMPANY, an Illinois corporation,<br>   Plaintiff,<br>vs.<br><br>LAYFIELD & BARRET, APC, PHILIP J. LAYFIELD, an individual, JOSEPH BARRETT, an individual, TODD D. WAKEFIELD, an individual, and TERRY BAILEY, an individual,<br>   Defendants.<br><br>AND RELATED COUNTERCLAIM. | **Case No. 2:17-bk-19548-NB**<br>**CHAPTER 11**<br><br>**Honorable Neil W. Bason**<br>**Adv. Proc. No. 2:17−ap−01412−NB**<br><br>**ORDER RE DISCOVERY DISPUTE**<br><br>**Telephonic Hearing**<br>**Court Call Confirmation No. 822847**<br><br>**DATE:**    **JANUARY 23, 2018**<br>**TIME:**    **1:00 P.M.**<br>**PLACE:**   **COURTROOM 1545**<br>         **255 East Temple Street**<br>         **Los Angeles, CA 90012** |

1

The Motion for Order Approving Settlement With Evanston Insurance Company [Docket No. 184] ("Motion") filed by Richard M. Pachulski, the duly appointed chapter 11 trustee ("Trustee") in the above-captioned bankruptcy case of Layfield & Barrett, APC, pursuant to which the Trustee and Evanston Insurance Company ("Evanston," and together with the Trustee, "Parties") sought entry of an order to approve a settlement resolving the claims asserted by Evanston against the Trustee in the adversary proceeding pending in this Court entitled Evanston Insurance Company v. Layfield & Barrett, APC, et al., Adversary Proceeding No. 2:17-ap-01412-NB, as set forth in that certain Settlement Agreement and Mutual Release executed by the Parties, dated December 1, 2017, came on for hearing at the date, time and place stated above. Appearances were made by counsel for Joseph Barrett and for Premium Assignment Corporation II, as reflected on the record. There were no other appearances, apparently because the Trustee and Evanston were not notified that this Court's posted tentative ruling would be contested, and because the tentative ruling excused appearances. See **Exhibit A** hereto. Pursuant to the posted procedures of the undersigned Bankruptcy Judge, this Court considered whether the hearing should be continued to address the merits with all parties present.

Mr. Barrett had sought to take discovery from Evanston (including a January 17, 2018 deposition and documents requests) purportedly to enable him to oppose the Motion, and Evanston (after having met and conferred with Mr. Barrett) submitted a Motion for Protective Order and request for ~~informal~~ telephonic discovery conference with this Court in accordance with its procedures. This Court ~~hosted the informal~~ <u>presided at</u> telephonic discovery conference with counsel for Evanston and Mr. Barrett at 2:00 p.m. on January 12, 2018, and, after considering the written submissions and oral arguments of counsel, advised that it ~~believed~~ <u>would not compel</u> the discovery sought by Mr. Barrett ~~would not go forward~~ before the January 23, 2018 hearing on the Trustee's Motion, at which time the Court could revisit the issue as appropriate.

On January 22, 2018, this Court issued a tentative ruling granting the Trustee's Motion, and ruling, with respect to the discovery dispute between Evanston and Mr. Barrett, as follows:

> The tentative ruling is that, in addition to the reasons stated in the motion (dkt. 184) and the reply briefs filed by the Trustee (dkt. 207) and Evanston (dkt. 206), Mr. Barrett has not established that (a) the expense to the bankruptcy estate of the proposed discovery (let alone any expense that Evanston could charge against any premium refund) would be justified by (b) the apparently remote or perhaps non-existent possibility of discovering facts that would support Mr. Barrett's legal theories, nor has he established that the language of the proposed release in the settlement agreement is so broad that it exceeds the scope of what the estate is permitted to release. *See* Motion, dkt. 184, pp. 9:27-10:2 (citing *inter alia* Cal. Ins. Code section 650 "The recission shall apply to all insured under the contract, including additional insureds, unless the contract provides otherwise . . . .").

The tentative ruling did not require any appearances at the hearing, and, while Mr. Barrett's counsel came to Court at 1:00 p.m. on January 23, 2018 ~~for the by-then discontinued hearing, Mr. Barrett~~ this court limited the hearing to a consideration of whether Mr. Barrett had established a sufficient question as to the merits to warrant continuing the matter, in accordance with the posted procedures of the undersigned when a party opposing a tentative ruling has ~~had~~ not requested a hearing and notified the other Parties as required by the Court's procedures.

