Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: dgrassgreen@pszjlaw.com
       mpagay@pszjlaw.com

Attorneys for Richard M. Pachulski,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| In re:                        | Case No.: 2:17-bk-19548-NB                                                                                                                                                                                     |
|-------------------------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| LAYFIELD & BARRETT, APC,      | Chapter 11                                                                                                                                                                                                     |
| Debtor.                       | **CHAPTER 11 TRUSTEE'S FOURTH STATUS REPORT**                                                                                                                                                                  |
|                               | Date:   February 27, 2018<br>Time:  1:00 p.m.<br>Place: United States Bankruptcy Court<br>       Edward R. Roybal Federal Building<br>       255 E. Temple Street<br>       Courtroom 1545<br>       Los Angeles, California<br>Judge: Honorable Neil M. Bason |

Richard M. Pachulski, the duly appointed chapter 11 trustee (the "Trustee") in the above-captioned bankruptcy case (the "Case") of Layfield & Barrett, APC (the "Debtor" or "L&B"), hereby files his fourth chapter 11 status report, which updates the information provided to this Court in the *Chapter 11 Trustee's Third Status Report* [Docket No. 153], which was filed on November 28, 2017, in accordance with the Court's *Order Setting Case Status Conference and Procedures* entered on August 14, 2017 [Docket No. 28] (the "Case Status Conference Order").

The Trustee respectfully represents the following:

DOCS_SF:96015.1 51414/001

# I.

# BACKGROUND

**A.    Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for any relief sought or granted herein are sections 105(a) and (d) of Title 11 of the United States Code (the "Bankruptcy Code").

**B.    The Commencement of the Case and Appointment of the Chapter 11 Trustee**

On August 3, 2017, petitioning creditors The Dominguez Firm, a law firm that previously referred matters to the Debtor, and Mario Lara, Nayazi Reyes and Maria A. Rios, each a client of the Debtor (the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against L&B.  That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* [Docket No. 3] (the "Trustee Motion").  In the Trustee Motion, the Petitioning Creditors assert, among other allegations, that "[s]ettlement proceeds have not been distributed and may no longer exist, vendors and other creditors have not been paid and clients are effectively unrepresented in some 80 pending cases," and that, consequently, the appointment of a trustee is "essential to protect and preserve property of the … estate and to prevent concealment, waste, loss or conversion of the assets of the estate …."  Trustee Motion at 1.

In response to the Trustee Motion, the Debtor filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [Docket No. 19] (the "Conversion Motion"), seeking to convert the Case to one under chapter 11 of the Bankruptcy Code.  The Court entered orders granting the Conversion Motion [Docket No. 25], and denying the Trustee Motion [Docket No. 24].

On August 16, 2017, the Debtor, Petitioning Creditors, and secured creditor, Advocate Capital, Inc. ("Advocate Capital"), entered into a *Stipulation for the Appointment of a Chapter 11 Trustee* [Docket No. 38], which the Court approved by order on August 17, 2017 [Docket No. 42].

On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as Chapter 11 Trustee in the Case [Docket No.

2

51]. Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee* [Docket No. 53], which application was granted by the Court's order entered the following day [Docket No. 56].

On August 28, 2017, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].

## II.
## CASE STATUS

Since his appointment on August 22, 2017, the Trustee and his counsel have continued to engage in discussions with, and informally request documentation and information from, persons and entities associated with the Debtor, as well as third parties, regarding the Debtor's assets, liabilities and business operations. To date, the Trustee has received a significant amount of information from third parties and continues to review and gather additional materials relating to the Debtor, its former business operations, assets and potential liabilities. Significant events in the Case since the prior case status conference include:

**A.    Claims Bar Date and Filing of Creditor Claims**

The Court set February 5, 2018, as the general claims bar date. As of the time this Status Report was prepared, 285 claims have been filed in the Case in the aggregate amount of $863,307,017.46.[1] Although neither the Trustee nor his counsel has initiated a review and analysis of the nature, amount and validity of such claims, the Trustee believes that the amount of claims asserted against the estate is significantly overstated.[2]

