Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: dgrassgreen@pszjlaw.com
         mpagay@pszjlaw.com

Attorneys for Richard M. Pachulski,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:17-bk-19548-NB |
| LAYFIELD & BARRETT, APC, | Chapter 11 |
| Debtor | **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT WITH THE DOMINGUEZ FIRM, INC., WITH RESPECT TO THE MATTER OF ROSE PINEDA, ET AL. V. COUNTY OF RIVERSIDE, ET AL.; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD M. PACHULSKI IN SUPPORT THEREOF** |
| | [Request for Judicial Notice filed concurrently herewith] |
| | **Hearing:**<br>Date:    March 20, 2018<br>Time:    1:00 p.m.<br>Place:   United States Bankruptcy Court<br>            Edward R. Roybal Federal Building<br>            255 E. Temple Street<br>            Courtroom 1545<br>            Los Angeles, California<br>Judge:   Hon. Neil W. Bason |

DOCS_LA:311760.2 51414/001

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE; THE DOMINGUEZ FIRM, INC.; THE DEBTOR; ADVOCATE CAPITAL, INC.; ALL PARTIES RECEIVING CM/ECF NOTICE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that Richard M. Pachulski, in his capacity as Chapter 11 Trustee (the "Trustee") of Layfield & Barrett, APC (the "Debtor"), hereby moves (the "Motion") the Court for entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to approve a settlement ("Settlement") between the Trustee and The Dominguez Firm, Inc. ("TDF", and together with the Trustee, the "Parties"), resolving the fee and cost claims as between TDF and the Trustee arising from litigation pending in the Superior Court of the State of California for the County of Riverside entitled *Rose Pineda, et al. v. County of Riverside, et al.*, Case No. RIC1507590 (the "Pineda Proceeding"), in accordance with the *Motion of the Chapter 11 Trustee for Order Authorizing and Approving Procedures for Resolving Estate Fee and Costs Claims*, approved by order entered on January 16, 2018 (the "Estate Fee and Cost Claims Procedures Order") [Docket No. 204].

**PLEASE TAKE FURTHER NOTICE** that a hearing regarding the Motion will be conducted on **March 20, 2018, at 1:00 p.m. Pacific Time**, or as soon thereafter as counsel may be heard before the Honorable Neil W. Bason, United States Bankruptcy Judge, in Courtroom 1545 of the Edward R. Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Declaration of Richard M. Pachulski annexed thereto, the Request for Judicial Notice filed in support of the Motion, the record in this chapter 11 case ("Case"), as well as any other documentary evidence as may be presented to this Court, Bankruptcy Rule 9019(a) and Local Bankruptcy Rule 9013-1.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), if you wish to oppose the Motion, you must file a written response with the Court and serve a copy of it upon the undersigned counsel no later than fourteen (14) days prior to the hearing regarding the

2

Motion. The failure to properly file and serve an opposition may be deemed consent to the relief requested in the Motion or a waiver of any right to oppose the Motion.

DATED: February 27, 2018           PACHULSKI STANG ZIEHL & JONES LLP


By: */s/ Malhar S. Pagay*
       Malhar S. Pagay

Attorneys for Richard M. Pachulski, Chapter 11 Trustee

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Debtor previously served as plaintiffs' lead trial counsel in the Pineda Proceeding, which involved claims arising from a tragic, fatal, head-on collision that occurred on December 14, 2014, on Gilman Springs Road in Riverside County, California.

The Pineda Proceeding has been resolved. By way of this Motion, the Trustee seeks approval of a compromise that will resolve the bankruptcy estate's claims for attorneys' fees and client costs incurred in the Pineda Proceeding. As agreed between the Parties, the estimated aggregate attorneys' fees totaling $1,073,875.00 shall be divided between TDF and the estate fifty-five percent (55%) and forty-five percent (45%), respectively, and the estate additionally shall receive reimbursement of costs in the amount of $47,708.85, a reduction from the estate's asserted amount of $171,395.68. The Settlement, which deviates from the prior association agreements of the Parties to split fees evenly and results in a reduction of expenses to be reimbursed to the estate, recognizes the additional work undertaken by TDF in finalizing and obtaining approval of the settlement of the Pineda Proceeding in state court, including the submission of petitions for approval of the resolution of disputed claims involving minors, and challenges in substantiating certain expenses where the Trustee is not in possession of the Debtor's complete records.

