Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: dgrassgreen@pszjlaw.com
        mpagay@pszjlaw.com

Attorneys for Richard M. Pachulski, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LAYFIELD & BARRETT, APC,<br><br>               Debtor. | Case No. 2:17-bk-19548-NB<br><br>Chapter 11<br><br>**STIPULATION RE: TRUSTEE'S MOTION FOR ORDER APPROVING SURCHARGE OF SECURED CREDITOR'S COLLATERAL**<br><br>**[Relates to Docket Nos. 239, 263, 271]**<br><br>Date:    April 17, 2018<br>Time:   2:00 p.m.<br>Place:  United States Bankruptcy Court<br>         Edward R. Roybal Federal Building<br>         255 E. Temple Street, Ctrm. 1545<br>         Los Angeles, California 90012<br>Judge:  Hon. Neil W. Bason |

DOCS_LA:313589.1 51414/001

Richard M. Pachulski ("Trustee"), the Chapter 11 Trustee of the bankruptcy estate of Layfield & Barrett, APC ("L&B" or the "Debtor"), and Wellgen Standard, LLC ("Wellgen" and, together with the Trustee, the "Parties"), successor-in-interest to Advocate Capital, Inc. ("Advocate"), by and through their respective counsel, hereby stipulate and agree as follows in accordance with the following facts and recitals:

## RECITALS

A. On August 7, 2016, L&B executed an amended and restated master loan and security agreement in favor of Advocate (collectively, with various numerous prior loan agreements, the "Loan Agreement"). The Loan Agreement grants Advocate a continuing security interest in various collateral including, but not limited to, the following (the "Collateral"):

> All accounts, instruments, chattel paper, general intangibles, payment intangibles (all as defined in Article 9 of the Code), and all similar rights that Borrower [L&B] may have of every nature and kind, including specifically and without limitation, all of Borrower's rights to receive payment or otherwise, for legal and other services rendered and to be rendered, and for costs and expenses advanced and to be advanced, and all other rights and interest that Borrower may have in and with respect to each and every Client Matter.

B. On August 3, 2017 (the "Petition Date"), petitioning creditors The Dominguez Firm, Inc., Mario Lara, Nayazi Reyes and Maria A. Rios (the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), against L&B [Docket No. 1], in this Court thereby commencing the above-captioned bankruptcy case (the "Case"). That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* [Docket No. 3] (the "Trustee Motion").

C. In response to the Trustee Motion, the Debtor filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [Docket No. 19] (the "Conversion Motion"), seeking to convert the Case to one under chapter 11 of the Bankruptcy Code. On August 11, 2017, the Court entered orders granting the Conversion Motion [Docket No. 25], and denying the Trustee Motion [Docket No. 24]. The Order for Relief in the Case also was entered effective August 11, 2017 [Docket No. 99].

1

D.On August 16, 2017, the Debtor, Petitioning Creditors, and Advocate entered into a *Stipulation for the Appointment of a Chapter 11 Trustee* [Docket No. 38] (the "Trustee Appointment Stipulation"), on the grounds that "the Parties believe that all creditors and the Debtor would be better served by the appointment of a chapter 11 trustee," which the Court approved by order on August 17, 2017 [Docket No. 42]. Trustee Appointment Stipulation ¶ D at 2.

E.On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as Chapter 11 Trustee in the Case [Docket No. 51]. Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee* [Docket No. 53], which application was granted by the Court's order entered the following day [Docket No. 56]. On August 28, 2017, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].

