Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: dgrassgreen@pszjlaw.com
       mpagay@pszjlaw.com

Attorneys for Richard M. Pachulski,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:17-bk-19548-NB |
| LAYFIELD & BARRETT, APC, | Chapter 11 |
| Debtor. | **CHAPTER 11 TRUSTEE'S FIFTH STATUS REPORT** |
| | Date: May 1, 2018<br>Time: 1:00 p.m.<br>Place: United States Bankruptcy Court<br>Edward R. Roybal Federal Building<br>255 E. Temple Street<br>Courtroom 1545<br>Los Angeles, California<br>Judge: Honorable Neil M. Bason |

Richard M. Pachulski, the duly appointed chapter 11 trustee (the "Trustee") in the above-captioned bankruptcy case (the "Case") of Layfield & Barrett, APC (the "Debtor" or "L&B"), hereby files his fifth chapter 11 status report, which updates the information provided to this Court in the *Chapter 11 Trustee's Fourth Status Report* [Docket No. 229], which was filed on February 13, 2018, in accordance with the Court's *Order Setting Case Status Conference and Procedures* entered on August 14, 2017 [Docket No. 28] (the "Case Status Conference Order").

The Trustee respectfully represents the following:

DOCS_LA:313632.2 51414/001

**I.**

**BACKGROUND**

**A.     Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for any relief sought or granted herein are sections 105(a) and (d) of Title 11 of the United States Code (the "Bankruptcy Code").

**B.     The Commencement of the Case and Appointment of the Chapter 11 Trustee**

On August 3, 2017, petitioning creditors The Dominguez Firm ("TDF"), Mario Lara, Nayazi Reyes and Maria A. Rios (the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against L&B.  That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* [Docket No. 3] (the "Trustee Motion").  In the Trustee Motion, the Petitioning Creditors assert, among other allegations, that "[s]ettlement proceeds have not been distributed and may no longer exist, vendors and other creditors have not been paid and clients are effectively unrepresented in some 80 pending cases," and that, consequently, the appointment of a trustee is "essential to protect and preserve property of the … estate and to prevent concealment, waste, loss or conversion of the assets of the estate …."  Trustee Motion at 1.

In response to the Trustee Motion, the Debtor filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [Docket No. 19] (the "Conversion Motion"), seeking to convert the Case to one under chapter 11 of the Bankruptcy Code.  The Court entered orders granting the Conversion Motion [Docket No. 25], and denying the Trustee Motion [Docket No. 24].

On August 16, 2017, the Debtor, Petitioning Creditors, and secured creditor, Advocate Capital, Inc. ("Advocate Capital"), entered into a *Stipulation for the Appointment of a Chapter 11 Trustee* [Docket No. 38], which the Court approved by order on August 17, 2017 [Docket No. 42].

On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as Chapter 11 Trustee in the Case [Docket No. 51].  Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of*

2

*Chapter 11 Trustee* [Docket No. 53], which application was granted by the Court's order entered the following day [Docket No. 56].

On August 28, 2017, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].

## II.

## CASE STATUS

Since his appointment, the Trustee and his counsel have continued to engage in discussions with, and informally request documentation and information from, persons and entities associated with the Debtor, as well as third parties, regarding the Debtor's assets, liabilities and business operations. To date, the Trustee has received a significant amount of information from third parties and continues to review and gather additional materials relating to the Debtor, its former business operations, assets and potential liabilities. Significant events in the Case since the prior case status conference include:

**A.    Settlement and Resolution Procedures for Estate Fee and Cost Claims**

Due, in part, to the Trustee's letters to the Debtor's former clients regarding the termination of the Debtor's operations, and the filing of notices of the pendency of the Case and the attorneys' liens asserted by the estate, various counsel and former clients have been in contact with the Trustee and his counsel in order to advise the Trustee of existing, potential or imminent settlements of litigation and other matters involving the Debtor's former clients (the "Client Cases") and to ascertain the nature and extent of the estate's claims for attorneys' fees and costs (the "Estate Fee and Cost Claims") asserted in the Client Cases. Accordingly, in order to facilitate the Trustee's assertion, settlement, resolution and collection of Estate Fee and Cost Claims, the Trustee filed a *Motion of the Chapter 11 Trustee for Order Authorizing and Approving Procedures for Resolving Estate Fee and Cost Claims* [Docket No. 183], seeking Court approval to establish certain procedures to permit the Trustee to compromise or litigate the Estate Fee and Cost Claims on an expedited and cost-effective basis (the "Settlement and Resolution Procedures"). On January 16, 2018, the Court entered its order [Docket No. 204] approving the Settlement and Resolution Procedures.

3

DOCS_LA:313632.2 51414/001

The Trustee and his counsel are resolving such Estate Fee and Cost Claims pursuant to the Settlement and Resolution Procedures on a continuing basis. As of April 16, 2018, the Trustee holds $361,932.54, the substantial majority of which arises from Estate Fee and Cost Claims.

