

**FILED & ENTERED**

**APR 23 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** sumlin     **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Layfield & Barrett, APC<br><br><br>Debtor. | Case No.: 2:17-bk-19548-NB<br>CHAPTER 11<br>**ORDER DENYING STAY MOTION**<br>Date:     April 17, 2018<br>Time:    2:00 PM<br>Courtroom: 1545 |

For the following reasons, and the reasons stated at the hearing, this Court denies the "Motion For Determination Of Violation Of The Automatic Stay, Or, In The Alternative, To Enjoin Related Proceeding" (dkt. 253, the "Stay Motion") filed by Joseph M. Barrett, Esq.

(1) <u>Overview</u>

Mr. Barrett is a former named member of the debtor who also asserts claims against the debtor. The Stay Motion concerns an action by secured creditor Wellgen Standard, LLC (successor in interest to Advocate Capital, Inc.) ("Wellgen") against Mr. Barrett and others in Tennessee - initially that action was pending in State court, but Mr.

Barrett has removed it to Federal court (the "TN Action").  The Stay Motion is opposed both by Wellgen (dkt. 268) and by the Chapter 11 Trustee, Richard M. Pachulski (the "Trustee") (dkt. 269).

(2) <u>Mr. Barrett lacks standing to seek relief under section 362</u>

As pointed out by Wellgen and the Trustee, the Ninth Circuit has broadly expressed the concept that creditors lack standing to seek relief under 11 U.S.C. § 362:

> In previous cases, we have reserved the question of whether a creditor can attack violations of the automatic stay.  While there is no precedent on point in the Ninth Circuit, the majority of jurisdictions which have considered standing under the automatic stay provision, 11 U.S.C. § 362, have concluded that section 362 is intended solely to benefit the debtor estate. Language from many cases indicates that, if the trustee does not seek to enforce the protections of the automatic stay, no other party may challenge acts purportedly in violation of the automatic stay.
> The trustee is charged with the administration of the estate for the debtor's and creditor's benefit. Allowing unsecured creditors to pursue claims the trustee abandons could subvert the trustee's powers. Granting claimants like Tilley and B & C standing will overburden the bankruptcy courts with litigation. [*In re Pecan Groves of Ariz.*, 951 F.2d 242 (9th Cir.1991). *See also In re Yan*, 2015 WL 845570, *3 (9th Cir. BAP Feb. 26, 2015).]

Mr. Barrett cites several cases that at first seem contrary. *See In re Goodman*, 991 F.2d 613, 618 (9th Cir. 1993) ("Normally [certain] <u>creditors</u> ... shall recover damages . . . for willful violations of the automatic stay.") (emphasis added); *In re Dawson*, 390 F.3d 1139, 1146 (9th Cir. 2004) (Section 362 "allows any 'individual,' <u>including a creditor</u>, to recover damages") (emphasis added) *abrogation recognized on other grounds in In re Gugliuzza*, 852 F.3d 884 (9th Cir. 2017); *In re Int'l Forex of Calif., Inc.*, 247 B.R. 284, 291 (Bankr. S.D. Cal. 2000) ("*In re Pecan Groves*' holding has been overstated for the proposition that the automatic stay is solely for the benefit of the debtor, and a creditor cannot have standing under § 362(h).").

But on closer inspection all of those cases arise under a portion of the statute that expressly grants standing for a particular type of enforcement of the automatic stay:

> <u>[A]n individual injured by any willful violation of a stay</u> provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. ... [11 U.S.C. 362(k) (formerly 362(h)) (emphasis added).]

No such specific authorization applies to Mr. Barrett's more generalized request for relief in the Stay Motion. He does not allege that he was "injured" by a willful violation of the stay, and his motion does not seek damages.

It is true that *Pecan Groves* has been distinguished on various grounds. *See, e.g., Int'l Forex*, 247 B.R. 284, 291. But this Bankruptcy Court is not persuaded that it can disregard the pronouncements in *Pecan Groves*, especially when there is some logic to distinguishing between a creditor who has personally been damaged by a violation of the automatic stay (and has statutory standing under section 362(k)) and another creditor who seeks to enforce the stay more generally. In the latter situation there is no statutory standing and, as *Pecan Groves* points out, permitting a creditor to seek remedies for violation of the automatic stay on behalf of the bankruptcy estate could interfere with the decision of the trustee (or debtor in possession) not to pursue such remedies for tactical or strategic reasons (*e.g.,* as part of a compromise with the person who violated the automatic stay). Therefore, *Pecan Groves* is binding. *See generally United States v. Johnson,* 256 F.3d 895, 914 (9th Cir. 2001) (a reasoned and published ruling on any issue germane to the appeal becomes law of the circuit, regardless whether that ruling is strictly necessary to the decision).

In sum, under *Pecan Groves* Mr. Barrett would only have standing to seek relief for violation of the automatic stay if he were proceeding under section 362(k). But his Stay Motion does not seek damages under section 362(k), so he lacks standing to seek any remedy for any violation of the automatic stay by Wellgen.

(3) <u>Alternatively, the automatic stay does not apply</u>

Mr. Barrett has not established that the automatic stay presently applies to any aspect of the TN Action, for the reasons stated on the record at the hearing. Even if it did, the Chapter 11 Trustee has stated his willingness to stipulate to relief from the automatic stay. *See* Trustee's Response (dkt. 269) at p.3 n.3.

(4) Mr. Barrett's alternative arguments are not persuasive.

(a) Mr. Barrett has not established that the Ninth Circuit would recognize the "exceptional circumstances" doctrine.

This Court is not persuaded that the Ninth Circuit would extend the automatic stay to non-debtors under the so-called "exceptional circumstances" doctrine, as argued by Mr. Barrett. See Stay Motion (dkt. 253), at pp.9:25-11:25. The Ninth Circuit has rejected protection of non-debtors even in confirmed chapter 11 plans under the analogous provisions of the discharge injunction (*see, e.g., In re American Hardwoods, Inc.,* 885 F.2d 621, 623-24 (9th Cir. 1989)) so it seems highly unlikely that the Ninth Circuit would interpret the automatic stay to protect third parties when then plain words of the statute do not do so.

The remedy is for the third party to file its own bankruptcy petition if it needs the protections of the automatic stay. Alternatively, if protection of a third party is sufficiently important to the bankruptcy estate, then the estate can seek injunctive relief under *In re Excel Innovations, Inc.,* 502 F.3d 1086 (9th Cir. 2007).

Alternatively, supposing for the sake of discussion that the exceptional circumstances doctrine were recognized by the Ninth Circuit, Mr. Barrett has not established that it would apply in this case. The present circumstances are not truly "exceptional" within the meaning of that doctrine.

(b) Mr. Barrett's request for a preliminary injunction is not properly presented.

A request for injunctive relief requires an adversary proceeding per Rule 7001(7) (Fed. R. Bankr. P.). The Stay Motion was not brought in an adversary proceeding, so it is insufficient to request injunctive relief beyond enforcement of the automatic stay. Alternatively, supposing for the sake of discussion that his request were properly before this Court, Mr. Barrett has not established that injunctive relief is appropriate.

//

(5) <u>Conclusion</u>.

For the foregoing reasons Mr. Barrett's Stay Motion is DENIED.

###

Date: April 23, 2018

Neil W. Bason
United States Bankruptcy Judge