Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail: dgrassgreen@pszjlaw.com
         mpagay@pszjlaw.com

Attorneys for Richard M. Pachulski,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LAYFIELD & BARRETT, APC,<br><br>　　　　　　　　　　Debtor. | Case No.: 2:17-bk-19548-NB<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S SIXTH STATUS REPORT**<br><br>Date:　July 10, 2018<br>Time:　1:00 p.m.<br>Place:　United States Bankruptcy Court<br>　　　　Edward R. Roybal Federal Building<br>　　　　255 E. Temple Street<br>　　　　Courtroom 1545<br>　　　　Los Angeles, California<br>Judge:　Honorable Neil M. Bason |

Richard M. Pachulski, the duly appointed chapter 11 trustee (the "Trustee") in the above-captioned bankruptcy case (the "Case") of Layfield & Barrett, APC (the "Debtor" or "L&B"), hereby files his sixth chapter 11 status report[1], which updates the information provided to this Court in the *Chapter 11 Trustee's Fifth Status Report* [Docket No. 283], which was filed on April 17, 2018, in accordance with the Court's *Order Setting Case Status Conference and Procedures* entered on August 14, 2017 [Docket No. 28] (the "Case Status Conference Order").

The Trustee respectfully represents the following:

---

[1] Capitalized term used but not otherwise defined herein shall have the meanings ascribed to them in the Chapter 11 Trustee's Fifth Status Report.

DOCS_SF:97170.1 51414/001

**I.**

**BACKGROUND**

**A.    Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for any relief sought or granted herein are sections 105(a) and (d) of Title 11 of the United States Code (the "Bankruptcy Code").

**B.    The Commencement of the Case and Appointment of the Chapter 11 Trustee**

On August 3, 2017, petitioning creditors The Dominguez Firm ("TDF"), Mario Lara, Nayazi Reyes and Maria A. Rios (the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against L&B. That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* [Docket No. 3] (the "Trustee Motion"). In the Trustee Motion, the Petitioning Creditors assert, among other allegations, that "[s]ettlement proceeds have not been distributed and may no longer exist, vendors and other creditors have not been paid and clients are effectively unrepresented in some 80 pending cases," and that, consequently, the appointment of a trustee is "essential to protect and preserve property of the … estate and to prevent concealment, waste, loss or conversion of the assets of the estate …." Trustee Motion at 1.

In response to the Trustee Motion, the Debtor filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [Docket No. 19] (the "Conversion Motion"), seeking to convert the Case to one under chapter 11 of the Bankruptcy Code. The Court entered orders granting the Conversion Motion [Docket No. 25], and denying the Trustee Motion [Docket No. 24].

On August 16, 2017, the Debtor, Petitioning Creditors, and secured creditor, Advocate Capital, Inc. entered into a *Stipulation for the Appointment of a Chapter 11 Trustee* [Docket No. 38], which the Court approved by order on August 17, 2017 [Docket No. 42].

On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as Chapter 11 Trustee in the Case [Docket No. 51]. Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of*

2

*Chapter 11 Trustee* [Docket No. 53], which application was granted by the Court's order entered the following day [Docket No. 56].

On August 28, 2017, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].

## II.

## CASE STATUS

Since his appointment, the Trustee and his counsel have continued to engage in discussions with, and informally request documentation and information from, persons and entities associated with the Debtor, as well as third parties, regarding the Debtor's assets, liabilities and business operations. To date, the Trustee has received a significant amount of information from third parties and continues to review and gather additional materials relating to the Debtor, its former business operations, assets and potential liabilities. The Trustee and his counsel are continuing to ascertain the nature and extent of the estate's claims for attorneys' fees and costs (the "Estate Fee and Cost Claims") asserted in the Client Cases pursuant to the Settlement and Resolution Procedures on a continuing basis. Significant events in the Case since the prior case status conference include:

**A.    Cash on Hand**

As of June 28, 2018, the Trustee holds $570,704.22, a substantial portion of which arises from Estate Fee and Cost Claims.

**B.    Complaint for Avoidance and Recovery of Fraudulent Transfers and for Unjust Enrichment**

On February 22, 2018, the Trustee commenced an adversary proceeding (the "Layfield V Proceeding") in this Court against Layfield V, LLC ("Layfield V"), an entity of which the Debtor's principal, Philip Layfield ("Layfield"), is a member, as well as Layfield individually, in an effort to avoid and recover the transfer of real property assets located at 2720 Homestead Road, Suites 200, 210 & 220, Park City, Utah (collectively, the "Utah Properties"), from the Debtor to Layfield V. On May 25, 2018, the Court entered *Judgment After Default* against Layfield V and Layfield, thereby avoiding the transfers of the Utah Properties from the Debtor to Layfield V, and transferring and

3

revesting title of the properties to the estate. The judgment was recorded in the Summit County, Utah, property records on June 4, 2018.

### C. Motion for Order Approving Surcharge of Secured Creditors Collateral

On May 3, 2018, the Court granted in part and denied in part the *Trustee's Motion for Order Approving Surcharge of Secured Creditor's Collateral* [Docket No. 239] (the "Surcharge Motion") on the terms set forth in the *Stipulation re: Trustee's Motion for Order Approving Surcharge of Secured Creditor's Collateral* [Docket No. 281] (the "Surcharge Stipulation").

