Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: dgrassgreen@pszjlaw.com
         mpagay@pszjlaw.com

Attorneys for Richard M. Pachulski,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LAYFIELD & BARRETT, APC,<br><br>             Debtor. | Case No.: 2:17-bk-19548-NB<br><br>Chapter 11<br><br>**CHAPTER 11 TRUSTEE'S SEVENTH STATUS REPORT**<br><br>Date:    November 6, 2018<br>Time:    1:00 p.m.<br>Place:   United States Bankruptcy Court<br>         Edward R. Roybal Federal Building<br>         255 E. Temple Street<br>         Courtroom 1545<br>         Los Angeles, California<br>Judge:   Honorable Neil M. Bason |

Richard M. Pachulski, the duly appointed chapter 11 trustee (the "Trustee") in the above-captioned bankruptcy case (the "Case") of Layfield & Barrett, APC (the "Debtor" or "L&B"), hereby files his seventh chapter 11 status report (the "Status Report"), which updates the information provided to this Court in the *Chapter 11 Trustee's Sixth Status Report* [Docket No. 306], filed on June 29, 2018, in accordance with the Court's *Order Setting Case Status Conference and Procedures* entered on August 14, 2017 [Docket No. 28] (the "Case Status Conference Order").

The Trustee respectfully represents the following:

DOCS_SF:98008.3 51414/001

**I.**

**BACKGROUND**

**A.     Jurisdiction and Venue**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicate for any relief sought or granted herein are sections 105(a) and (d) of Title 11 of the United States Code (the "Bankruptcy Code").

**B.     The Commencement of the Case and Appointment of the Chapter 11 Trustee**

On August 3, 2017, petitioning creditors The Dominguez Firm ("TDF"), Mario Lara, Nayazi Reyes and Maria A. Rios (the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against L&B.  That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* [Docket No. 3] (the "Trustee Motion").  In the Trustee Motion, the Petitioning Creditors assert, among other allegations, that "[s]ettlement proceeds have not been distributed and may no longer exist, vendors and other creditors have not been paid and clients are effectively unrepresented in some 80 pending cases," and that, consequently, the appointment of a trustee is "essential to protect and preserve property of the … estate and to prevent concealment, waste, loss or conversion of the assets of the estate …."  Trustee Motion at 1.

In response to the Trustee Motion, the Debtor filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [Docket No. 19] (the "Conversion Motion"), seeking to convert the Case to one under chapter 11 of the Bankruptcy Code.  The Court entered orders granting the Conversion Motion [Docket No. 25], and denying the Trustee Motion [Docket No. 24].

On August 16, 2017, the Debtor, Petitioning Creditors, and secured creditor, Advocate Capital, Inc. entered into a *Stipulation for the Appointment of a Chapter 11 Trustee* [Docket No. 38], which the Court approved by order on August 17, 2017 [Docket No. 42].

On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as Chapter 11 Trustee in the Case [Docket No. 51].  Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of*

2

DOCS_SF:98008.3 51414/001

*Chapter 11 Trustee* [Docket No. 53], which application was granted by the Court's order entered the following day [Docket No. 56].

On August 28, 2017, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].

## II.

## CASE STATUS

Since his appointment, the Trustee and his counsel have continued to engage in discussions with, and informally request documentation and information from, persons and entities associated with the Debtor, as well as third parties, regarding the Debtor's assets, liabilities and business operations. To date, the Trustee has received a significant amount of information from third parties and continues to review and gather additional materials relating to the Debtor, its former business operations, assets and potential liabilities. The Trustee and his counsel are continuing to ascertain the nature and extent of the estate's claims for attorneys' fees and costs (the "Estate Fee and Cost Claims") asserted in the Client Cases pursuant to the Settlement and Resolution Procedures on a continuing basis. Significant events in the Case since the prior case status conference include:

**A.    Cash on Hand**

As of October 17, 2018, the Trustee holds $1,173,728.33, a substantial portion of which arises from Estate Fee and Cost Claims.

**B.    Complaint for Avoidance and Recovery of Fraudulent Transfers and for Unjust Enrichment**

On February 22, 2018, the Trustee commenced an adversary proceeding (the "Layfield V Proceeding") in this Court against Layfield V, LLC ("Layfield V"), an entity of which the Debtor's principal, Philip Layfield ("Layfield"), is a member, as well as Layfield individually, in an effort to avoid and recover the transfer of real property assets located at 2720 Homestead Road, Suites 200, 210 & 220, Park City, Utah (collectively, the "Utah Properties"), from the Debtor to Layfield V. On May 25, 2018, the Court entered *Judgment After Default* against Layfield V and Layfield, thereby avoiding the transfers of the Utah Properties from the Debtor to Layfield V, and transferring and

3

revesting title of the properties to the estate. The judgment was recorded in the Summit County, Utah, property records on June 4, 2018.

