Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail: dgrassgreen@pszjlaw.com
        mpagay@pszjlaw.com

Attorneys for Richard M. Pachulski, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>LAYFIELD & BARRETT, APC,<br><br>                   Debtor. | Case No. 2:17-bk-19548-NB<br><br>Chapter 11<br><br>**OMNIBUS REPLY TO LIMITED OPPOSITIONS FILED BY WELLS FARGO BANK, N.A., AND TOLL CREEK OWNERS ASSOCIATION, INC., TO MOTION FOR ORDER (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BUYER, SUCCESSFUL BIDDER AND BACKUP BIDDER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m); AND (4) AUTHORIZING PAYMENT OF UNDISPUTED LIENS AND OTHER ORDINARY COSTS OF SALE**<br><br>[2720 Homestead Road, Unit 200, Park City, Utah 84098]<br><br>**Relates to Docket Nos. 391, 396, 397**<br><br>Date:     February 5, 2019<br>Time:    2:00 p.m.<br>Place:   United States Bankruptcy Court<br>             Edward R. Roybal Federal Building<br>             255 E. Temple Street, Ctrm. 1545<br>             Los Angeles, California 90012<br>Judge:  Honorable Neil W. Bason |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:318985.1 51414/002

Richard M. Pachulski, the chapter 11 trustee (the "<u>Trustee</u>") of the bankruptcy estate (the "<u>Estate</u>") of Layfield & Barrett, APC (the "<u>Debtor</u>" or "<u>L&B</u>"), hereby replies to (i) *Wells Fargo Bank, N.A.'s Limited Opposition to Motion for Order Authorizing Sale of Real Property Free and Clear of Liens* [Docket No. 396] (the "<u>WFB Limited Opposition</u>"), filed by Wells Fargo Bank, National Association ("<u>WFB</u>"), and (ii) the *Limited Opposition to Motion for Order (1) Authorizing Sale of Real Property Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; (3) Approving Buyer, Successful Bidder and Backup Bidder as Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (4) Authorizing Payment of Undisputed Liens and Other Ordinary Costs of Sale* [Docket. No. 397] (the "<u>TCOA Limited Opposition</u>"), filed by Toll Creek Owners Association, Inc. ("<u>TCOA</u>"), in limited opposition to the *Motion for Order (1) Authorizing Sale of Real Property Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; (3) Approving Buyer, Successful Bidder and Backup Bidder as Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (4) Authorizing Payment of Undisputed Liens and Other Ordinary Costs of Sale* [Docket. No. 391] (the "<u>Motion</u>"),[1] and respectfully represents as follows:

## I.

## <u>APPROVAL OF THE PROPOSED SALE OF THE PROPERTY TO THE BUYER IS SUBJECT TO A DEADLINE</u>

Subsequent to the filing of the Motion, the Buyer requested that the Trustee agree to a deadline by which Court approval of the proposed Sale must occur in order to permit the Buyer immediately to seek to acquire alternate properties for its business purposes if approval of the proposed transaction were delayed.  Under the terms of Addendum No. 3 to the Contract ("<u>Addendum No. 3</u>"), to which the Trustee has agreed, "[i]n the event the [S]ale is not approved by the Bankruptcy Court on or before February 15, 2019, Buyer shall have the right, at its own election, to terminate the [Contract] upon notice, which notice shall be effective immediately, and receive a

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

DOCS_LA:318985.1 51414/002

full refund of the Earnest Money."  A true and correct copy of Addendum No. 3 is attached hereto as **Exhibit "A"**.

## II.

### THE PROPERTY MAY BE SOLD FREE AND CLEAR OF LIENS

### REGARDLESS OF WFB'S AND TCOA'S CONSENT

As set forth in the Motion, the Property may be sold free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363(f) which provides:

> The Trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if -
>
> (1)      applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2)      such entity consents;
>
> (3)      such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)      such interest is in bona fide dispute; or
>
> (5)      such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).  Even if WFB or TCOA were not to consent to the Sale pursuant to section 363(f)(2) of the Bankruptcy Code, the Property may be sold free and clear of liens as permitted by other subsections of section 363(f).

