Debra I. Grassgreen (CA Bar No. 169978)
Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail: dgrassgreen@pszjlaw.com
         mpagay@pszjlaw.com

Attorneys for Richard M. Pachulski, Chapter 11 Trustee

**FILED & ENTERED**

**FEB 07 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ghaltchi   DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>LAYFIELD & BARRETT, APC,<br><br>Debtor. | Case No. 2:17-bk-19548-NB<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION (1) AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(B) AND (F); (2) APPROVING OVERBID PROCEDURES; (3) APPROVING BUYER, SUCCESSFUL BIDDER AND BACKUP BIDDER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(M); AND (4) AUTHORIZING PAYMENT OF UNDISPUTED LIENS AND OTHER ORDINARY COSTS OF SALE**<br><br>[2720 Homestead Road, Unit 200, Park City, Utah 84098]<br><br>Date:     February 5, 2019<br>Time:    2:00 p.m.<br>Place:    United States Bankruptcy Court<br>            Edward R. Roybal Federal Building<br>            255 E. Temple Street, Ctrm. 1545<br>            Los Angeles, California 90012<br>Judge:   Honorable Neil W. Bason |

DOCS_LA:318802.2 51414/001

The Court, having read and considered the *Motion for Order (1) Authorizing Sale of Real Property Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; (3) Approving Buyer, Successful Bidder and Backup Bidder as Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (4) Authorizing Payment of Undisputed Liens and Other Ordinary Costs of Sale* [Docket. No. 391] (the "Motion"),[1] to sell ("Sale") the following property:

> Unit 200, TOLL CREEK VILLAGE 2, a Utah Condominium Project, together with its appurtenant undivided ownership interest in and to the Common Areas and Facilities, including, without limitation, Underground Parking Stalls numbered 1, 2, 3 and 35, as established and described in the Record of Survey Map recorded February 27, 2008, as Entry No. 838524, and in the Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums, recorded September 2, 2005, as Entry No. 749496 in Book 1730 at page 1816, the Amendment to Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums recorded February 27, 2008, as Entry No. 838525 in Book 1916 at page 1360, and Third Amendment to Declaration of Covenants, Conditions and Restrictions of Toll Creek Village Office Condominiums recorded September 19, 2013, as Entry No. 979487 in Book 2207 at page 1236, and the Notice of Assignment of Limited Common Area, recorded October 19, 2015, as Entry No. 01030716 in Book 2320 at page 0647, records of Summit County, Utah.  (TCVC-2-200)

(the "Property"), free and clear of liens, claims, rights, interests and encumbrances, subject to approval by the Court, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), filed by Richard M. Pachulski, the duly appointed and serving chapter 11 trustee (the "Trustee") in the above-captioned bankruptcy case ("Case") of Layfield & Barrett, APC (the "Debtor"), and all papers filed in support thereof, including, without limitation, the declarations of Richard M. Pachulski, Randal Rupert and Robert Martino (collectively, the "Declarations"), and in limited opposition thereto; and having conducted a hearing regarding the Motion on February 5, 2019, at 2:00 p.m. (Pacific Time), before the Honorable

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Motion.

Neil W. Bason, United States Bankruptcy Judge for the Central District of California, in Courtroom 1545 located at 255 E. Temple Street, Los Angeles, California 90012 (the "Hearing"); appearances were made as noted on the record; and having heard the arguments of counsel and the discussion on the record at the Hearing, and the Trustee having recommended that the Court determine that Sterling Holdings LLC or its assigns (the "Buyer") submitted the highest and best bid for the Property and having represented to the Court at the Hearing that no other Qualified Bidders submitted Overbids for the Property; and, based upon the record in this Case, the evidence presented to the Court prior to and at the Hearing, the Court having found that (i) the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 to consider approval of the Sale to the Successful Bidder at the Auction, determined in accordance with the Sale Matters Order, and the relief requested by the Assumption Motion; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion, the Hearing and the Sale was sufficient and appropriate under the circumstances of this Case; and after due deliberation the Court having determined that the Sale to the Buyer and the relief requested in the Motion are in the best interests of the Estate and its creditors;

**AND IT IS FURTHER FOUND AND DETERMINED THAT**:

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.    The Trustee's notice of Motion, the Sale and the Hearing were appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

C.    The Trustee has adequately and sufficiently marketed the Property.

D.    Based upon the record in this Case, the Estate is not operating the Debtor's business and has no financial wherewithal to operate and therefore the Sale of the Property to the Buyer represents the best and only option for maximizing value to the Estate and the Sale of the Property is in the best interests of the Estate.

DOCS_LA:318802.2 51414/001

F.    Based upon the record in this Case, the Sale to the Buyer must be consummated promptly in order to preserve the value of the Estate.  Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6004 and 6006.

G.    The purchase price constitutes fair consideration for the Property.  It appears that the Buyer is a good faith purchaser of the Property pursuant to section 363(m) of the Bankruptcy Code, that there has been no collusion of any kind and that the provisions of section 363(n) of the Bankruptcy Code have not been violated.

