1  James K.T. Hunter (CA Bar No. 73369)
   PACHULSKI STANG ZIEHL & JONES LLP
2  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, California 90067
3  Telephone: 310/277-6910
   Facsimile: 310/201-0760
4  E-mail: jhunter@pszjlaw.com

5  Attorneys for Richard M. Pachulski,
   Chapter 11 Trustee

6

7                  UNITED STATES BANKRUPTCY COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9                     LOS ANGELES DIVISION

10  In re:                              Case No.: 2:17-bk-19548-NB

11  LAYFIELD & BARRETT, APC,            Chapter 11

12                    Debtor            **NOTICE OF MOTION AND MOTION FOR
                                        ORDER APPROVING SETTLEMENT WITH
13                                      CONAL DOYLE, WILSHIRE LAW FIRM,
                                        PLC, BABAK BOBBY SAADIAN AND
14                                      NEIFERT KHORSHID, A PROFESSIONAL
                                        LAW CORPORATION; MEMORANDUM OF
15                                      POINTS AND AUTHORITIES AND
                                        DECLARATION OF JAMES K. T. HUNTER
16                                      IN SUPPORT THEREOF**

17                                      **Hearing:**
                                        Date:      March 3, 2020
18                                      Time:      1:00 p.m.
                                        Place:     United States Bankruptcy Court
19                                                 Edward R. Roybal Federal Building
                                                   255 E. Temple Street
20                                                 Courtroom 1545
                                                   Los Angeles, California
21                                      Judge:     Hon. Neil W. Bason

22

23

24

25

26

27

28

DOCS_LA:327267.1 51414/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  **TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE;**

2  **CONAL DOYLE; WILSHIRE LAW FIRM, PLC; BABAK BOBBY SAADIAN; NEIFERT**

3  **KHORSHID, A PROFESSIONAL LAW CORPORATION; THE DEBTOR; WELLGEN**

4  **STANDARD, LLC.; ALL PARTIES RECEIVING CM/ECF NOTICE; THE OFFICE OF**

5  **THE UNITED STATES TRUSTEE; AND PARTIES REQUESTING SPECIAL NOTICE:**

6       **PLEASE TAKE NOTICE** that Richard M. Pachulski, in his capacity as Chapter 11 Trustee

7  (the "Trustee") of Layfield & Barrett, APC (the "Debtor"), hereby moves (the "Motion") the Court

8  for entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the

9  "Bankruptcy Rules") to approve a settlement ("Settlement") between the Trustee and Conal Doyle,

10 ("Doyle"), Wilshire Law Firm, PLC ("WLF"), Babak Bobby Saadian "("Saadian") and Neifert

11 Khorshid, a professional law corporation ("NK" and, collectively with Doyle, WLF and Saadian,

12 "Remaining Defendants", and together with the Trustee, the  "Parties"), resolving the claims for the

13 avoidance and recovery of alleged preferential transfers from Remaining Defendants set forth in the

14 complaint.92.

15      **PLEASE TAKE FURTHER NOTICE** that a hearing regarding the Motion will be

16 conducted on **March 3, 2020, at 1:00 p.m. Pacific Time**, or as soon thereafter as counsel may be

17 heard before the Honorable Neil W. Bason, United States Bankruptcy Judge, in Courtroom 1545 of

18 the Edward R. Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

19      **PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion

20 and Motion, the Memorandum of Points and Authorities and Declaration of James K. T. Hunter

21 annexed hereto, the record in this chapter 11 case ("Case"), as well as any other documentary

22 evidence as may be presented to this Court, Bankruptcy Rule 9019(a) and Local Bankruptcy Rule

23 9013-1.

24      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f),

25 if you wish to oppose the Motion, you must file a written response with the Court and serve a copy

26 of it upon the undersigned counsel no later than fourteen (14) days prior to the hearing regarding the

27 Motion.  The failure to properly file and serve an opposition may be deemed consent to the relief

28 requested in the Motion or a waiver of any right to oppose the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

1

2    DATED: February 7, 2020            PACHULSKI STANG ZIEHL & JONES LLP

3

4                                By:  */s/ James K.T. Hunter*
                                      James K.T. Hunter
5
                                     Attorneys for Richard M. Pachulski,
6                                    Chapter 11 Trustee

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

3

DOCS_LA:327267.1 51414/001

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION AND BACKGROUND FACTS

In April of 2016, a personal injury action filed by Jeffrey Young ("Young") settled for $850,000. The bulk of the settlement proceeds ($700,000, the "Young Settlement Funds") was deposited into the client trust account of Layfield & Barrett, APC ("L&B" or "Debtor") for distribution, among others, to Young and Young's counsel, including Conal Doyle ("Doyle") and the Wilshire Law Firm ("WLF"). L&B failed to make the required distributions, and litigation between Young, Doyle, WLF and L&B (the ("Young/L&B Litigation") ensued.

On April 21, 2017, the parties to the Young/L&B Litigation entered into a settlement agreement (the "Young/L&B Settlement Agreement"). This was prior to the commencement of Debtor's preference period, which commenced on May 5, 2017. The Young/L&B Settlement Agreement provides, in relevant parts:

1. the "Layfield & Barret Parties", defined in opening paragraph to include Debtor, would pay (a) $58,759.27 to Doyle, (b) $179,098.20 to WLF and (c) $250,000 to Young (by a check made payable to the client trust account of Defendant Neifert Korshid ["NK"]) (id., paragraph 4,a, i through iii) (collectively, the "Doyle/WLF/Young Payments"); and

2. L&B represented that (a) it was entitled to receive a referral fee in another case (the "Dominguez Case") that had recently settled and (b) it would execute an irrevocable authorization and direction to pay directly (the "Irrevocable Authorization/Direction") to the Dominguez Case's counsel of record (the Homampour Law Firm ["Homampour"]) to pay the Doyle/WLF/Young Payments directly to Doyle, WLF and Young upon its receipt of the Dominguez Case settlement funds (id., paragraph 4, g).

