James K.T. Hunter (CA Bar No. 73369)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California  90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail: jhunter@pszjlaw.com

Attorneys for Richard M. Pachulski,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| In re: | Case No.: 2:17-bk-19548-NB |
|---|---|
| LAYFIELD & BARRETT, APC, | Chapter 11 |
| Debtor | **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT WITH THE DOMINGUEZ FIRM, LLP, AND V. JAMES DESIMONE LAW RE VILLEGAS V. SAN BERNARDINO ATTORNEY FEES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JAMES K. T. HUNTER IN SUPPORT THEREOF** |

**Hearing:**
Date:       December 1, 2020
Time:       1:00 p.m.
Place:      United States Bankruptcy Court
            Edward R. Roybal Federal Building
            255 E. Temple Street
            Courtroom 1545
            Los Angeles, California
Judge:      Hon. Neil W. Bason

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:333231.1 51414/001

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE; THE DOMINGUEZ FIRM, LLP; V. JAMES DESIMONE LAW; THE DEBTOR; WELLGEN STANDARD, LLC.; ALL PARTIES RECEIVING CM/ECF NOTICE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that Richard M. Pachulski, in his capacity as Chapter 11 Trustee (the "Trustee") of Layfield & Barrett, APC (the "Debtor"), hereby moves (the "Motion") the Court for entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to approve a settlement ("Settlement") between the Trustee, The Dominguez Firm, LLP ("TDF"), and V. James DeSimone Law ("DeSimone" and together with the Trustee and TDF, the "Parties"), resolving the claims between the Parties as to what portion of the attorneys' fees in respect to a personal injury action (San Bernardino Superior Court Case No. CIVDS 1606504, the "Villegas Lawsuit") litigated by the Parties on behalf of Jose Villegas, Maria Villegas, and Also Villegas (collectively, the "Villegas Plaintiffs") should be paid to Debtor's estate. The Villegas Lawsuit settled for the combined amount of $8,250,000 and the total amount of attorneys' fees determined to be owed with respect to the Villegas Lawsuit was $3,025,000.

**PLEASE TAKE FURTHER NOTICE** that a hearing regarding the Motion will be conducted on **December 1, 2020, at 1:00 p.m. Pacific Time**, or as soon thereafter as counsel may be heard before the Honorable Neil W. Bason, United States Bankruptcy Judge, in Courtroom 1545 of the Edward R. Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities and Declaration of James K. T. Hunter annexed hereto, the record in this chapter 11 case ("Case"), as well as any other documentary evidence as may be presented to this Court, Bankruptcy Rule 9019(a) and Local Bankruptcy Rule 9013-1.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), if you wish to oppose the Motion, you must file a written response with the Court and serve a copy of it upon the undersigned counsel no later than fourteen (14) days prior to the hearing regarding the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  Motion.  The failure to properly file and serve an opposition may be deemed consent to the relief

2  requested in the Motion or a waiver of any right to oppose the Motion.

3  DATED: October 27, 2020                    PACHULSKI STANG ZIEHL & JONES LLP

4

5

6  By:  */s/ James K.T. Hunter*
            James K.T. Hunter

7          Attorneys for Richard M. Pachulski,
            Chapter 11 Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:333231.1 51414/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND BACKGROUND FACTS

In or about May of 2020, a personal injury action (San Bernardino Superior Court Case No. CIVDS 1606504, the "Villegas Lawsuit") litigated by Layfield & Barrett, APC ("L&B" or "Debtor"), The Dominguez Firm, LLP ("TDF"), and V. James DeSimone Law ("DeSimone" and together with the Trustee and TDF, the "Parties") on behalf of Jose Villegas, Maria Villegas, and Aldo Villegas (collectively, the "Villegas Plaintiffs") settled for the combined amount of $8,250,000.   The total amount of attorneys' fees determined to be owed with respect to the Villegas Lawsuit by the Villegas Plaintiffs was $3,025,000.

The Trustee, TDF and DeSimone have reached a settlement agreement, subject to the approval of this Court, to pay $50,000 to Debtor's estate from the total fees collected with the division of the remaining $2,975,000 in fees between TDF and DeSimone to be subsequently determined. This settlement reflected a compromise of all parties' positions regarding respective value of the services provided to the Villegas Plaintiffs by Debtor, although there is no dispute that Debtor's estate is entitled to substantially less than the majority of the fees given that Debtor was terminated by the Villegas Plaintiffs before the great bulk of the extensive discovery and trial preparation was performed and the matter's successful settlement was achieved.

