| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** _____

| In re: | CASE NO.: |
|---|---|
| | CHAPTER: |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor(s). | DATE:<br>TIME:<br>COURTROOM: |

**Movant**:

1. **Hearing Location**:
   ☐ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*     Page 1     **F 4001-1.RFS.NONBK.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☐ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: _____

_____
Printed name of law firm (if applicable)

_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 2                              **F 4001-1.RFS.NONBK.MOTION**

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff
   b. ☐ Defendant
   c. ☐ Other (*specify*):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*:
   b. *Docket number*:
   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:

   d. Causes of action or claims for relief (Claims):

3. **Bankruptcy Case History:**

   a. ☐ A voluntary ☐ An involuntary  petition under chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was filed on (*date*) _____.

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☐ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*      Page 3      **F 4001-1.RFS.NONBK.MOTION**

    f. ☐ The bankruptcy case was filed in bad faith.

        (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

        (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

        (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

        (4) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

    g. ☐ Other (*specify*):

5. **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

    a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit _____.

    c. ☐ Other (*specify*):

6. **Evidence in Support of Motion: (***Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.***)**

    a. ☐ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

    b. ☐ Supplemental declaration(s).

    c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit _____.

    d. ☐ Other evidence (*specify*):

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☐ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*        Page 4       **F 4001-1.RFS.NONBK.MOTION**

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☐ Other relief requested.

Date: _____

_____
Printed name of law firm (*if applicable*)

_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 5    **F 4001-1.RFS.NONBK.MOTION**

# DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (*name of Declarant*) _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding (Nonbankruptcy Action) because:

   ☐ I am the Movant.
   ☐ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☐ I am employed by Movant as (*title and capacity*):
   ☐ Other (*specify*):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (*specify):*

4. The Nonbankruptcy Action is pending as:

   a. *Name of Nonbankruptcy Action*:
   b. *Docket number*:
   c. *Nonbankruptcy court or agency where Nonbankruptcy Action is pending*:

5. **Procedural Status of Nonbankruptcy Action**:

   a. The Claims are:

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit _____.

   c. The Nonbankruptcy Action was filed on (*date*) _____.

   d. Trial or hearing began/is scheduled to begin on (*date*) _____.

   e. The trial or hearing is estimated to require _____ days (*specify*).

   f. Other plaintiffs in the Nonbankruptcy Action are (*specify*):

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*     Page 6     **F 4001-1.RFS.NONBK.MOTION**

g.  Other defendants in the Nonbankruptcy Action are (*specify*):

6. **Grounds for relief from stay:**

   a. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   b. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number are (*specify*):

   d. ☐ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

      (1) ☐ It is currently set for trial on (*date*) _____.

      (2) ☐ It is in advanced stages of discovery and Movant believes that it will be set for trial by (*date*) _____. The basis for this belief is (*specify*):

      (3) ☐ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum is the most efficient use of judicial resources.

   e. ☐ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the Nonbankruptcy Action.

      (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (2) ☐ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with the Nonbankruptcy Action based upon the following facts (*specify*):

      (3) ☐ Multiple bankruptcy cases affecting the Property include:

         (A) Case name:
             Case number:                        Chapter:
             Date filed:           Date discharged:           Date dismissed:
             Relief from stay regarding this Nonbankruptcy Action   ☐ was   ☐ was not  granted.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                    Page 7                                    **F 4001-1.RFS.NONBK.MOTION**

  (B) Case name:
   Case number:      Chapter:
   Date filed:  Date discharged:  Date dismissed:
   Relief from stay regarding this Nonbankruptcy Action   ☐ was   ☐ was not   granted.

  (C) Case name:
   Case number:      Chapter:
   Date filed:  Date discharged:  Date dismissed:
   Relief from stay regarding this Nonbankruptcy Action   ☐ was   ☐ was not   granted.

  ☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

  ☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

7. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

 a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

 b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____

 c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____  _____  _____
*Date*          *Printed name*                    *Signature*

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014  Page 8  **F 4001-1.RFS.NONBK.MOTION**

# ATTACHMENT 1

## I. INTRODUCTION

Creditors Joseph Barrett and The Barrett Law Firm (collectively "Barrett") hereby respectfully request relief from stay in the *L&B* Bankruptcy, as a follow-on to the Motion granted by this Court with respect to the *Layfield* Bankruptcy last week. Debtors Phillip Layfield "(Layfield") and Layfield & Barrett, APC ("L&B") previously represented Pimentel in a personal injury action filed by Pimentel in the Los Angeles County Superior Court. As an employee of L&B, Barrett represented Pimentel in the trial of his action and successfully obtained a substantial jury verdict. A short time later, with Pimentel's knowledge and consent, the case was settled for a reduced amount due to issues with jury verdict. Unfortunately for Pimentel and Barrett, Layfield is alleged to have stolen all of the settlement proceeds. ***Significantly, there is no credible allegation or evidence whatsoever that Barrett received or stole any of Pimentel's money.*** Layfield has been indicted on charges stemming from his alleged theft of money from L&B clients and his criminal trial is tentatively set for August 2021.

Pimentel subsequently filed a lawsuit against Barrett, Layfield, and another L&B lawyer, Todd Wakefield[1], in the Los Angeles County Superior Court (the "State Court Action"). Pimentel included a breach of contract claim, but failed to name the counterparty to that contract, L&B, in a transparent attempt to avoid the automatic stay in this proceeding. Some discovery has taken place with respect to Barrett, but the parties have been precluded from bringing additional claims against Layfield or L&B and from taking discovery from them. The case is currently set for trial in October 2021, but only as to Barrett.

Last month, Barrett sought a discretionary and equitable stay of the State Court Action pending the resolution of the *L&B* bankruptcy and the *Layfield* bankruptcy and

---

[1] To date, Pimentel has not served Wakefield and he is not participating in the litigation. The lack of service will be raised with the Los Angeles Superior Court.

ATTACHMENT 1 TO APPLICATION FOR RELIEF FROM STAY –
MEMORANDUM OF POINTS AND AUTHORITIES

criminal proceeding.  Pimentel then sought relief from the automatic stay solely as to Layfield, and, after a lengthy oral argument, this Court granted that relief on an expedited basis on June 24, 2021 (Case No. 2:18-bk-15829-NB, Dkt. No. 323).  During the oral argument, Barrett's counsel requested that the Court likewise grant the requested relief as to L&B.  The Court declined and instead suggested that a separate motion would be required for L&B.  *Id*. at p. 2.  This filing followed.

Barrett has statutory and equitable indemnity rights against L&B arising directly out of Pimentel's claims in the State Court Action.  Barrett has been precluded from asserting those claims, including his statutory right to a defense, against L&B as a result of the automatic stay here.  The parties have also been precluded from taking discovery against Layfield and L&B as a result of the bankruptcies and Layfield's criminal proceeding.  By this Motion, and under the same analysis and grounds considered and adopted by this Court with respect to the *Layfield* bankruptcy, Barrett seeks relief from the automatic stay in the *L&B* bankruptcy so that (i) he can bring his indemnity claims; (ii) obtain discovery from the debtors; and (iii) so that the State Court can adjudicate all of these issues at the same time.

Good cause exists in support of this Motion and Barrett respectfully requests that it be granted.

## II. GOOD CAUSE EXISTS TO GRANT RELIEF FROM STAY

A bankruptcy court may grant relief from stay "for cause."  11 U.S.C. § 362(d)(1).  There is no precise definition of "cause" and it "is decided on a case-by-case basis."  *In re Kronemyer*, 405 B.R. 915, 921 (citing *Christensen v. Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990)).  Courts consider the "totality of circumstances."  *In re Kennedy*, 165 B.R. 488, 490 (Bankr. W.D. Wash. 1994).

