1  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
2  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, California 90067
3  Telephone: 310/277-6910
   Facsimile:  310/201-0760
4  E-mail: mpagay@pszjlaw.com

5  Attorneys for Richard M. Pachulski,
   Chapter 11 Trustee

6

## UNITED STATES BANKRUPTCY COURT

7

## CENTRAL DISTRICT OF CALIFORNIA

8

## LOS ANGELES DIVISION

9

| | |
|---|---|
| In re: | Case No.: 2:17-bk-19548-NB |
| LAYFIELD & BARRETT, APC, | Chapter 11 |
| Debtor. | **OPPOSITION OF RICHARD M. PACHULSKI, CHAPTER 11 TRUSTEE, TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362, FILED BY JOSEPH BARRETT AND THE BARRETT LAW FIRM** |
| | Date:    July 20, 2021[1]<br>Time:    1:00 p.m.<br>Place:   United States Bankruptcy Court<br>         Edward R. Roybal Federal Building<br>         255 E. Temple Street<br>         Courtroom 1545<br>         Los Angeles, California<br>Judge:   Honorable Neil W. Bason |

---

[1] Local Bankruptcy Rule 4001-1(c)(1) requires a motion for relief from stay to be "served by the moving party in the time and manner prescribed in LBR 9013-1(d) . . . ."  Local Bankruptcy Rule 9013-1(d)(2) requires notice of the motion and the motion itself "be filed and served not later than 21 days before the hearing date designated in the notice . . . ."  The movants filed the Motion and notice thereof on July 1, 2021, and again on July 2 after being directed by the Clerk of Court to refile due to an error in the filing.  Neither the July 1 nor July 2 filing satisfies the 21-day notice requirement.  In an abundance of caution, the Trustee is filing this Opposition 14 days before the improperly scheduled hearing, but, in light of the Movants' failure to comply with this Court's rules, reserves the right to later supplement the Opposition or request that the hearing be continued to allow for proper notice.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND ................................................................................................ 2

      A.      The Commencement of the Case and Appointment of the Chapter 11 Trustee .... 2
      B.      Barrett's Claims Asserted in the Case ................................................................. 3
      C.      Philip Layfield Involuntary Bankruptcy Case .................................................... 3
      D.      The Non-Debtor Litigation .................................................................................. 4
      E.      The Status of the L&B Estate ............................................................................... 4

III.    ARGUMENT ..................................................................................................... 5

      A.      The Automatic Stay in a Fundamental Protection and Exceptions Are Narrow ... 5
      B.      Barrett and TBLF Have Not Met Their Burden to Establish "Cause" to Lift
           the Automatic Stay ............................................................................................... 5
           1.      The Movants Bear the Burden of Making a Prima Facie Showing of
                "Cause" ..................................................................................................... 6
           2.      Under the Applicable Standard, No Cause Exists to Grant Relief From
                Stay as to the Non-Debtor Litigation ...................................................... 6

IV.     RESERVATION OF RIGHTS ......................................................................... 14

V.      CONCLUSION................................................................................................. 15

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*80 Nassau Assoc. v. Crossland Fed. Sav. Bank (In re 80 Nassau Assoc.)*,
169 B.R. 832, 837 (Bankr. S.D.N.Y. 1994) ............................................................................ 10

*Benjamin v. Diamond (In re Mobile Steel Co.)*,
563 F.2d 692 (5th Cir. 1977) ............................................................................................. 10, 11

*Borman v. Raymark Ind.*,
946 F.2d 1031, 1036 (3d Cir. 1991) ......................................................................................... 5

*Capital Commc'n Fed. Credit Union v. Boodrow (In re Boodrow)*,
126 F.3d 43, 48 (2d Cir. 1997) ................................................................................................. 6

*Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*,
912 F.2d 1162, 1166 (9th Cir.1990) ......................................................................................... 6

*Christian Life Ctr. Litig. Def. Comm. v. Silva (In re Christian Life Ctr.)*,
821 F.2d 1370, 1376 (9th Cir. 1987) ...................................................................................... 10

*Citicorp Venture Cap. v. Comm. of Creditors (In re Papercraft Corp.)*,
160 F.3d 982, 986-87 (3d Cir. 1998) ...................................................................................... 10

*Fabricators, Inc. v. Technical Fabricators, Inc. (In re Fabricators, Inc.)*,
926 F.2d 1458, 1467 (5th Cir. 1991) ................................................................................. 10, 11

*Feder v. Lazar (In re Lazar)*,
83 F.3d 306, 309 (9th Cir. 1996) ............................................................................................ 10

*Fidelity. Mortg. v. Camelia Builders, (In re Fidelity Mortg.)*,
550 F.2d 47, 55 (2d Cir. 1976) ................................................................................................. 5

*Gasprom, Inc. v. Fateh (In re Gasprom, Inc.)*,
500 B.R. 598, 606 (BAP 9th Cir. 2013) .................................................................................. 5

*Henry v. Lehman Commer. Paper, Inc. (In re First Alliance Mtg.)*,
471 F.3d 977, 1006 (9th Cir. 2006) ........................................................................................ 10

*In re Aleris Int'l*,
456 B.R. 35, 46 (Bankr. D. Del. 2011) ..................................................................................... 5

*In re Curtis*,
40 B.R. 795 (Bankr. D. Utah 1984) ...................................................................................... 6, 7

*In re Eagle Enters.*,
265 B.R. 671, 680 (E.D. Pa. 2001) ........................................................................................... 6

*In re Kronemeyer*,
405 B.R. 915 (9th Cir. BAP 2009) ........................................................................................... 7

*In re Landmark Fence Co., Inc.*,
2011 WL 6826253 at *4 (C.D. Cal. Dec. 9, 2011) .................................................................. 7

*In re MCC Humble Auto Paint, Inc.*,
2011 Bankr LEXIS 3288, at *7 (Bankr. S.D. Tex. Aug. 25, 2011) ......................................... 6

*In re Micro Design*,
120 B.R. 363, 369 (E.D. Pa. 1990) ........................................................................................ 13

