United States Bankruptcy Court
Central District of California

In re:     Case No. 17-19548-NB

Layfield & Barrett, APC     Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-2 | User: admin | Page 1 of 4 |
| Date Rcvd: Jul 20, 2021 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 22, 2021:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: phil@maximum.global | Jul 21 2021 07:25:00 | Layfield & Barrett, APC, 2720 Homestead Rd Ste 210, Park City, UT 84098-4887 |

TOTAL: 1

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 22, 2021      Signature:     /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 20, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alan J Watson | on behalf of Petitioning Creditor Nayazi Reyes alan.watson@hklaw.com rosanna.perez@hklaw.com |
| Alan J Watson | on behalf of Petitioning Creditor The Dominguez Firm alan.watson@hklaw.com rosanna.perez@hklaw.com |
| Alan J Watson | on behalf of Petitioning Creditor Mario Lara alan.watson@hklaw.com rosanna.perez@hklaw.com |
| Alan J Watson | on behalf of Petitioning Creditor Maria A Rios alan.watson@hklaw.com rosanna.perez@hklaw.com |
| Baruch C Cohen | on behalf of Interested Party Courtesy NEF bcc@BaruchCohenEsq.com paralegal@baruchcohenesq.com |

| | | |
|---|---|---|
| District/off: 0973-2 | User: admin | Page 2 of 4 |
| Date Rcvd: Jul 20, 2021 | Form ID: pdf042 | Total Noticed: 1 |

| | |
|---|---|
| Beth Gaschen | on behalf of Creditor Advocate Capital Inc. bgaschen@wgllp.com, kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com |
| Brian A Paino | on behalf of Creditor Premium Assignment Corporation II bpaino@mcglinchey.com  irvineECF@mcglinchey.com |
| Damion Robinson | on behalf of Defendant Joseph Barrett dr@agzlaw.com  efiling@agzlaw.com |
| Damion Robinson | on behalf of Plaintiff Affeld Grivakes LLP dr@agzlaw.com  efiling@agzlaw.com |
| Damion Robinson | on behalf of 3rd Party Plaintiff Joseph Martin Barrett dr@agzlaw.com  efiling@agzlaw.com |
| Damion Robinson | on behalf of Defendant Joseph Martin Barrett dr@agzlaw.com  efiling@agzlaw.com |
| Damion Robinson | on behalf of Cross-Claimant Joseph Martin Barrett dr@agzlaw.com  efiling@agzlaw.com |
| Damion Robinson | on behalf of Interested Party Joseph Martin Barrett dr@agzlaw.com  efiling@agzlaw.com |
| Damion Robinson | on behalf of Counter-Claimant Joseph Barrett dr@agzlaw.com  efiling@agzlaw.com |
| Daniel A Solitro | on behalf of Plaintiff Evanston Insurance Company dsolitro@lockelord.com  ataylor2@lockelord.com |
| Daniel I Barness | on behalf of Creditor Aaron Lavine daniel@barnesslaw.com |
| Daniel I Barness | on behalf of Interested Party Courtesy NEF daniel@barnesslaw.com |
| Dare Law | on behalf of U.S. Trustee United States Trustee (LA) dare.law@usdoj.gov |
| Darwin Bingham | on behalf of Creditor Toll Creek Village Owners Association  Inc. cat@scalleyreading.net |
| David W. Meadows | on behalf of Mediator Mediator david@davidwmeadowslaw.com |
| Dennette A Mulvaney | on behalf of Interested Party Courtesy NEF dmulvaney@leechtishman.com  lmoya@leechtishman.com |
| Dennette A Mulvaney | on behalf of Creditor Toll Creek Village Owners Association  Inc. dmulvaney@leechtishman.com, lmoya@leechtishman.com |
| Faye C Rasch | on behalf of Interested Party Wellgen Standard  LLC frasch@wgllp.com, kadele@wgllp.com;lbracken@wgllp.com;gestrada@wgllp.com |
| Faye C Rasch | on behalf of Plaintiff Wellgen Standard LLC frasch@wgllp.com  kadele@wgllp.com;lbracken@wgllp.com;gestrada@wgllp.com |
| Faye C Rasch | on behalf of Creditor Advocate Capital  Inc. frasch@wgllp.com, kadele@wgllp.com;lbracken@wgllp.com;gestrada@wgllp.com |
| Gary R Wallace | on behalf of Defendant Jeffery Young garyrwallace@ymail.com |
| Glenn R Bronson | on behalf of Creditor Ed & Penni Bailey GRBronson@traskbritt.com  cawatters@traskbritt.com |
| Hamid R Rafatjoo | on behalf of Interested Party Raines Feldman LLP hrafatjoo@raineslaw.com  bclark@raineslaw.com |
| James KT Hunter | on behalf of Plaintiff Richard M Pachulski jhunter@pszjlaw.com |
| James KT Hunter | on behalf of Plaintiff Richard M. Pachulski jhunter@pszjlaw.com |
| James KT Hunter | on behalf of Trustee Richard Pachulski (TR) jhunter@pszjlaw.com |
| James KT Hunter | on behalf of Defendant Richard Pachulski jhunter@pszjlaw.com |

