Malhar S. Pagay (CA Bar No. 189289)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
L&B Case Telephone: 310/203-4273
Facsimile: 310/201-0760
E-mail: mpagay@pszjlaw.com

Attorneys for Richard M. Pachulski,
Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LAYFIELD & BARRETT, APC,<br><br>Debtor. | Case No.: 2:17-bk-19548-NB<br><br>Chapter 11<br><br>**NOTICE OF HEARING ON AND SUMMARY OF STIPULATION TO RE-CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7 OF THE UNITED STATES BANKRUPTCY CODE**<br><br>[Relates to Docket Nos. 609 and 610]<br><br>Date:    December 6, 2022<br>Time:    1:00 p.m.<br>Place:   Courtroom 1545 (or via ZoomGov)<br>         255 E. Temple Street<br>         Los Angeles, CA<br>Judge:   Honorable Neil W. Bason |

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE; THE DEBTOR; THE OFFICE OF THE UNITED STATES TRUSTEE; ALL CREDITORS; AND PARTIES REQUESTING SPECIAL NOTICE:**

**PLEASE TAKE NOTICE** that, pursuant to the *Order Setting Hearing on Stipulation to Re-Convert Case from Chapter 11 to Chapter 7 of the United States Bankruptcy Code* [Docket No. 610] (the "Stipulation Order"), a hearing to consider the *Stipulation to Re-Convert Case from Chapter 11 to Chapter 7 of the United States Bankruptcy Code* [Docket No. 609] (the "Stipulation") will be held before the Honorable Neil W. Bason, United States Bankruptcy Judge, on December 6, 2022, at 1:00 p.m. (Pacific Time) in Courtroom 1545 at the Edward R. Roybal Federal Building and U.S.

DOCS_LA:346052.2 51414/001

Courthouse, located at 255 East Temple Street, Los Angeles, California 90012. Parties may elect to appear via Zoom at: https://cacb.zoomgov.com/j/1606220468; ZoomGov meeting number: 160 622 0468; Password: 553239; Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666.

On November 1, 2022, Richard M. Pachulski, chapter 11 trustee (the "Trustee") of the estate of Layfield & Barrett, APC, the debtor herein ("L&B" or the "Debtor"), and the United States Trustee (the "UST") entered into the Stipulation, which is summarized as follows:

1. There are various "chapters" of the United States Bankruptcy Code that provide for different types of bankruptcy cases. For example, chapter 7 involves the liquidation (i.e., sale) of an individual's or company's assets by a trustee; chapter 11 can involve either the liquidation or reorganization of an individual or company's assets through a "plan of liquidation" or "plan of reorganization." A chapter 11 case is usually steered by the individual or company in bankruptcy – referred to as the "debtor", however, in some circumstances, a trustee is appointed to administer the chapter 11 case. In this case, the Trustee was appointed as the chapter 11 trustee to administer the bankruptcy estate (i.e., the property) of the L&B law firm – the Debtor. At the time of the Trustee's appointment, L&B was no longer in business.

2. In general, a debtor's secured lenders (often banks and other financial institutions that have liens on the debtor's property) have the right to be paid first from their collateral (i.e., the debtor's property on which they have asserted liens). In May 2018, the Trustee and the Debtor's former secured lender, Wellgen Standard, LLC ("Wellgen"), entered into a settlement to provide for the division of funds recovered by the Trustee between Wellgen, on account of its secured claim, and the bankruptcy estate. Since that time, Wellgen and the bankruptcy estate have split recoveries under the terms of that settlement, resulting in a pay-down of secured debt to date in the approximate amount of $1.4 million and the partial payment of chapter 11 administrative expenses. As of the date of the Stipulation, the Trustee holds $14,997.57.

3. On March 8, 2022, Philip Layfield, the former principal of L&B, was sentenced by the United States District Court for the Central District of California to be imprisoned for 12 years. Layfield has appealed his conviction and sentencing. Through Layfield's sentencing, the Trustee learned that the State Bar of California reimbursed around $3 million to Layfield's – and, presumably, L&B's -- defrauded former clients from its Client Security Fund. (The identities of former L&B clients receiving payments from the State Bar of California were not disclosed in public filings with the District Court and the Trustee does not know which individuals received or did not receive such payments).

4. One reason, among others, that the Trustee kept the case in chapter 11 was to have the ability to use one of the features available through a chapter 11 plan to address the small claims of defrauded former L&B clients. In light of (a) the State Bar of California's reimbursements of certain former L&B clients through its Client Security Fund; and (b) the financial condition of the bankruptcy estate, which is insufficient to

DOCS_LA:346052.2 51414/001

support the proposal of a chapter 11 plan, the Trustee and UST agreed in the Stipulation to convert the bankruptcy case from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Stipulation Order, responses to this *Notice of Hearing on and Summary of Stipulation to Re-Convert Case from Chapter 11 to Chapter 7 of the United States Bankruptcy Code* must be filed and served on the respective counsel to the Trustee and UST by November 22, 2022. Replies must be filed and served by November 29, 2022.

**IF YOU DO NOT OPPOSE APPROVAL OF THE STIPULATION DESCRIBED ABOVE YOU DO NOT NEED TO TAKE ANY ACTION IN RESPONSE TO THIS NOTICE.**

Dated: November 10, 2022         PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Malhar S. Pagay*
      Malhar S. Pagay

Attorneys for Richard M. Pachulski, Chapter 11 Trustee

3

DOCS_LA:346052.2 51414/001