This Court having considered the Motion, the related pleadings filed by Joseph M. Barrett (dkt. 192), Premium Assignment Corporation II (dkt. 195, 196, 208), Evanston Insurance Company (dkt. 196, 208, 113), Daniel Tontini (Dkt. 212), the Trustee's Reply (dkt. 208), the materials submitted in connection with the informal conference on the discovery dispute, the arguments, representations, and statements of counsel for Mr. Barrett on the record; and based on this Court's finding and reasons set forth in the tentative ruling, which this Court adopted as its final ruling, and on the record at the hearing, it is HEREBY ORDERED THAT:

1.  Mr. Barrett was not entitled to the discovery he seeks, <u>for the reasons stated in the adopted tentative ruling attached hereto as **Exhibit A**, based on which this Court was persuaded that Mr. Barrett has not established (a) that his requested discovery was relevant or, alternatively, (b) that it is warranted under the relevant factors (*see* Fed. R. Civ. P. 26, especially (b)(1) & (c)(1), incorporated by Fed. R. Bankr. P. 7026 and 9014(c)). For those reasons this Court was persuaded to grant</u> ~~as it had no bearing on~~ the Trustee's Motion, which the Court granted in its January 25, 2018 Order (Dkt. 215); and

2.  Evanston's Motion for Protective Order is denied as moot.

###

Date: February 7, 2018

/s/ Neil W. Bason
Neil W. Bason
United States Bankruptcy Judge

4
ORDER RE DISCOVERY DISPUTE

# EXHIBIT A

## United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, January 23, 2018**                                                                 **Hearing Room    1545**

<u>1:00 PM</u>
**2:17-19548**    **Layfield & Barrett, APC**                                                                 **Chapter 11**

**#1.00**    Cont'd hrg re: Motion For Order Approving Settlement
With Evanston Insurance Company
fr. 1/11/18

                             Docket    184

**Tentative Ruling:**

   Grant, subject to holding the proceeds for future division between the bankruptcy estate and Premium Assignment Corportion II ("Premium") as set forth in the Chapter 11 Trustee's reply (dkt. 207).  <u>Appearances are not required</u>.

   *Proposed order:* Movant is directed to lodge a proposed order via LOU within 7 days after the hearing date, and attach a copy of this tentative ruling, thereby incorporating it as this court's final ruling.  *See* LBR 9021-1(b)(1)(B).

   *Key documents reviewed (in addition to motion papers):* Mr. Barrett's Opposition (dkt. 192); Premium's Opposition papers (dkt. 195, 196); Mr. Barrett's Brief re Informal Discovery Conference (dkt. 199); the brief of Evantston Insurance Company ("Evanston") re same (in support of protective order to preclude deposition) (dkt. 200); Evanston's Statement of Non-Opposition (dkt. 198); Evanston Replies (dkt. 205, 206); and the Chapter 11 Trustee's Reply (dkt. 207).

   *Reasons:* The tentative ruling is that, in addition to the reasons stated in the motion (dkt. 184) and the reply briefs filed by the Trustee (dkt. 207) and Evanston (dkt. 206), Mr. Barrett has not established that (a) the expense to the bankruptcy estate of the proposed discovery (let alone any expense that Evanston could charge against any premium refund) would be justified by (b) the apparently remote or perhaps non-existent possibility of discovering facts that would support Mr. Barrett's legal theories, nor has he established that the language of the proposed release in the settlement agreement is so broad that it exceeds the scope of what the estate is permitted to release.  *See* Motion, dkt. 184, pp. 9:27-10:2 (citing *inter alia* Cal. Ins. Code section 650 "The recission shall apply to all insured under the contract, including

# United States Bankruptcy Court
# Central District of California
# Los Angeles
# Judge Neil Bason, Presiding
# Courtroom 1545 Calendar

**Tuesday, January 23, 2018**       Hearing Room  1545

1:00 PM
**CONT...**      **Layfield & Barrett, APC**       **Chapter 11**

additional insureds, unless the contract provides otherwise . . . .").

If appearances are <u>not</u> required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings."  If appearances <u>are</u> required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

| Party Information |
|---|

**Debtor(s):**

   Layfield & Barrett, APC                 Pro Se

**Movant(s):**

   Richard  Pachulski (TR)             Represented By
                                                 Malhar S Pagay
                                                 James KT Hunter

**Trustee(s):**

   Richard  Pachulski (TR)             Represented By
                                                 Malhar S Pagay
                                                James KT Hunter