**B.    Settlement and Resolution Procedures for the Estate Fee and Cost Claims**

Due, in part, to the Trustee's letters to the Debtor's former clients regarding the termination of the Debtor's operations, and the filing of notices of the pendency of the Case and the attorneys' liens asserted by the estate, various counsel and former clients have been in contact with the Trustee and his counsel in order to advise the Trustee of existing, potential or imminent settlements of litigation and other matters involving the Debtor's former clients (the "Client Cases") and to

---

[1] The number and amount of aggregate claims were obtained from the Claims Register Summary provided by CM/ECF.
[2] For example, a substantial portion of the aggregate filed claim amount arises from a single claim filed without supporting documentation in the amount of $800 million on account of "wrongful death."

DOCS_SF:96015.1 51414/001

ascertain the nature and extent of the estate's claims for attorneys' fees and costs (the "Estate Fee and Cost Claims") asserted in the Client Cases. Accordingly, in order to facilitate the Trustee's assertion, settlement, resolution and collection of Estate Fee and Cost Claims, the Trustee and his counsel filed a *Motion of the Chapter 11 Trustee for Order Authorizing and Approving Procedures for Resolving Estate Fee and Cost Claims* [Docket No. 183], establishing certain procedures to permit the Trustee to compromise and settle the Estate Fee and Cost Claims on an expedited and cost-effective basis (the "Settlement and Resolution Procedures"). On January 16, 2018, the Court entered its order [Docket No. 204] approving the Settlement and Resolution Procedures with certain modifications.

The Trustee and his counsel are resolving such Estate Fee and Cost Claims pursuant to the Settlement and Resolution Procedures on a continuing basis.

**C.     Evanston Insurance Settlement**

On August 22, 2017, the Debtor's malpractice insurer, Evanston Insurance Company ("Evanston"), filed a *Complaint for Rescission and Declaratory Relief* (the "Evanston Complaint") in this Court against the Debtor and former Debtor attorneys Philip J. Layfield, Joseph Barrett, Todd D. Wakefield and Terry Bailey, thereby commencing that certain adversary proceeding entitled *Evanston Insurance Company v. Layfield & Barrett, APC, et al.,* Adversary Proceeding No. 2:17-ap-01412-NB (the "Rescission Proceeding"). Through the Evanston Complaint, Evanston seeks to rescind that certain Lawyers Professional Liability Insurance Policy Number LA808710 (the "Policy"), issued by Evanston to the Debtor on the grounds that the Debtor's application to secure the Policy was materially false, in that (among other things) the Debtor's signatories allegedly were aware of circumstances that could result in a claim under the proposed insurance to be provided under the Policy.

The Trustee and his counsel filed a *Motion for Order Approving Settlement with Evanston Insurance Company* [Docket No. 184] (the "Evanston Settlement Motion"), by which the Parties sought approval of a compromise memorialized in the Settlement Agreement that resolves the Rescission Proceeding as to the bankruptcy estate (the "Evanston Settlement Agreement"). Specifically, under the terms of the Evanston Settlement Agreement, (i) Evanston shall return to the

4

bankruptcy estate the insurance premium paid on account of the Policy in the amount of $79,845.00; (ii) the Trustee shall consent to the entry of judgment against the Debtor in the Rescission Proceeding resulting in the rescission of the Policy; and (iii) the Parties shall exchange mutual releases in respect of all claims relating to the Policy.

### D. Premium Assignment Corporation II Opposition to Evanston Settlement Motion and Motion for Relief from Stay

On January 9, 2018, Premium Assignment Corporation II ("Premium") filed an opposition to the Evanston Settlement Motion [Docket No. 192] and a motion for relief from stay in the Case [Docket No. 193] (the "Premium Relief from Stay Motion") to enable it to pursue its remedies under a Premium Finance Agreement that it alleged was secured by the Policy. The Trustee concluded that Premium has what initially appears to be a properly secured claim against any payment to the Trustee by Evanston under the Evanston Settlement Agreement and, accordingly, agreed that any order approving the Evanston Settlement Agreement should include a provision that all funds paid to the Trustee pursuant to the settlement should be held by the Trustee in a separate, segregated account and shall not be further distributed until either the Trustee and Premium agree on the proper division of those funds between the estate and Premium or the entry of a further order of the Court determining such division.