## II.

## JURISDICTION, VENUE AND CASE BACKGROUND

**A.    Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and rule predicates for the relief sought herein are sections 105(a) and 363(b)(1) of the Bankruptcy Code and Rules 2002(a)(3) and 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**B.     The Commencement of the Case and Appointment of the Chapter 11 Trustee**

On August 3, 2017, petitioning creditors, TDF, a law firm that previously has referred matters to the Debtor, and Mario Lara, Nayazi Reyes and Maria A. Rios, each a client of the Debtor (the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against the Debtor.  That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* [Docket No. 3] (the "Trustee Motion").

In the Trustee Motion, the Petitioning Creditors asserted, among other allegations, that "[s]ettlement proceeds have not been distributed and may no longer exist, vendors and other creditors have not been paid and clients are effectively unrepresented in some 80 pending cases," and that, consequently, the appointment of a trustee is "essential to protect and preserve property of the … estate and to prevent concealment, waste, loss or conversion of the assets of the estate …." Trustee Motion at 1.

In response to the Trustee Motion, the Debtor filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [Docket No. 19] (the "Conversion Motion"), seeking to convert the Case to one under chapter 11 of the Bankruptcy Code.  On August 11, 2017, the Court entered orders granting the Conversion Motion [Docket No. 25], and denying the Trustee Motion [Docket No. 24].  The Order for Relief in the Case also was entered effective August 11, 2017 [Docket No. 99].

On August 16, 2017, the Debtor, Petitioning Creditors, and putative secured creditor, Advocate Capital, Inc. ("Advocate Capital"), entered into a *Stipulation for the Appointment of a Chapter 11 Trustee* [Docket No. 38], which the Court approved by order on August 17, 2017 [Docket No. 42].

On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as Chapter 11 Trustee in the Case [Docket No. 51].  Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee* [Docket No. 53], which application was granted by the Court's order entered the following day [Docket No. 56].

5

On August 28, 2017, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].

**C.    The Trustee's Activities Since His Appointment**

Since his appointment, the Trustee and his counsel have engaged in discussions with, and requested documentation and information from, persons and entities associated with the Debtor and third parties regarding the Debtor's assets, liabilities and business operations. The Trustee and his counsel's efforts to determine the extent and nature of the Debtor's assets have been frustrated by numerous circumstances, including:

1.    The Debtor never filed Schedules, Statement of Financial Affairs or a Creditor Matrix.

2.    No representative of the Debtor appeared at the initial meeting of creditors conducted pursuant to section 341(a) of the Bankruptcy Code or any continued meeting.

3.    The Debtor did not appear at the Initial Debtor Interview to be conducted by the UST.

4.    The Debtor failed to submit to the UST the Attorney's 7 Day Package required by the Guidelines and Requirement for Chapter 11 Debtors in Possession, promulgated by the UST.[1]

5.    The Debtor's counsel withdrew due to "[a]n irreconcilable breakdown of the attorney-client relationship," Layfield's resignation from the Debtor and non-payment by the Debtor.

6.    The Debtor's former Utah offices reportedly were accessed around the time of the commencement of the Case at which time the Debtor's computer servers and other electronic equipment allegedly were removed and numerous files deleted.

7.    The Trustee and his counsel were provided with only limited documentation (or limited access to documentation) regarding the Debtor.

**D.    The Estate Fee and Cost Claims Procedures**

During the course of the Trustee's investigation of the Debtor's assets, the Trustee determined that the principal assets of the bankruptcy estate include claims for payment of attorneys' fees (including, without limitation, *quantum merit* claims and referral fees) and reimbursement of

---

[1] Debtor's counsel prepared an unsigned, incomplete, draft Attorneys' 7 Day Package that was given to the UST by the Trustee.

6

costs (collectively, "Estate Fee and Cost Claims") relating to legal matters of former clients of the Debtor ("Client Cases"). These Client Cases number in the dozens and, in some cases, may involve modest sums.