F.On October 17, 2017, Advocate filed a *Complaint for: (1) Declaratory Relief; and (2) Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542* in the Case, thereby commencing an adversary proceeding in this Court now entitled *Wellgen Standard, LLC v. Maximum Legal (California), LLP, et al.* and bearing number 2:17-ap-01503-NB (the "Teitelbaum Proceeding"). Through the Teitelbaum Proceeding, Wellgen seeks the payment to the Debtor's bankruptcy estate of legal fees earned and costs incurred (the "Teitelbaum Fee") in connection with the resolution of litigation filed in the Superior Court of the State of California for the County of Los Angeles entitled *Teitelbaum v. Lyft, Inc., et al.*, and bearing Case No. 596036. On November 17, 2017, Joseph M. Barrett ("Barrett") filed *Joseph M. Barrett's Answer, Counterclaims, and Crossclaims for (1) Quantum Meruit; (2) Enforce Attorney's Charging Lien; and (3) for Declaratory Relief* [Adv. Pro. Docket No. 7], pursuant to which, among other relief, Barrett asserts cross-claims against the Trustee and seeks a determination as to Barrett's rights to fees and costs arising from former L&B matters in connection with which Barrett allegedly performed services subsequent to his departure from L&B (the "Barrett Cross-Claim").

G.Subsequent to the commencement of the Case, Advocate assigned the Loan Agreement and its claims against the Debtor arising therefrom to Wellgen, Advocate's parent company.

2

DOCS_LA:313589.3 51414/001

H. On February 22, 2018, the Trustee filed a *Complaint for Avoidance and Recovery of Fraudulent Transfers and for Unjust Enrichment* (the "Layfield V Complaint") in the Case, thereby commencing an adversary proceeding in this Court entitled *Richard M. Pachulski v. Layfield V, LLC and Philip Layfield*, and bearing number 2:18-ap-01050-NB (the "Layfield V Proceeding"). As asserted in the Layfield V Complaint, through the Layfield V Proceeding, the Trustee seeks the avoidance and recovery of transfers made on April 7, 2017, of certain real property located in Summit County, Utah.

I. On February 27, 2018, the Trustee filed a *Motion for Order Approving Settlement with The Dominguez Firm, Inc., with Respect to the Matter of Rose Pineda, et al. v. County of Riverside, et al.* [Docket No. 240] (the "Pineda Settlement Motion"), through which the Trustee sought Court approval of a settlement that would allow the bankruptcy estate to recover an estimated $530,952.60 (the "Pineda Settlement Funds"). The Court granted the Pineda Settlement Motion by order entered on April 5, 2018 [Docket No. 274].

J. Also on February 27, 2018, the Trustee filed the *Trustee's Motion for Order Approving Surcharge of Secured Creditor's Collateral* [Docket No. 239] (the "Surcharge Motion"), pursuant to which the Trustee requested that the Court enter an order approving the surcharge of Wellgen's Collateral for the payment of certain fees and costs incurred by the Trustee and his counsel, in the aggregate amount of $704,830.29. Wellgen filed an opposition to the Surcharge Motion [Docket No. 263].

K. On March 13, 2018, the Trustee and The Homampour Law Firm ("THLF") entered into a stipulation [Docket No. 2050] (the "THLF Stipulation") regarding the issuance of a subpoena to THLF relating to certain transfers (the "THLF Transfers") in the aggregate approximate amount of $1 million belonging to the Debtor on account of attorneys' fees and costs incurred in connection with litigation entitled *Dominguez v. Crown Equipment* (C.D. Cal., Case No. 2:14-cv-07935-SVW-E). The Court approved the THLF Stipulation by order entered on March 16, 2018 [Docket No. 256].

L. As of April 13, 2018, the Trustee, on behalf of the bankruptcy estate, is holding $380,156.77 (the "Cash on Hand"), of which amount the Trustee believes $334,093.94 constitutes

3

DOCS_LA:313589.3 51414/001

Wellgen's Collateral (the "Collateral Cash Amount") and $46,062.83 does not (the "Non-Collateral Cash Amount").