**B.    Complaint for Avoidance and Recovery of Fraudulent Transfers and for Unjust Enrichment**

On February 22, 2018, the Trustee commenced an adversary proceeding (the "Layfield V Proceeding") in this Court against Layfield V, LLC ("Layfield V"), an entity of which the Debtor's principal, Philip Layfield ("Layfield"), is a member, as well as Layfield individually, in an effort to avoid and recover the transfer of real property assets from the Debtor's estate to Layfield V – specifically, Units 200, 210 and 220 of Toll Creek Village 2, a Utah condominium project located at 2720 Homestead Road, Park City, Utah (the "Property"). On November 21, 2017, Wells Fargo Bank, National Association ("WFB"), filed a motion for relief from stay ("Stay Motion") to allow it to begin foreclosure proceedings regarding the Property. On February 15, 2018, the Court partially granted WFB's Stay Motion allow WFB only to record its Notice of Default regarding the Property pursuant to an understanding with the Trustee. On March 29, 2018, the Clerk of this Court entered defaults against both Layfield V and Layfield in the Layfield V Proceeding.

**C.    Motion for Order Approving Surcharge of Secured Creditors Collateral**

On February 27, 2018, the Trustee filed a *Motion for Order Approving Surcharge of Secured Creditors Collateral* [Docket No. 239] (the "Surcharge Motion"), seeking to surcharge the proceeds of the collateral of Wellgen Standard, LLC ("Wellgen"), successor-in-interest and parent company to the Debtor's lender, Advocate, for the payment of the fees and expenses of the Trustee and his counsel in this Case through December 31, 2017, in the aggregate amount of $704,830.29. Wellgen objected to the Surcharge Motion. The parties subsequently have engaged in discussions and reached a resolution regarding the Surcharge Motion, which resolution will be memorialized in a Stipulation to be filed with the Court.

**D.    The Pineda Settlement**

On February 27, 2018, the Trustee filed a *Motion for Order Approving Settlement with the Dominguez Firm, Inc., with Respect to the Matter of Rose Pineda, et al. v. County of Riverside, et al.*

4

[Docket No. 240] (the "Pineda Settlement Motion") to approve a settlement between the Trustee and TDF resolving the fee and cost claims as between the parties arising from certain litigation in accordance with the Estate Fee and Cost Claims Procedures Order. The Trustee estimates that the settlement will allow the bankruptcy estate to recover approximately $530,952.60. The Court granted the Pineda Settlement Motion by order entered on April 5, 2018 [Docket No. 274].

E. **Dominguez v. Crown Equipment**

On March 13, 2018, the Trustee and The Homampour Law Firm ("THLF") entered into a stipulation [Docket No. 2050] (the "THLF Stipulation") regarding the issuance of a subpoena to THLF relating to certain transfers in the aggregate approximate amount of $1 million belonging to the Debtor on account of attorneys' fees and costs incurred in connection with litigation entitled *Dominguez v. Crown Equipment* (C.D. Cal., Case No. 2:14-cv-07935-SVW-E). The Court approved the THLF Stipulation by order entered on March 16, 2018 [Docket No. 256].

F. **Barrett Motion for Determination of Automatic Stay Violation**

Joseph Barrett ("Barrett"), a former attorney with the Debtor and a creditor of the estate, filed a motion to determine a violation of the automatic bankruptcy stay by Wellgen through the filing and prosecution of an action in the United States District Court for the Middle District of Tennessee (the "Tennessee Action"). Barrett claims that the Tennessee Action violates the automatic stay because it purports to allege fraudulent transfer claims that belong to the Debtor's bankruptcy estate, which may be prosecuted only by the Trustee. Barrett alleges that the automatic stay bars Wellgen from pursuing those claims on its own to the exclusion of other creditors. Alternatively, Barrett asks the Court to extend the automatic stay to protect him from the prosecution of the Tennessee Action. The motion is scheduled to be heard by the Court on April 17, 2018.

G. **First Interim Fee Application of the Trustee's Counsel**

On March 20, 2018, Pachulski Stang Ziehl & Jones LLP, counsel to the Trustee filed its *First Interim Application for Approval and Payment of Compensation and Reimbursement of Expenses for the period of August 22, 2017, through December 31, 2017* [Docket No. 258] (the "Application"). The Application sought approval of compensation totaling $661,982.37, which represents $628,717.50 in professional fees and $33,264.87 in expenses incurred during August 22, 2017,

through December 31, 2017.  On April 11, 2018, the Court approved the Application [Docket No. 278].

### III.

### **OTHER INFORMATION RELATING TO THE CASE**

On February 23, 2018, the Department of Homeland Security filed a complaint for mail fraud against Layfield in the United States District Court for the Central District of California (the "Central District Court"), initiating Case No. 2:18-mj-00070 (the "California Magistrate Action"), which was merged into criminal case number CR18-00124 in the Central District Court (the "Criminal Action") on March 9, 2018.