On May 3, 2018, the Court approved the *Motion to Approve Stipulation re: Trustee's Motion for Order Approving Surcharge of Secured Creditor's Collateral* [Docket No. 289] regarding the Surcharge Stipulation, disposing of the Surcharge Motion.

### D. Barrett Motion for Determination of Automatic Stay Violation

Joseph Barrett ("Barrett"), a former attorney with the Debtor, filed a motion to determine a violation of the automatic bankruptcy stay by Wellgen Standard LLC ("Wellgen") through the filing and prosecution of an action in the United States District Court for the Middle District of Tennessee (the "Tennessee Action"). Barrett claimed that the Tennessee Action violates the automatic stay because it purports to allege fraudulent transfer claims that belong to the Debtor's bankruptcy estate which may be prosecuted only by the Trustee. Barrett alleged that the automatic stay bars Wellgen from pursuing those claims on its own to the exclusion of other creditors. Alternatively, Barrett asked the Court to extend the automatic stay to protect him from the prosecution of the Tennessee Action. On April 23, 2018, the Court denied the motion.

### E. Wells Fargo Relief from Stay Motion

On November 27, 2017 Wells Fargo Bank, National Association ("Wells") filed two separate motions for relief from stay, seeking relief to foreclose upon the Utah Properties. On February 15, 2018, after several continued hearings, the Court granted in part, and denied in part Wells' motion, partially granting relief to allow Wells only to record its Notice of Default regarding the Utah Properties, and continued the matter further to May 22, 2018, which was further continued to August 7, 2018.

4

## III.

## OTHER INFORMATION RELATING TO THE CASE

**A.    Criminal Action Against Layfield**

The indictment in the criminal action by the United States (the "Government") against Layfield was filed on March 9, 2018. On March 23, 2018, the court set an initial trial date of May 15, 2018. Layfield is continuing to be detained pending trial.

During an April 25, 2018, status conference, Layfield requested that he proceed *pro se.* After a hearing, the court granted his request to represent himself and relieved the Office of the Federal Public Defender as counsel of record. The court granted Defendant's request for appointment of standby counsel, an investigator, and a paralegal, and, on its own motion, the court then continued the trial from May 15 to May 29, 2018.

On May 2, 2018, the court held a status conference during which Anthony Solis sought appointment as Layfield's counsel of record, in lieu of Layfield continuing *pro se*. Mr. Solis stated that he would not be ready for trial on May 29, 2018, that he needed time to prepare for trial, and that he and his client wanted to continue the trial for approximately 90 days beyond May 29, 2018. The court granted Layfield's request to continue the trial date and set August 14, 2018, as the new trial date.

On May 23, 2018, Layfield filed a request for reconsideration of detention. The Government opposed the request on the grounds that Layfield remains a flight risk, is an economic danger to the community, and a danger to others. After oral argument and several hearings regarding the matter, the Government and counsel for Layfield, at the direction of the court, conferred on proposed bond conditions regarding Layfield's release pending trial. The matter of Layfield's release on bond is pending.

**B.    Involuntary Petition Filed Against Layfield**

On May 21, 2018 Wellgen, Alliance Legal Solutions LLC and the Trustee filed an involuntary chapter 7 petition against Layfield. On May 30, 2018, this Court granted Wellgen's motion for order appointing an interim trustee in the case. On June 8, 2018, the Court appointed Wesley H. Avery as interim trustee. The Court set a status hearing for July 17, 2018 at 11:00 a.m.

5

DOCS_SF:97170.1 51414/001

1 | Dated: June 29, 2018

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Malhar S. Pagay*
    Malhar S. Pagay

Attorneys for
Richard M. Pachulski, Chapter 11 Trustee

DOCS_SF:97170.1 51414/001

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 TRUSTEE'S SIXTH STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 29, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 29, 2018 | Patricia Jeffries | */s/ Patricia Jeffries* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

    **Mailing Information for Case 2:17-bk-19548-NB**

- Moises S Bardavid    mbardavid@hotmail.com
- Daniel I Barness    daniel@barnesslaw.com
- Martin J Brill    mjb@lnbrb.com
- Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Jennifer Witherell Crastz    jcrastz@hemar-rousso.com
- Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;lfisk@wgllp.com
- James KT Hunter    jhunter@pszjlaw.com
- Joseph M Kar    jkar@mindspring.com
- Dare Law    dare.law@usdoj.gov, Kenneth.g.lau@usdoj.gov,Alvin.mar@usdoj.gov,ron.maroko@usdoj.gov
- Joel A Osman    osman@parkermillsllp.com, sanders@parkermillsllp.com
- Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Michael F Perlis    mperlis@lockelord.com, merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
- Michael F Perlis    , merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- Daniel H Reiss    dhr@lnbyb.com, dhr@ecf.inforuptcy.com
- Damion Robinson    dr@agzlaw.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Daniel A Solitro    dsolitro@lockelord.com, ataylor2@lockelord.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Alan J Watson    alan.watson@hklaw.com, gloria.hoshiko@hklaw.com

2