On October 4, 2018, Layfield filed a motion to set aside the judgment after default against Layfield V and Layfield, which the Trustee has opposed. A hearing regarding that motion is set for October 24, 2018, at 10:00 a.m.

### C. Complaint for Avoidance and Recovery of Preferential Transfers

On July 23, 2018, the Trustee commenced an adversary proceeding (the "Young Proceeding") in this Court against (i) Jeffrey Young ("Young"), a former client of L&B in a lawsuit filed by Young against Union Pacific Railroad Company in Los Angeles Superior Court, Case No. BC542593, (the "Young/Union Pacific Lawsuit"); (ii) Conan Doyle, a former co-counsel with L&B in representing Young in the Young/Union Pacific Lawsuit; (iii) the Wilshire Law Firm ("Wilshire"), formerly co-counsel with L&B in representing Young in the Young/Union Pacific Lawsuit; (iv) Babak Bobby Saadian ("Saadian"), an individual who formerly, in his capacity as an employee of Wilshire, was co-counsel with L&B involved in representing Young in the Young/Union Pacific Lawsuit; and (v) Neifert Khorshid, a professional law corporation which formerly was, and currently is, counsel representing Young in connection with the Young/Union Pacific Lawsuit, seeking to avoid an recover transfers made within the 90 days prior to the Petition Date in the aggregate amount of $487,848.47. A status conference in the Young/Union Pacific Lawsuit is set for November 27, 2018.

### D. Sale of the Park City Office Properties

On August 21, 2018, the Court granted the Trustee's motion to employ KW Park City Keller Williams Real Estate ("KW") to market and sell the real property assets located at 2720 Homestead Road, Suites 200, 210 & 220, Park City, Utah (collectively, the "Park City Office Properties"). As of the date of this Status Report, KW has received offers from, and is engaged with, potential purchasers.

### E. Wells Fargo Relief From Stay

On November 27, 2017 Wells Fargo Bank, National Association ("Wells") filed two separate motions for relief from stay, seeking relief to foreclose upon the Park City Office Properties. On

4

DOCS_SF:98008.3 51414/001

February 15, 2018, after several continued hearings, the Court granted in part, and denied in part Wells' motion, partially granting relief to allow Wells only to record its Notice of Default regarding the Park City Office Properties. The Court has continued the matter further, and is currently set for October 24, 2018.

### F. Philip Layfield's Motion to Set Status Conference and Briefing Schedules

On August 20, 2018, Philip Layfield ("Layfield"), filed an *Ex parte Motion to Set Status Conference to Establish Protocol for Resolving Open Issues, Set Briefing Schedules and to Stay All Other Proceedings, Payments and Final Orders Pending Resolution of Critical issues* [Docket No. 323] (the "Ex Parte Motion"). The Ex Parte Motion essentially sought relief excusing Layfield and others from the bar date, staying all matters involving him or others, converting the case to Chapter 7, consolidating the case with that of Maximum Legal CA LLP. The Court denied the Ex Parte Motion without prejudice to any properly presented requests for relief that Layfield appears to seek.

### G. Motion to Terminate Trustee

On September 27, 2018, Layfield filed a motion to terminate the Trustee and immediately convert the Case to a case under Chapter 7 of the Bankruptcy Code. Among other things, Layfield alleges that consent was never given for the appointment of a Trustee, the Trustee committed misconduct, and a Trustee is no longer needed. A preliminary hearing has been set for October 24, 2018.

### H. Layfield Complaint Against the Trustee

On October 11, 2018 Layfield filed an adversary proceeding against the Trustee, Advanced Legal Capital, LLC, US Claims Opco, LLC and DRB Capital, LLC for declaratory relief, breach of covenant of good faith and fair dealing, interference with contractual relations, intentional interference with prospective economic advantage and negligent. To the best of the Trustee's knowledge, the complaint has not yet been served. A status conference has been set for December 18, 2018.