A.    **Bona Fide Dispute**

For example, TCOA's Notice of Lien, a true and correct copy of which is attached hereto as **Exhibit "B"**, may be subject to bona fide dispute since, on its face, the Debtor is among "the … entities against whom the lien is filed" and the lien was filed twelve days after the commencement of the Debtor's bankruptcy Case, thereby rendering it legally void.[2]  The amounts claimed by WFB, and thus the extent of its lien, also are subject to dispute.  First, WFB has not substantiated the

---

[2] *See Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992); *Cty. of Imperial Treasurer-Tax Collector v. Stadtmueller (In re RW Meridian LLC)*, 564 B.R. 21, 28 (BAP 9th Cir. 2017).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

reasonableness, basis for and satisfaction of fees and expenses allegedly paid out-of-pocket by WFB in connection with the Property and added to its pay-off amount, i.e., utilities, appraisal fees, force placed insurance and lien report costs.[3]  Once substantiated to the satisfaction of the Trustee, such amounts may be paid from the proceeds of Sale.  Second, WFB apparently seeks to impose on the Property legal fees and costs incurred in connection with potentially as many as four pieces of real estate in which the Debtor has or had an interest and on which WFB asserts liens – the Property,[4] the other two Office Suites (Suites 210 and 220), and 9455 E. Ironwood Square Drive, Unit T101, Scottsdale, Arizona 85258 (the "Arizona Property").[5]  The WFB Limited Opposition and supporting declaration are silent regarding the allocation of such aggregate legal fees and costs among the four properties.  WFB must provide copies of its attorney fee and cost statements – redacted for the Trustee and provided *in camera* to the Court, if necessary – and otherwise demonstrate that they are reasonable, and relate and are chargeable to the Property as part of its asserted lien.[6]  The Trustee is hopeful that WFB will provide the Trustee with supporting documentation regarding the amounts identified above so that these issues may be resolved in advance of the hearing regarding the Motion.

As set forth in the Motion and in the current version of the proposed order granting the Motion, a copy of which is attached hereto as **Exhibit "C"**, all liens asserted against the Property will attach to the net proceeds of the sale with the same validity, enforceability, and priority, if any, as existed with respect to the assets sold as of the date of the commencement of this chapter 11 Case and be paid through the proposed transaction, subject to the Trustee's ability to dispute all or a

---

[3] Section 506(b) of the Bankruptcy Code states:  "To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose."  11 U.S.C. § 506(b).

[4] *See* WFB Limited Opposition at 2 ("[T]he payoff for Unit 200 is $311,169.07 plus $34,303.62 in legal fees and costs for a total of $345,472.69.").

[5] WFB filed a motion for relief from the automatic stay in this Case with respect to the Arizona Property on November 21, 2017 [Docket No. 142], which was granted by the Court on December 13, 2017 [Docket No. 175].

[6] In any event, WFB's attorneys' fees and costs attributable to the Property cannot exceed $8,575.91 ($34,303.62 divided by the four properties on which WFB asserts liens).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:318985.1 51414/002

portion of such liens.  With respect to such disputed liens, the Trustee also will be authorized to transfer from escrow to an Estate bank account and retain therein amounts claimed by a party asserting a lien against the Property disputed by the Trustee, pending resolution of such dispute. Thus, the Property may be sold free and clear of those asserted interests to the extent they are the subject of bona fide dispute.

**B.**     **Purchase Price Exceeds Aggregate Amount of Liens**

Even if certain of the amounts asserted against the Property were not in dispute and allowed and paid in full, the purchase price proposed by the Buyer exceeds the aggregate amount of liens asserted against the Property, as readily acknowledged by WFB.[7]  Accordingly, the Property may be sold free and clear of liens, claims, encumbrances and interests pursuant to section 363(f)(3) of the Bankruptcy Code.

## III.

## RESERVATION OF RIGHTS

The Trustee reserves the right to further dispute any claims asserted by TCOA or WFB, whether in respect of the Property or otherwise, on any ground, and to amend, modify and/or supplement the arguments set forth herein in respect to the claims or liens asserted by TCOA or WFB against the Property, including, without limitation, in response to any further information, documentation or other evidence that may be submitted by TCOA or WFB.

## IV.

## CONCLUSION

Based on the foregoing, the Trustee respectfully requests that this Court enter its order:

A.     Granting the Motion in its entirety;

B.     Overruling the WFB Limited Opposition and TCOA Limited Opposition; and

---

[7] *See* WFB Limited Opposition at 2 ("With a sales price of $399,000.00, there should be ample proceeds to pay Wells Fargo's oversecured claim in full.").