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is hereby granted and the Trustee's entry into the Contract, as amended, is approved.  Sterling Holdings LLC or its assigns is approved as the Buyer with a purchase price of $399,000.00.  The Overbid Procedures are approved.  Any objections to the Motion are overruled.

2.    The Sale of the Property to the Buyer on the terms and conditions set forth in the Contract in substantially the form that is appended as Exhibit "A" to Motion, as amended, is approved.  The Trustee is authorized to consummate the transactions with the Buyer under the terms of the Contract in accordance with this Order.  Upon closing, the Buyer shall acquire all rights in and to the Property, free and clear of all liens, claims, encumbrances, and interests.

3.    All findings and conclusions set forth above and as set forth by the Court on the record at the Hearing are incorporated herein by reference and are made a part of this Order.

4.    The Buyer's offer for the Property, as embodied in the Contract, is the highest and best offer for the Property and is hereby approved.

5.    The Trustee is authorized to consummate and perform all of his obligations under the Contract and to execute such other documents and take such other actions as are necessary or appropriate in his discretion to effectuate the Contract.  The Trustee is authorized to pay through escrow, from the proceeds of the Sale transactions described herein and without further order of the Court, the amounts of any undisputed liens, any escrow fees, broker commissions, title insurance premiums and other ordinary and typical closing costs and expenses payable by the Trustee pursuant to the Contract or in accordance with local custom.  The Trustee also is authorized to transfer from

escrow to an Estate bank account and retain therein amounts claimed by a party asserting a lien against the Property disputed by the Trustee pending resolution of any proceeding commenced by such party seeking a determination by the Court as to the amount, nature and validity of such lien or as may be agreed-upon by the Trustee in his discretion without further order of the Court.

6.  Pursuant to section 363(f) of the Bankruptcy Code, the Trustee is authorized to sell the Property, together with any ancillary rights and related property, including, without limitation, appurtenant Underground Parking Stalls numbered 1, 2, 3 and 35, to the Buyer "as is," "where is," "with all faults," and without warranty or recourse, but free and clear of any and all liens, claims, encumbrances and interests, pursuant to sections 363(b) and (f) of the Bankruptcy Code, with any and all such liens, claims, encumbrances, and other interests to attach to proceeds of such Sale with the same validity (or invalidity), priority, force, and effect such liens, claims and encumbrances, and other interests that existed immediately prior to the Sale and subject to the rights, claims, defenses, and objections, if any, of the Trustee, the Estate and all interested parties with respect to any such asserted liens, claims and encumbrances, and other interests.  The Trustee reserves all rights to object to the validity, scope and priority of all disputed liens, claims, encumbrances and interests asserted in connection with the Property.

7.  Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Sale by the Trustee to the Buyer of the Property and transactions related thereto, upon the closing under the Contract, are authorized and approved in all respects.

8.  The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) and any other applicable rules are hereby waived and this Order shall be effective immediately upon its entry.

9.  The terms of this Order shall be binding on the Buyer and its successors and assigns, the Trustee, the Debtor, the Estate, creditors of the Debtor, all parties asserting any liens, claims, encumbrances and other interests in the Property, and all other parties in interest in the Case.

10.  The relief granted to the Trustee in this Order shall be enforceable by any successor to the Trustee, including any trustee appointed in the Case in the event that the Case is converted to one under chapter 7 of the Bankruptcy Code.

11. Based on the testimony provided in the Declarations, the Buyer is a good faith purchaser entitled to the benefits, protections and immunities afforded by section 363(m) of the Bankruptcy Code and the provisions of section 363(n) of the Bankruptcy Code have not been violated. No reversal or modification of this Order on appeal will affect the validity of the Contract or the transactions contemplated thereby. The Buyer is not an "insider" as defined by section 101 of the Bankruptcy Code. Neither the Trustee nor the Buyer is or will be entering into the Contract fraudulently, or for the purposes of hindering, delaying or defrauding any of the Debtor's creditors, and the purchase price set forth in the Contract constitutes reasonably equivalent and fair value (as those terms or their equivalents are defined by the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act and section 548 of the Bankruptcy Code) for the Property.

12. With respect to the transactions consummated pursuant to this Order, this Order shall be the sole and sufficient evidence of the transfer of title of the Property free and clear of liens, claims, encumbrances and interests to the Buyer and of the Buyer's right to own, use and commercially exploit the Property, and the Sale transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including, without limitation, the Summit County, Utah, Recorder's Office, all other filing agents, filing officers, title agents, title companies, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

13. This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the Contract, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

14. The failure specifically to include any particular provision of the Contract or any of the documents, agreements, or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement, or instrument, it being the intent of the Court that the Contract and each document, agreement, or instrument executed in connection with or in furtherance of the Contract be authorized and approved in its entirety.

15. The Contract and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Estate.

16. The Court retains jurisdiction over the disposition of the proceeds of the Sale.

###

Date: February 7, 2019

Neil W. Bason
United States Bankruptcy Judge

DOCS_LA:318802.2 51414/001