Also on April 21, 2017, which as noted above was prior to the commencement of Debtor's preference period, Doyle provided Homampour with fully-executed Young/L&B Settlement Agreement and the Irrevocable Authorization/Direction.

The Dominguez Case settlement funds were awarded by the District Court on June 15, 2017, during the preference period. Homampour made the Doyle/WLF/Young Payments to Doyle, WLF

4

1    and Young between June 16, 2017 and June 20, 2017. Out of the $250,000 sent to Young via NK,

2    the amount $15,028.45 was transferred on June 20, 2017 to the NK operating account in satisfaction

3    of amounts owed by Young to NK.

4    　　　　On July 23, 2018, Trustee filed a complaint in this Bankruptcy Case in Adversary No. 2:18-

5    ap-01233-NB (the "Young Adversary") for the avoidance and recovery of preferential transfers

6    seeking the avoidance and recovery of the Doyle/WLF/Young Payments made by Homampour to

7    Young, Doyle and WLF from Young, Doyle, WLF and NK (as the immediate or mediate transferee

8    of the transfer of $250,000 to Young). With regard to the transfer of $250,000 to Young via the NK

9    client trust account, the Trustee dismissed his claim against Young upon Young's demonstration of

10    his effective insolvency. Thus, Trustee currently is pursuing only the avoidance and recovery of (a)

11    $58,759.27 from Doyle, (b) $179,098.20 from WLF and (c) $15,028.45 from NK -- for a total

12    amount of $252,885.92.

**II.**

**JURISDICTION, VENUE AND CASE BACKGROUND**

15    **A.    Jurisdiction and Venue**

16    　　　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a

17    core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408

18    and 1409. The statutory and rule predicates for the relief sought herein are sections 105(a) and

19    363(b)(1) of the Bankruptcy Code and Rules 2002(a)(3) and 9019(a) of the Federal Rules of

20    Bankruptcy Procedure (the "Bankruptcy Rules").

21    **B.    The Commencement of the Case and Appointment of the Chapter 11 Trustee**

22    　　　　On August 3, 2017, petitioning creditors, TDF, a law firm that previously has referred

23    matters to the Debtor, and Mario Lara, Nayazi Reyes and Maria A. Rios, each a client of the Debtor

24    (the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the

25    Bankruptcy Code against the Debtor. That same day, the Petitioning Creditors filed an *Emergency*

26    *Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency*

27    *Relief* [Docket No. 3] (the "Trustee Motion").

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:327267.1 51414/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    In the Trustee Motion, the Petitioning Creditors asserted, among other allegations, that

2    "[s]ettlement proceeds have not been distributed and may no longer exist, vendors and other

3    creditors have not been paid and clients are effectively unrepresented in some 80 pending cases,"

4    and that, consequently, the appointment of a trustee is "essential to protect and preserve property of

5    the ... estate and to prevent concealment, waste, loss or conversion of the assets of the estate ...."

6    Trustee Motion at 1.

7    In response to the Trustee Motion, the Debtor filed a *Motion to Convert Case Under 11

8    U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [Docket No. 19] (the "Conversion Motion"), seeking

9    to convert the Case to one under chapter 11 of the Bankruptcy Code.  On August 11, 2017, the Court

10   entered orders granting the Conversion Motion [Docket No. 25], and denying the Trustee Motion

11   [Docket No. 24].  The Order for Relief in the Case also was entered effective August 11, 2017

12   [Docket No. 99].

13   On August 16, 2017, the Debtor, Petitioning Creditors, and putative secured creditor,

14   Advocate Capital, Inc. ("Advocate Capital"), entered into a *Stipulation for the Appointment of a

15   Chapter 11 Trustee* [Docket No. 38], which the Court approved by order on August 17, 2017

16   [Docket No. 42].

17   On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of

18   Chapter 11 Trustee*, appointing Richard M. Pachulski as Chapter 11 Trustee in the Case [Docket No.

19   51].  Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of

20   Chapter 11 Trustee* [Docket No. 53], which application was granted by the Court's order entered the

21   following day [Docket No. 56].

22   On August 28, 2017, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee*

23   [Docket No. 63].

### III.

### THE SETTLEMENT AGREEMENT

26   At the time the Trustee initially filed the Young Adversary, the information provided to the

27   Trustee indicated that Doyle had not provided Homampour with fully-executed Young/L&B

28   Settlement Agreement and the Irrevocable Authorization/Direction until June 15, 2017, within the

6

preference period.  Thus, the Trustee believed that, pursuant to California Uniform Commercial Code sections 9318(b) and 9406(a), Debtor retained its rights in the Doyle/WLF/Young Payments until June 15, 2017 and assessed the estate's likelihood of success in pursuing the avoidance and recovery of those payments as high.

During a mediation of the Young Adversary held on December 16, 2019, the Trustee learned that in fact Doyle had provided Homampour with fully-executed Young/L&B Settlement Agreement and the Irrevocable Authorization/Direction on April 21, 2017, outside the preference period.  When the Trustee reassessed the estate's likelihood of success in pursuing the Doyle/WLF/Young Payments in light of the new information, the Trustee concluded that the likelihood of success had greatly diminished and no longer justified continuing the pursuit of the Young Adversary in the face of the offer of Doyle and WLF to pay the Trustee the sums of $5,875.02 and $17,909.82, respectively (the "Settlement Payments").