## II.

## JURISDICTION, VENUE AND CASE BACKGROUND

### A.    Jurisdiction and Venue

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and rule predicates for the relief sought herein are sections 105(a) and 363(b)(1) of the Bankruptcy Code and Rules 2002(a)(3) and 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

DOCS_LA:333231.1 51414/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**B.    The Commencement of the Case and Appointment of the Chapter 11 Trustee**

On August 3, 2017, petitioning creditors, TDF, a law firm that previously has referred matters to the Debtor, and Mario Lara, Nayazi Reyes and Maria A. Rios, each a client of the Debtor (the "Petitioning Creditors"), filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code against the Debtor.  That same day, the Petitioning Creditors filed an *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting Emergency Relief* [Docket No. 3] (the "Trustee Motion").

In the Trustee Motion, the Petitioning Creditors asserted, among other allegations, that "[s]ettlement proceeds have not been distributed and may no longer exist, vendors and other creditors have not been paid and clients are effectively unrepresented in some 80 pending cases," and that, consequently, the appointment of a trustee is "essential to protect and preserve property of the … estate and to prevent concealment, waste, loss or conversion of the assets of the estate …." Trustee Motion at 1.

In response to the Trustee Motion, the Debtor filed a *Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [Docket No. 19] (the "Conversion Motion"), seeking to convert the Case to one under chapter 11 of the Bankruptcy Code.  On August 11, 2017, the Court entered orders granting the Conversion Motion [Docket No. 25], and denying the Trustee Motion [Docket No. 24].  The Order for Relief in the Case also was entered effective August 11, 2017 [Docket No. 99].

On August 16, 2017, the Debtor, Petitioning Creditors, and putative secured creditor, Advocate Capital, Inc. ("Advocate Capital"), entered into a *Stipulation for the Appointment of a Chapter 11 Trustee* [Docket No. 38], which the Court approved by order on August 17, 2017 [Docket No. 42].

On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as Chapter 11 Trustee in the Case [Docket No. 51].  Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee* [Docket No. 53], which application was granted by the Court's order entered the following day [Docket No. 56].

5

1    On August 28, 2017, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee*

2    [Docket No. 63].

3    ### III.

4    ### THE SETTLEMENT AGREEMENT

5    The Settlement Agreement, subject to the approval of this Court, provides for $50,000 to be

6    paid to Debtor's estate from the total fees collected, with the division of the remaining $2,975,000 in

7    fees between TDF and DeSimone to be subsequently determined.  This settlement reflected a

8    compromise of all parties' positions regarding respective value of the services provided to the

9    Villegas Plaintiffs by Debtor, although there is no dispute that Debtor's estate is entitled to

10   substantially less than the majority of the fees given that Debtor was terminated by the Villegas

11   Plaintiffs before the great bulk of the extensive discovery and trial preparation was performed and

12   the matter's successful settlement was achieved.

13   ### IV.

14   ### ARGUMENT

15   **A.**    **The Standard of Review**

16   Bankruptcy Rule 9019(a) sets forth the requirements for the settlement or compromise of

17   controversies after notice to all creditors and a hearing upon each such proposed compromise.

18   Bankruptcy courts favor compromise. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) (stating

19   that "compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or

20   disapprove a compromise … rests in the sound discretion of the bankruptcy judge.").  In reviewing a

21   settlement, bankruptcy courts must determine whether the settlement is "fair and equitable" based on

22   an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible

23   difficulties of collecting on any judgment which might be obtained and all other factors relevant to a

24   full and fair assessment of the wisdom of the proposed compromise." *Protective Committee v.*

25   *Anderson*, 390 U.S. 414, 424 (1968).  When deciding whether to approve a settlement, the

26   bankruptcy court must determine if the settlement is reasonable under the circumstances of the case,

27   fair and equitable, and in the best interest of the estate.  *See Martin v. Kane (In re A & C Props.)*,

28   784 F.2d 1377, 1381 (9th Cir. 1986).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