In *Kronemyer*, the Bankruptcy Appellate Panel approved of the "*Curtis* Factors" for determining cause.  405 B.R. at 92 (citing *In re Curtis*, 40 B.R. 795, 803-04 (Bankr. D. Utah 1984)).  In summary, the factors include "considerations of

judicial economy and the expertise of the state court, as well as prejudice to the parties and whether exclusive bankruptcy issues are involved." *Id.*[2]

Relief from stay is an equitable and practical determination based on the interests of the creditor and the debtor. *In re Harms*, 603 B.R. 19, 27 (9th Cir. BAP 2019); *Veal*, 450 B.R. at 914. "[I]n resolving motions for relief . . . courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant." *In re Continental Airlines*, 152 B.R. 420, 424 (Bankr. D. Del. 1993).

In addition, in determining whether cause exists under such circumstances, "the bankruptcy court must balance the potential hardship that will be incurred by the party seeking relief if the stay is not lifted against the potential prejudice to the debtor and the bankruptcy estate." *In re United Imports, Inc.*, 203 B.R. 162, 166 (Bankr. D. Neb. 1996). The totality of the circumstances here favors permitting relief from stay as requested by Barrett.

*First*, without relief from stay, Barrett will be substantially prejudiced as he has statutory and equitable indemnity rights against L&B. Prior to the stay being lifted as to Layfield last week, Barrett was the only defendant actively defending a case that (i) arose entirely out of his employment relationship with L&B; and (ii) where the primary wrongdoer was absent as a result of pending bankruptcy and criminal proceedings. Fundamental fairness dictates that Barrett should not be forced to stand alone against claims where all parties acknowledge that he was not the wrongdoer and did not receive any of the stolen money.

---

[2] *Curtis* set out 12 factors: (1) whether the relief will result in a partial or complete resolution of issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the state court proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action; (5) whether the debtor's insurance carrier has assumed full responsibility for defense; (6) whether the action essentially involves third parties, and the debtor is only a bailee or conduit; (7) whether litigation would prejudice the interests of other creditors; (8) whether the claim is subject to equitable subordination; (9) whether any judicial lien would be avoidable; (10) the interests of judicial economy and the expeditious and economical determination of litigation; (11) whether the foreign proceedings have progressed to the point where the parties are ready for trial, and (12) the impact on the parties and the "balance of hurt." 40 B.R. at 799-800.

ATTACHMENT 1 TO APPLICATION FOR RELIEF FROM STAY –
MEMORANDUM OF POINTS AND AUTHORITIES

*Second*, L&B will not be prejudiced. Barrett has filed claims in both bankruptcy proceedings and will vindicate his indemnity rights, whether in the State Court Action or in this Court. By allowing Barrett to proceed with these claims now in the State Court Action, this Court will be preserving scarce judicial resources in both this matter and in the State Court Action.

*Third*, these claims can be more efficiently adjudicated in the State Court Action.

*Fourth*, Pimentel has demanded a jury trial on his claims that are so triable, and Barrett will do so as well. Such a trial is not available in Bankruptcy Court and therefore the Los Angeles Superior Court is a preferred venue for resolving these claims.

For all the foregoing reasons, and as detailed in this Court's Order in the *Layfield* Bankruptcy, Barrett respectfully requests that this Court grant this Motion, grant relief from the automatic stay, and allow Barrett to pursue his indemnity rights against L&B in the State Court Action.

## III. CONCLUSION

For all the foregoing reasons, Creditors Joseph Barrett and the Barrett Law Firm respectfully request that this Court grant this Motion and relief from the automatic stay so that they may proceed with their indemnity and other claims against L&B in the State Court Action.

Dated: July 1, 2021            Respectfully submitted,

By: Brian R. England /s/
    David W. Affeld
    Brian R. England
    Damion D. D. Robinson
    Affeld Grivakes LLP

    Attorneys for Defendants Joseph
    Barrett and the Barrett Law Firm

---

ATTACHMENT 1 TO APPLICATION FOR RELIEF FROM STAY –
MEMORANDUM OF POINTS AND AUTHORITIES

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                                 Page 9                                                          **F 4001-1.RFS.NONBK.MOTION**