*In re Mid-Am. Waste Sys.*,
284 B.R. 53, 69 (Bankr. D. Del. 2002) .................................................................................. 11

*In re Plumberex Specialty Prods., Inc.*,
311 B.R. 551, 559–60 (Bankr. C.D. Cal.2004).........................................................................7

*In re Residential Cap.*,
501 B.R. 624, 644 (Bankr. S.D.N.Y. 2013) ..................................................................... 13, 14

*In re Residential Cap.*,
2012 Bankr. LEXIS 3624, at *11 (Bankr. S.D.N.Y. Aug. 7, 2012) ......................................... 5

*In re Sorenson v. Drexel Burnham Lambert Grp. (In re Drexel Burnham Lambert Grp.),*
    146 B.R. 92, 95-96 (S.D.N.Y. 1992) .......................................................................... 8

*In re Stranahan Gear Co.,*
    67 B.R. 834, 838 (Bankr. E.D. Pa. 1986) .................................................................. 6

*In re Tursi,*
    9 B.R. 450, 453 (Bankr. E.D. Pa. 1981) .................................................................... 6

*In re W.R. Grace & Co.,*
    2007 Bankr. LEXIS 1214, at *12 (Bankr. D. Del. Apr. 13, 2007) ......................... 13, 14

*In re Wedtech Corp.,*
    85 B.R. 285, 289 (Bankr. S.D.N.Y. 1988) ................................................................ 8

*Nisselson v. Softbank AM Corp. (In re MarketXT Holdings),*
    361 B.R. 369, 386 (Bankr. S.D.N.Y. 2007) .............................................................. 10

*Official Comm. v. Austin Fin. Serv. (In re KDI Holdings),*
    277 B.R. 493, 508-09 (Bankr. S.D.N.Y. 1999) ......................................................... 10

*Official Comm. v. Conseco Fin. Serv. Corp. (In re Lois/USA),*
    264 B.R. 69, 132-33 (Bankr. S.D.N.Y. 2001) ........................................................... 10

*Pepper v. Litton,*
    308 U.S. 295, 311 (1939) ........................................................................................... 11

*Public Indus. Inc. v. United States (In re Cuyahoga Equip.),*
    980 F.2d 110, 117 (2d Cir. 1992) ............................................................................... 14

*Rodney Pimentel v. Joseph Barrett; The Barrett Law Firm, a Professional Corporation; Philip Layfield; Todd Wakefield, et al.*
    (Los Angeles Superior Court Case No. BC701615) ................................................. 1

*Sonnax Indus. v. Tri Component Prods. Corp. (In re Sonnax Indus.),*
    907 F.2d 1280, 1285 (2d Cir. 1990) ........................................................................... 6

*Stoumbos v. Kilimnik,*
    988 F.2d 949, 960 (9th Cir. 1993) ............................................................................. 11

*Tirey Distrib. Co. v. Sloan (In re Tirey Distrib. Co.),*
    242 B.R. 717, 723 (Bankr. E.D. Okla. 1999) ........................................................... 6

*United Sav. Ass'n v. Timbers of Inwood Forest Assocs (In re Timbers of Inwood Forest Assocs.),*
    793 F.2d 1380, 1409 (5th Cir 1986) ........................................................................... 5

*United States v. Noland,*
    517 U.S. 535, 538-39 (1996) ...................................................................................... 10

*Wilson v. Unioil (In re Unioil),*
    54 B.R. 192, 194 (Bankr. D. Colo. 1985) .................................................................. 6

**STATUTES**

11 U.S.C. § 362(d)(1) .................................................................................................... 5
11 U.S.C. § 362(g)(2) .................................................................................................... 6
11 U.S.C. § 502(e)(1) .................................................................................................... 8
11 U.S.C. § 502(e)(1) ............................................................................................. 2, 7, 14
11 U.S.C. § 510(c) ........................................................................ 2, 7, 9, 10, 12, 14
11 U.S.C. § 522(b)(1) .................................................................................................... 12
11 U.S.C. §101 .............................................................................................................. 2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:338759.3 51414/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Richard M. Pachulski, the duly appointed chapter 11 trustee (the "Trustee") in the above-captioned bankruptcy case (the "Case") of Layfield & Barrett, APC (the "Debtor" or "L&B"), hereby files his opposition ("Opposition") to the *Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)* [Docket No. 567][1] (the "Motion"), filed by Joseph Barrett ("Barrett") and The Barrett Law Firm ("TBLF" and, together with Barrett, the "Movants").

The Trustee respectfully represents the following:

## I.

## INTRODUCTION

Barrett and TBLF seek relief from the automatic stay in L&B's bankruptcy case to assert Barrett's unspecified "statutory and equitable indemnity rights against L&B arising directly out of" the claims asserted by Rodney Pimentel (the "Barrett Indemnity Claims") in litigation pending in the Superior Court of the State of California for the County of Los Angeles entitled *Rodney Pimentel v. Joseph Barrett; The Barrett Law Firm, a Professional Corporation; Philip Layfield; Todd Wakefield, et al.* (Case No. BC701615), to which L&B is not a party (the "Non-Debtor Litigation"). Barrett is alleged to be a former principal of L&B and current principal of co-movant TBLF.

It would be extremely prejudicial for L&B's administratively insolvent bankruptcy estate to be compelled to expend resources to become involved in litigation—to which it is not a party—to address indemnity claims that may never arise against the estate. *If* (a) the Barrett Indemnity Claims ultimately become noncontingent as a result of a state court's finding that Barrett and/or TBLF is liable to Pimentel, *and* (b) Barrett or TBLF partially or fully satisfies an obligation to Pimentel for which they assert a right of indemnity from L&B, *and* (c) the L&B estate's financial condition suggests that it would be appropriate to analyze and adjudicate the allowance of claims, *then* this Court can determine as part of the claims-allowance process whether Barrett and/or TBLF have met the appropriate legal standards to support allowable indemnity claims against the L&B estate.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Trustee respectfully requests that the Court take judicial notice of the pleadings and orders referenced in the bankruptcy cases and other proceedings referenced herein, including the entire record in each such matter. *See* Fed. R. Evid. 201.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   However, at present, due to their contingent nature, the Barrett Indemnity Claims are