Case 2:17-bk-19548-NB    Doc 576    Filed 07/22/21    Entered 07/22/21 21:19:01    Desc
Imaged Certificate of Notice    Page 3 of 13

| District/off: 0973-2 | User: admin | Page 3 of 4 |
|---|---|---|
| Date Rcvd: Jul 20, 2021 | Form ID: pdf042 | Total Noticed: 1 |

| | |
|---|---|
| James KT Hunter | on behalf of Defendant Richard M Pachulski jhunter@pszjlaw.com |
| James KT Hunter | on behalf of Cross Defendant Richard Pachulski jhunter@pszjlaw.com |
| James W Bates | on behalf of Interested Party Courtesy NEF jbates@jbateslaw.com |
| Jason Balitzer | on behalf of Interested Party Courtesy NEF jbalitzer@sulmeyerlaw.com jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com |
| Jeffrey I Golden | on behalf of Interested Party Wellgen Standard  LLC jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com |
| Jeffrey I Golden | on behalf of Plaintiff Wellgen Standard LLC jgolden@wgllp.com kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com |
| Jeffrey I Golden | on behalf of Counter-Defendant Advocate Capital  Inc. jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com |
| Jeffrey I Golden | on behalf of Creditor Advocate Capital  Inc. jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com |
| Jennifer Witherell Crastz | on behalf of Creditor Wells Fargo Bank  National Association jcrastz@hrhlaw.com |
| Jennifer Witherell Crastz | on behalf of Interested Party Courtesy NEF jcrastz@hrhlaw.com |
| Jessica Mickelsen Simon | on behalf of Creditor Wells Fargo Bank  National Association simonjm@ballardspahr.com, carolod@ballardspahr.com |
| Joel A Osman | on behalf of Creditor Daniel Tontini osman@parkermillsllp.com  gonzalez@parkermillsllp.com |
| Joseph M Kar | on behalf of Interested Party Interested Party jkar@mindspring.com |
| Kimberly D Howatt | on behalf of Creditor Esquire Bank khowatt@gordonrees.com  sdurazo@grsm.com |
| Lindsey L Smith | on behalf of Interested Party Interested Party lls@lnbyb.com  lls@ecf.inforuptcy.com |
| M. Jonathan Hayes | on behalf of Defendant Wilshire Law Firm  PLC jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com |
| M. Jonathan Hayes | on behalf of Defendant Neifert Khorshid jhayes@rhmfirm.com roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com |
| M. Jonathan Hayes | on behalf of Defendant Babak Bobby Saadian jhayes@rhmfirm.com roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com |
| M. Jonathan Hayes | on behalf of Defendant Conal Doyle jhayes@rhmfirm.com roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com |
| Malhar S Pagay | on behalf of Attorney Pachulski Stang Ziehl & Jones LLP mpagay@pszjlaw.com  bdassa@pszjlaw.com |
| Malhar S Pagay | on behalf of Trustee Richard Pachulski (TR) mpagay@pszjlaw.com  bdassa@pszjlaw.com |
| Malhar S Pagay | on behalf of Defendant Richard M. Pachulski mpagay@pszjlaw.com  bdassa@pszjlaw.com |
| Malhar S Pagay | on behalf of Plaintiff Richard M. Pachulski mpagay@pszjlaw.com  bdassa@pszjlaw.com |
| Martin J Brill | |