On January 25, 2018, the Court entered an *Order Approving Motion to Approve Settlement with Evanston Insurance Company* [Docket No. 215], granting the Evanston Settlement Motion and providing that the premium received by the estate under the terms of the Evanston Settlement Agreement be held for future division between the estate and Premium.

The following day, Premium and the Trustee entered into and filed a *Stipulation Re Motion for Relief from the Automatic Stay* [Docket No. 216], pursuant to which the parties agreed that Premium would receive $40,285.20 from the premium returned to the bankruptcy estate pursuant to the Evanston Settlement Motion. On January 26, 2018, the Court approved the stipulation [Docket No. 217], thereby resolving the Premium Relief from Stay Motion.

**E.     Use of Advocate Capital Collateral for Fees and Costs of Trustee and Counsel**

The Trustee and Advocate Capital currently are engaged in discussions regarding the Trustee's request for a carve-out from Advocate Capital's putative collateral to satisfy the fees billed and costs incurred by the Trustee and his counsel in connection with the Case. To the extent such discussions do not result in an arrangement satisfactory to the Trustee, the Trustee reserves the right to seek a surcharge of Advocate Capital's collateral pursuant to section 506(c) of the Bankruptcy Code as well as other relief from this Court.

## III.

## OTHER INFORMATION RELATING TO THE CASE

To date, three separate *Notice(s) of Disciplinary Charges* have been filed by the State Bar of California against Philip Layfield in State Bar Court, Case Nos. 17-O-04140, 17-O-4198, and 17-O-4754 (collectively, the "Disciplinary Actions"). On January 24, 2018 the Court entered an *Order Entering Default and Order Enrolling Inactive (Rule 5.81 – Failure to Appear)* against Philip Layfield in the Disciplinary Actions deeming the facts alleged in the disciplinary charges admitted and rendering Layfield an inactive member of the State Bar of California.     .

Dated:  February 13, 2018                        PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Malhar S. Pagay*
Debra I. Grassgreen
Malhar S. Pagay

Attorneys for
Richard M. Pachulski, Chapter 11 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 11 TRUSTEE'S FOURTH STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 13, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 13, 2018 | Sophia L. Lee | /s/ Sophia L. Lee |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DOCS_SF:96015.1 51414/001

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

    **Mailing Information for Case 2:17-bk-19548-NB**

    - Moises S Bardavid    mbardavid@hotmail.com
    - Daniel I Barness    daniel@barnesslaw.com
    - Martin J Brill    mjb@lnbrb.com
    - Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
    - Jennifer Witherell Crastz    jcrastz@hemar-rousso.com
    - Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
    - Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com
    - James KT Hunter    jhunter@pszjlaw.com
    - Joseph M Kar    jkar@mindspring.com
    - Dare Law    dare.law@usdoj.gov, Kenneth.g.lau@usdoj.gov,Alvin.mar@usdoj.gov,ron.maroko@usdoj.gov
    - Joel A Osman    osman@parkermillsllp.com, sanders@parkermillsllp.com
    - Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
    - Michael F Perlis    mperlis@lockelord.com, merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
    - Michael F Perlis    , merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
    - Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
    - Daniel H Reiss    dhr@lnbyb.com, dhr@ecf.inforuptcy.com
    - Damion Robinson    dr@agzlaw.com
    - Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
    - Daniel A Solitro    dsolitro@lockelord.com, ataylor2@lockelord.com
    - United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
    - Alan J Watson    alan.watson@hklaw.com, gloria.hoshiko@hklaw.com

2