In order to expedite the Trustee's collection of these amounts and minimize the administrative costs to the estate in resolving any disputes relating to the amount of such fee and cost claims, on December 21, 2017, the Trustee filed the *Motion of the Chapter 11 Trustee for Order Authorizing and Approving Procedures for Resolving Estate Fee and Cost Claims* [Docket No. 183] (the "Estate Fee and Cost Claims Procedures Motion"), seeking Court approval of procedures to allow him to assert, settle, resolve and collect any disputed Estate Fee and Cost Claims (the "Settlement and Resolution Procedures"). The Court granted the Estate Fee and Cost Claims Procedures Motion (with some modifications) by its order entered on January 16, 2018 [Docket No. 204] (the "Estate Fee and Cost Claims Procedures Order").

The Settlement and Resolution Procedures establish "tiered" requirements based on the size of the proposed settlement. In relevant part, the Settlement and Resolution Procedures require that, with respect to any Estate Fee or Cost Claim in excess of $100,000, the Trustee shall seek Court approval of such settlement pursuant to Bankruptcy Rule 9019(a). Given the amount of the Estate Fee and Cost Claims associated with the Pineda Proceeding, the Trustee is seeking Court approval of the Settlement through this Motion.[2]

The Settlement and Resolution Procedures state that, in considering any settlement of an Estate Fee and Cost Claim, the Trustee shall determine whether such proposed settlement is reasonable in his sound business judgment and in his sole discretion upon consideration of (1) the probability of success if the claim is litigated or arbitrated; (2) the complexity, expense, and likely duration of any litigation or mediation with respect to the claim; (3) other factors relevant to assessing the prudence of the settlement; and (4) the fairness of the settlement to creditors of the bankruptcy estate.

---

[2] Although not required by the Settlement and Resolution Procedures (because of the amount of the Estate Fee and Cost Claim relating to the Pineda Proceeding), Advocate Capital has approved the terms of the Settlement.

7

## III.

## **STATEMENT OF FACTS**

A.    **The Pineda Proceeding**

Between July 31 and September 15, 2017, Elizabeth Pineda, Jasmine Pineda, Jessica Pineda, Rosa Pineda, Daniel Cortez and Angelina Montes (collectively, the "Pineda Plaintiffs"), each entered into an Attorney Retainer Agreement with TDF seeking TDF's representation in connection with an automobile accident on Gilman Springs Road in Riverside County, California, that occurred on December 14, 2014. *See, e.g., Declaration of Patricia D. Salcedo in Support of Petition to Approve Compromise of Pending Action* (the "Salcedo Declaration") ¶ 7 at 2, annexed to the *Amended Petition to Approve Compromise of Pending Action or Disposition*, filed in the Superior Court of the State of California for the County of Riverside, in the matter entitled In re Disputed Claim of Elizabeth Pineda, a minor (Case No. RIP1701006)(the "Minor Compromise"), attached as **Exhibit "A"** to the Request for Judicial Notice ("RFJN"), filed concurrently herewith; see *Third Amended Complaint* (the "Pineda Complaint"), filed by the Debtor on behalf of the Pineda Plaintiffs in the Superior Court of the State of California for the County of Riverside on April 27, 2017 at 1-3. A true and correct copy of the Pineda Complaint is attached as **Exhibit "B"** to the RFJN. The accident resulted in the deaths of Jose Luis Pineda and Patricia Blanco and physical injury to Daniel Cortez and Angelina Montes, all occupants in one of the cars involved in the collision. Pineda Complaint ¶¶ 3-6 at 2-3.

In or about early 2015, the Debtor (formerly known as Layfield & Wallace) associated into the representation of the Pineda Plaintiffs as lead trial counsel. Salcedo Declaration ¶¶ 7-8 at 2. In connection therewith, TDF and the Debtor entered into an *Association Agreement between Attorneys, Including Disclosure to Client and Client Consent in Compliance with Rules of Professional Conduct 2-200* ("Association Agreement") with each Pineda Plaintiff. *See, e.g., id.* ¶ 7 at 2. For example, a true and correct copy of one such Association Agreement, last dated April 30, 2015, is attached as Exhibit 1 to the Salcedo Declaration. The Association Agreements indicate that TDF and the Debtor would equally split attorneys' fees arising in connection with the Pineda Complaint. *Id.*, Ex. 1.