**WHEREAS** the Parties seek to resolve their disputes regarding the Surcharge Motion.

**NOW, THEREFORE,** the Parties hereby agree as follows:

### STIPULATION

1. The Parties incorporate the Recitals as set forth above, and such Recitals are made a material part hereof

2. The Surcharge Motion is granted, in part, and denied in part, as set forth herein.

3. **Allocation of Cash on Hand**. The Collateral Cash Amount ($334,093.94) shall be allocated and paid to each of the Parties as follows: Sixty percent (60%) to Wellgen ($200,456.36); forty percent (40%) to the Trustee ($133,637.58); provided, however, that any portions of the Collateral Cash Amount that are the subject of the Barrett Cross-Claim shall not be paid to either of the Parties except as authorized by the Court by separate order. One-hundred percent (100%) of the Non-Collateral Cash Amount ($46,062.83) shall be allocated and paid to the Trustee.

4. **Allocation of Pineda Settlement Funds**. When received by the Trustee, the Pineda Settlement Funds (estimated to be $530,952.60) shall be allocated and paid to each of the Parties as follows: Sixty percent (60%) to Wellgen ($318,571.56); forty percent (40%) to the Trustee ($212,381.04).

5. **Allocation of Recoveries from Property Recovered through Layfield V Proceeding**. To the extent the Trustee avoids and recovers the transfers of real property through the Layfield V Proceeding and the Debtor's bankruptcy estate subsequently realizes net proceeds (after satisfaction of all legal fees and costs incurred in connection with the prosecution of the Layfield V Proceeding) on account of the disposition of such property, any such net proceeds shall be allocated and paid to each of the Parties as follows: Twenty percent (20%) to Wellgen; eighty percent (80%) to the Trustee.

6. **Allocation of Recoveries from THLF Transfers**. To the extent the Trustee recovers some or all of the THLF Transfers, the net proceeds recovered by the Trustee (after satisfaction of all legal fees and costs incurred by the Trustee in connection with seeking and obtaining the return of

4

the THLF Transfers), shall be allocated and paid to each of the Parties as follows:  Twenty percent (20%) to Wellgen; eighty percent (80%) to the Trustee.

7.  **Allocation of Teitelbaum Fee**.  To the extent Wellgen recovers some or all of the Teitelbaum Fee through the Teitelbaum Proceeding, one-hundred percent (100%) of amounts recovered on account of the Teitelbaum Fee shall be allocated and paid to Wellgen.

8.  **Allocation of Future Recoveries of Collateral by Trustee**.  Except as specifically allocated in this Stipulation, all Collateral hereafter collected by the Trustee shall be allocated and paid to each of the Parties as follows:  Sixty percent (60%) to Wellgen; forty percent (40%) to the Trustee.

9.  **Wellgen Allocation and Payments Limited by Wellgen's Obligations.**  Notwithstanding any other provision of this Stipulation, in no event shall the aggregate repayment to or for the benefit of Wellgen (or any successor in interest thereto) of the indebtedness and obligations arising from the Loan Agreement (the "Obligations") from all sources (including, without limitation, the Teitelbaum Proceeding, the allocations and payments contemplated in this Stipulation, Philip Layfield or any other guarantor, or property securing the Obligations other than the Collateral) exceed the amount of the Obligations.  The allocations and payments to Wellgen described in this Stipulation shall be reduced as necessary and appropriate to implement and give effect to this provision.

10.  **Trustee Allocation and Payments Limited by Trustee's Allowed Fees and Expenses**.  Notwithstanding any other provision of this Stipulation, in no event shall the aggregate repayment to or for the benefit of the Trustee (or any successor in interest thereto) exceed the amount of the allowed fees and expenses of the Trustee and his counsel in the Case excluding any Unrelated Litigation Costs (as hereinafter defined).  The term "Unrelated Litigation Costs," as used herein, means the fees and expenses incurred by the Trustee and its counsel in connection with the Layfield V Proceeding, the THLF Transfers and the prosecution of other avoidance actions and claims of the estate unrelated to recovery of the Collateral.  The allocations and payments to the Trustee described in this Stipulation shall be reduced as necessary and appropriate to implement and give effect to this provision.