On February 26, 2018, Layfield was arrested at Newark International Airport in Essex County, New Jersey, on charges of mail fraud and held without bail, and was scheduled to appear for a bail hearing under magistrate number 2:18-mj-6028 (the "New Jersey Action").

On March 2, 2018, the New Jersey Action was transferred to the Central District Court through the California Magistrate Action.  On March 9, 2018, a Grand Jury Indictment was filed against Layfield in the Criminal Action alleging mail fraud, money laundering, causing an act to be done and criminal forfeiture.  On March 23, 2018, at a post-indictment arraignment, Layfield entered a not guilty plea to all counts charged.  On March 23, 2018, the Court ordered Layfield permanently detained and remanded to custody.  As of the date of this Status Report, Layfield is incarcerated at the Metropolitan Detention Center adjacent to this Court.  A status conference was held on April 9, 2018, and trial is set for May 15, 2018, at 8:30 a.m.

Dated:  April 17, 2018                                    PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Malhar S. Pagay*
    Malhar S. Pagay

Attorneys for
Richard M. Pachulski, Chapter 11 Trustee

6

DOCS_LA:313632.2 51414/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 11 TRUSTEE'S FIFTH STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 17, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **April 17, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Layfield & Barrett, APC<br>Fka Layfield & Wallace, APC<br>Fka The Layfield Law Firm, APC<br>**Attn: Philip Layfield, Officer of Record**<br>2720 Homestead Rd., Suite 210<br>Park City, UT 84098 | Layfield & Barrett, APC<br>Fka Layfield & Wallace, APC<br>Fka The Layfield Law Firm, APC<br>**Attn: Any Officer Other Than Philip Layfield**<br>2720 Homestead Rd., Ste. 210<br>Park City, UT 84098 | Philip James Layfield<br>Register No. 71408-050<br>MDC Los Angeles<br>Metropolitan Detention Center<br>P.O. Box 1500<br>Los Angeles, CA 90053 |
|---|---|---|

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 17, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Honorable Neil W. Bason
U.S. Bankruptcy Court
255 E. Temple Street, Room 940
Los Angeles, CA 90012
Attn: Mail Room Clerk-Judges Copies

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 17, 2018 | Sophia L. Lee | /s/ Sophia L. Lee |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:308358.5 51414/002

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 2:17-bk-19548-NB**

- *Jason Balitzer    jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com*
- *Moises S Bardavid    mbardavid@hotmail.com*
- *Daniel I Barness    daniel@barnesslaw.com*
- *James W Bates    jbates@jbateslaw.com*
- *Martin J Brill    mjb@lnbrb.com*
- *Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com*
- *Jennifer Witherell Crastz    jcrastz@hemar-rousso.com, DBrotman@hrhlaw.com*
- *Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cyoshonis@lwgfllp.com*
- *Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com*
- *James KT Hunter    jhunter@pszjlaw.com*
- *Steven J Kahn    skahn@pszyjw.com*
- *Joseph M Kar    jkar@mindspring.com*
- *Richard W Labowe    richardwlabowe@gmail.com, llhlaw1631@aol.com*
- *Dare Law    dare.law@usdoj.gov, Kenneth.g.lau@usdoj.gov,Alvin.mar@usdoj.gov,ron.maroko@usdoj.gov*
- *David W. Meadows    david@davidwmeadowslaw.com*
- *Rana Nader    rnader@naderlawgroup.com, monique@naderlawgroup.com*
- *Joel A Osman    osman@parkermillsllp.com, sanders@parkermillsllp.com*
- *Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com*
- *Brian A Paino    bpaino@mcglinchey.com, crico@mcglnchey.com;selizondo@mcglinchey.com*
- *Michael F Perlis    mperlis@lockelord.com, merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com*
- *Michael F Perlis    , merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com*
- *Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com*
- *Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com*
- *Daniel H Reiss    dhr@lnbyb.com, dhr@ecf.inforuptcy.com*
- *Damion Robinson    dr@agzlaw.com*
- *Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com*
- *Daniel A Solitro    dsolitro@lockelord.com, ataylor2@lockelord.com*
- *United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov*
- *Alan J Watson    alan.watson@hklaw.com, rosanna.perez@hklaw.com*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

DOCS_LA:308358.5 51414/002

**2. SERVED BY UNITED STATES MAIL**:

Patricia Salcedo
The Dominguez Firm
3250 Wilshire Blvd #2200
Los Angeles, CA 90010

Diana B Sherman
Law Offices of Diane B Sherman
1801 Century Park East Ste 1200
Los Angeles, CA 90067

Roger G Jones
Austin L. McMullen
Bradley Arant Boult Cummings LLP
1600 Division St Ste 700
Nashville, TN 37203

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:308358.5 51414/002