DOCS_SF:98008.3 51414/001

## OTHER INFORMATION RELATING TO THE CASE

### A. Criminal Action Against Layfield

The indictment in the criminal action by the United States (the "Government") against Layfield was filed on March 9, 2018. On March 23, 2018, the court set an initial trial date of May 15, 2018, which was continued to August 14, 2018 at the request of Defendant's counsel. On July 30, 2018, Layfield and the Government entered into a stipulation to continue the trial date from August 14, 2018 to February 26, 2019.

On May 23, 2018, Layfield filed a request for reconsideration of detention. The Government opposed the request on the grounds that Layfield remains a flight risk, is an economic danger to the community, and a danger to others. After oral argument and several hearings regarding the matter, the Government and counsel for Layfield, at the direction of the court, conferred on proposed bond conditions regarding Layfield's release pending trial. Layfield was released on a $450,000 appearance bond with a cash deposit of $100,000 by James Layfield; with affidavit of surety (without justification) by Christine Layfield for $50,000; affidavit of surety (without justification) by Steve Massas for $50,000; and with affidavit of surety with justification in the amount of $250,000 from David C. Layfield and Mary L. Layfield with full deeding of property. Conditions on Layfield's release on bond included surrender of his passport, travel restricted to the Central District of California and the District of Delaware, and actively seeking employment approved by the Pretrial Services Agency.

On October 16, 2018, Layfield filed an application (the "Application") to modify his bond to permit employment with Schneider as a truck driver. The Application requests permission to attend a three-week training course at Schneider's facilities in Carlisle, Pennsylvania, and to travel there by car. According to the Application, upon completion of the training program, Layfield would be hired by Schneider as a "jet set" driver, working for three straight weeks then home for one week. Layfield allegedly would be working a dedicated account for Walmart out of their Wintersville, Ohio distribution center. The Court granted the Application as requested.

DOCS_SF:98008.3 51414/001

**B.    Layfield Involuntary Bankruptcy Case**

On May 21, 2018 Wellgen, Alliance Legal Solutions LLC and the Trustee filed an involuntary chapter 7 petition against Layfield (the "Layfield Involuntary Case"). On May 30, 2018, this Court granted Wellgen's motion for order appointing an interim trustee in the Layfield Involuntary Case. On June 8, 2018, the Court appointed Wesley H. Avery as interim trustee. On September 7, 2018, Layfield filed a *Special Appearance for the Limited Purpose of Objecting to the Employment of Jeffrey Golden's Law Firm and the Appointment of an Interim Trustee* [Docket No. 37] (the "Objection"). The Objection requests, among other things, a stay on all proceedings, appoints and actions until Layfield's motion to dismiss the Layfield Involuntary Case can be ruled upon.

On September 20, 2018 Layfield filed an *Expedited Motion for Entry of an Order Finding Michael LeBlanc in Willful Violation of the Automatic Stay and Assessing Sanctions Including Actual and Punitive Damages* [Docket No. 41] (the "LeBlanc Sanctions Motion"), and an *Expedited Motion for Entry of an Order Finding John Jansheski in Violation of the Automatic Stay and Assessing Sanctions Including Actual and Punitive Damages* [Docket No. 42] (the "Jansheski Sanctions Motion," and together with the Leblanc Sanctions Motion, the "Sanctions Motions").

The LeBlanc Sanctions Motion seeks to recover a $23,000 security deposit pursuant to a lease purchase agreement between Layfield and LeBlanc and to impose actual and punitive damages against LeBlanc for willful violation of the automatic stay. Layfield ceased making rental payments to LeBlanc on March 1, 2018. The Sanctions Motions are scheduled to be heard on October 24, 2018, at 10:00 a.m.

On October 1, 2018, Layfield filed a motion to dismiss the Layfield Involuntary Case, based upon the premise that the petitioning creditors lacked standing to file the petition. Layfield also seeks an award of actual damages, fees, costs and punitive damages for an alleged bad faith filing. The matter is to be heard on October 24, 2018, at 10:00 a.m.

On October 4, 2018, Layfield filed a motion for protective order regarding interference with Layfield's allegedly exempt property and to prevent alleged discovery abuses by the interim trustee and his counsel. The motion for protective order is set to be heard on October 24, 2018 at 10:00 a.m.