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

C.        Granting the Trustee such other and further relief as the Court may deem just and proper.


Dated:  January 29, 2019                    PACHULSKI STANG ZIEHL & JONES LLP


By:    */Malhar S. Pagay/*
        Malhar S. Pagay
Attorneys for Richard M. Pachulski, Chapter 11 Trustee

6

# **<u>EXHIBIT A</u>**

# ADDENDUM NO. Three
## TO
## REAL ESTATE PURCHASE CONTRACT

THIS IS AN [ x] ADDENDUM  [  ] COUNTEROFFER to that REAL ESTATE PURCHASE CONTRACT (the "REPC") wi
an Offer Reference Date of _____January 4, 2019_____, including all prior addenda and counteroffers, betwee
__Sterling Holdings LLC or assigns_____ as Buyer, and ___Richard M. Pachulski, as Chapter 11 Trustee,___ as Selle
regarding the Property located at _2720 Homestead Road, Suite 200, Park City, UT 80988_____. Th
following terms are hereby incorporated as part of the REPC:

1. In the event the sale is not approved by the Bankruptcy Court on or before February 15, 2019, Buyer shall have the

   right, at its own election, to terminate the REPC upon notice, which notice shall be effective immediately, and

   receive a full refund of the Earnest Money.

2. If Seller fails to agree to this Addendum prior to the Due Diligence Deadline, the offering of this Addendum shall

   constitute Buyer's election in writing to withdraw from the REPC and receive a full refund of the Earnest Money

   Deposit as set forth in paragraph 4 of Addendum No. 1.

BUYER AND SELLER AGREE THAT THE CONTRACT DEADLINES REFERENCED IN SECTION 24 OF THE REP
(CHECK APPLICABLE BOX): [x] REMAIN UNCHANGED [  ] ARE CHANGED AS FOLLOWS:_____

To the extent the terms of this ADDENDUM modify or conflict with any provisions of the REPC, including all prior addend
and counteroffers, these terms shall control. All other terms of the REPC, including all prior addenda and counteroffer
not modified by this ADDENDUM shall remain the same. [ x Seller [  ] Buyer shall have until _5:00_ [  ] AM [ x] P
Mountain Time on___January 17, 2019_____(Date), to accept the terms of this ADDENDUM in accordance with th
provisions of Section 23 of the REPC. Unless so accepted, the offer as set forth in this ADDENDUM shall lapse.

_____                            _____
[ Buyer [  ] Seller Signature        (Date)       (Time)           [ x Buyer [  ] Seller Signature    (Date)      (Time)

### ACCEPTANCE/COUNTEROFFER/REJECTION

CHECK ONE:

[ x] ACCEPTANCE: [ x] Seller [  ] Buyer hereby accepts the terms of this ADDENDUM.

[  ] COUNTEROFFER: [  ] Seller [  ] Buyer presents as a counteroffer the terms of attached ADDENDUM NO. _____.

_____   1/17/19  2:08 pm
(Signature)                 (Date)      (Time)        (Signature)              (Date)        (Time)

[  ] REJECTION: [  ] Seller [  ] Buyer rejects the foregoing ADDENDUM.

_____                            _____
(Signature)                 (Date)       (Time)       (Signature)              (Date)        (Time)

THIS FORM APPROVED BY THE UTAH REAL ESTATE COMMISSION AND THE OFFICE OF THE UTAH ATTORNEY GENERAL,
EFFECTIVE AUGUST 5, 2003.  IT REPLACES AND SUPERSEDES ALL PREVIOUSLY APPROVED VERSIONS OF THIS FORM.

# **EXHIBIT B**

ENTRY NO. 01075470

08/15/2017 11:28:14 AM B: 2423 P: 0661
Lien PAGE 1/2
MARY ANN TRUSSELL, SUMMIT COUNTY RECORDER
FEE 12.00 BY BONNEVILLE REALTY MANAGEMENT LC

AFTER RECORDING RETURN TO:
BONNEVILLE REALTY MANAGEMENT, L.C.
ATTN: JARED SMART
P.O. BOX 71590
SALT LAKE CITY, UT 84171

# NOTICE OF LIEN

STATE OF UTAH    )
                 : ss.
County of Summit )

KNOW ALL PERSONS: Pursuant to the Utah Condominium Ownership Act, and in accordance with the provisions of its declaration of covenants, conditions, and restrictions, the undersigned, on behalf of the TOLL CREEK OWNERS ASSOCIATION, INC., also known as TOLL CREEK VILLAGE OFFICE OWNERS ASSOCIATION, INC. (hereinafter TOLL CREEK OWNERS ASSOCIATION, INC.), hereby claims a continuing lien for unpaid fines, assessments and charges (as noted below) against the individual lot noted below and the interest in those common areas appertaining to such lot.