Accordingly, the Trustee and the Remaining Defendants entered into the Settlement Agreement and Mutual Release (the "Settlement Agreement"), a true and correct copy of which is attached as Exhhibit 1 to the attached Declaration of James K. T. Hunter.

## IV.

## ARGUMENT

### A.    The Standard of Review

Bankruptcy Rule 9019(a) sets forth the requirements for the settlement or compromise of controversies after notice to all creditors and a hearing upon each such proposed compromise. Bankruptcy courts favor compromise. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) (stating that "compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise … rests in the sound discretion of the bankruptcy judge.").  In reviewing a settlement, bankruptcy courts must determine whether the settlement is "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Protective Committee v. Anderson*, 390 U.S. 414, 424 (1968).  When deciding whether to approve a settlement, the

7

DOCS_LA:327267.1 51414/001

bankruptcy court must determine if the settlement is reasonable under the circumstances of the case, fair and equitable, and in the best interest of the estate. *See Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986).

The United States Court of Appeals for the Ninth Circuit has indicated that in determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, a court should consider the following factors:  (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors and the proper deference to their reasonable views in the premises (collectively, the "Woodson Factors"). *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988) (quoting *A & C Props.*, 784 F.2d at 1380).  It is not necessary that all of the conclusions reached in the consideration of each of the Woodson Factors support the settlement, but taken as a whole, those conclusions must favor the approval of the settlement. *See In re Pacific Gas & Elec. Co*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). "Ultimately, the court must determine whether the individual settlement sought to be approved under Bankruptcy Rule 9019(a) falls within the lowest range of reasonableness." *In re TCI2 Holdings, LLC*, 428 B.R. 117, 136 (Bankr. D.N.J. 2010).

**B.    The Settlement Agreement Satisfies the Rule 9019(a) Standard**

As discussed below, consideration of the Woodson Factors supports Court approval of the proposed Settlement Agreement.

**1.    Probability of Success**

If, instead of entering into the Settlement Agreement, the Trustee were to seek to enforce an entitlement to an amount in excess of that provided for therein, the likelihood of success would, in the Trustee's counsel's opinion, be low.  The Court might very well determine that, in light of the fact Doyle had provided Homampour with fully-executed Young/L&B Settlement Agreement and the Irrevocable Authorization/Direction on April 21, 2017, outside the preference period, the Trustee is not entitled to any recovery from all or any of the Remaining Defendants.

**2.    Difficulties With Collection**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

8

This factor is not relevant to the Trustee's determination to enter into the Settlement. The requisite funds are available to satisfy Trustee's claims against the Remaining Defendants in full.

### 3.    The Complexity of the Litigation

In the absence of the Settlement, the Trustee would need to establish the bankruptcy estate's right to recovery. While the required proof would not be particularly fact-intensive, the preparation for trial would be substantial for the estate given the amounts at issue and the low probability of success.

### 4.    Interests of Creditors

It is overwhelmingly in the best interests of creditors for the Trustee to enter into the Settlement Agreement to avoid the administrative expense of having to continue to prosecute the Young Adversary against the Remaining Defendants given the low likelihood that that pursuit would end up resulting in a net recovery by the estate in excess of that provided for by the Settlement Agreement.

## C.    Adequate Notice of the Motion Has Been Given

Notice of this Motion and the hearing thereon has been given to (1) AG; (2) the Debtor; (3) all parties who have filed Proofs of Claim or Interest in the Case; (4) all parties receiving notice through the Court's CM/ECF electronic notification system; (5) Wellgen Standard, LLC; (6) the Office of the United States Trustee; and (7) all parties who have requested special notice of matters arising in the Case. Accordingly, adequate notice of the Motion has been given.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:327267.1 51414/001

V.

**CONCLUSION**

  **WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a) approving the Settlement Agreement; (b) authorizing the Parties to enter into and take any and all actions reasonably necessary to effectuate the Settlement Agreement; and (c) granting the Trustee such other and further relief as the Court deems just and proper.

Dated: February 7, 2020      PACHULSKI STANG ZIEHL & JONES LLP


           By: */s/ James K.T. Hunter*
                James K.T. Hunter

           Attorneys for Richard M. Pachulski,
           Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:327267.1 51414/001

### DECLARATION OF JAMES K. T. HUNTER

I, James K. T. Hunter, declare as follows:

1.      I am the attorney at Pachulski, Stang, Ziehl & Jones LLP, counsel of record for Richard M. Pachulski, the duly appointed Chapter 11 Trustee in the bankruptcy case of Layfield & Barrett, APC, who has had primary responsibility for handling the Young Adversary and determining, with the Trustee's ultimate approval, how to assess the likelihood of the estate prevailing in the Young Adversary on the estate's claims against the Remaining Defendants.

2.      I make this declaration in support of the *Motion for Order Approving Settlement With Conal Doyle, Wilshire Law Firm, PLC, Babak Bobby Saadian and Neifert Khorshid, a Professional Law Corporation* (the "<u>Motion</u>") to which this Declaration is annexed.  All matters set forth in this Declaration are based on my personal knowledge and my review of relevant documents, including, without limitation, information supplied to me by the Debtor and by others.  If called upon to testify, I could and would testify competently to the facts set forth herein.  Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

3.      Through the Settlement Agreement, a true and correct copy of which is attached as Exhibit 1 hereto, the Parties want to resolve their disputes regarding the claims asserted by the Trustee in the Young Adversary against the Remaining Defendants.

4.      If, instead of entering into the Settlement Agreement, the Trustee were to seek to enforce an entitlement to an amount in excess of that provided for therein, the likelihood of success would, in my opinion, be low.  The Court might very well determine that, in light of the fact Doyle had provided Homampour with fully-executed Young/L&B Settlement Agreement and the Irrevocable Authorization/Direction on April 21, 2017, outside the preference period, the Trustee is not entitled to any recovery from all or any of the Remaining Defendants.