6

The United States Court of Appeals for the Ninth Circuit has indicated that in determining the fairness, reasonableness, and adequacy of a proposed settlement agreement, a court should consider the following factors:  (1) the probability of success in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (4) the paramount interest of the creditors and the proper deference to their reasonable views in the premises (collectively, the "Woodson Factors").  *See Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988) (quoting *A & C Props.*, 784 F.2d at 1380).  It is not necessary that all of the conclusions reached in the consideration of each of the Woodson Factors support the settlement, but taken as a whole, those conclusions must favor the approval of the settlement. *See In re Pacific Gas & Elec. Co*, 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). "Ultimately, the court must determine whether the individual settlement sought to be approved under Bankruptcy Rule 9019(a) falls within the lowest range of reasonableness." *In re TCI2 Holdings, LLC*, 428 B.R. 117, 136 (Bankr. D.N.J. 2010).

**B.**    **The Settlement Agreement Satisfies the Rule 9019(a) Standard**

As discussed below, consideration of the Woodson Factors supports Court approval of the proposed Settlement Agreement.

1.    **Probability of Success**

If instead of entering into the Settlement Agreement, the Trustee were to seek to enforce an entitlement to an amount in excess of that provided for therein, the likelihood of success would, in the Trustee's counsel's opinion, be no more likely than the likelihood of failure (i.e., a finding of entitlement to less than that provided for in the Settlement Agreement).  The Court might very well determine that, in light of the Villegas Plaintiffs' termination of Debtor purportedly (and, frankly, plausibly) for cause, Debtor is not entitled to any recovery of fees. In addition, it is undisputed that DeSimone was responsible for conducting the great bulk of discovery and trial preparation and achieved the matter's successful settlement. DeSimone's assertion that Debtor will be unable to establish that Debtor's employees work, as measured by provable hours and assessed at a market

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

7

hourly rate, would be less than $50,000, could only be contested, if at all, by the expenditure of substantial time, effort and fees.

2.      **Difficulties With Collection**

This factor is not relevant to the Trustee's determination to enter into the Settlement.  The requisite funds are available to satisfy Trustee's claims in full.

3.      **The Complexity of the Litigation**

In the absence of the Settlement, the Trustee would need to establish both the bankruptcy estate's right to any recovery and the appropriate amount of the recovery if allowed. The required proof would be fact-intensive and the preparation for trial would be substantial for the estate given the amounts at issue and the low probability of achieving a more favorable result than provided under the terms of the Settlement Agreement.

4.      **Interests of Creditors**

It is overwhelmingly in the best interests of creditors for the Trustee to enter into the Settlement Agreement to avoid the administrative expense of having to litigate the estate's entitlement to a fee amount in excess of $50,000 given the low likelihood that that litigation would end up resulting in a net recovery by the estate in excess of that provided for by the Settlement Agreement.

C.      <u>**Adequate Notice of the Motion Has Been Given**</u>

Notice of this Motion and the hearing thereon has been given to (1) TDF; (2) DeSimone, (3) the Debtor; (4) all parties who have filed Proofs of Claim or Interest in the Case; (5) all parties receiving notice through the Court's CM/ECF electronic notification system; (6) Wellgen Standard, LLC; (7) the Office of the United States Trustee; and (8) all parties who have requested special notice of matters arising in the Case.  Accordingly, adequate notice of the Motion has been given.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

**V.**

2

**<u>CONCLUSION</u>**

3     **WHEREFORE,** the Trustee respectfully requests that this Court enter an order (a)

4  approving the Settlement Agreement; (b) authorizing the Parties to enter into and take any and all

5  actions reasonably necessary to effectuate the Settlement Agreement; and (c) granting the Trustee

6  such other and further relief as the Court deems just and proper.

7  Dated:  October 27, 2020                 PACHULSKI STANG ZIEHL & JONES LLP

8

9                                  By: */s/ James K.T. Hunter*
                                        James K.T. Hunter

10                                     Attorneys for Richard M. Pachulski,
                                       Chapter 11 Trustee
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:333231.1 51414/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### DECLARATION OF JAMES K. T. HUNTER

I, James K. T. Hunter, declare as follows:

1.     I am the attorney at Pachulski, Stang, Ziehl & Jones LLP, counsel of record for Richard M. Pachulski, the duly appointed Chapter 11 Trustee in the bankruptcy case of Layfield & Barrett, APC, who has had primary responsibility for determining, with the Trustee's ultimate approval, how to assess the value of Debtor's services in connection with the Villegas Lawsuit.