2   currently subject to mandatory disallowance by this Court pursuant to section 502(e)(1)(B) of the

3   Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").  There is no reason for the

4   L&B bankruptcy estate to address the Barrett Indemnity Claims at this time, especially because such

5   claims may never arise if Barrett prevails in the Non-Debtor Litigation and, even if Barrett is held

6   liable for his alleged inequitable actions -- which may have included diverting funds intended for

7   L&B to other entities or persons, thereby depleting L&B's ability to satisfy the claims of other

8   creditors – this Court would likely be called upon to determine whether Barrett's claims (including

9   Barrett Indemnity Claims) should be equitably subordinated under section 510(c) of the Bankruptcy

10  Code .  The Movants have not demonstrated sufficient cause to warrant relief from stay against

11  L&B's bankruptcy estate.  The Motion must be denied.

## II.

## BACKGROUND

### A.   The Commencement of the Case and Appointment of the Chapter 11 Trustee

15  On August 3, 2017, petitioning creditors The Dominguez Firm ("TDF"), Mario Lara, Nayazi

16  Reyes and Maria A. Rios (the "Petitioning Creditors") filed an involuntary petition for relief under

17  chapter 7 of the Bankruptcy Code against L&B.  That same day, the Petitioning Creditors filed an

18  *Emergency Motion for Appointment of an Interim Trustee Under 11 U.S.C. § 303(g) and Granting*

19  *Emergency Relief* [Docket No. 3] (the "Trustee Motion").  In the Trustee Motion, the Petitioning

20  Creditors assert, among other allegations, that "[s]ettlement proceeds have not been distributed and

21  may no longer exist, vendors and other creditors have not been paid and clients are effectively

22  unrepresented in some 80 pending cases," and that, consequently, the appointment of a trustee is

23  "essential to protect and preserve property of the . . . estate and to prevent concealment, waste, loss

24  or conversion of the assets of the estate . . . ."  Trustee Motion at 1.

25  In response to the Trustee Motion, the Debtor filed a *Motion to Convert Case Under 11*

26  *U.S.C. §§ 706(a) or 1112(a)* on August 8, 2017 [Docket No. 19] (the "Conversion Motion"), seeking

27  to convert the Case to one under chapter 11 of the Bankruptcy Code.  The Court entered orders

28  granting the Conversion Motion [Docket No. 25] and denying the Trustee Motion [Docket No. 24].

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

On August 16, 2017, the Debtor, Petitioning Creditors, and secured creditor Advocate Capital, Inc. ("Advocate"), entered into a *Stipulation for the Appointment of a Chapter 11 Trustee* [Docket No. 38], which the Court approved by order on August 17, 2017 [Docket No. 42].

On August 21, 2017, the United States Trustee (the "UST") filed its *Notice of Appointment of Chapter 11 Trustee*, appointing Richard M. Pachulski as Trustee in the Case [Docket No. 51]. Also on August 21, 2017, the UST filed an *Application for Order Approving Appointment of Chapter 11 Trustee* [Docket No. 53], which application was granted by the Court's order entered the following day [Docket No. 56].

On August 28, 2017, the Trustee filed his *Acceptance of Appointment as Chapter 11 Trustee* [Docket No. 63].

**B.  Barrett's Claims Asserted in the Case**

On February 5, 2018, Barrett filed a Proof of Claim assigned Claim No. 247 in the amount of $4,770,580.49 ("Claim No. 247") alleging an "Attorney's Lien on Fee and Cost Recoveries."[2] However, Claim No. 247 also purports to include a claim for "Indemnity, Contribution, and Reimbursement from L&B" which Barrett concedes are "[c]urrently unliquidated / unknown."[3]  On March 15, 2018 (after the February 5, 2018 claims bar date [Docket No. 133]), Barrett filed a separate claim in the Case in the amount of $749,288.99, alleging similar grounds ("Claim No. 297").[4]  However, on its face, Claim 297 is not an amendment to Claim No. 247, but appears to be a claim Barrett filed or intended to file in the defunct bankruptcy case of Maximum Legal (California), LLP (Case No. 2:17-bk-18433).

**C.  Philip Layfield Involuntary Bankruptcy Case**

On May 21, 2018, Wellgen Standard, LLC ("Wellgen") (the successor-in-interest to Advocate), Alliance Legal Solutions LLC and the Trustee filed an involuntary chapter 7 petition against Philip Layfield ("Layfield").  On May 30, 2018, this Court granted Wellgen's motion for order appointing an interim trustee in the case [Layfield Case Docket No. 13] (the "Layfield Case").

---

[2] A true and correct copy of Claim 247 is attached as **Exhibit "A"** to the Request for Judicial Notice, filed concurrently herewith (the "RFJN").  TBLF has not filed any proofs of claim and, therefore, does not assert any claims against and is not a creditor of L&B's bankruptcy estate.

[3] Although Barrett lists certain litigation in an attachment to his Proof of Claim, the filing of Claim No. 247 predates the commencement of the Non-Debtor Litigation and is not listed.

[4] A true and correct copy of Claim 297 is attached as **Exhibit "B"** to the RFJN.

3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

On June 8, 2018, Wesley H. Avery ("Avery") was appointed as interim trustee [Layfield Case Docket No. 15]. On December 12, 2018, the Court granted Wellgen's motion for summary judgment and entered the order for relief requested in the Involuntary Petition [Layfield Case Docket No. 161].

On January 7, 2019, Avery filed a *Notice of Assets* [Layfield Case Docket No. 179] in the Layfield Case.

**D.    The Non-Debtor Litigation**

On July 20, 2018, Rodney Pimentel ("Pimentel") filed his *First Amended Complaint for Damages:  (1) Breach of Fiduciary Duty; (2) Constructive Fraud; (3) Unfair, Unlawful & Fraudulent Business Practices, Cal. Bus. & Prof. Code § 17200; (4) Conversion; (5) Breach of Contract; (6) Negligence; and (7) False Advertising, Cal. Bus. & Prof. Code § 17500* (the "Complaint"), in the Non-Debtor Litigation.[5]  The Complaint contains allegations, among others, relating to "Barrett and Layfield's Scheme and Conspiracy to Defraud Creditors and Clients" and "Barrett's Representation of Pimentel in the *Avila* Case, Reduction of Pimentel's Recovery, and Non-Payment of Pimentel's Share of Proceeds." Complaint at 7-9.  All the causes of action in the Complaint name Barrett and TBLF.