Case 2:17-bk-19548-NB    Doc 576    Filed 07/22/21    Entered 07/22/21 21:19:01    Desc
Imaged Certificate of Notice    Page 4 of 13

| District/off: 0973-2 | User: admin | Page 4 of 4 |
|---|---|---|
| Date Rcvd: Jul 20, 2021 | Form ID: pdf042 | Total Noticed: 1 |

| | |
|---|---|
| | on behalf of Interested Party Interested Party mjb@lnbrb.com |
| Michael F Perlis | on behalf of Creditor Evanston Insurance Company mperlis@lockelord.com merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com |
| Michael F Perlis | on behalf of Plaintiff Evanston Insurance Company merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com |
| Michael S Kogan | on behalf of Mediator michael kogan mkogan@koganlawfirm.com |
| Moses S Bardavid | on behalf of Creditor John Finton mbardavid@hotmail.com |
| Moses S Bardavid | on behalf of Interested Party Interested Party mbardavid@hotmail.com |
| Olivier A Taillieu | on behalf of Petitioning Creditor The Dominguez Firm o@taillieulaw.com  mstephens@taillieulaw.com |
| Paul M Brent | on behalf of Interested Party Interior solutions of arizona  llc snb300@aol.com |
| Rana Nader | on behalf of Creditor South Bay Pain Docs rnader@naderlawgroup.com  monique@naderlawgroup.com |
| Richard W Labowe | on behalf of Defendant California Attorney Lending II  Inc. richardwlabowe@gmail.com, llhlaw1631@aol.com |
| Richard W Labowe | on behalf of Creditor California Attorney Lending II  Inc. richardwlabowe@gmail.com, llhlaw1631@aol.com |
| Robert G Uriarte | on behalf of Interested Party Vincent DeSimone rgulawoffice@gmail.com |
| Sevan Gorginian | on behalf of Creditor Francisco Zavala sevan@gorginianlaw.com  2486@notices.nextchapterbk.com |
| Stella A Havkin | on behalf of Interested Party Stella Havkin stella@havkinandshrago.com  havkinlaw@earthlink.net;r49306@notify.bestcase.com |
| Steven J Kahn | on behalf of Plaintiff Richard M. Pachulski skahn@pszyjw.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| Wesley H Avery | on behalf of Interested Party Wesley H. Avery wes@averytrustee.com  lucy@averytrustee.com;alexandria@averytrustee.com |
| William S Brody | on behalf of Defendant US Claims Opco  LLC wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com |
| William S Brody | on behalf of Defendant DRB Capital  LLC wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com |
| William S Brody | on behalf of Interested Party Courtesy NEF wbrody@buchalter.com  dbodkin@buchalter.com;IFS_filing@buchalter.com |
| Yana G Henriks | on behalf of Creditor Rodney A Pimentel yhenriks@law-mh.com rmcmurray@law-mh.com;sridgill@law-mh.com;lawclerk1@law-mh.com;lfreidenberg@law-mh.com;mbral@law-mh.com;egarcia@law-mh.com;clopez@law-mh.com |

TOTAL: 76

Malhar S. Pagay (CA Bar No. 189289)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310/277-6910
Facsimile:  310/201-0760
E-mail: mpagay@pszjlaw.com

Attorneys for Richard M. Pachulski,
Chapter 11 Trustee

**FILED & ENTERED**

**JUL 20 2021**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LAYFIELD & BARRETT, APC,<br><br>           Debtor. | Case No.: 2:17-bk-19548-NB<br><br>Chapter 11<br><br>**ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362, FILED BY JOSEPH BARRETT AND THE BARRETT LAW FIRM**<br><br>Date:   July 20, 2021<br>Time:  1:00 p.m.<br>Place:  United States Bankruptcy Court<br>          Edward R. Roybal Federal Building<br>          255 E. Temple Street<br>          Courtroom 1545<br>          Los Angeles, California<br>Judge:  Honorable Neil W. Bason |