As set forth in the Pineda Complaint, the Pineda Plaintiffs asserted causes of action for Dangerous Condition of Public Property and Negligence against defendant the County of Riverside, and Negligence and Negligent Infliction of Emotional Distress against all defendants -- the County of Riverside, In-Home Supportive Services, Alicia Bailey (the driver of the other car involved in the accident), Keith Cockrell (the owner of the other car involved in the accident) and Patrice Henry. *See* Pineda Complaint at 1-22. By fall 2017, the Debtor had been terminated as counsel for all Pineda Plaintiffs, leaving TDF as attorneys of record. Salcedo Declaration ¶¶ 11-12 at 3.

In November 2017, the court having jurisdiction over the Pineda Proceeding entered an order determining that the litigation had been settled in good faith. Salcedo Declaration ¶ 6 at 2. The proceeding has settled for the aggregate amount of $3.55 million. *Id.* ¶¶ 3-4 at 1-2.

**B.     The Settlement**

Through the Settlement, the Parties want to resolve their disputes regarding the percentage of attorneys' fees to be recovered by each of them, notwithstanding the Association Agreements, in light of TDF's assertion that the shuttering of the Debtor and TDF's work in resolving, and obtaining the necessary approvals to consummate the settlement of the Pineda Proceeding (including negotiating the disposition of liens asserted by medical services providers and preparing and submitting the petitions to approve Minor Compromises) should result in a reallocation of such amounts. Additionally, due to the Trustee's challenges in substantiating certain costs asserted by the Debtor in connection with the Pineda Proceeding based on incomplete records in the possession of the Trustee, the Trustee has agreed to a reduced recovery on account of such costs.

Specifically, the terms of the Settlement are as follows:

1.     Instead of being divided equally as set forth in the Association Agreements, the estimated aggregate attorney fee amount of $1,073,875.00 shall be split between TDF and the Trustee as follows:

TDF:            $590,631.25 (55%)

Trustee:        $483,243.75 (45%)[3]

---

[3] Under the terms of the Association Agreements, the estate would be entitled to 50% of the aggregate fee amount, or $536,937.50. The settled fee amount results in a reduction of $53,693.75 from a 50% recovery.

9

Case 2:17-bk-19548-NB    Doc 240    Filed 02/27/18    Entered 02/27/18 19:23:26    Desc
Main Document    Page 10 of 19

2.   The bankruptcy estate shall recover $47,708.85 of the $171,395.68 in expenses associated with the Pineda Proceeding set forth in the Debtor's records obtained by the Trustee.

3.   TDF shall address all proceedings and take all reasonable actions necessary to finalize, obtain all requisite approvals of and consummate the settlement of the Pineda Proceeding, in order to effectuate payment to the Trustee of all amounts due to the bankruptcy estate under the Settlement.

## IV.
## ARGUMENT

A.   **The Standard of Review**

Bankruptcy Rule 9019(a) sets forth the requirements for the settlement or compromise of controversies after notice to all creditors and a hearing upon each such proposed compromise. Bankruptcy courts favor compromise. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise … rests in the sound discretion of the bankruptcy judge."). In reviewing a settlement, bankruptcy courts must determine whether the settlement is "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Protective Committee v. Anderson*, 390 U.S. 414, 424 (1968). When deciding whether to approve a settlement, the bankruptcy court must determine if the settlement is reasonable under the circumstances of the case, fair and equitable, and in the best interest of the estate. *See Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

The United States Court of Appeals for the Ninth Circuit has indicated that in determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, a court should consider the following factors: (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors and the proper deference to their reasonable views in the premises (collectively, the

"Woodson Factors"). *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988) (quoting *A & C Props.*, 784 F.2d at 1380). It is not necessary that all of the conclusions reached in the consideration of each of the Woodson Factors support the settlement, but taken as a whole, those conclusions must favor the approval of the settlement. *See In re Pacific Gas & Elec. Co*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). "Ultimately, the court must determine whether the individual settlement sought to be approved under Bankruptcy Rule 9019(a) falls within the lowest range of reasonableness." *In re TCI2 Holdings, LLC*, 428 B.R. 117, 136 (Bankr. D.N.J. 2010).