5

DOCS_LA:313589.3 51414/001

11. **Allocated Amounts Free and Clear of Claims of Other Party**.  All amounts allocated through this Stipulation to Wellgen shall be free and clear of all claims by the Trustee and the Debtor's bankruptcy estate, including, without limitation, all rights of surcharge pursuant to section 506(c) of the Bankruptcy Code.  All amounts allocated through this Stipulation to the Trustee on behalf of the Debtor's bankruptcy estate shall be free and clear of all liens, claims and encumbrances of Wellgen.   Except as set forth herein, neither the Trustee nor any other person or entity will be permitted to surcharge the Collateral or to obtain other relief under Bankruptcy Code §506(c).

12. **Party Representations**.  Each Party hereby represents and warrants that: (a) such Party and the signatory hereto has the power and authority to execute, deliver and perform this Stipulation; (b) such Party has taken all necessary actions to authorize the execution, delivery and performance of this Stipulation; (c) this Stipulation has been duly executed and delivered by such Party and constitutes the legal, valid, and binding obligations of such Party, enforceable against it in accordance with their respective terms; (d) such Party's execution, delivery and performance of this Stipulation does not and will not conflict with, or constitute a violation or breach of or constitute a default under any obligation of such Party and will not violate any applicable law, or any order or decree of any court of government instrumentality applicable to such Party; and (e) such Party has entered into this Stipulation in reliance on its own independent investigation and analysis of the facts underlying the subject matter of this Stipulation, and no representations, warranties, or promises of any kind have been made directly or indirectly to induce it to execute this agreement other than those that are expressly set forth in this Stipulation.

13. **Continuing Bankruptcy Court Jurisdiction**.  The Parties agree that the court having jurisdiction over the Case shall have exclusive jurisdiction over any disputes regarding the validity, interpretation or performance of this Stipulation, and each of the Parties consents to personal jurisdiction and venue in the Court in connection with any such disputes.

14. **Voluntary Agreement**. Each Party acknowledges that it has read all of the terms of this Stipulation, has had an opportunity to consult with counsel of its own choosing or voluntarily waived such right and enters into this Stipulation voluntarily and without duress.

6

DOCS_LA:313589.3 51414/001

15. **Counterparts**. This Stipulation may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same Stipulation. Delivery of a signature page to this Stipulation by facsimile or other electronic means shall be as effective as delivery of an original signature page to this Stipulation.

16. **Joint Drafting**. This Stipulation shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Stipulation, no provision shall be construed and interpreted for or against any Party because such provision or any other provision of the Stipulation as a whole was purportedly prepared or requested by such Party.

17. **Applicable Law**. The validity, interpretation and performance of this Stipulation shall be construed and interpreted according to the laws of the State of California.

18. **Entire Agreement**. This document contains the entire agreement between the Parties as to the subject matter thereof, and may only be modified in writing signed by the Parties or their duly appointed agents. All prior agreements and understandings between the Parties concerning the subject matter hereof are superseded by the terms of this Stipulation.

19. **Successors and Assigns**. This Stipulation shall be binding on and inure to the benefit of the Parties and their respective agents, employees, affiliates, successors and assigns.

20. **Payment to Trustee or Counsel**. All amounts designated herein to be allocated or paid to the Trustee may be paid to the Trustee or his counsel in the Trustee's discretion as may be permitted by the Court.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation as of the dates set forth below.

DOCS_LA:313589.3 51414/001

Dated: April 17, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

By    /s/Malhar S. Pagay
      Malhar S. Pagay
      Attorneys for Richard M. Pachulski, Chapter 11 Trustee