7

DOCS_SF:98008.3 51414/001

Dated: October 22, 2018                    PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Malhar S. Pagay*
    Malhar S. Pagay

Attorneys for
Richard M. Pachulski, Chapter 11 Trustee

DOCS_SF:98008.3 51414/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 TRUSTEE'S SEVENTH STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 22, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **October 22, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Layfield & Barrett, APC
Fka Layfield & Wallace, APC
Fka The Layfield Law Firm, APC
**Attn: Philip Layfield, Officer of Record**
2720 Homestead Rd., Suite 210
Park City, UT 84098

Layfield & Barrett, APC
Fka Layfield & Wallace, APC
Fka The Layfield Law Firm, APC
**Attn: Any Officer Other Than Philip Layfield**
2720 Homestead Rd., Ste. 210
Park City, UT 84098

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 22, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Honorable Neil W. Bason
U.S. Bankruptcy Court
255 E. Temple Street, Room 940
Los Angeles, CA 90012
Attn: Mail Room Clerk-Judges Copies

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 22, 2018 | Myra Kulick | /s/ Myra Kulick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                   **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:308358.6 51414/002

Case 2:17-bk-19548-NB    Doc 363    Filed 10/22/18    Entered 10/22/18 18:02:11    Desc
Main Document    Page 10 of 10

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   **Mailing Information for Case 2:17-bk-19548-NB**

- *Wesley H Avery     wes@averytrustee.com, lucy@averytrustee.com;alexandria@averytrustee.com*
- *Jason Balitzer     jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com*
- *Moises S Bardavid     mbardavid@hotmail.com*
- *Daniel I Barness     daniel@barnesslaw.com*
- *James W Bates     jbates@jbateslaw.com*
- *Darwin Bingham     cat@scalleyreading.net*
- *Martin J Brill     mjb@lnbrb.com*
- *William S Brody     wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com*
- *Baruch C Cohen     bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com*
- *Jennifer Witherell Crastz     jcrastz@hrhlaw.com*
- *Beth Gaschen     bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com*
- *Jeffrey I Golden     jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com*
- *M. Jonathan Hayes     jhayes@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com*
- *James KT Hunter     jhunter@pszjlaw.com*
- *Steven J Kahn     skahn@pszyjw.com*
- *Joseph M Kar     jkar@mindspring.com*
- *Richard W Labowe     richardwlabowe@gmail.com, llhlaw1631@aol.com*
- *Dare Law     dare.law@usdoj.gov*
- *David W. Meadows     david@davidwmeadowslaw.com*
- *Rana Nader     rnader@naderlawgroup.com, monique@naderlawgroup.com*
- *Joel A Osman     osman@parkermillsllp.com, sanders@parkermillsllp.com*
- *Malhar S Pagay     mpagay@pszjlaw.com, mpagay@pszjlaw.com*
- *Brian A Paino     bpaino@mcglinchey.com, crico@mcglinchey.com;selizondo@mcglinchey.com*
- *Michael F Perlis     mperlis@lockelord.com, merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com*
- *Michael F Perlis     , merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com*
- *Hamid R Rafatjoo     hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com*
- *Faye C Rasch     frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com*
- *Daniel H Reiss     dhr@lnbyb.com, dhr@ecf.inforuptcy.com*
- *Damion Robinson     dr@agzlaw.com*
- *Lindsey L Smith     lls@lnbyb.com, lls@ecf.inforuptcy.com*
- *Daniel A Solitro     dsolitro@lockelord.com, ataylor2@lockelord.com*
- *United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov*
- *Alan J Watson     alan.watson@hklaw.com, rosanna.perez@hklaw.com*

2. **SERVED BY UNITED STATES MAIL**:

| | | |
|---|---|---|
| Patricia Salcedo<br>The Dominguez Firm<br>3250 Wilshire Blvd #2200<br>Los Angeles, CA 90010 | Diane B Sherman<br>Law Offices of Diane B Sherman<br>1801 Century Park East Ste 1200<br>Los Angeles, CA 90067 | Attorneys for Wellgen Standard LLC<br>Roger G Jones<br>Austin L. McMullen<br>Bradley Arant Boult Cummings LLP<br>1600 Division St Ste 700<br>Nashville, TN 37203 |
| Philip J. Layfield<br>1875 K Street NW<br>Washington, DC 20006 | Philip J. Layfield<br>c/o Zenith Legal Services, LLC<br>1875 Connecticut Ave. NW, 10th Floor<br>Washington, DC 20009 | Philip J. Layfield<br>c/o Maximum Legal Holdings, LLC<br>8 The Green, Suite 6426<br>Dover, Delaware  19901 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                   **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:308358.6 51414/002