Name of the entity/entities against whom the lien is filed:  Layfield & Wallace, APC, a California corporation, and/or Layfield & Barrett, APC, a California corporation, and/or Layfield V, LLC, a Delaware limited liability company.

Address of the properties against which the lien is filed:  2720 W. Homestead Rd. # 200, Park City, Utah 84098;

Also known as: Unit 200, TOLL CREEK VILLAGE 2, a Utah Condominium Project, together with its appurtenant undivided ownership interest in and to the Common Areas and Facilities, as established and described in the Record of Survey Map recorded February 27, 2008 as Entry No. 838524, and in the Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums, recorded September 2, 2005 as Entry No. 749496 in Book 1730 at page 1816, the Amendment to Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums recorded February 27, 2008 as Entry No. 838525 in Book 1916 at page 1360, and Third Amendment to Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums recorded September 19, 2013 as Entry No. 979487 in Book 2207 at page 1236, records of Summit County, Utah. TCVC-2-200.

Assessor's Parcel No.:  TCVC-2-200

The above identified property, owned by the above identified entity/entities, is subject to a continuing lien.  The amount of accrued Assessments, Fines, Maintenance Charges, Fees, and Costs, as of August 9, 2017, totals:

| | |
|---|---|
| Assessments | $1,438.41 |
| Late Fees | $ 143.84 |

| | | |
|---|---|---|
| Stop Payment Fees: | $ | 17.54 |
| Attorney's Fees | $ | 500.00 |
| Recording Fees & Costs | $ | 17.00 |
| **TOTAL**: | | **$2,116.79** |

Lien Claimant: TOLL CREEK OWNERS ASSOCIATION, INC., 4190 South Highland Drive Suite 222, Salt Lake City, Utah 84124.

DATE FILED: August *15*, 2017.

TOLL CREEK OWNERS ASSOCIATION, INC.

Article No. Certified Mail Receipt:

_____

By: _____
    Stephen D. Stuart,
    Authorized Agent of the Association

STATE OF UTAH    )
                 : ss.
County of Salt Lake    )

Stephen D. Stuart, being first duly sworn, deposes and says: That he is the Authorized Agent for the TOLL CREEK OWNERS ASSOCIATION, INC. and/or TOLL CREEK VILLAGE OFFICE OWNERS ASSOCIATION, INC.; that he has read the above and foregoing Homeowners' Association Notice of Lien and knows the contents thereof, and that the same are true of his own knowledge, except as to the matters therein alleged on information and belief; and as to such matters, he believes them to be true; and that he makes this acknowledgment for and on behalf of said Homeowners' Association.

_____

Subscribed and sworn to before me this *15th* day of August, 2017.

_____
NOTARY PUBLIC

ASHLEY AZAROW
Notary Public
State of Utah
Comm. No. 677611
My Comm. Expires Nov 29, 2018

J:\JAW\Property - Real\Bonneville Realty Management, L.C\26. Toll Creek Owners Ass'n, Inc\Notice of Lien.TCVC-2-200.00.doc

# **EXHIBIT C**

Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: dgrassgreen@pszjlaw.com
        mpagay@pszjlaw.com

Attorneys for Richard M. Pachulski, Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>LAYFIELD & BARRETT, APC,<br><br>               Debtor. | Case No. 2:17-bk-19548-NB<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(B) AND (F); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BUYER, SUCCESSFUL BIDDER AND BACKUP BIDDER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(M); AND (4) AUTHORIZING PAYMENT OF UNDISPUTED LIENS AND OTHER ORDINARY COSTS OF SALE**<br><br>[2720 Homestead Road, Unit 200, Park City, Utah 84098]<br><br>Date:    February 5, 2019<br>Time:    2:00 p.m.<br>Place:   United States Bankruptcy Court<br>            Edward R. Roybal Federal Building<br>            255 E. Temple Street, Ctrm. 1545<br>            Los Angeles, California 90012<br>Judge:  Honorable Neil W. Bason |