5.      Considerations involving the difficulties of collection are not relevant to the determination to enter into the Settlement since the requisite funds are available to satisfy Trustee's claim for attorneys' fees in full.

6.      In the absence of the Settlement, the Trustee would need to establish the bankruptcy estate's right to recovery. While the required proof would not be particularly fact-intensive, the

DOCS_LA:327267.1 51414/001

preparation for trial would be substantial for the estate given the amounts at issue and the low probability of success.

7.    It is overwhelmingly in the best interests of creditors for the Trustee to enter into the Settlement Agreement to avoid the administrative expense of having to continue to prosecute the Young Adversary against the Remaining Defendants given the low likelihood that that pursuit would end up resulting in a net recovery by the estate in excess of that provided for by the Settlement Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed February 7, 2020 at Los Angeles, California.

James K. T. Hunter

DOCS_LA:327267.1 51414/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Settlement Agreement") is entered by and between Richard M. Pachulski, solely in his capacity as the Chapter 11 trustee (the "Trustee") for the bankruptcy estate of Layfield & Barrett, APC (the "Debtor") in Case No. 2:17-bk-19548-NB ("Debtor's Bankruptcy Case"), on the one side, and Conal Doyle ("Doyle"), Wilshire Law Firm, PLC ("WLF"), Babak Bobby Saadian "("Saadian") and Neifert Khorshid, a professional law corporation ("NK" and, collectively with Doyle, WLF and Saadian, "Remaining Defendants"), on the other side. Together, the Trustee and Remaining Defendants are referred to in this Settlement Agreement as "Parties."

In consideration of the promises and exchange of covenants and mutual obligations recited herein, and other good and valuable consideration provided, the receipt and sufficiency of which are hereby expressly acknowledged, the Parties agree as follows:

## AGREEMENT

1.    **Settlement Terms**. Conditioned and effective upon the finality of the entry of an order of the Bankruptcy Court for Debtor's Bankruptcy Case approving a 9019 motion approving the terms of the Settlement Agreement (A) Doyle within five business days shall pay the Trustee the sum of $5,875.02 (the "Doyle Settlement Payment"), (B) WLF within five business days shall pay the Trustee the sum of $17,909.82 (the "WLF Settlement Payment" and, together with the Doyle Settlement Payment, the "Settlement Payments"), and (C) within five business days, Trustee shall file a Stipulation for the Dismissal of the adversary proceeding filed by the Trustee in Debtor's Bankruptcy Case against the Remaining Defendants, Adversary Case No. 2:18-ap-01233-NB (the "Young Adversary Proceeding"), in its entirety with prejudice.

2.    **No Admission of Liability**.  This Settlement Agreement represents the compromise of disputed claims and shall not in any way be considered an admission of liability by any person, firm, corporation, governmental unit, or other entity herein named or described.

3.    **Mutual Releases of All Claims**. The Trustee, on behalf of the Debtor and the Debtor's estate, releases and discharges Remaining Defendants and their  employees, agents, representatives, heirs, beneficiaries, and attorneys, and each of them, and all persons acting by, through, under, or in concert with, such persons, from any and all actual or potential claims, obligations, debts and causes of action of any kind or nature whatsoever, whether known or unknown, anticipated, suspected, fixed, conditional, or contingent based on, arising out of, in connection with, or relating in any way to any of the claims asserted in the Young Adversary Proceeding with the exception of the obligations arising under, this Settlement Agreement.

Remaining Defendants, and each of them, release and discharge the Trustee, Debtor and Debtor's estate from any and all actual or potential claims,

obligations, debts and causes of action of any kind or nature whatsoever, whether known or unknown, anticipated, suspected, fixed, conditional, or contingent based on, arising out of, in connection with, or relating in any way to any of the claims asserted in the Young Adversary Proceeding with the exception of the obligations arising under, this Settlement Agreement.

4.     **Waiver of Civil Code Section 1542**. All parties to this Settlement Agreement acknowledge that they have been advised to seek legal counsel or been given the opportunity to obtain legal counsel or have been represented by legal counsel and are familiar with the provisions of California Civil Code §1542, which provides as follows:

> "A general release does not extend to claims
> which the creditor does not know or suspect
> to exist in his or her favor at the time of
> executing this release, which if known by
> him or her must have materially affected his
> or her settlement with the debtor."

Being aware of this code section, the Trustee and Remaining Defendants expressly waive and relinquish all rights and benefits which they may have thereunder as well as under any other statute or common law principle of similar effect.

Each party understands that the facts in respect of which the releases made in this Settlement Agreement are given may hereafter turn out to be other than or different from the facts now believed by each party to be true; and each party hereto accepts and assumes the risk of the facts turning out to be different and agrees that this Settlement Agreement shall be and remain in all respects effective and not subject to termination or rescission by virtue of any such difference in facts.

Each of the parties acknowledges and agrees that nothing contained herein shall release or discharge any of them from the rights, duties and obligations assumed under this Settlement Agreement.

5.     **Authority of the Parties**. As set forth herein, and expressly subject to the approval of the Bankruptcy Court, each Party represents and warrants that they have full authority to enter into and perform this Settlement Agreement, that the execution and performance of this Settlement Agreement has been duly authorized by all requisite corporate action and/or actions, and that the Settlement Agreement shall be binding on the Parties.

6.     **Representation By Counsel**. Each of the Parties hereto acknowledges that he or she has been represented by, or has had the opportunity to be represented by, independent counsel of his or her own choosing throughout all negotiations that preceded the execution of this Settlement Agreement.