2.     I make this declaration in support of the *Motion for Order Approving Settlement With The Dominguez Firm, LLP, and V. James DeSimone Law Re Villegas v. County of San Bernardino Attorney Fees* (the "Motion") to which this Declaration is annexed.  All matters set forth in this Declaration are based on my personal knowledge and my review of relevant documents, including, without limitation, information supplied to me by the Debtor and by others.  If called upon to testify, I could and would testify competently to the facts set forth herein.  Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

3.     Through the Settlement, the Parties want to resolve their disputes regarding the portion of the total attorneys' fees in connection with the Villegas Lawsuit that should be paid to Debtor's estate. Specifically, the terms of the Settlement are that $50,000 shall to be paid to Debtor's estate from the total fees collected, with the division of the remaining $2,975,000 in fees between TDF and DeSimone to be subsequently determined.  This settlement reflected a compromise of all parties' positions regarding respective value of the services provided to the Villegas Plaintiffs by Debtor, although there is no dispute that Debtor is entitled to substantially less than the majority of the fees given that Debtor was terminated by the Villegas Plaintiffs before the great bulk of the extensive discovery and trial preparation was performed and the matter's successful settlement was achieved.  .

4.     If, instead of entering into the Settlement, the Trustee were to seek to enforce an entitlement to an amount in excess of $50,000, the likelihood of success would be uncertain.  The Court might very well determine that, in light of the Villegas Plaintiffs' termination of Debtor purportedly (and, frankly, plausibly) for cause, Debtor's estate is not entitled to any recovery of fees. In addition, it is undisputed that DeSimone was responsible for conducting the great bulk of

discovery and trial preparation and achieved the matter's successful settlement. DeSimone's assertion that Debtor will be unable to establish that Debtor's employees work, as measured by provable hours and assessed at a market hourly rate, would be less than $50,000, could only be contested, if at all, by the expenditure of substantial time, effort and fees.

5.      Considerations involving the difficulties of collection are not relevant to the determination to enter into the Settlement since the requisite funds are available to satisfy Trustee's claim for attorneys' fees in full.

6.      In the absence of the Settlement, the Trustee would need to establish the bankruptcy estate's right to recovery based on the reasonable value of the Debtor's services. The required proof would be fact-intensive and require valuation testimony, the presentation of which likely would be expensive for the estate.

7.      It is overwhelmingly in the best interests of creditors for the Trustee to enter into the Settlement to avoid the administrative expense of having to substantiate the fees to which the Debtor would have been entitled on behalf of the Villegas Plaintiffs in connection with the Villegas Lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed October 27, 2020 at Los Angeles, California.

*/s/ James K.T. Hunter*
James K. T. Hunter

DOCS_LA:333231.1 51414/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**


A true and correct copy of the foregoing document entitled (*specify*):  **NOTICE OF MOTION AND MOTION FOR ORDER APPROVING SETTLEMENT WITH THE DOMINGUEZ FIRM, LLP, AND V. JAMES DESIMONE LAW RE VILLEGAS V. SAN BERNARDINO ATTORNEY FEES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JAMES K. T. HUNTER IN SUPPORT THEREOF** in support thereof will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 27, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **October 27, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Neil Bason
United States Bankruptcy Court
255 E. Temple Street, Suite 1552 / Courtroom 1545
Los Angeles, CA 90012

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 27, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 27, 2020 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 2:17-bk-19548-NB**