**E.    The Status of the L&B Estate**

As set forth in Monthly Operating Report No. 45 [Docket No. 564] (the "MOR") filed on May 11, 2021, "[t]he Trustee continues to resolve and collect fee and cost claims belonging to the bankruptcy estate [and is] also investigating the potential monetization of an insurance asset."  MOR at 10, 16.  The Trustee continues to allocate funds received between the L&B estate and Wellgen in accordance with the terms set forth in the *Stipulation Re:  Trustee's Motion for Order Approving Surcharge of Secured Creditor's Collateral* [Docket No. 281], as approved by the Court [Docket No. 284].

As of April 2021, the L&B estate held $16,149.80 in cash on hand, and the fees and costs of counsel to the Trustee have continued to accrue since June 30, 2020, the last date for which payment

---

[5] A copy of the Complaint was attached as Exhibit 1 to the Declaration of Yana G. Henriks filed as Attachment 2 in support of Pimentel's *Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)* [Layfield Case Docket No. 317] (the "Pimentel RFS Motion"), filed in the Layfield Case and is attached as **Exhibit "C"** to the RFJN.

DOCS_LA:338759.3 51414/001

1  of compensation and reimbursement of expenses has been approved by the Court.  *See* MOR at 10;

2  [Docket No. 522].

3  **III.**

4  **ARGUMENT**

5  **A.    The Automatic Stay in a Fundamental Protection and Exceptions Are Narrow**

6  "'The automatic stay is one of the fundamental debtor protections provided by the

7  bankruptcy laws.'" *United Sav. Ass'n v. Timbers of Inwood Forest Assocs (In re Timbers of Inwood*

8  *Forest Assocs.)*, 793 F.2d 1380, 1409 (5th Cir 1986) (quoting H.R Rep. 95-595 at 340 (1978)), *on*

9  *reh'g*, 808 F.2d 363 (5th Cir. 1987), *aff'd* 484 U.S. 365 (1988).  The purpose of the automatic stay is

10  "'to prevent certain creditors from gaining a preference for their claims against the debtor; **to**

11  **forestall the depletion of the debtor's assets due to legal costs in defending proceedings against**

12  **it**; and, in general, to avoid interference with the orderly liquidation or rehabilitation of the debtor.'"

13  *In re Aleris Int'l*, 456 B.R. 35, 46 (Bankr. D. Del. 2011) (quoting *Borman v. Raymark Ind*., 946 F.2d

14  1031, 1036 (3d Cir. 1991); emphasis added). In short, its purpose is to "'give the business a

15  breathing spell' . . . as well as to prevent creditors from 'obtaining preferential treatment by quick

16  action.'" *Timbers*, 793 F.2d at 1387 (quoting H.R. Rep. at 174). "The automatic stay is critical to a

17  debtor because it allows a debtor to focus on its reorganization instead of ligation." *See In re*

18  *Residential Cap.*, 2012 Bankr. LEXIS 3624, at *11 (Bankr. S.D.N.Y. Aug. 7, 2012).

19  "The stay insures that the debtor's affairs will be centralized, initially in a single forum in

20  order to prevent conflicting judgments from different courts and in order to harmonize all of the

21  creditors' interests with one another." *Fidelity. Mortg. v. Camelia Builders, (In re Fidelity Mortg.)*,

22  550 F.2d 47, 55 (2d Cir. 1976). Accordingly, the scope of the automatic stay is interpreted broadly,

23  and exceptions narrowly drawn. *Gasprom, Inc. v. Fateh (In re Gasprom, Inc.)*, 500 B.R. 598, 606

24  (BAP 9th Cir. 2013).

25  **B.    Barrett and TBLF Have Not Met Their Burden to Establish "Cause" to Lift the**

26  **Automatic Stay**

27  Section 362(d)(1) of the Bankruptcy Code provides that a court shall grant relief from the

28  automatic stay only "for cause." 11 U.S.C. § 362(d)(1).  Courts determine "cause" on a case-by-case

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

5

basis. *See Christensen v. Tucson Estates, Inc.* (*In re Tucson Estates, Inc.*), 912 F.2d 1162, 1166 (9th Cir.1990); *In re MCC Humble Auto Paint, Inc.*, 2011 Bankr LEXIS 3288, at *7 (Bankr. S.D. Tex. Aug. 25, 2011) ("Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of circumstances.").

1.    **The Movants Bear the Burden of Making a Prima Facie Showing of "Cause"**

A party seeking relief from stay must make a prima facie showing of "cause." *See Wilson v. Unioil (In re Unioil)*, 54 B.R. 192, 194 (Bankr. D. Colo. 1985) ("Once the party seeking relief from stay establishes a legally sufficient basis, i.e., 'cause,' for such relief, the burden then lies with the debtor to demonstrate that it is entitled to the stay.")(citing *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984)); *Tirey Distrib. Co. v. Sloan* (*In re Tirey Distrib. Co.*), 242 B.R. 717, 723 (Bankr. E.D. Okla. 1999) ("'Although under § 362(g)(2) the debtor has the burden of proof on the issue of 'cause' the [moving party] has the burden of going forward with the evidence in the first instance to establish that there are some facts to support its allegation of 'cause.'")(quoting *In re Tursi*, 9 B.R. 450, 453 (Bankr. E.D. Pa. 1981)).