The Court having considered the *Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)* [Docket No. 567] (the "Motion") and related reply papers [Docket No. 573], filed by Joseph Barrett and The Barrett Law Firm (collectively, the "Movants"), the *Opposition of Richard M. Pachulski, Chapter 11 Trustee, to Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362, filed by Joseph Barrett and The Barrett Law Firm* [Docket No. 570] (the "Opposition") and supporting Request for Judicial Notice [Docket No. 572], filed by Richard M. Pachulski, the duly appointed chapter 11 trustee (the "Trustee") in the above-captioned bankruptcy case of Layfield & Barrett, APC; having determined that Movants have failed to demonstrate "cause" to grant relief from the automatic stay pursuant 11

DOCS_LA:336265.1 51414/001

U.S.C. § 352(d)(1); and having indicated as part of its tentative ruling regarding the Motion (the "Tentative Ruling") that appearances were not required at the hearing scheduled regarding the Motion and counsel for Movants having failed to timely advise the Court and counsel for the Trustee of any intent to contest the Tentative Ruling in accordance with section III.D.2. of the Court's Posted Procedures,

**IT IS HEREBY ORDERED** that

1. The Motion is DENIED for the reasons set forth in the Tentative Ruling, a true and correct copy of which is attached hereto as **Exhibit "A"**, which ruling is hereby incorporated as the Court's final ruling.

2. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

# # #

Date: July 20, 2021

Neil W. Bason
United States Bankruptcy Judge

DOCS_LA:336265.1 51414/001

# EXHIBIT A

# United States Bankruptcy Court
# Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, July 20, 2021**                                                                 **Hearing Room   1545**

### 1:00 PM
**2:17-19548    Layfield & Barrett, APC**                                                              **Chapter 11**

  #3.00    Hrg re: Motion for relief from stay [NA]

           JOSEPH MARTIN BARRETT
           vs
           DEBTOR

                              Docket     567

**Tentative Ruling:**

   Please see the tentative ruling for the status conference (Calendar No. 4, 7/20/21 at 1:00 p.m.).

| Party Information |
|---|

**Debtor(s):**

   Layfield & Barrett, APC                         Pro Se

**Movant(s):**

   Joseph Martin Barrett                           Represented By
                                                      Damion Robinson

**Trustee(s):**

   Richard Pachulski (TR)                          Represented By
                                                      Malhar S Pagay
                                                      James KT Hunter

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

---

| **Tuesday, July 20, 2021** | **Hearing Room** | **1545** |

### 1:00 PM
**2:17-19548    Layfield & Barrett, APC**                                           Chapter 11

#4.00    Cont'd Status Conference re: Chapter 11 Case
fr. 9/19/17, 10/17/17, 4/17/18, 5/1/18, 7/10/18, 9/18/18,
10/26/18, 12/6/18, 12/18/18,  2/5/19, 03/05/19, 04/02/19
04/30/19, 06/04/19, 7/30/19, 9/10/19, 10/1/19, 10/15/19,
11/12/19, 12/10/19, 12/17/19, 2/18/20, 3/3/20, 03/31/20,
8/4/20, 9/1/20, 9/15/20, 12/8/20, 5/4/21

Docket    323

**Tentative Ruling:**

**Tentative Ruling for 7/20/21:**
Appearances are not required on 7/20/21.

(1) Current matters
    (a) Related proceedings
The matters on calendar involve two related bankruptcy cases and associated matters: (a) *In re Layfield & Barrett, APC,* Case No. 2:17-bk-19548-NB ("L&B"); (b) *In re Layfield,* Case No. 2:18-bk-15829-NB ("Lay-Invol."); (c) *Pimentel v. Layfield et al*, Case No. 2:19-ap-01069-NB ("Pimentel Adv."), (d) *Pachulski v. Layfield*, Case No. 2:19-ap-01071-NB ("Pachulski Adv.").