**B.    The Settlement Agreement Satisfies the Rule 9019(a) Standard**

As discussed below, consideration of the Woodson Factors supports Court approval of the proposed Settlement.

1.    **Probability of Success**

If, instead of entering into the Settlement, the Trustee were to seek to enforce the equal division of attorneys' fees as contemplated in the Association Agreements, the likelihood of success would be uncertain. Although the language in the Association Agreements is unambiguous, the Court might determine that, in light of the termination of the Debtor's business and commencement of the Case and the subsequent work undertaken by TDF (instead of the Debtor as lead trial counsel) in order to finalize and consummate the settlement of the Pineda Proceeding, it would be inequitable to enforce the previously agreed-upon split of attorneys' fees between the Parties.

With respect to the costs allegedly incurred by the Debtor in connection with the Pineda Proceeding, in the absence of the Settlement, the Trustee would have to present evidence to substantiate such costs. Given the incomplete records in the possession of the Trustee, the Trustee likely would have to expend time and resources to identify vendors and medical service providers who allegedly provided goods and services in connection with the Pineda Proceeding and contact such parties to try and obtain documentation that describes the nature and value of such goods or services. These parties may not offer such information voluntarily (necessitating the involvement of Trustee's counsel to compel its production) or the information they deliver may be insufficient to associate a specific cost with the Pineda Proceeding. In any event, unless backup documentation for

a cost is contained in the case file of the Pineda Proceeding in the Trustee's possession, the Trustee's ability to substantiate a listed cost is not assured.

### 2. **Difficulties With Collection**

This factor is not relevant to the Trustee's determination to enter into the Settlement. Once the Pineda Proceeding settlement is consummated, funds will be available to satisfy attorneys' fees and costs.

### 3. **The Complexity of the Litigation**

In the absence of the Settlement, the Trustee would need to establish the bankruptcy estate's right to recovery based on the reasonable value of the Debtor's services. Although the required proof would not be overly complex, it would be fact-intensive and require valuation testimony, the presentation of which likely would be expensive for the estate.

### 4. **Interests of Creditors**

It is overwhelmingly in the best interests of creditors for the Trustee to enter into the Settlement to avoid the administrative expense of having to substantiate the fees to which the Debtor would have been entitled and the expenses allegedly incurred on behalf of the Pineda Plaintiffs.

## C. **Adequate Notice of the Motion Has Been Given**

Notice of this Motion and the hearing thereon has been given to (1) TDF; (2) the Debtor; (3) all parties who have filed Proofs of Claim or Interest in the Case; (4) all parties receiving notice through the Court's CM/ECF electronic notification system; (5) Advocate Capital; (6) the Office of the United States Trustee; and (7) all parties who have requested special notice of matters arising in the Case. Accordingly, adequate notice of the Motion has been given.

**V.**

**CONCLUSION**

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a) approving the Settlement; (b) authorizing the Parties to enter into and take any and all actions reasonably necessary to effectuate the Settlement; and (c) granting the Trustee such other and further relief as the Court deems just and proper.

Dated:  February 27, 2018           PACHULSKI STANG ZIEHL & JONES LLP

                                    By: */s/ Malhar S. Pagay*
                                           Malhar S. Pagay

                                    Attorneys for Richard M. Pachulski,
                                    Chapter 11 Trustee

## DECLARATION OF RICHARD M. PACHULSKI

I, Richard M. Pachulski, declare as follows:

1. I am the duly appointed Chapter 11 Trustee in the bankruptcy case of Layfield & Barrett, APC.

2. I make this declaration in support of the *Motion for Order Approving Settlement With The Dominguez Firm, Inc., with Respect to the Matter of Rose Pineda, et al. v. County of Riverside, et al.* (the "Motion") to which this Declaration is annexed. All matters set forth in this Declaration are based on my personal knowledge and my review of relevant documents, including, without limitation, information supplied to me by the Debtor and by others, as well as matters for which judicial notice is sought. If called upon to testify, I could and would testify competently to the facts set forth herein. Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

3. Since my appointment, my counsel and I have engaged in discussions with, and requested documentation and information from, persons and entities associated with the Debtor and third parties regarding the Debtor's assets, liabilities and business operations. Our efforts to determine the extent and nature of the Debtor's assets have been frustrated by numerous circumstances, including:

    a. The Debtor never filed Schedules, Statement of Financial Affairs or a Creditor Matrix.