Dated:    April 17, 2018                 BRADLEY ARANT BOULT CUMMINGS LLP

By    [signature]
      Roger G. Jones
      Attorneys for Wellgen Standard, LLC

DOCS_LA:313589.1 51414/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION RE: TRUSTEE'S MOTION FOR ORDER APPROVING SURCHARGE OF SECURED CREDITOR'S COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 17, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **April 17, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Layfield & Barrett, APC<br>Fka Layfield & Wallace, APC<br>Fka The Layfield Law Firm, APC<br>**Attn: Philip Layfield, Officer of Record**<br>2720 Homestead Rd., Suite 210<br>Park City, UT 84098 | Layfield & Barrett, APC<br>Fka Layfield & Wallace, APC<br>Fka The Layfield Law Firm, APC<br>**Attn: Any Officer Other Than Philip Layfield**<br>2720 Homestead Rd., Ste. 210<br>Park City, UT 84098 | Philip James Layfield<br>Register No. 71408-050<br>MDC Los Angeles<br>Metropolitan Detention Center<br>P.O. Box 1500<br>Los Angeles, CA 90053 |

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 17, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Honorable Neil W. Bason
U.S. Bankruptcy Court
255 E. Temple Street, Room 940
Los Angeles, CA 90012
Attn: Mail Room Clerk-Judges Copies

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 17, 2018 | Sophia L. Lee | */s/ Sophia L. Lee* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:308358.5 51414/002

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 2:17-bk-19548-NB**

- *Jason Balitzer   jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com*
- *Moises S Bardavid   mbardavid@hotmail.com*
- *Daniel I Barness   daniel@barnesslaw.com*
- *James W Bates   jbates@jbateslaw.com*
- *Martin J Brill   mjb@lnbrb.com*
- *Baruch C Cohen   bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com*
- *Jennifer Witherell Crastz   jcrastz@hemar-rousso.com, DBrotman@hrhlaw.com*
- *Beth Gaschen   bgaschen@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cyoshonis@lwgfllp.com*
- *Jeffrey I Golden   jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com*
- *James KT Hunter   jhunter@pszjlaw.com*
- *Steven J Kahn   skahn@pszyjw.com*
- *Joseph M Kar   jkar@mindspring.com*
- *Richard W Labowe   richardwlabowe@gmail.com, llhlaw1631@aol.com*
- *Dare Law   dare.law@usdoj.gov, Kenneth.g.lau@usdoj.gov,Alvin.mar@usdoj.gov,ron.maroko@usdoj.gov*
- *David W. Meadows   david@davidwmeadowslaw.com*
- *Rana Nader   rnader@naderlawgroup.com, monique@naderlawgroup.com*
- *Joel A Osman   osman@parkermillsllp.com, sanders@parkermillsllp.com*
- *Malhar S Pagay   mpagay@pszjlaw.com, mpagay@pszjlaw.com*
- *Brian A Paino   bpaino@mcglinchey.com, crico@mcglinchey.com;selizondo@mcglinchey.com*
- *Michael F Perlis   mperlis@lockelord.com, merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com*
- *Michael F Perlis    , merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com*
- *Hamid R Rafatjoo   hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com*
- *Faye C Rasch   frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com*
- *Daniel H Reiss   dhr@lnbyb.com, dhr@ecf.inforuptcy.com*
- *Damion Robinson   dr@agzlaw.com*
- *Lindsey L Smith   lls@lnbyb.com, lls@ecf.inforuptcy.com*
- *Daniel A Solitro   dsolitro@lockelord.com, ataylor2@lockelord.com*
- *United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov*
- *Alan J Watson   alan.watson@hklaw.com, rosanna.perez@hklaw.com*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:308358.5 51414/002

**F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:

| | | |
|---|---|---|
| Patricia Salcedo<br>The Dominguez Firm<br>3250 Wilshire Blvd #2200<br>Los Angeles, CA 90010 | Diana B Sherman<br>Law Offices of Diane B Sherman<br>1801 Century Park East Ste 1200<br>Los Angeles, CA 90067 | Roger G Jones<br>Austin L. McMullen<br>Bradley Arant Boult Cummings LLP<br>1600 Division St Ste 700<br>Nashville, TN 37203 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**F 9013-3.1.PROOF.SERVICE**
DOCS_LA:308358.5 51414/002