The Court, having read and considered the *Motion for Order (1) Authorizing Sale of Real Property Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § § 363(b) and (f); (2) Approving Overbid Procedures; (3) Approving Buyer, Successful Bidder and Backup Bidder as Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (4) Authorizing Payment of Undisputed Liens and Other Ordinary Costs of Sale* [Docket. No. 391] (the "Motion"),**[1]** to sell ("Sale") the following property:

> Unit 200, TOLL CREEK VILLAGE 2, a Utah Condominium Project, together with its appurtenant undivided ownership interest in and to the Common Areas and Facilities, including, without limitation, Underground Parking Stalls numbered 1, 2, 3 and 35, as established and described in the Record of Survey Map recorded February 27, 2008, as Entry No. 838524, and in the Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums, recorded September 2, 2005, as Entry No. 749496 in Book 1730 at page 1816, the Amendment to Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums recorded February 27, 2008, as Entry No. 838525 in Book 1916 at page 1360, and Third Amendment to Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums recorded September 19, 2013, as Entry No. 979487 in Book 2207 at page 1236, and the Notice of Assignment of Limited Common Area, recorded October 19, 2015, as Entry No. 01030716 in Book 2320 at page 0647, records of Summit County, Utah.  (TCVC-2-200)

(the "Property"), free and clear of liens, claims, rights, interests and encumbrances, subject to approval by the Court, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), filed by Richard M. Pachulski, the duly appointed and serving chapter 11 trustee (the "Trustee") in the above-captioned bankruptcy case ("Case") of Layfield & Barrett, APC (the "Debtor"), and all papers filed in support thereof and in limited opposition thereto; and having conducted a hearing regarding the Motion on February 5, 2019, at 2:00 p.m. (Pacific Time), before the Honorable Neil W. Bason, United States Bankruptcy Judge for the Central District of California, in Courtroom 1545 located at 255 E. Temple Street, Los

---

**[1]** Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

2

Angeles, California 90012 (the "<u>Hearing</u>"); appearances were made as noted on the record; and having heard the arguments of counsel and the discussion on the record at the Hearing, and the Trustee having recommended that the Court determine that Sterling Holdings LLC or its assigns (the "<u>Buyer</u>") submitted the highest and best bid for the Property; and, based upon the record in this Case, the evidence presented to the Court prior to and at the Hearing, the Court having found that (i) the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 to consider approval of the Sale to the Successful Bidder at the Auction, determined in accordance with the Sale Matters Order, and the relief requested by the Assumption Motion; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion, the Hearing and the Sale was sufficient and appropriate under the circumstances of this Case; and after due deliberation the Court having determined that the Sale to the Buyer and the relief requested in the Motion are in the best interests of the Estate and its creditors;

**AND IT IS FURTHER FOUND AND DETERMINED THAT**:

A.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.     The Trustee's notice of Motion, the Sale and the Hearing were appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

C.     The Trustee has adequately and sufficiently marketed the Property.

D.     Based upon the record in this Case, the Estate is not operating the Debtor's business and has no financial wherewithal to operate and therefore the Sale of the Property to the Buyer represents the best and only option for maximizing value to the Estate and the Sale of the Property is in the best interests of the Estate.

F.     Based upon the record in this Case, the Sale to the Buyer must be consummated promptly in order to preserve the value of the Estate.  Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6004 and 6006.

3

G.      The purchase price constitutes fair consideration for the Property.  It appears that the Buyer is a good faith purchaser of the Property pursuant to section 363(m) of the Bankruptcy Code, that there has been no collusion of any kind and that the provisions of section 363(n) of the Bankruptcy Code have not been violated.

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is hereby granted and the Trustee's entry into the Contract, as amended, is approved.  Sterling Holdings LLC or its assigns is approved as the Buyer with a purchase price of $399,000.00.  The Overbid Procedures are approved.  Any objections to the Motion are overruled.

2.      The Sale of the Property to the Buyer on the terms and conditions set forth in the Contract in substantially the form that is appended as Exhibit "A" to Motion, as amended, is approved.  The Trustee is authorized to consummate the transactions with the Buyer under the terms of the Contract in accordance with this Order.  Upon closing, the Buyer shall acquire all rights in and to the Property, free and clear of all liens, claims, encumbrances, and interests.