Page 2

7.  **Successors and Assigns**. This Settlement Agreement and all covenants and commitments set forth herein, shall be binding upon the Parties hereto and their legal successors, heirs, executors, administrators, assigns, partners and representatives, and shall inure to the benefit of the Parties hereto and their legal successors, heirs, assigns, attorneys, accountants, executors, administrators and representatives.

8.  **Governing Law**. This Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of California without regard to the conflict of law rules thereof.

9.  **Costs and Fees**.  Each Party shall bear his or her own attorney's fees and costs in connection with this Settlement Agreement.

10.  **Cooperation**.  The Parties hereto mutually covenant and agree to execute any additional documents to effect the intent and purposes of this Settlement Agreement.

11.  **Litigation**.  In the event that any action is required to enforce, defend or construe any provision of this Settlement Agreement, or if any action is brought on any claim released hereby, the prevailing party shall be entitled to recover all of his or its costs and expenses, including reasonable attorneys' fees, incurred in connection with such action(s).  Whether a party is a prevailing party for purposes of this provision shall be determined by the court before which such action is brought.

12.  **Headings**. The captions and headings used in this Settlement Agreement are inserted for convenience and reference only and shall not be used in construing the provisions hereof.

13.  **Entire Agreement**.  Each Party represents and acknowledges that in executing this Settlement Agreement, he does not rely and has not relied on any representation or statement made by the other Party or by the other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Settlement Agreement, except for representations set forth expressly in this Settlement Agreement.  This Settlement Agreement contains the entire understanding and complete agreement of the Parties with respect to the subject matter of this Settlement Agreement. No amendment or modification of this Settlement Agreement shall be valid or binding upon the Parties hereto unless made in writing and executed by the Parties.

14.  **Construction of Agreement**. This Settlement Agreement is the product of mutual negotiation, contribution, and drafting of the Parties and their respective attorneys, and the fact that one Party or the other, or his or her attorneys, drafted any particular provision or language shall not affect the interpretation thereof.

15.  **Terms**.  The terms of this Settlement Agreement are contractual, not mere recitals; this Settlement Agreement is the negotiation between and among the Parties,

each of whom had participated in the drafting hereof through such Party's respective counsel.

16.   **Execution**. This Settlement Agreement has been carefully read, the contents thereof are known and understood, and it is signed freely by each Party executing this Settlement Agreement.

17.   **Counterparts.** This Settlement Agreement may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one and the same instrument. The Parties' signatures may be exchanged or transmitted by facsimile or email, each of which shall be deemed an original.

**IN WITNESS WHEREOF**, this Settlement Agreement is hereby executed as of the date first written below by each party.

Date: January 27, 2020

> **CONAL DOYLE**
>
> _____
> Conal Doyle

Date: January 28, 2020

> **WILSHIRE LAW FIRM, PLC**
>
> By:_____
> Babak Bobby Saadian

Date: January 28, 2020

> **BABAK BOBBY SAADIAN**
>
> _____
> Babak Bobby Saadian

DOCS_LA:326700.1 51414/001

Date:  January__, 2020                          NEIBERT KHORSHID

                                          By:_____
                                                Anoiel Khorshid

Date:  January__, 2020                          **CHAPTER 11 TRUSTEE**

                                          By:_____
                                                Richard M. Pachulski, Chapter
                                                11 Trustee of the Bankruptcy
                                                Estate of Layfield & Barrett,
                                                APC

Date: January__, 2020                         **NEIFERT KORSHID**

                                      By:_____
                                              Anoiel Khorshid

Date: January __, 2020                        **CHAPTER 11 TRUSTEE**

                                      By:_____
                                              Richard M. Pachulski, Chapter
                                              11 Trustee of the Bankruptcy
                                              Estate of Layfield & Barrett,
                                              APC

DOCS_LA:326700.1 51414/001

Approved as to Form and Content:

PACHULSKI STANG ZIEHL & JONES LLP

James K.T. Hunter, Esq.
Counsel to Richard M. Pachulski,
Chapter 11 Trustee

Approved as to Form and Content:

RESNIK HAYES MORADI LLP

M. Jonathan Hayes, Esq.
Counsel to Conal Doyle, Wilshire Law Firm, PLC, Babak Bobby Saadian, Neifert
Khorshid, a professional law corporation

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**


A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT WITH CONAL DOYLE, WILSHIRE LAW FIRM, PLC, BABAK BOBBY SAADIAN AND NEIFERT KHORSHID, A PROFESSIONAL LAW CORPORATION; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JAMES K. T. HUNTER IN SUPPORT THEREOF** in support thereof will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 7, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page


**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) **February 7, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⊠ Service information continued on attached page


**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 7, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA HAND DELIVERY**
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1552 / Courtroom 1545
Los Angeles, CA 90012

⊠ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 7, 2020 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 2:17-bk-19548-NB**