- Wesley H Avery    wes@averytrustee.com, lucy@averytrustee.com;alexandria@averytrustee.com
- Jason Balitzer    jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
- Moises S Bardavid    mbardavid@hotmail.com
- Daniel I Barness    daniel@barnesslaw.com
- James W Bates    jbates@jbateslaw.com
- Darwin Bingham    cat@scalleyreading.net
- Paul M Brent    snb300@aol.com
- Martin J Brill    mjb@lnbrb.com
- William S Brody    wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com
- Glenn R Bronson    GRBronson@traskbritt.com, cawatters@traskbritt.com
- Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com
- Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;lbracken@wgllp.com
- Sevan Gorginian    sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com
- Stella A Havkin    stella@havkinandshrago.com, havkinlaw@earthlink.net;r49306@notify.bestcase.com
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Yana G Henriks    yhenriks@law-mh.com, rmcmurray@law-mh.com;sridgill@law-mh.com;lawclerk1@law-mh.com;lfreidenberg@law-mh.com;mbral@law-mh.com;egarcia@law-mh.com;clopez@law-mh.com
- Kimberly D Howatt    khowatt@gordonrees.com, sdurazo@grsm.com
- James KT Hunter    jhunter@pszjlaw.com
- Steven J Kahn    skahn@pszyjw.com
- Joseph M Kar    jkar@mindspring.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Richard W Labowe    richardwlabowe@gmail.com, llhlaw1631@aol.com
- Dare Law    dare.law@usdoj.gov
- David W. Meadows    david@davidwmeadowslaw.com
- Jessica Mickelsen Simon    simonjm@ballardspahr.com, carolod@ballardspahr.com
- Dennette A Mulvaney    dmulvaney@leechtishman.com, lmoya@leechtishman.com
- Rana Nader    rnader@naderlawgroup.com, monique@naderlawgroup.com
- Joel A Osman    osman@parkermillsllp.com, gonzalez@parkermillsllp.com
- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Brian A Paino    bpaino@mcglinchey.com, asifuentes@mcglinchey.com;khan@mcglinchey.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:333464.1 51414/001

**F 9013-3.1.PROOF.SERVICE**

- Michael F Perlis     mperlis@lockelord.com,
  merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.
  com
- Michael F Perlis     ,
  merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.
  com
- Hamid R Rafatjoo     hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Faye C Rasch     frasch@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com
- Damion Robinson     dr@agzlaw.com
- Lindsey L Smith     lls@lnbyb.com, lls@ecf.inforuptcy.com
- Daniel A Solitro     dsolitro@lockelord.com, ataylor2@lockelord.com
- Olivier A Taillieu     o@taillieulaw.com, mstephens@taillieulaw.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Robert G Uriarte     rgulawoffice@gmail.com
- Gary R Wallace     garyrwallace@ymail.com
- Alan J Watson     alan.watson@hklaw.com, rosanna.perez@hklaw.com

## 2. SERVED BY UNITED STATES MAIL:

Philip J. Layfield
102 Moore's Cro # 7
Millsboro, DE  19966

Philip J. Layfield
c/o Anthony M. Solis APLC
23679 Calabasas Road, Suite 412
Calabasas, CA  91302-1502

Layfield & Barrett, APC/ fka Layfield & Wallace, APC
fka The Layfield Law Firm, APC
Attn:  Philip Layfield, Officer of Record / Register No. 71408-050
MDC Los Angeles/Metropolitan Detention Ctr
P.O. Box 1500
Los Angeles, CA  90053

Layfield & Barrett, APC
Attn:  Philip Layfield, Officer of Record
2720 Homestead Rd., Suite 210
Park City, UT  84098

Layfield & Barrett, APC
2720 Homestead Rd., Suite 210
Park City, UT  84098

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:333464.1 51414/001                                                      **F 9013-3.1.PROOF.SERVICE**

Lance S. Strumpf
Law Office of Lance S. Strumpf
5136 Woodley Ave.
Encino, CA  91436

Diane B. Sherman
Law Offices of Diane B. Sherman
1801 Century Park East, Suite 1200
Los Angeles, CA  90067

Roger G. Jones
1600 Division St., Suite 700
Nashville, TN  37203

Patricia Salcedo
The Dominguez Firm
3250 Wilshire Blvd., Suite 2200
Los Angeles, CA  90010

*Debtor*
**Layfield & Barrett, APC**
Attn:  Philip Layfield, Officer of Record
2720 Homestead Rd Ste 200
Park City, UT 84098

*Debtor*
**Layfield & Barrett, APC**
Attn:  Any Officer Other Than
Philip Layfield
2720 Homestead Rd Ste 210
Park City, UT 84098

*Debtor*
**Layfield & Barrett, APC**
Attn:  Any Officer Other Than
Philip Layfield
2720 Homestead Rd Ste 200
Park City, UT 84098
Philip James Layfield
Los Angeles MDC
Serial No. 71408-050
535 N. Alameda St.
Los Angeles, CA  90012

Philip J. Layfield
c/o Zenith Legal Services, LLC
1875 Connecticut Ave. NW, 10th Floor
Washington, DC 20009

<u>Individual Insured</u>
Philip J. Layfield
31381 Trigo Trl
Trabuco Canyon, CA 92679-3610