This burden is particularly heavy where the moving party is an unsecured creditor. *See In re Eagle Enters.*, 265 B.R. 671, 680 (E.D. Pa. 2001) ("unsecured creditors are entitled to relief from an automatic stay only in extraordinary circumstances"); *In re Stranahan Gear Co.*, 67 B.R. 834, 838 (Bankr. E.D. Pa. 1986) ("Several factors militate strongly against the allowance of any relief . . . where the moving party is an unsecured creditor."). If the creditor fails to make such a showing, "the court should deny relief without requiring any showing from the debtor . . . ." *Sonnax Indus. v. Tri Component Prods. Corp. (In re Sonnax Indus.)*, 907 F.2d 1280, 1285 (2d Cir. 1990); *see also Capital Commc'n Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 48 (2d Cir. 1997) ("[A] bankruptcy court should deny relief from the stay if the movant 'fails to make an initial showing of cause.'") (quoting *Sonnax*, 907 F.2d at 1285).

2.    **Under the Applicable Standard, No Cause Exists to Grant Relief from Stay as to the Non-Debtor Litigation**

As stated, verbatim, in the Court's *Order on Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)* [Layfield Docket No. 323] (the "Pimentel RFS Order") entered in respect of the Pimentel RFS Motion:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

> In determining whether "cause" exists to grant relief from the automatic stay to allow a movant to pursue litigation in a non-bankruptcy forum, courts in the Ninth Circuit have examined the factors set forth in *In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984). *See In re Kronemeyer*, 405 B.R. 915 (9th Cir. BAP 2009); *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 559–60 (Bankr. C.D. Cal.2004). Those factors are: (1) Whether the relief will result in a partial or complete resolution of the issues; (2) The lack of any connection with or interference with the bankruptcy case; (3) Whether the foreign proceeding involves the debtor as a fiduciary; (4) Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases; (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c); (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f); (10) The interests of judicial economy and the expeditious and economical determination of litigation for the parties; (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and (12) The impact of the stay on the parties and the "balance of hurt." *Plumberex*, 311 B.R. at 559. "[W]hile the *Curtis* factors are widely used to determine the existence of 'cause,' not all of the factors are relevant in every case, nor is a court required to give each factor equal weight." *In re Landmark Fence Co., Inc.*, 2011 WL 6826253 at *4 (C.D. Cal. Dec. 9, 2011).

Pimentel RFS Order at 8.

When the *Curtis* factors are applied to the Movants' request for the Court to grant relief from the automatic stay in respect to asserting their purported indemnity claims arising from the Non-Debtor Litigation, none favors granting the Motion.

    a.    **Granting Relief from Stay Would Not Result in a Complete Resolution of Issues**

First, the Movants try to conflate Pimentel's claims against them in the Non-Debtor Litigation for "st[ealing] settlement proceeds due to Pimentel in connection with a favorable jury verdict for $3.6 million in an underlying personal injury lawsuit, among other things" with their alleged indemnity claims against L&B's bankruptcy estate, which are currently subject to disallowance under section 502(e)(1)(B) of the Bankruptcy Code.  Pimentel RFS Motion at 3. Section 502(e)(1)(B), in pertinent part, states that the Court:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

shall disallow any claim for reimbursement or contribution
of any entity that is liable with the debtor on or has secured the
claim of a creditor, to the extent that –

. . . .

(B) such claim for reimbursement or
contribution is contingent as of the time of allowance or
disallowance of such claim . . . .

11 U.S.C. § 502(e)(1).[6]  The Movants do not require relief from stay to have Pimentel's claims against them liquidated.  As already noted above, ***only if*** (a) the Barrett Indemnity Claims ultimately become noncontingent as a result of a state court's finding that Barrett and/or TBLF is liable to Pimentel, ***and*** (b) Barrett or TBLF partially or fully satisfies an obligation to Pimentel for which they assert a right of indemnity from L&B, ***and*** (c) the L&B estate's financial condition suggests that it would be appropriate to analyze and adjudicate the allowance of claims, ***then*** this Court then can determine as part of the claims-allowance process whether Barrett and/or TBLF have met the appropriate legal standards to support allowable indemnity claims against the L&B estate.[7]

### b.  L&B Is Not a Party to the Non-Debtor Litigation and There Is No Direct Connection with the Case

Second, the Non-Debtor Litigation is not directly related to the bankruptcy case—L&B is not a party.  However, granting the Motion would force an administratively insolvent estate to expend resources to adjudicate one claim asserted against it when there is no assurance that holders of general unsecured claims would receive any distributions.

### c.  The Non-Debtor Litigation Does Not Involve L&B as a Fiduciary

Third, the Non-Debtor Litigation does not involve L&B as a fiduciary.

### d.  The Superior Court Has No Special Expertise

Fourth, the Superior Court is a court of general jurisdiction and has no special expertise in indemnity or similar claims.

---

[6] In interpreting this section, courts have evaluated three factors: (i) whether the claim is for reimbursement or contribution, (ii) whether the claim asserted by an entity that is liable with the debtor on an underlying claim, and (iii) whether the claim that is contingent at the time of its allowance or disallowance. *See In re Sorenson v. Drexel Burnham Lambert Grp. (In re Drexel Burnham Lambert Grp.)*, 146 B.R. 92, 95-96 (S.D.N.Y. 1992) (disallowing indemnification claim upon satisfaction of three-part test); *In re Wedtech Corp.*, 85 B.R. 285, 289 (Bankr. S.D.N.Y. 1988) (same).

[7] As discussed below, the Court also likely would be called upon to determine whether Barrett's claims should be equitable subordinated.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

e.    **L&B's Insurance Carrier Has Not Assumed Full (or Any) Financial Responsibility for Defending the Non-Debtor Litigation**

Fifth, pursuant to the *Motion for Order Approving Settlement With Evanston Insurance Company* [Docket No. 184], granted by the Court [Docket No. 215], L&B's Lawyers Professional Liability Insurance Policy was rescinded.  The Movants provide no information to support a conclusion that other insurance may be available to provide coverage relating to the claims in the Non-Debtor Litigation or the Barrett Indemnity Claims.

f.    **The Non-Debtor Litigation Involves Third Parties**

Sixth, the Non-Debtor Litigation "essentially involves third parties," and the L&B estate—a nonparty—would serve only as a third party against whom the Movants would seek indemnity, as requested in the Motion.[8]

g.    **Granting the Motion Would Effectively Force L&B's Administrative Claimants to Fund the Liquidation of an Unsecured Claim**

Seventh, granting the Motion would prejudice other creditors, especially holders of administrative expenses:  There is no reason to litigate or analyze the allowance of a general unsecured claim when it is possible that holders of such claims will never receive distributions from the Case and Movants' alleged indemnity claims will not arise.  Also, as discussed below, given the nature of Barrett's claims, the Barrett Indemnity Claims may be subject to equitable subordination.

h.    **The Barrett Indemnity Claims Would Likely Be Subject to Equitable Subordination**

The eighth *Curtis* factor asks whether the claim arising from the nonbankruptcy action would be subject to equitable subordination under section 510(c) of the Bankruptcy Code, which states in relevant part:

[A]fter notice and a hearing, the court may—

(1)    under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or

(2)    order that any lien securing such a subordinated claim be transferred to the estate.