    (b) Motion for relief from the automatic stay (action in nonbankruptcy forum) (dkt. 567, the "R/S Motion") filed by Joseph Barrett and the Barrett Law Firm (collectively, "Barrett"), Trustee's opposition (dkt. 570) & request for judicial notice (dkt. 572), Barrett's reply (dkt. 573)
The tentative ruling is deny the R/S Motion, for the reasons stated in the Trustee's opposition papers, except as follows.  The Trustee is directed to address whether there is a way to grant Barrett access to L&B's records, with appropriate safeguards and at minimal expense, so as to reduce the risk of potential prejudice to Barrett in having to defend the State Courts without the benefit of obtaining discovery from L&B.
    Additional analysis:
Without limiting the generality of the tentative ruling to adopt the reasons set forth in the Trustee's Opposition, this Bankruptcy Court highlights

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, July 20, 2021**                                                                 **Hearing Room    1545**

<u>1:00 PM</u>
**CONT...        Layfield & Barrett, APC                                                       Chapter 11**

the following issues.  The Bankruptcy Court "shall grant relief from the stay" upon a showing of "cause."  11 U.S.C. 362(d)(1).  "'Cause' is determined on a case-by-case basis." *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990).

In determining whether "cause" exists to grant relief from the automatic stay to allow a movant to pursue litigation in a non-bankruptcy forum, courts in the Ninth Circuit have examined the factors set forth in *In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984).  *See In re Kronemeyer*, 405 B.R. 915 (9th Cir. BAP 2009); *In re Plumberex Specialty Prods., Inc.*, 311 B.R. 551, 559–60 (Bankr. C.D. Cal.2004).  Those factors have been set forth in the parties' papers.  "[W]hile the *Curtis* factors are widely used to determine the existence of 'cause,' not all of the factors are relevant in every case, nor is a court required to give each factor equal weight." *In re Landmark Fence Co., Inc.*, 2011 WL 6826253 at *4 (C.D. Cal. Dec. 9, 2011).

Barrett's reply argues that, just as this Bankruptcy Court granted relief from the automatic stay for Mr. Pimentel to be able to litigate against affiliated debtor Mr. Layfield, Barrett should be granted relief from the automatic stay to litigate against L&B.  Reply (dkt.573), p.2:5-23.  Although there are certainly parallels, there are some major differences between the two situations.

> First, Mr. Layfield is an individual who can defend himself if he lacks the resources to hire an attorney in the *Pimentel* action in State Court, whereas L&B is an entity that can only appear through counsel.  So granting the R/S Motion would require either that someone pay for an attorney for L&B or alternatively that L&B default.  Either scenario would "prejudice the interests of other creditors" and also (in this administratively insolvent estate) administrative claimants.  *See* Opp.(dkt.570), *passim, and* Reply, p.5 n.2 (quoting, inter alia, 7th *Curtis* factor).
>
> Second, any alleged prejudice to Barrett from not having L&B as a cross-defendant appears to be more hypothetical than real.  For one thing, there is no assurance that the State Courts would permit Barrett to add L&B as a cross-defendant at this apparently late stage.  For another thing, all organizations can only act through individuals, and Barrett remains free to subpoena any individuals through whom L&B acted, such as any bookkeepers, any office managers, and any attorneys involved in the Pimentel matter or involved in management of L&B's finances, including Mr. Layfield

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

| | |
|---|---|
| **Tuesday, July 20, 2021** | **Hearing Room    1545** |

**1:00 PM**
**CONT...    Layfield & Barrett, APC                                                                         Chapter 11**

(subject to any automatic stay, discharge injunction, Fifth Amendment privilege, or similar limitation). As for any claim that Barrett might have against L&B, Barrett has the same rights as any other creditor to file a proof of claim and, if the estate ever has any assets, receive his share.

Third, although Barrett asserts that he/it will suffer harm or prejudice if L&B is not required to defend them and Mr. Barrett is forced to "fund his own defense" (Reply, dkt.573, pp.3:20-4:2), Barrett has not cited any authority that a debtor in bankruptcy is required to expend resources (as an administrative priority) to pre-pay such indemnity claims. To the contrary, as noted by the L&B Trustee, elevating Barrett's claim for indemnity to an administrative expense, in this administratively insolvent case, would effectively force administrative claimants to fund the liquidation of a non-priority unsecured claim (while not doing the same for other claims). *See* Opp. (dkt.570), p.9:11-17. Like all creditors, Barrett is prejudiced by L&B's bankruptcy case, but as the saying goes, "you can't get blood from a stone." Moreover, instead of being elevated, there is a substantial possibility that Barrett's claim would be subordinated under 11 U.S.C. 502(e)(1) or 510(c), which would make any pre-payment of his indemnity claims, at the expense of other creditors and administrative claimants, particularly inappropriate. *See* Opp. (dkt.570), pp. 7:21-8:13 & nn.6-7 *and* pp.9:18-12:2 & n.9.