    b. No representative of the Debtor appeared at the initial meeting of creditors conducted pursuant to section 341(a) of the Bankruptcy Code or any continued meeting.

    c. The Debtor did not appear at the Initial Debtor Interview to be conducted by the UST.

    d. The Debtor failed to submit to the UST the Attorney's 7 Day Package required by the Guidelines and Requirement for Chapter 11 Debtors in Possession, promulgated by the UST. The Debtor's counsel prepared an

14

unsigned, incomplete, draft Attorneys' 7 Day Package that my office provided to the UST.

    e.    The Debtor's counsel withdrew due to "[a]n irreconcilable breakdown of the attorney-client relationship," Layfield's resignation from the Debtor and non-payment by the Debtor.

    f.    The Debtor's former Utah offices reportedly were accessed around the time of the commencement of the Case at which time the Debtor's computer servers and other electronic equipment allegedly were removed and numerous files deleted.

    g.    My counsel and I were provided with only limited documentation (or limited access to documentation) regarding the Debtor.

4.    Through the Settlement, the Parties want to resolve their disputes regarding the percentage of attorneys' fees to be recovered by each of them, notwithstanding the Association Agreements, in light of TDF's assertion that the shuttering of the Debtor and TDF's work in resolving, and obtaining the necessary approvals to consummate the settlement of the Pineda Proceeding (including negotiating the disposition of liens asserted by medical services providers and preparing and submitting the petitions to approve Minor Compromises) should result in a reallocation of such amounts. Additionally, due to challenges I have faced in substantiating certain costs asserted by the Debtor in connection with the Pineda Proceeding based on incomplete records in my possession, I have agreed to a reduced recovery on account of such costs.

5.    Specifically, the terms of the Settlement are as follows:

    a.    Instead of being divided equally as set forth in the Association Agreements, the estimated aggregate attorney fee amount of $1,073,875.00 shall be split between TDF and me as follows:

        TDF:        $590,631.25 (55%)

        Trustee:    $483,243.75 (45%)

15

  b. The bankruptcy estate shall recover $47,708.85 of the $171,395.68 in expenses associated with the Pineda Proceeding set forth in the Debtor's records that I was able to obtain.

  c. TDF shall address all proceedings and take all reasonable actions necessary to finalize, obtain all requisite approvals of and consummate the settlement of the Pineda Proceeding, in order to effectuate payment to the Estate of all amounts due to the bankruptcy estate under the Settlement.

6. If, instead of entering into the Settlement, I were to seek to enforce the equal division of attorneys' fees as contemplated in the Association Agreements, the likelihood of success would be uncertain. Although the language in the Association Agreements is unambiguous, the Court might determine that, in light of the termination of the Debtor's business and commencement of the Case and the subsequent work undertaken by TDF (instead of the Debtor as lead trial counsel) in order to finalize and consummate the settlement of the Pineda Proceeding, it would be inequitable to enforce the previously agreed-upon split of attorneys' fees between the Parties.

7. With respect to the costs allegedly incurred by the Debtor in connection with the Pineda Proceeding, in the absence of the Settlement, I would have to present evidence to substantiate such costs. Given the incomplete records of the Debtor in my possession, I likely would have to expend time and resources to identify vendors and medical service providers who allegedly provided goods and services in connection with the Pineda Proceeding and contact such parties to try and obtain documentation that describes the nature and value of such goods or services. These parties may not offer such information voluntarily (necessitating the involvement of my counsel to compel its production) or the information they deliver may be insufficient to associate a specific cost with the Pineda Proceeding. In any event, unless backup documentation for a cost is contained in the case file of the Pineda Proceeding in my possession, my ability to substantiate a listed cost is not assured.

8. Considerations involving the difficulties of collection are not relevant to my determination to enter into the Settlement because once the Pineda Proceeding settlement is consummated, funds will be available to satisfy attorneys' fees and costs.

9. In the absence of the Settlement, I would need to establish the bankruptcy estate's right to recovery based on the reasonable value of the Debtor's services. Although the required proof would not be overly complex, it would be fact-intensive and require valuation testimony, the presentation of which likely would be expensive for the estate.