3.      All findings and conclusions set forth above and as set forth by the Court on the record at the Hearing are incorporated herein by reference and are made a part of this Order.

4.      The Buyer's offer for the Property, as embodied in the Contract, is the highest and best offer for the Property and is hereby approved.

5.      The Trustee is authorized to consummate and perform all of his obligations under the Contract and to execute such other documents and take such other actions as are necessary or appropriate in his discretion to effectuate the Contract.  The Trustee is authorized to pay through escrow, from the proceeds of the Sale transactions described herein and without further order of the Court, the amounts of any undisputed liens, any escrow fees, broker commissions, title insurance premiums and other ordinary and typical closing costs and expenses payable by the Trustee pursuant to the Contract or in accordance with local custom.  The Trustee also is authorized to transfer from escrow to an Estate bank account and retain therein amounts claimed by a party asserting a lien against the Property disputed by the Trustee pending resolution of any proceeding commenced by

4

such party seeking a determination by the Court as to the amount, nature and validity of such lien or as may be agreed-upon by the Trustee in his discretion without further order of the Court.

6.     Pursuant to section 363(f) of the Bankruptcy Code, the Trustee is authorized to sell the Property, together with any ancillary rights and related property, including, without limitation, appurtenant parking stalls, to the Buyer "as is," "where is," "with all faults," and without warranty or recourse, but free and clear of any and all liens, claims, encumbrances and interests, pursuant to sections 363(b) and (f) of the Bankruptcy Code, with any and all such liens, claims, encumbrances, and other interests to attach to proceeds of such Sale with the same validity (or invalidity), priority, force, and effect such liens, claims and encumbrances, and other interests that existed immediately prior to the Sale and subject to the rights, claims, defenses, and objections, if any, of the Trustee, the Estate and all interested parties with respect to any such asserted liens, claims and encumbrances, and other interests.  The Trustee reserves all rights to object to the validity, scope and priority of all disputed liens, claims, encumbrances and interests asserted in connection with the Property.

7.     Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Sale by the Trustee to the Buyer of the Property and transactions related thereto, upon the closing under the Contract, are authorized and approved in all respects.

8.     The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) and any other applicable rules are hereby waived and this Order shall be effective immediately upon its entry.

9.     The terms of this Order shall be binding on the Buyer and its successors and assigns, the Trustee, the Debtor, the Estate, creditors of the Debtor, all parties asserting any liens, claims, encumbrances and other interests in the Property, and all other parties in interest in the Case.

10.     The relief granted to the Trustee in this Order shall be enforceable by any successor to the Trustee, including any trustee appointed in the Case in the event that the Case is converted to one under chapter 7 of the Bankruptcy Code.

11.     The Buyer is a good faith purchaser entitled to the benefits, protections and immunities afforded by section 363(m) of the Bankruptcy Code and the provisions of section 363(n) of the Bankruptcy Code have not been violated.  No reversal or modification of this Order on appeal

5

will affect the validity of the Contract or the transactions contemplated thereby.  The Buyer is not an "insider" as defined by section 101 of the Bankruptcy Code.  Neither the Trustee nor the Buyer is or will be entering into the Contract fraudulently, or for the purposes of hindering, delaying or defrauding any of the Debtor's creditors, and the purchase price set forth in the Contract constitutes reasonably equivalent and fair value (as those terms or their equivalents are defined by the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act and section 548 of the Bankruptcy Code) for the Property.

12.     With respect to the transactions consummated pursuant to this Order, this Order shall be the sole and sufficient evidence of the transfer of title of the Property free and clear of liens, claims, encumbrances and interests to the Buyer and of the Buyer's right to own, use and commercially exploit the Property, and the Sale transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including, without limitation, the Summit County, Utah, Recorder's Office, all other filing agents, filing officers, title agents, title companies, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

13.     This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the Contract, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

14.     The failure specifically to include any particular provision of the Contract or any of the documents, agreements, or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement, or instrument, it being the

6

intent of the Court that the Contract and each document, agreement, or instrument executed in connection with or in furtherance of the Contract be authorized and approved in its entirety.