- Wesley H Avery     wes@averytrustee.com, lucy@averytrustee.com;Isabel@averytrustee.com
- Jason Balitzer     jbalitzer@sulmeyerlaw.com,
  jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
- Moises S Bardavid     mbardavid@hotmail.com
- Daniel I Barness     daniel@barnesslaw.com
- James W Bates     jbates@jbateslaw.com
- Darwin Bingham     cat@scalleyreading.net
- Paul M Brent     snb300@aol.com
- Martin J Brill     mjb@lnbrb.com
- William S Brody     wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com
- Glenn R Bronson     GRBronson@traskbritt.com, CVDubois@traskbritt.com
- Baruch C Cohen     bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Jennifer Witherell Crastz     jcrastz@hrhlaw.com
- Beth Gaschen     bgaschen@wgllp.com,
  kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
- Jeffrey I Golden     jgolden@wgllp.com,
  kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
- Sevan Gorginian     sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com
- Stella A Havkin     stella@havkinandshrago.com,
  havkinlaw@earthlink.net;r49306@notify.bestcase.com
- M. Jonathan Hayes     jhayes@rhmfirm.com,
  roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfir
  m.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rh
  mfirm.com
- Kimberly D Howatt     khowatt@gordonrees.com, sdurazo@grsm.com
- James KT Hunter     jhunter@pszjlaw.com
- Steven J Kahn     skahn@pszyjw.com
- Joseph M Kar     jkar@mindspring.com
- Michael S Kogan     mkogan@koganlawfirm.com
- Richard W Labowe     richardwlabowe@gmail.com, llhlaw1631@aol.com
- Dare Law     dare.law@usdoj.gov
- David W. Meadows     david@davidwmeadowslaw.com
- Jessica Mickelsen Simon     simonjm@ballardspahr.com, carolod@ballardspahr.com
- Dennette A Mulvaney     dmulvaney@leechtishman.com, lmoya@leechtishman.com
- Rana Nader     rnader@naderlawgroup.com, monique@naderlawgroup.com
- Joel A Osman     osman@parkermillsllp.com, gonzalez@parkermillsllp.com
- Malhar S Pagay     mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Brian A Paino     bpaino@mcglinchey.com, crico@mcglinchey.com;khan@mcglinchey.com
- Michael F Perlis     mperlis@lockelord.com,
  merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.
  com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:327481.1 51414/001

**F 9013-3.1.PROOF.SERVICE**

- Michael F Perlis    ,
  merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com;cwilliams@raineslaw.com
- Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com
- Damion Robinson    dr@agzlaw.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Daniel A Solitro    dsolitro@lockelord.com, ataylor2@lockelord.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Gary R Wallace    garyrwallace@ymail.com
- Alan J Watson    alan.watson@hklaw.com, rosanna.perez@hklaw.com

**2. <u>SERVED BY UNITED STATES MAIL</u>**:

M. Jonathan Hayes
Resnik Hayes Moradi LLP
17609 Ventura Blvd., Suite 314
Encino, CA  91316

Philip J. Layfield
102 Moore's Cro # 7
Millsboro, DE  19966

Philip J. Layfield
c/o Anthony M. Solis APLC
23679 Calabasas Road, Suite 412
Calabasas, CA  91302-1502

Lance S Strumpf
Law Office of Lance S. Strumpf
5136 Woodley Ave.
Encino, CA 91436

Diane B Sherman
Law Offices of Diane B Sherman
1801 Century Park East Ste 1200
Los Angeles, CA 90067

Layfield & Barrett, APC/ fka Layfield & Wallace, APC
fka The Layfield Law Firm, APC
Attn:  Philip Layfield, Officer of Record / Register No. 71408-050
MDC Los Angeles/Metropolitan Detention Ctr
P.O. Box 1500
Los Angeles, CA  90053

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Roger G Jones
1600 Division St Ste 700
Nashville, TN 37203

Patricia Salcedo
The Dominguez Firm
3250 Wilshire Blvd #2200
Los Angeles, CA 90010

Layfield & Barrett, APC
Attn:  Philip Layfield, Officer of Record
2720 Homestead Rd Ste 210
Park City, UT 84098

|  | **Debtor** | **Debtor** |
|---|---|---|
|  | **Layfield & Barrett, APC** | **Layfield & Barrett, APC** |
|  | Attn:  Philip Layfield, Officer of Record | Attn:  Any Officer Other Than |
|  | 2720 Homestead Rd Ste 200 | Philip Layfield |
|  | Park City, UT 84098 | 2720 Homestead Rd Ste 210 |
|  |  | Park City, UT 84098 |

**Debtor**
**Layfield & Barrett, APC**
Attn:  Any Officer Other Than
Philip Layfield
2720 Homestead Rd Ste 200
Park City, UT 84098
Philip James Layfield
Los Angeles MDC
Serial No. 71408-050
535 N. Alameda St.
Los Angeles, CA  90012

<u>Individual Insured</u>
Philip J. Layfield
31381 Trigo Trl
Trabuco Canyon, CA 92679-3610

<u>Counsel to Petitioning Creditor,
Alliance Legal Solutions</u>
<u>Case No. 2:18-bk-15829-NB</u>
Megan Hanley Baer
501 S. Sharon Amity Rd.
Charlotte, NC 28211

<u>Individual Insured</u>
Philip J. Layfield
382 NE 191st St., #42308
Miami, FL 33179-3899

Philip J. Layfield
1875 K Street NW
Washington, DC 20006

Philip J. Layfield
c/o Zenith Legal Services, LLC
1875 Connecticut Ave. NW, 10th Floor
Washington, DC 20009

Philip J. Layfield
c/o Maximum Legal Holdings, LLC
8 The Green, Suite 6426
Dover, DE 19901

Zelandia Fero
P.O. Box 2483
Pasadena, CA  91102

Philip J. Layfield
c/o Law Office of Steven Brody
350 S. Figueroa Street, Suite 975
Los Angeles, California 90071

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:327481.1 51414/001

**F 9013-3.1.PROOF.SERVICE**

**Secured Creditors**
**[2:17-bk-19548-NB]:**

Los Angeles County Treasurer and
Tax Collector
PO Box 54110
Los Angeles CA 90054-0110

Wells Fargo Bank, National
Association
c/o Jennifer Witherell Crastz
Hemar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436

Toll Creek Owners Association Inc
c/o Jacob Watterson
130 South Main Ste 200
PO Box 525
Logan UT 84323