<u>Counsel to Petitioning Creditor,</u>
<u>Alliance Legal Solutions</u>
<u>Case No. 2:18-bk-15829-NB</u>
Megan Hanley Baer
501 S. Sharon Amity Rd.
Charlotte, NC 28211
Philip J. Layfield
c/o Maximum Legal Holdings, LLC
8 The Green, Suite 6426
Dover, DE 19901

<u>Individual Insured</u>
Philip J. Layfield
382 NE 191st St., #42308
Miami, FL 33179-3899

Philip J. Layfield
1875 K Street NW
Washington, DC 20006

Zelandia Fero
P.O. Box 2483
Pasadena, CA  91102

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:333464.1 51414/001

**F 9013-3.1.PROOF.SERVICE**

Philip J. Layfield
c/o Law Office of Steven Brody
350 S. Figueroa Street, Suite 975
Los Angeles, California 90071

**Secured Creditors**
**[2:17-bk-19548-NB]:**

Los Angeles County Treasurer and
Tax Collector
PO Box 54110
Los Angeles CA 90054-0110

Wells Fargo Bank, National
Association
c/o Jennifer Witherell Crastz
Hemar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436

Toll Creek Owners Association Inc
c/o Jacob Watterson
130 South Main Ste 200
PO Box 525
Logan UT 84323

Graham Chiropractic
Dr Chester Graham
3900 Pelandale #125
Modesto CA 95356

Cynthia L Chabay, M.D.
11645 Wilshire Blvd Ste 1100
Los Angeles CA 90025

Benjamin E. Hernandez
65 Washington St #184
Santa Clara, CA 95050

Interventional Spine $ Pain
Management
274 N Main St
Logan UT 84321

Tahee A Rasheed
1419 Striped Bass St #F
San Francisco CA 94130

Toll Creek LC
Debbie Sanich
13979 Sage Hollow Dr
Draper UT 84020

Summit County Treasurer
PO Box 128
Coalville UT 84017

US Claims Opco LLC
6125 S. Congress Avenue, Suite 200
Delray Beach, FL 33445

Wellgen Standard, LLC, Successor-in-
Interest to Ad
50 Ridgewood Road
Chagrin Falls, OH 44022

Affeld Grivakes LLP
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067

Alliance Legal Solutions ,LLC
c/o Cheryl Kaufman
501 South Sharon Amity Road Ste 350
Charlotte NC 28211

**Individual Insured**
Todd Douglas Wakefield
871 W Abigail Dr
Kamas, UT 8403 6

**Individual Insured**
Terry R Bailey
4821 Caminito Mirador
Camarillo, CA 93012

**Individual Insured**
Terry Bailey
Abir Cohen Treyzon Salo, LLP
1901 Avenue of the Stars, Suite 935
Los Angeles, CA  90067

**Individual Insured**
Joseph Barrett
Affeld & Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, CA  90067-3126

**Individual Insured**
Joseph Barrett
415 S. Prospect Ave., Apt. 202
Redondo Beach, CA  90277-3944

**Individual Insured**
Joseph Barrett
845 Avenue B
Redondo Beach, CA  90277

**Individual Insured**
Counsel to Joseph Barrett
David W. Affeld, Esq.
Affeld & Grivakes LLP
2049 Century Park East, Suite 2460
Los Angeles, CA  90067-3126

**Individual Insured**
Philip Layfield
c/o Atlas Legal Services
c/o Maximum Legal Services (Costa
Rica) S.R.L.
382 NE 191st Street, #42308
Miami, FL  33179

**Individual Insured**
Counsel to Philip Layfield
Tina M. Talarchyk, Esq.
The Talarchyk Firm
The Worth Avenue Building
205 Worth Avenue, Suite 320
Palm Beach, FL  33480