11 U.S.C. § 510(c).

---

[8] There are no proceeds or goods at issue and, as such, the debtor is neither a bailee nor conduit.

9

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Claims for equitable subordination generally are subject to the three-pronged test articulated

2    in *Benjamin v. Diamond (In re Mobile Steel Co.)*, 563 F.2d 692 (5th Cir. 1977).  *See, e.g., Official*

3    *Comm. v. Austin Fin. Serv. (In re KDI Holdings)*, 277 B.R. 493, 508-09 (Bankr. S.D.N.Y. 1999); *80*

4    *Nassau Assoc. v. Crossland Fed. Sav. Bank (In re 80 Nassau Assoc.)*, 169 B.R. 832, 837 (Bankr.

5    S.D.N.Y. 1994); *Henry v. Lehman Commer. Paper, Inc. (In re First Alliance Mtg.)*, 471 F.3d 977,

6    1006 (9th Cir. 2006) (citing *Feder v. Lazar (In re Lazar)*, 83 F.3d 306, 309 (9th Cir. 1996)); *see also*

7    *Christian Life Ctr. Litig. Def. Comm. v. Silva (In re Christian Life Ctr.)*, 821 F.2d 1370, 1376 (9th

8    Cir. 1987) ("The bankruptcy court may subordinate a claim if it finds the claimant engaged in fraud,

9    unfairness or inequity and the claimant's conduct harmed the debtor or its other creditors.")(citation

10    omitted); *Citicorp Venture Cap. v. Comm. of Creditors (In re Papercraft Corp.)*, 160 F.3d 982, 986-

11    87 (3d Cir. 1998) (utilizing the *Mobile Steel* test); s*ee also United States v. Noland*, 517 U.S. 535,

12    538-39 (1996) (same).

13    The three prongs of the *Mobile Steel* test are: (i) the claimant to be subordinated engaged in

14    some type of inequitable conduct, (ii) the misconduct caused injury to the creditors or conferred an

15    unfair advantage on the claimant, and (iii) equitable subordination of the claim is consistent with

16    bankruptcy law.  *See id.*  Because *Mobile Steel* was decided under the Bankruptcy Act, courts now

17    consider the third prong to be largely moot in light of the enactment of section 510(c) of the

18    Bankruptcy Code.  *See KDI Holdings*, 277 B.R. at 509 (citing *80 Nassau Assoc.,* 169 B.R. at 841).

19    Courts have held that inequitable conduct "includes a misrepresentation or fraud, lack of

20    good faith by a fiduciary, unjust enrichment, or enrichment brought about by unconscionable, unjust

21    or unfair conduct or double-dealing."  *Nisselson v. Softbank AM Corp.* (*In re MarketXT Holdings)*,

22    361 B.R. 369, 386 (Bankr. S.D.N.Y. 2007) (citing *Official Comm. v. Conseco Fin. Serv. Corp. (In re*

23    *Lois/USA)*, 264 B.R. 69, 132-33 (Bankr. S.D.N.Y. 2001)).  Moreover, the claimant's misconduct

24    need not relate directly to the acquisition or assertion of the claim sought to be subordinated.

25    *Fabricators, Inc. v. Technical Fabricators, Inc. (In re Fabricators, Inc.)*, 926 F.2d 1458, 1467 (5th

26    Cir. 1991) (citing *Mobile Steel*, 563 F.2d at 700).

27    Two separate standards have been developed in determining the appropriate analysis to be

28    applied to a creditor's conduct.  In a case where the trustee seeks to subordinate a claim arising from

10

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

the dealings between a debtor and an "insider," the court will give the insider's actions rigorous

scrutiny. *Stoumbos v. Kilimnik*, 988 F.2d 949, 960 (9th Cir. 1993) (*citing Fabricators*, 926 F.2d at

1465). The claims of "insider" or "fiduciary" creditors are subject to more intense scrutiny than the

claims of arm's length creditors. *See Mobile Steel*, 563 F.2d at 701-02. Numerous courts have

endorsed this distinction, including by holding that "[t]he *most important factor* in determining if a

claimant has engaged in inequitable conduct for the purposes of equitable subordination is whether

the claimant was an insider or outsider in relation to the debtor at the time of the act." *In re Mid-Am.*

*Waste Sys.*, 284 B.R. 53, 69 (Bankr. D. Del. 2002) (emphasis added; footnote omitted).[9]

The Complaint contains numerous assertions regarding inequitable conduct by Barrett. *See,*

*e.g.*, Complaint ¶ 24 at 7 ("Barrett also agreed with Layfield and with Wakefield to perpetrate a

scheme to further defraud the clients and creditors of L&B"), ¶ 41 at 13 ("Barrett knew or should

have known that the entire amount of the *Avila* settlement proceeds had been or were intended to be

transferred to accounts held by Maximum Legal, LLP and[/]or other entities and that there was no

intention on the part of Barrett . . . to disburse Pimentel's share of the proceeds in a reasonably

timely manner."). Also as set forth in the Complaint in the Non-Debtor Litigation, Barrett is alleged

to be an insider. *See* Complaint ¶ 10 at 3 ("At all times relevant herein, Barrett presented himself to

the public as an equity partner and director of the law firm Layfield & Barrett, APC . . . . Several

press releases were made to the public bolstering Layfield and Barrett's partnership."), ¶ 19 at 4

("Defendant Barrett was an equity partner and a director of L&B from approximately autumn 2015

until at least April of 2017").