Of course, this Bankruptcy Court is mindful of the possibility that the State Courts might hold that L&B is so indispensable to the *Pimentel* litigation that such litigation cannot proceed without L&B (*see* Reply, dkt.573, p.3:3-17), and, in that hypothetical situation, evidence *theoretically* could become stale or there could be other prejudice to Mr. Pimentel, Barrett, and possibly others. But, again, all parties remain free to subpoena witnesses, and in addition the State Courts may well be able to bifurcate issues or proceed in other ways. Therefore, Barrett has not established a likelihood of any *actual* prejudice; and, in any event, on the record before this Bankruptcy Court there is far greater risk of prejudice to the bankruptcy estate, its fiduciaries, and all other creditors if the R/S Motion were to be granted.

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Judge Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, July 20, 2021**                                                                                       **Hearing Room   1545**

<u>1:00 PM</u>
**CONT...**        **Layfield & Barrett, APC**                                                                      **Chapter 11**

For all of the foregoing reasons and the reasons stated in the Trustee's opposition papers, especially the potential harm to other creditors and administrative claimants and the "impact on the parties and the 'balance of hurt,'" the tentative ruling is to deny the R/S Motion.  *See* Reply, p.5 n.2 (quoting, *inter alia,* 7th and 12th *Curtis* factors).

*Proposed order:* The Trustee is directed to lodge a proposed order via LOU within 7 days after the hearing date, and attach a copy of this tentative ruling, thereby incorporating it as this Court's final ruling, subject to any changes ordered at the hearing.  *See* LBR 9021-1(b)(1)(B).

(2) <u>Deadlines/dates</u>.  The L&B case was filed as an involuntary chapter 7 on 8/3/17 and converted to chapter 11 on 8/11/17 (L&B dkt. 25).  The Lay-Invol case was filed as an involuntary chapter 7 case on 5/21/18 and an order for relief was entered on 12/12/18 (Lay-Invol dkt. 160, 161).
  (a) <u>L&B Bar date</u>:  2/5/18 (timely served, L&B dkt. 133, 157)
  (b) <u>Lay-Invol Bar date</u>: 4/12/19 (timely served, Lay-Invol dkt.180)
  (c) <u>L&B Plan/Disclosure Statement</u>*: TBD.  Do not file or serve until further order of this Court.
  (d) <u>Continued status conference</u>: 8/3/21 at 11:00 a.m., concurrent with other matters.  No written status report required.
*<u>Warning</u>: special procedures apply (*see* order setting initial status conference).

If appearances are <u>not</u> required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see the Posted Procedures of Judge Bason (available at www.cacb.uscourts.gov) then search for "tentative rulings."  If appearances <u>are</u> required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.  Pursuant to Judge Bason's Procedures, **hearings are now simultaneously (1) IN PERSON in the courtroom, (2) via ZOOMGOV video, and (3) via ZOOMGOV telephone**.  You are free to choose <u>any</u> of these options, except that evidentiary hearings/trials must be in person in the courtroom (unless otherwise ordered).  You do not need to call Chambers for advance approval

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, July 20, 2021**                                                                 **Hearing Room    1545**

<u>1:00 PM</u>
**CONT...    Layfield & Barrett, APC                                                                 Chapter 11**

or notice.  For ZoomGov instructions for *all* matters on calendar, please see the tentative ruling for the first matter on today's calendar (*i.e.,* page 1 of the posted tentative rulings).  Unless otherwise stated, appearances via CourtCall are no longer permitted.

**[PRIOR TENTATIVE RULINGS OMITTED]**

| Party Information |
|---|

**Debtor(s):**

   Layfield & Barrett, APC                    Pro Se

**Movant(s):**

   Layfield & Barrett, APC                    Pro Se

**Trustee(s):**

   Richard  Pachulski (TR)                    Represented By
                                             Malhar S Pagay
                                             James KT Hunter