10. It is overwhelmingly in the best interests of creditors for me to enter into the Settlement to avoid the administrative expense of having to substantiate the fees to which the Debtor would have been entitled and the expenses allegedly incurred on behalf of the Pineda Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of February, 2018 at San Francisco, California.

_____
Richard M. Pachulski

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT WITH THE DOMINGUEZ FIRM, INC., WITH RESPECT TO THE MATTER OF ROSE PINEDA, ET AL. V. COUNTY OF RIVERSIDE, ET AL.; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF RICHARD M. PACHULSKI IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 27, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **February 27, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 27, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Honorable Neil W. Bason
U.S. Bankruptcy Court
255 E. Temple Street, Room 940
Los Angeles, CA  90012
Attn: Mail Room Clerk-Judges  Copies

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 27, 2018 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:308358.4 51414/002

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 2:17-bk-19548-NB**

- *Jason Balitzer*   jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
- *Moises S Bardavid*   mbardavid@hotmail.com
- *Daniel I Barness*   daniel@barnesslaw.com
- *James W Bates*   jbates@jbateslaw.com
- *Martin J Brill*   mjb@lnbrb.com
- *Baruch C Cohen*   bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- *Jennifer Witherell Crastz*   jcrastz@hemar-rousso.com
- *Beth Gaschen*   bgaschen@wgllp.com, kadele@wgllp.com;lgauthier@lwgfllp.com
- *Jeffrey I Golden*   jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com
- *James KT Hunter*   jhunter@pszjlaw.com
- *Steven J Kahn*   skahn@pszyjw.com
- *Joseph M Kar*   jkar@mindspring.com
- *Richard W Labowe*   richardwlabowe@gmail.com, llhlaw1631@aol.com
- *Dare Law*   dare.law@usdoj.gov, Kenneth.g.lau@usdoj.gov,Alvin.mar@usdoj.gov,ron.maroko@usdoj.gov
- *Rana Nader*   rnader@naderlawgroup.com, monique@naderlawgroup.com
- *Joel A Osman*   osman@parkermillsllp.com, sanders@parkermillsllp.com
- *Malhar S Pagay*   mpagay@pszjlaw.com, mpagay@pszjlaw.com
- *Brian A Paino*   bpaino@mcglinchey.com, crico@mcglinchey.com;selizondo@mcglinchey.com
- *Michael F Perlis*   mperlis@lockelord.com, merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
- *Michael F Perlis*   , merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
- *Hamid R Rafatjoo*   hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- *Faye C Rasch*   frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
- *Daniel H Reiss*   dhr@lnbyb.com, dhr@ecf.inforuptcy.com
- *Damion Robinson*   dr@agzlaw.com
- *Lindsey L Smith*   lls@lnbyb.com, lls@ecf.inforuptcy.com
- *Daniel A Solitro*   dsolitro@lockelord.com, ataylor2@lockelord.com
- *United States Trustee (LA)*   ustpregion16.la.ecf@usdoj.gov
- *Alan J Watson*   alan.watson@hklaw.com, rosanna.perez@hklaw.com

2. **SERVED BY UNITED STATES MAIL**:

Roger G Jones
1600 Division St Ste 700
Nashville, TN 37203

Layfield & Barrett, APC
Fka Layfield & Wallace, APC
Fka The Layfield Law Firm, APC
**Attn:  Philip Layfield, Officer of Record**
2720 Homestead Rd., Suite 210
Park City, UT 84098

Layfield & Barrett, APC
Fka Layfield & Wallace, APC
Fka The Layfield Law Firm, APC
**Attn:  Any Officer Other Than Philip Layfield**
2720 Homestead Rd., Ste. 210
Park City, UT 84098

Patricia Salcedo
The Dominguez Firm
3250 Wilshire Blvd #2200
Los Angeles, CA 90010

Diana B Sherman
Law Offices of Diane B Sherman
1801 Century Park East Ste 1200
Los Angeles, CA 90067

Timothy M. Smith, Esq.
Trachtman & Trachtman, LLP
23046 Avenida De La Carlota, Suite 300
Laguna Hills, CA  92653

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                          **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:308358.4 51414/002