15.     The Contract and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Estate.

# # #

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*): **OMNIBUS REPLY TO LIMITED OPPOSITIONS FILED BY WELLS FARGO BANK, N.A., AND TOLL CREEK OWNERS ASSOCIATION, INC., TO MOTION FOR ORDER (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(b) AND (f); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BUYER, SUCCESSFUL BIDDER AND BACKUP BIDDER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m); AND (4) AUTHORIZING PAYMENT OF UNDISPUTED LIENS AND OTHER ORDINARY COSTS OF SALE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 29, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **January 29, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Philip J. Layfield<br>1875 Connecticut Ave. NW, 10th Fl<br>Washington, DC 20006<br><br>Layfield & Barrett, APC<br>fka Layfield & Wallace, APC<br>fka The Layfield Law Firm, APC<br>Attn: Philip Layfield, Officer of Record<br>c/o Maximum Legal Holdings, LLC<br>8 The Green, Suite 6426<br>Dover, Delaware 19901 | Philip J. Layfield<br>c/o Maximum Legal Holdings, LLC<br>8 The Green<br>Suite 6426<br>Dover, Delaware 19901 | Layfield & Barrett, APC<br>fka Layfield & Wallace, APC<br>fka The Layfield Law Firm, APC<br>Attn: Philip Layfield, Officer of Record<br>1875 Connecticut Ave. NW, 10th Fl.<br>Washington, DC 20006 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___, **2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 29, 2019 | Sophia L. Lee | /s/ Sophia L. Lee |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
**Mailing Information for Case 2:17-19548**

- Wesley H Avery      wes@averytrustee.com, lucy@averytrustee.com;alexandria@averytrustee.com
- Jason Balitzer      jbalitzer@sulmeyerlaw.com,
  jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
- Moises S Bardavid      mbardavid@hotmail.com
- Daniel I Barness      daniel@barnesslaw.com
- James W Bates      jbates@jbateslaw.com
- Darwin Bingham      cat@scalleyreading.net
- Martin J Brill      mjb@lnbrb.com
- William S Brody      wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com
- Glenn R Bronson      grb@princeyeates.com, carolp@princeyeates.com
- Baruch C Cohen      bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Jennifer Witherell Crastz      jcrastz@hrhlaw.com
- Beth Gaschen      bgaschen@wgllp.com,
  kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
- Jeffrey I Golden      jgolden@wgllp.com,
  kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
- M. Jonathan Hayes      jhayes@rhmfirm.com,
  roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfir
  m.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com
- Kimberly D Howatt      khowatt@gordonrees.com, sdurazo@grsm.com
- James KT Hunter      jhunter@pszjlaw.com
- Steven J Kahn      skahn@pszyjw.com
- Joseph M Kar      jkar@mindspring.com
- Richard W Labowe      richardwlabowe@gmail.com, llhlaw1631@aol.com
- Dare Law      dare.law@usdoj.gov
- David W. Meadows      david@davidwmeadowslaw.com
- Jessica Mickelsen Simon      jmsimon@hrhlaw.com
- Dennette A Mulvaney      dmulvaney@leechtishman.com, lmoya@leechtishman.com
- Rana Nader      rnader@naderlawgroup.com, monique@naderlawgroup.com
- Joel A Osman      osman@parkermillsllp.com, sanders@parkermillsllp.com
- Malhar S Pagay      mpagay@pszjlaw.com, mpagay@pszjlaw.com
- Brian A Paino      bpaino@mcglinchey.com, crico@mcglinchey.com;selizondo@mcglinchey.com
- Michael F Perlis      mperlis@lockelord.com,
  merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.
  com
- Michael F Perlis      , merickson@lockelord.com
  jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
- Hamid R Rafatjoo      hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- Faye C Rasch      frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
- Daniel H Reiss      dhr@lnbyb.com, dhr@ecf.inforuptcy.com
- Damion Robinson      dr@agzlaw.com
- Lindsey L Smith      lls@lnbyb.com, lls@ecf.inforuptcy.com
- Daniel A Solitro      dsolitro@lockelord.com, ataylor2@lockelord.com
- United States Trustee (LA)      ustpregion16.la.ecf@usdoj.gov
- Gary R Wallace      garyrwallace@ymail.com
- Alan J Watson      alan.watson@hklaw.com, rosanna.perez@hklaw.com

*June 2012*
DOCS_LA:316973.1 51414/002

**F 9013-3.1.PROOF.SERVICE**