Graham Chiropractic
Dr Chester Graham
3900 Pelandale #125
Modesto CA 95356

Cynthia L Chabay, M.D.
11645 Wilshire Blvd Ste 1100
Los Angeles CA 90025

Benjamin E. Hernandez
65 Washington St #184
Santa Clara, CA 95050

Interventional Spine $ Pain
Management
274 N Main St
Logan UT 84321

Tahee A Rasheed
1419 Striped Bass St #F
San Francisco CA 94130

Toll Creek LC
Debbie Sanich
13979 Sage Hollow Dr
Draper UT 84020

Summit County Treasurer
PO Box 128
Coalville UT 84017

US Claims Opco LLC
6125 S. Congress Avenue, Suite 200
Delray Beach, FL 33445

Wellgen Standard, LLC, Successor-in-
Interest to Ad
50 Ridgewood Road
Chagrin Falls, OH 44022

Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067

Alliance Legal Solutions ,LLC
c/o Cheryl Kaufman
501 South Sharon Amity Road Ste 350
Charlotte NC 28211

**Individual Insured**
Todd Douglas Wakefield
871 W Abigail Dr
Kamas, UT 8403 6

**Individual Insured**
Terry R Bailey
4821 Caminito Mirador
Camarillo, CA 93012

**Individual Insured**
Terry Bailey
Abir Cohen Treyzon Salo, LLP
1901 Avenue of the Stars, Suite 935
Los Angeles, CA 90067

**Individual Insured**
Joseph Barrett
Affeld & Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, CA 90067-3126

**Individual Insured**
Joseph Barrett
415 S. Prospect Ave., Apt. 202
Redondo Beach, CA 90277-3944

**Individual Insured**
Joseph Barrett
845 Avenue B
Redondo Beach, CA 90277

**Individual Insured**
Counsel to Joseph Barrett
David W. Affeld, Esq.
Affeld & Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, CA 90067-3126

**Individual Insured**
Philip Layfield
c/o Atlas Legal Services
c/o Maximum Legal Services (Costa
Rica) S.R.L.
382 NE 191st Street
#42308
Miami, FL 33179

**Individual Insured**
Counsel to Philip Layfield
Tina M. Talarchyk, Esq.
The Talarchyk Firm
The Worth Avenue Building
205 Worth Avenue, Suite 320
Palm Beach, FL 33480

**Individual Insured**
Todd D. Wakefield
Barrett Law
825 Avenue B
Redondo Beach, CA 90277

**Individual Insured**
Todd D. Wakefield
Wakefield Law Office
P.O. Box 983056
Park City, UT 84098

**Individual Insured**
Todd D. Wakefield
2730 Rasmussen Rd., Suite 206
Park City, UT 84098

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:327481.1 51414/001

**F 9013-3.1.PROOF.SERVICE**

**Individual Insured**
Todd D. Wakefield
2585 Lower Lando Ln
Park City, UT  84098

In re Layfield & Barrett, APC
Case No. 2:17-bk-19548-NB

Creditors who Filed Proofs of
Claim as of 12/20/17

6 Harbor Park Drive
C/O Jeff Schwartz, COO
6 Harbor Park Dr
Port Washington, NY 11050

Access Multilingual Services Inc
11041 Santa Monica Blvd #813
Los Angeles CA 90025

Ada Zelaya
3875 E Ashlan Ave
Fresno CA 93726-3623

Ann Brabant
503 Olympic Blvd
Santa Monica CA 90401

Antonia Torres
10023 Mallow Dr
Moreno Valley CA 92557

Atkinson-Baker, Inc.
500 N. Brand Blvd., Third Floor
Glendale, California 91203

Benjamin E. Hernandez
65 Washington St #184
Santa Clara, CA 95050

Brandi Posey
2800 W 141 Pl #5
Gardena CA 90249

C&C Factoring Solutions
6060 W Manchester Avenue Suite
207
Los Angeles, CA 90045

Carolyn Hacobian
Asbet A Issakhanian Esq
440 Western Ave Suite 205
Glendale CA 91201

Cathleen Couchois
3309 Virginia Ave
Santa Monica CA 90404

Chiropractic Fitness PLLC
8316 Pheville-Matthews Rd Ste #806
Charlotte NC 28226

Claudia Eskenazi
Ronald B Cohen
4109 Aleman Dr
Tarzana CA 91356

Cosmeticare
1101 Bayside Dr #101
Corona Del Mar CA 92625

County of Orange
P.O. Box 4515
Santa Ana, CA 92702-4515
Attn: Bankruptcy Unit

Cynthia L Chabay, M.D.
11645 Wilshire Blvd Ste 1100
Los Angeles CA 90025

David Iwamoto
21022 Anza Ave Apt 211
Torrance CA 90503

David W Martin
POB 3283
Rancho Cucamonga, CA 91729

Department of the Treasury
Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

F. David Rudnick, M.D. A Medical
Corp
501 Santa Monica Bl #509
Santa Monica, CA 90401

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Frank Panoussi, D.C.
38344 30th St East
Palmdale, CA 93550

Gary Tachobanian
2950 Los Feliz Blvd #201
Los Angeles CA 90039

Gene Charles Roland M.D.
3200 Fourth Ave #100
San Diego CA 92103

George Georgiou
579 Bridgeway
Sausalito CA 94965

Gilbert Tanap
c/o Michael D. Waks
300 E. San Antonio Dr.
Long Beach, CA 90807

Graham Chiropractic
Dr Chester Graham
3900 Pelandale #125
Modesto CA 95356

Hamden Injury Rehab Center
1700 Dixwell Ave
Hamden CT 06514

Irma D Charles
2538 1/2 E 126th St
Compton CA 90222

Issac Rylie Casas
Patricia Casas for Issac Rylie Casas
847 Citron Lane
Santa Paula CA 93060

John Finton
LAW OFFICES OF MOSES S.
BARDAVID
16177 Ventura Boulevard, #700
Encino, CA 91436