**Individual Insured**
Todd D. Wakefield
Barrett Law
825 Avenue B
Redondo Beach, CA  90277

**Individual Insured**
Todd D. Wakefield
Wakefield Law Office
P.O. Box 983056
Park City, UT  84098

**Individual Insured**
Todd D. Wakefield
2730 Rasmussen Rd., Suite 206
Park City, UT  84098

**Individual Insured**
Todd D. Wakefield
2585 Lower Lando Ln
Park City, UT  84098

In re Layfield & Barrett, APC
Case No. 2:17-bk-19548-NB

Creditors who Filed Proofs of
Claim as of 12/20/17

| | | |
|---|---|---|
| 6 Harbor Park Drive<br>C/O Jeff Schwartz, COO<br>6 Harbor Park Dr<br>Port Washington, NY 11050 | Access Multilingual Services Inc<br>11041 Santa Monica Blvd #813<br>Los Angeles CA 90025 | Ada Zelaya<br>3875 E Ashlan Ave<br>Fresno CA 93726-3623 |
| | Ann Brabant<br>503 Olympic Blvd<br>Santa Monica CA 90401 | Antonia Torres<br>10023 Mallow Dr<br>Moreno Valley CA 92557 |
| Atkinson-Baker, Inc.<br>500 N. Brand Blvd., Third Floor<br>Glendale, California 91203 | Benjamin E. Hernandez<br>65 Washington St #184<br>Santa Clara, CA 95050 | Brandi Posey<br>2800 W 141 Pl #5<br>Gardena CA 90249 |
| C&C Factoring Solutions<br>6060 W Manchester Avenue Suite 207<br>Los Angeles, CA 90045 | Carolyn Hacobian<br>Asbet A Issakhanian Esq<br>440 Western Ave Suite 205<br>Glendale CA 91201 | Cathleen Couchois<br>3309 Virginia Ave<br>Santa Monica CA 90404 |
| Chiropractic Fitness PLLC<br>8316 Pheville-Matthews Rd Ste #806<br>Charlotte NC 28226 | Claudia Eskenazi<br>Ronald B Cohen<br>4109 Aleman Dr<br>Tarzana CA 91356 | Cosmeticare<br>1101 Bayside Dr #101<br>Corona Del Mar CA 92625 |
| County of Orange<br>P.O. Box 4515<br>Santa Ana, CA 92702-4515<br>Attn: Bankruptcy Unit | Cynthia L Chabay, M.D.<br>11645 Wilshire Blvd Ste 1100<br>Los Angeles CA 90025 | David Iwamoto<br>21022 Anza Ave Apt 211<br>Torrance CA 90503 |
| David W Martin<br>POB 3283<br>Rancho Cucamonga, CA 91729 | Department of the Treasury<br>Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | F. David Rudnick, M.D. A Medical Corp<br>501 Santa Monica Bl #509<br>Santa Monica, CA 90401 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Frank Panoussi, D.C.
38344 30th St East
Palmdale, CA 93550

Gary Tachobanian
2950 Los Feliz Blvd #201
Los Angeles CA 90039

Gene Charles Roland M.D.
3200 Fourth Ave #100
San Diego CA 92103

George Georgiou
579 Bridgeway
Sausalito CA 94965

Gilbert Tanap
c/o Michael D. Waks
300 E. San Antonio Dr.
Long Beach, CA 90807

Graham Chiropractic
Dr Chester Graham
3900 Pelandale #125
Modesto CA 95356

Hamden Injury Rehab Center
1700 Dixwell Ave
Hamden CT 06514

Irma D Charles
2538 1/2 E 126th St
Compton CA 90222

Issac Rylie Casas
Patricia Casas for Issac Rylie Casas
847 Citron Lane
Santa Paula CA 93060

John Finton
LAW OFFICES OF MOSES S.
BARDAVID
16177 Ventura Boulevard, #700
Encino, CA 91436

Kaila Gibson
360 E. 1st Street #281
Tustin, CA 92780

Kamryn Whitney Court Reporting
2151 Michelson Dr #282
Irvine CA 92612

Karoline St. George
MKP Law Group
468 N. Camden Dr., Ste. 200
Beverly Hills, CA 90210

Kathy Townsend Court Reporters
535 Monterey Blvd.
Hermosa Beach, CA  90254

Layton Chiropractic Clinic
1025 N Main Street
Layton UT 84041

Los Angeles County Treasurer and
Tax Collector
PO Box 54110
Los Angeles CA 90054-0110