Accordingly, any claim by Barrett, including the Barrett Indemnity Claims, would have to be

carefully scrutinized by the Court to determine whether his alleged inequitable actions -- which may

have included diverting funds intended for L&B to other entities or persons thereby depleting L&B's

---

[9] For example, breach of fiduciary duty is uniformly recognized as misconduct that justifies the subordination of a creditor's claim. *See, e.g., Fabricators*, 926 F.2d at 1467 ("The judicially-created doctrine of equitable subordination developed as a policy against fraud and the breach of the duties imposed on a fiduciary of the bankrupt."). Courts will generally subordinate the claim of a fiduciary whenever the fiduciary places its own interests ahead of those of the corporation. *See, e.g., Pepper v. Litton*, 308 U.S. 295, 311 (1939) (a fiduciary "cannot serve himself first and his cestuis second. . . . Where there is a violation of those principles, equity will undo the wrong or intervene to prevent its consummation.").

DOCS_LA:338759.3 51414/001

ability to satisfy the claims of other creditors -- if determined through the Non-Debtor Litigation, should be equitably subordinated under section 510(c) of the Bankruptcy Code.

i.    **Section 522(f) Does Not Apply in This Case**

Ninth, the Movants' success in the Non-Debtor Litigation would not result in a judicial lien avoidable by L&B under section 522(f) of the Bankruptcy Code.[10]

j.    **It Would Be Wasteful of Estate Resources and Uneconomical to Compel the Estate to Address the Barrett Indemnity Claims through the Non-Debtor Litigation**

A review of the tenth *Curtis* factor, which requires an assessment of the interests of judicial economy and the expeditious and economical determination of litigation for the parties, strongly favors ***denial*** of the Motion.  As already noted, it would be wasteful of the bankruptcy estate's resources to be compelled to participate in the Non-Debtor Litigation.  To the extent the Movants would be able to assert the Barrett Indemnity Claims against the L&B estate as a result of the outcome of the litigation, the estate may not have the financial capacity to provide a distribution to general unsecured creditors, so it would be a waste of the estate's resources to be forced to address such claims at this point.  Even if the estate were in a condition that assured some return to general unsecured creditors, this Court would be called upon the determine whether the Movants' claims should be subordinated under section 510(c) of the Bankruptcy Code.  It simply makes no sense to address the Barrett Indemnity Claims arising from the Non-Debtor Litigation at this juncture.  Judicial economy demands that the claims asserted against Barrett in the Non-Debtor Litigation, if any, be determined first, at which point this Court can assess the Barrett Indemnity Claims, their allowance and potential subordination.

k.    **Trial Has Been Scheduled in the Non-Debtor Litigation**

Eleventh, according to the Motion, trial in the Non-Debtor Litigation is scheduled for October 25, 2021.  *See* Motion ¶ 6.d. at 7.  If the Motion were granted and the L&B estate were compelled to participate in the Non-Debtor Litigation, it is possible that the estate's interests would be prejudiced at this late stage of the litigation unless the trial were continued.  Because a determination of the Barrett Indemnity Claims is not relevant to the disposition of Pimentel's claims

---

[10] The exemption provisions of the Bankruptcy Code only apply to individual debtors.  *See* 11 U.S.C. § 522(b)(1).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

against Barrett in the Non-Debtor Litigation, the Motion should be denied so that the Non-Debtor Litigation may proceed expeditiously to trial.

### l.    **Granting Relief from Stay Would Be Harmful to L&B's Estate**

Finally, the Court is to evaluate the impact of the stay on the parties and the "balance of hurt." The balance of harms strongly favors denying the Motion.

### (1)    **The Movants Have Not Established Any Harm from the Stay**

Neither Barrett nor TBLF has established any cognizable harm from the automatic stay. Their Motion states without justification that the Movants require relief from stay because "Barrett will be substantially prejudiced as he has statutory and equitable indemnity rights against L&B." Motion at 11.[11]  Nothing prevents Barrett from asserting indemnity rights against L&B at some later time – indeed, L&B is not even a party to the Non-Debtor Litigation.  *See Residential Cap.*, 2012 Bankr LEXIS 3624, at *11 (denying motion to lift stay to allow litigation because "claims will still be addressed, along with those of other creditors, at a later point").  There is no reason why Barrett's claims against L&B (which are not asserted in the Non-Debtor Litigation) prevent him from "be[ing] treated as any other unsecured creditor[]." *See In re Residential Cap.*, 501 B.R. 624, 644 (Bankr. S.D.N.Y. 2013); *In re W.R. Grace & Co.*, 2007 Bankr. LEXIS 1214, at *12 (Bankr. D. Del. Apr. 13, 2007) ("There is no indication that the [movant's] state court claims are in any way unique, or that, if proven, Debtors' liability to the [movant], if any, will be distinguishable from liability for any of the other . . . claims asserted against Debtors. The [movant] is in no different position than any other creditor . . . .").

The Movants cannot overcome the "'heavy and possibly insurmountable burden of proving that the balance of hardships tips significantly in favor of granting relief." *W.R. Grace*, 2007 Bankr. LEXIS 1214, at *11 (quoting *In re Micro Design*, 120 B.R. 363, 369 (E.D. Pa. 1990)).  The Motion should be denied for this reason alone.