Kaila Gibson
360 E. 1st Street #281
Tustin, CA 92780

Kamryn Whitney Court Reporting
2151 Michelson Dr #282
Irvine CA 92612

Karoline St. George
MKP Law Group
468 N. Camden Dr., Ste. 200
Beverly Hills, CA 90210

Kathy Townsend Court Reporters
110 12th Street NW
Albuquerque NM 87102

Layton Chiropractic Clinic
1025 N Main Street
Layton UT 84041

Los Angeles County Treasurer and
Tax Collector
PO Box 54110
Los Angeles CA 90054-0110

Maria A Rios
520 W Cressey St
Compton, CA 90222

Mario Lara
5407 Sierra Vista #301
Los Angeles, CA 90038

Maurizio Bertoldi
2014 W. West Wind
Santa Ana, CA 92704

Method Technologies, Inc.
10805 Holder Street, Suite 100
Cypress, CA 90630

Michael D. Waks
300 E. San Antonio Dr.
Long Beach, CA 90807

Michael Haiby
19425 Soledad Cyn Rd Ste 252
Santa Clarita CA 91351

Mitchell Tyler Middleton
4628 Pepperwood Ave
Long Beach CA 90808

MKP Law Group
468 N. Camden Drive, Ste. 200
Beverly Hills, CA 90210

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:327481.1 51414/001

**F 9013-3.1.PROOF.SERVICE**

Moses Bardavid
16133 Ventura Blvd. #700
Encino, CA 91436

Nakita Ray Smith
306 Carolina Ave
Tarboro NC 27886

National Record Retrieval , LLC
c/o Rubin & Levin P.C
135 N Pennsylvania ST Ste 1400
Indianapolis IN 46204

Nationwide Legal, LLC
c/o Allen Hyman, Esq.
10737 Riverside Drive
North Hollywood, CA 91602

Nayazi Reyes
1549 W San Bernadino Rd
Apt S
West Covina, CA 91790

NDS
PO Box 61002
Anaheim, CA 92803

Nga Phung, entity
Huong Phung
412 N Valley St #3
Anaheim CA 92801

Orbie Troy Davis
321 N Mall Dr Ste H-102
St George UT 84790

Patricia Casas
847 Citron Lane
Santa Paula CA 93060

Personal Court Reporters
14520 Sylvan St
Van Nuys CA 91411

Phillip E. Scott
32302 Alipaz #245
S.J.C., CA 92675

Price Chiropractic Inc
471 Ainsley Ave
Yuba City CA 95991

Rachel Martinez
5339 Mitchell Ave
Riverside CA 92505

Raines Feldman LLP
Attn: Hamid R. Rafatjoo
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

Ramiro Hurtado
2440 N Ditman Ave
Los Angeles CA 90032

Roberta Jacobs
1041 N La Jolla Ave
West Hollywood CA 90046

Solemon Hakimi, MD
1140 S. Robertson Blvd #3
Los Angeles, CA 90035

Sprint Corp Correspondence
Attn Bankruptcy Dept
PO Box 7949
Overland Park KS 66207-0949

Stephen H Barkow MD Inc
26902 Oso Parkway #120
Mission Viejo CA 92691

Steuber Corporation
20425 S Susana Rd
Long Beach CA 90810

Susana Lopez
1273 N Quincy Ave
Ogden Utah 84404

The Dominguez Firm
3250 Wilshire Blvd #2200
Los Angeles, CA 90010

The Sullivan Group of Court
Reporters
4802 E 2nd St Ste 3
Long Beach CA 90803

Thomson Reuters
Thomson Reuters-Legal
610 Opperman Drive
Eagan MN 55123

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

DOCS_LA:327481.1 51414/001

F 9013-3.1.PROOF.SERVICE

| | | |
|---|---|---|
| Toll Creek Owners Association Inc<br>c/o Jacob Watterson<br>130 South Main Ste 200<br>PO Box 525<br>Logan UT 84323 | Topmark Floor & Design<br>1490 Munchkin Rd #105B<br>Park City UT 84060 | Transportation Corridor Agencies<br>125 Pacifica Ste 100<br>Irvine CA 92618 |
| Universal Imaging Center<br>616 E Alvarado St Ste E<br>Fallbrook CA 92028 | USA Express Legal & Investigative<br>Services Inc<br>USA Express<br>21031 Ventura Blvd Ste 920<br>Woodland Hills CA 91364 | Veritext Corp<br>290 West Mt. Pleasant Ave. Suite<br>2260<br>Livingston NJ 07039 |
| Wells Fargo Bank, National<br>Association<br>c/o Jennifer Witherell Crastz<br>Hemar, Rousso & Heald, LLP<br>15910 Ventura Blvd., 12th Floor<br>Encino, CA 91436 | Westpoint Physical Therapy Center<br>Inc<br>1115 W Ave M14<br>Palmdale CA 93557 | Whittier Spine Center<br>PO Box 1108<br>Hutto TX 78634 |
| Yvonne De La Paz<br>31111 Via Sonora<br>San Juan Capistrano CA 92675 | Interventional Spine $ Pain<br>Management<br>274 N Main St<br>Logan UT 84321 | Ocala Spine & Injury<br>1541 SE 17th St<br>Ocala FL 34471 |

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

**VIA EMAIL**
M. Jonathan Hayes
Resnik Hayes Moradi LLP
17609 Ventura Blvd., Suite 314
Encino, CA  91316
Email:  jhayes@rhmfirm.com

**VIA EMAIL**
Philip J. Layfield
8 The Green
Suite 6426
Dover, DE  19901
Email:  phil@maximum.global

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:327481.1 51414/001

**F 9013-3.1.PROOF.SERVICE**