Maria A Rios
520 W Cressey St
Compton, CA 90222

Mario Lara
5407 Sierra Vista #301
Los Angeles, CA 90038

Maurizio Bertoldi
2014 W. West Wind
Santa Ana, CA 92704

Method Technologies, Inc.
10805 Holder Street, Suite 100
Cypress, CA 90630

Michael D. Waks
300 E. San Antonio Dr.
Long Beach, CA 90807

Michael Haiby
19425 Soledad Cyn Rd Ste 252
Santa Clarita CA 91351

Mitchell Tyler Middleton
4628 Pepperwood Ave
Long Beach CA 90808

MKP Law Group
468 N. Camden Drive, Ste. 200
Beverly Hills, CA 90210

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
DOCS_LA:333464.1 51414/001

**F 9013-3.1.PROOF.SERVICE**

Moses Bardavid
16133 Ventura Blvd. #700
Encino, CA 91436

Nakita Ray Smith
306 Carolina Ave
Tarboro NC 27886

National Record Retrieval , LLC
c/o Rubin & Levin P.C
135 N Pennsylvania ST Ste 1400
Indianapolis IN 46204

Nationwide Legal, LLC
c/o Allen Hyman, Esq.
10737 Riverside Drive
North Hollywood, CA 91602

Nayazi Reyes
1549 W San Bernadino Rd
Apt S
West Covina, CA 91790

NDS
PO Box 61002
Anaheim, CA 92803

Nga Phung, entity
Huong Phung
412 N Valley St #3
Anaheim CA 92801

Orbie Troy Davis
321 N Mall Dr Ste H-102
St George UT 84790

Patricia Casas
847 Citron Lane
Santa Paula CA 93060

Personal Court Reporters
14520 Sylvan St
Van Nuys CA 91411

Phillip E. Scott
32302 Alipaz #245
S.J.C., CA 92675

Price Chiropractic Inc
471 Ainsley Ave
Yuba City CA 95991

Rachel Martinez
5339 Mitchell Ave
Riverside CA 92505

Raines Feldman LLP
Attn: Hamid R. Rafatjoo
1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067

Ramiro Hurtado
2440 N Ditman Ave
Los Angeles CA 90032

Roberta Jacobs
1041 N La Jolla Ave
West Hollywood CA 90046

Solemon Hakimi, MD
1140 S. Robertson Blvd #3
Los Angeles, CA 90035

Sprint Corp Correspondence
Attn Bankruptcy Dept
PO Box 7949
Overland Park KS 66207-0949

Stephen H Barkow MD Inc
26902 Oso Parkway #120
Mission Viejo CA 92691

Steuber Corporation
20425 S Susana Rd
Long Beach CA 90810

Susana Lopez
1273 N Quincy Ave
Ogden Utah 84404

The Dominguez Firm
3250 Wilshire Blvd #2200
Los Angeles, CA 90010

The Sullivan Group of Court
Reporters
4802 E 2nd St Ste 3
Long Beach CA 90803

Thomson Reuters
Thomson Reuters-Legal
610 Opperman Drive
Eagan MN 55123

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Toll Creek Owners Association Inc
c/o Jacob Watterson
130 South Main Ste 200
PO Box 525
Logan UT 84323

Topmark Floor & Design
1490 Munchkin Rd #105B
Park City UT 84060

Transportation Corridor Agencies
125 Pacifica Ste 100
Irvine CA 92618


Universal Imaging Center
616 E Alvarado St Ste E
Fallbrook CA 92028

USA Express Legal & Investigative
Services Inc
USA Express
21031 Ventura Blvd Ste 920
Woodland Hills CA 91364

Veritext Corp
290 West Mt. Pleasant Ave. Suite
2260
Livingston NJ 07039


Wells Fargo Bank, National
Association
c/o Jennifer Witherell Crastz
Hemar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436

Westpoint Physical Therapy Center
Inc
1115 W Ave M14
Palmdale CA 93557

Whittier Spine Center
PO Box 1108
Hutto TX 78634


Yvonne De La Paz
31111 Via Sonora
San Juan Capistrano CA 92675

Interventional Spine $ Pain
Management
274 N Main St
Logan UT 84321

Ocala Spine & Injury
1541 SE 17th St
Ocala FL 34471


3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

**VIA EMAIL**
Martin J. Kanarek
The Dominguez Firm
3250 Wilshire Blvd., 22nd Floor
Los Angeles, CA  90010
Email:  martin.kanarek@dominguezfirm.com

**VIA EMAIL**
V. James DeSimone
13160 Mindanao Way, Suite 280
Marina del Rey, CA  90292
Email:  vjdesimone@gmail.com

**VIA EMAIL**
Philip J. Layfield
8 The Green
Suite 6426
Dover, DE  19901
Email:  phil@maximum.global

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
DOCS_LA:333464.1 51414/001

**F 9013-3.1.PROOF.SERVICE**