---

[11] In their Conclusion, Movants appear to pivot in the relief requested from this Court, asking for "relief from the automatic stay so that they may proceed with their indemnity **and other claims** against L&B in the State Court Action." Motion at 12 (emphasis added).  It's not specified what these "other claims" might be or why they should be permitted to assert such claims in the Non-Debtor Litigation.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**(2)    Lifting the Stay Will Prejudice L&B's Bankruptcy Estate**

Requiring a bankruptcy estate to engage in separate litigation would interfere with the administration of the estate, which is "[t]he most important factor in determining whether to grant relief from the automatic stay." *See W.R. Grace,* 2007 Bankr LEXIS 1214, at *9 n.7.  Even a "slight interference" with the administration of the debtor's estate can "preclude relief in the absence of a commensurate benefit." *See Curtis*, 40 B.R. at 806.  "Requiring the Debtors to continue litigation in [another forum] would upend the 'strong bankruptcy code policy that favors centralized and efficient administration of all claims in the bankruptcy court.'"  *See Residential Cap.*, 501 B.R. at 644 (quoting *Public Indus. Inc. v. United States (In re Cuyahoga Equip.*), 980 F.2d 110, 117 (2d Cir. 1992)).

Granting the Motion would disturb the administration of the estate by forcing the Trustee to expend resources to address contingent claims that may never be allowable against the estate and, even if they were allowable, in the absence of funds available to satisfy distributions to unsecured creditors, it makes no sense to liquidate the Barrett Indemnity Claims—or any other unsecured claims, for that matter—at this point in the Case.

The Movants have not made a sufficient showing of cause, and their Motion should be denied for that reason alone.  Meanwhile, lifting the stay will prejudice L&B's bankruptcy estate. The balance of the hardships requires denying the Motion.

## IV.

## **RESERVATION OF RIGHTS**

The Trustee reserves all rights to supplement or add to the legal and factual arguments raised in this Opposition and to further object to the Motion, the Barrett Indemnity Claims, and any other claims that may be asserted by the Movants on any bases whatsoever, at a future date, including, without limitation, the right to object to the Barrett Indemnity Claims pursuant to section 502(e)(1)(B) and to seek their subordination pursuant to section 510(c) of the Bankruptcy Code. Additionally, the Trustee reserves all rights to seek damages for violation of the automatic stay, if appropriate.

DOCS_LA:338759.3 51414/001

1

## V.

## <u>**CONCLUSION**</u>

For the foregoing reasons, the Trustee respectfully requests that the Court (a) deny the

Motion and (b) grant the Trustee such other relief as may be appropriate under the circumstances.

Dated:  July 6, 2021                              PACHULSKI STANG ZIEHL & JONES LLP


                                                 By: */s/ Malhar S. Pagay*
                                                     Malhar S. Pagay

                                                     Attorneys for
                                                     Richard M. Pachulski, Chapter 11 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:338759.3 51414/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067**

A true and correct copy of the foregoing document entitled (*specify*):  **OPPOSITION OF RICHARD M. PACHULSKI, CHAPTER 11 TRUSTEE, TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362, FILED BY JOSEPH BARRETT AND THE BARRETT LAW FIRM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 6, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **July 6, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 6, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

By Email:
Philip James Layfield
Email:  phil@maximum.global

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **July 6, 2021** | Sophia L. Lee | */s/ Sophia L. Lee* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

   **Case 2:17-bk-19548-NB**

- **Wesley H Avery**    wes@averytrustee.com, lucy@averytrustee.com;alexandria@averytrustee.com
- **Jason Balitzer**    jbalitzer@sulmeyerlaw.com,
  jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
- **Moses S Bardavid**    mbardavid@hotmail.com
- **Daniel I Barness**    daniel@barnesslaw.com
- **James W Bates**    jbates@jbateslaw.com
- **Darwin Bingham**    cat@scalleyreading.net
- **Paul M Brent**    snb300@aol.com
- **Martin J Brill**    mjb@lnbrb.com
- **William S Brody**    wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com
- **Glenn R Bronson**    GRBronson@traskbritt.com, cawatters@traskbritt.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Jennifer Witherell Crastz**    jcrastz@hrhlaw.com
- **Beth Gaschen**    bgaschen@wgllp.com,
  kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdriv
  e.com;gestrada@wgllp.com
- **Jeffrey I Golden**    jgolden@wgllp.com,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com
- **Sevan Gorginian**    sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com
- **Stella A Havkin**    stella@havkinandshrago.com, havkinlaw@earthlink.net;r49306@notify.bestcase.com
- **M. Jonathan Hayes**    jhayes@rhmfirm.com,
  roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pa
  rdis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra
  @rhmfir
- **Yana G Henriks**    yhenriks@law-mh.com, rmcmurray@law-mh.com;sridgill@law-mh.com;lawclerk1@law-
  mh.com;lfreidenberg@law-mh.com;mbral@law-mh.com;egarcia@law-mh.com;clopez@law-mh.com
- **Kimberly D Howatt**    khowatt@gordonrees.com, sdurazo@grsm.com
- **James KT Hunter**    jhunter@pszjlaw.com
- **Steven J Kahn**    skahn@pszyjw.com
- **Joseph M Kar**    jkar@mindspring.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Richard W Labowe**    richardwlabowe@gmail.com, llhlaw1631@aol.com
- **Dare Law**    dare.law@usdoj.gov
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Jessica Mickelsen Simon**    simonjm@ballardspahr.com, carolod@ballardspahr.com
- **Dennette A Mulvaney**    dmulvaney@leechtishman.com, lmoya@leechtishman.com
- **Rana Nader**    rnader@naderlawgroup.com, monique@naderlawgroup.com
- **Joel A Osman**    osman@parkermillsllp.com, gonzalez@parkermillsllp.com
- **Malhar S Pagay**    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- **Brian A Paino**    bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Michael F Perlis**    mperlis@lockelord.com,
  merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
- **Michael F Perlis**    ,
  merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Faye C Rasch**    frasch@wgllp.com, kadele@wgllp.com;lbracken@wgllp.com;gestrada@wgllp.com
- **Damion Robinson**    dr@agzlaw.com, efiling@agzlaw.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Daniel A Solitro**    dsolitro@lockelord.com, ataylor2@lockelord.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

DOCS_LA:323651.1 51414/002

**F 9013-3.1.PROOF.SERVICE**

- **Olivier A Taillieu**    o@taillieulaw.com, mstephens@taillieulaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Robert G Uriarte**    rgulawoffice@gmail.com
- **Gary R Wallace**    garyrwallace@ymail.com
- **Alan J Watson**    alan.watson@hklaw.com, rosanna.perez@hklaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.