Sandford L. Frey (State Bar No. 117058)
Dennette A. Mulvaney (State Bar No.133423)
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
200 S. Los Robles Avenue, Suite 300
Pasadena, California 91101
Telephone: (626) 796-4000; Facsimile: (626) 795-6321
E-mail: *sfrey@leechtishman.com*
        *dmulvaney@leechtishman.com*

Attorneys for Stuart Summit Properties, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | CASE NO.: 2:17-bk-19548-NB |
| Layfield & Barrett, APC, | **Chapter 7** |
| Debtor. | **OBJECTION TO MOTION OF ALLEGRETTI & COMPANY FOR RELIEF OF ORDER APPROVING TRUSTEE'S SALE OF REAL PROPERTY ENTERED APRIL 5, 2019** |
| | Date: March 5, 2024 Time: 11:00 a.m. Ctrm: 1545 United States Bankruptcy Court 255 East Temple Street Los Angeles, CA 90012 |
| | [Relates to Docket Nos. 660 and 661] |

Stuart Summit Properties, LLC ("**Summit Properties**"), interested party herein, hereby objects to the Motion of Allegretti & Company for Relief of Order Approving Trustee's Sale of Real Property Entered April 5, 2019 ("**Motion**") as follows.

Motions under Rule 60 of the Federal Rules of Civil Procedure ("**FRCP**") made applicable to Bankruptcy by Rule 9024 of the Federal Rules of Bankruptcy Procedure ("**FRBP**") must be brought within a reasonable time and require notice and a hearing. The Motion was filed on January 30, 2024 and has been set for hearing on March 5, 2024 after notice to all parties whose rights might be

4869-6602-8707, v. 1

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

affected by the motion as ordered by this Court.

**The Moton is Untimely**

By the Motion, Allegretti & Company ("**Allegretti and Co.**") and its principal, Joe E. Allegretti ("**J. "Allegretti**", and together with "Allegretti and Co., "**Allegretti**") seek amendment of an order approving the sale to Allegretti of Units 210 and 220, 2720 Homestead Road, Park City, Utah ("**Allegretti Units**") to alter the terms of the purchase agreement, nearly five (5) years after the sale, to include parking spaces that were not included in the sale.  Allegretti purchased the Allegretti Units from the bankruptcy estate of Layfield & Barrett ("**Debtor**") by *Order Granting Motion for Order (1) Authorizing Sale of Real Property Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 363(B) and (F); (2) Approving Buyer s Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(M); and (3) Authorizing Payment of Undisputed Liens and Other Ordinary Costs of Sale* entered April 5, **2019** [Docket No. 428] ("**Allegretti Sale Order**").

In the Motion, J. Allegretti claims that he only recently learned that the purchase of the Allegretti Units did not include any parking spaces.  This is not true.  J. Allegretti claims the first time he or any other party associated with Allegretti learned that the parking spaces had not been conveyed to Allegretti & Co. was on or around November 7, 2023.  *See*, Motion page 4, lines 16-19 and Declaration of J. Allegretti.  In fact, Allegretti has known there were no parking spaces included in the purchase of the Allegretti Units for a year or more.  On February 14, **2023**, after inquiry from J. Allegretti about parking spaces, Stephen Stuart, the president of the Toll Creek Owner's Association ("**Stuart**") sent an email to J. Allegretti informing him that he didn't see any mention of parking being included in his purchase of the Allegretti Units.  J. Allegretti responded acknowledging that the property records did not show any parking spaces for Allegretti.  *See*, Declaration of Stuart at paragraph 4, Exhibit 3.   The Motion, brought now after a one year delay, has not been brought within a reasonable time as required by FRCP Rule 60.  Not only is the Motion untimely, the requested relief is not supported by the facts.

**The Estate's Interest in the Toll Creek Village Office Condominiums**

The estate's interest in the real property units and parking located in the Toll Creek Village Office Condominiums consisted of three units – Unit 200, Unit 210 and Unit 220; a storage unit –

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

4869-6602-8707, v. 1

Storage Unit A, and seven (7) parking spaces. The parking spaces are not identified in the legal

descriptions of any of the units. They are merely allocated to **owners** of units, not specific units, as

evidenced by the Notice of Assignment of Limited Common Area ("**Parking Assignment**")

attached as Exhibit 5 to the Motion. The Parking Assignment allocates parking spaces 1, 2, 3, 35,

39, 40 and 41 to the Debtor, and thus to the estate for administration. The Trustee, in administering

these assets, had complete discretion in the sale of the Units and the parking spaces.

### A.      Sale of Units 210 and 220

On March 19, 2019, the *Motion for Order (1) Authorizing Sale of Real Property Free and

Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 363(B) and (F); (2)

Approving Buyer s Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(M); and (3) Authorizing

Payment of Undisputed Liens and Other Ordinary Costs of Sale* [Docket No. 419] ("**Allegretti Sale

Motion**") was filed to approve the sale of Units 210 and 220 to Allegretti for the sum of $275,000.00

pursuant to the purchase agreement, attached as Exhibit A to the Allegretti Sale Motion ("**Allegretti

Purchase Agreement**"). The Allegretti Purchase Agreement, presumably prepared by his real estate

agent, makes no mention of any parking spaces, only Units 210 and 220. This Court approved the

Allegretti Sale Motion, and the Allegretti Units were transferred to Allegretti by the Allegretti Sale

Order which was entered on April 5, 2019. In fact, it is not uncommon for unit holders to not have

covered parking spaces allocated to their exclusive use. Only 50% of the current owners at Toll

Creek Village Office Condominiums have covered parking stalls allocated to their owners. *See*,

Declaration of Debbie Sanich, paragraph 2.

### B.      Sale of Unit 200 and Four Parking Spaces

In contrast, the sale of Unit 200 for the sum of $399,000.00 pursuant to the *Motion for Order

(1) Authorizing Sale of Real Property Free and Clear of All Liens, Claims and Encumbrances

Pursuant to 11 U.S.C. §§ 363(B) and (F); (2) Approving Buyer s Good-Faith Purchaser

Pursuant to 11 U.S.C. § 363(M); and (3) Authorizing Payment of Undisputed Liens and Other

Ordinary Costs of Sale* [Docket No. 391] ("**Sterling Motion**") filed on January 15, 2019 specifically

included four (4) parking spaces as identified in the Sterling Motion and the purchase agreement

attached to the Sterling Motion as Exhibit A ("**Sterling Purchase Agreement**"). See, page 25 of 33

4869-6602-8707, v. 1

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

of the Sterling Motion at paragraph 1.2 "Other Included Items....<u>4 parking stalls within the</u> <u>underground parking structure</u>".  The *Order Granting Motion for Order (1) Authorizing Sale of Real Property Free and Clear of All Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 363(B) and (F); (2) Approving Buyer s Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(M); and (3) Authorizing Payment of Undisputed Liens and Other Ordinary Costs of Sale* entered April 5, 2019 [Docket No. 407] ("**Sterling Sale Order**") was entered on February 7, 2019 granting the Sterling Motion and authorizing the sale to Sterling Holdings LLC pursuant to the Sterling Purchase Agreement.  The Sterling Sale Order identified Unit 200 as well as parking spaces 1, 2, 3 and 35. The Sterling Sale Order was subsequently modified to correct an error in the enumeration of parking spaces, changing them to parking spaces 35, 39, 40 and 41 – four parking spaces as provided for in the Sterling Purchase Agreement.  *See, Order Pursuant to Fed.R.Civ.P. 60(A) Correcting Errors in Order Granting Motion (1) Authorizing Sale of Real Property Free and Clear of All Liens, Claims and encumbrances Pursuant to 11 U.S.C. §§ 363(B) and (F); (2) Approving Buyer s Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(M); and (3) Authorizing Payment of Undisputed Liens and Other Ordinary Costs of Sale* [Docket No. 414] entered February 20 2019 ("**Amended Sterling Sale Order**").  In accordance with the Amended Sterling Sale Order, the Trustee executed a Fiduciary Quitclaim Deed transferring Unit 200 and spaces 35, 39, 40 and 41 to Sterling Holdings, LLC.  As discussed above, the Trustee had discretion as to which of the seven (7) parking spaces he would include, or not include, with the sale of any of the units that were property of the estate.  The change in parking spaces to be included in the sale to Sterling was within the Trustee's discretion, as the Sterling Purchase Agreement identified four (4) parking spaces, but without specification as to which four (4) parking spaces.

After the Trustee's sale of Units 200, 210, 220 and parking spaces 35, 39, 40 and 41, the only remaining assets of the estate from the Debtor's holdings in the Toll Creek Village Office Condominiums were Storage Unit A and parking spaces 1, 2 and 3.

## C.    Storage Unit A and Parking Spaces 1, 2 and 3

On June 21, 2023, Summit Properties filed a *Notice of Motion and Motion for Relief from the Automatic Stay under 11 U.S.C. § 362* [Docket No. 635] to proceed with a nonjudicial foreclosure

4869-6602-8707, v. 1

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

sale of Storage Unit A.  Summit Properties held a note secured by a deed of trust on Storage Unit A.  The motion for relief from stay was unopposed and an *Order Granting Motion for Relief From the Automatic Stay Under 11 U.S.C. § 362* [Docket No. 638] was entered on July 13, 2023.  On January 16, 2024, after conclusion of a nonjudicial foreclosure sale, Summit Properties was the successful bidder and became the owner of Storage Unit A.  *See*, Trustee's Deed attached to the Declaration of Stuart as Exhibit 1.

The remaining three parking spaces allocated to the Debtor, parking spaces 1, 2 and 3, were intended by the developer of the Toll Creek Village Office Condominiums to be assigned to the owner of Storage Unit A.  Parking spaces 1, 2 and 3 are directly in front of Storage Unit A, and access to Storage Unit A is impeded if anyone is parked in those spaces.  *See*, photograph of Storage Unit A with parking spaces 1, 2 and 3 attached to the Declaration of Stuart as Exhibit 2.  In addition, the fire riser room is located in the southwest corner of Storage Unit A which services the entire building.  For these reasons, the developer of the project always intended that parking spaces 1, 2 and 3 be assigned to the owner of Storage Unit A to ensure that the owner of Storage Unit A would have unfettered use of that unit and to allow ready access to the fire riser room for maintenance and should an emergency require immediate access.  *See*, Declaration of Debbie Sanich at paragraph 3.

### Trustee's Administration of the Estate Has Concluded

The Trustee has completed administration of the Debtor's estate.  As set forth in the Chapter 7 Trustee's Fourth Status Report [Docket No. 665], the Trustee has prepared a draft Trustee's Final Report and has secured the services of an accountant to prepare the estate's final tax returns and obtain tax clearance so that the Final Report can be submitted. This is anticipated to be complete prior to May 1, 2024.  It was not an "oversight" that parking spaces were not included in the Allegretti Sale Order.  They were not the subject of the $275,000.00 sale to Allegretti & Co. pursuant to the Allegretti Sale Agreement.

The Motion was not timely brought pursuant to FRCP Rule 60.  Allegretti has known for at least a year that there were no parking places included in his purchase of Unit 200.  Despite that knowledge, J. Allegretti chose to wait for a year before raising this issue before this Court and regardless, the facts before this Court do not support the allocation of any parking spaces to

L E E C H   T I S H M A N   F U S C A L D O   &   L A M P L ,   I N C .
200 South Los Robles Avenue, Suite 300
Pasadena, California 91101
626.796.4000

OBJECTION TO MOTION

Allegretti.

The facts do, however, support an allocation and transfer of parking spaces 1, 2 and 3 to the owner of Storage Unit A, Summit Properties by Fiduciary Quit Claim Deed from the Trustee. With that final administrative act, all of the estate's interest in the Toll Creek Village Office Condominiums will be fully administered.

For these reasons, Summit Properties requests that this Court deny Allegretti's request for reconsideration of the Allegretti Sale Order, and instead, order parking spaces 1, 2 and 3 transferred to Summitt Properties, the owner of Storage Unit A.

Dated:  February 19, 2024             LEECH TISHMAN FUSCALDO & LAMPL, INC.


By: /s/ Dennette A. Mulvaney
Dennette A. Mulvaney
Attorneys for Stuart Summit Properties, LLC

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

OBJECTION TO MOTION

4869-6602-8707, v. 1

**DECLARATION OF STEPHEN D. STUART**

1.    I am the Manager of Stuart Summit Properties, LLC ("Summit Properties")[1].  I am also the President of the Toll Creek Village Office Condominiums Owner's Association ("COA").  I make this declaration of my own personal knowledge and if called as a witness could and would testify competently.

2.    Summit Properties is the owner of a number of office condominium units in the Toll Creek Village Office Condominiums, including Storage Unit A which I acquired by nonjudicial foreclosure of a deed of trust against Storage Unit A securing a note which I held.  The Trustee's Deed was recorded January 16, 2024, a true and correct copy of which is attached hereto as Exhibit 1 and incorporated herein by this reference.

3.    Storage Unit A is located underground.  Parking spaces 1, 2 and 3 are located directedly in front of Storage Unit A.  A picture showing the two garage doors opening into Storage Unit A and the location of parking spaces 1, 2 and 3 directly in front of those entry points is attached hereto as Exhibit 2 and incorporated herein by this reference.

4.    On February 14, **2023**, after inquiry from J. Allegretti about parking spaces, I sent an email to J. Allegretti in which I included the Allegretti Sale Order, informing him that I didn't see any mention of parking being included in his purchase of the Allegretti Units.  J. Allegretti responded and acknowledged that the property records did not show any parking spaces for Allegretti.  Attached collectively hereto as Exhibit 3 and incorporated herein by this reference are my February 14, 2023 email correspondence to J. Allegretti and his email response to me.

///

///

///

---

[1] All Capitalized terms not defined herein have the same meaning ascribed to them in the foregoing Objection.

OBJECTION TO MOTION

4869-6602-8707, v. 1

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 300
PASADENA, CALIFORNIA 91101
626.796.4000

1    I declare under penalty of perjury pursuant to the laws of the United States of America that

2    the foregoing is true and correct and that this declaration is executed on February 19, 2024 in Salt

3    Lake City, Utah.

4

5    Stephen D. Stuart

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 SOUTH LOS ROBLES AVENUE, SUITE 100
PASADENA, CALIFORNIA 91101
626.796.4000

OBJECTION TO MOTION

4869-6602-8707, v. 1

Exhibit 1

**01214629    B: 2806 P: 1156**

Page 1 of 2

Rhonda Francis Summit County Recorder

01/16/2024 04:08:24 PM Fee $40.00

 By SCALLEY READING BATES HANSEN & RASMUSSEN, P.

Electronically Recorded

Electronically Recorded For:
Marlon L. Bates
SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.
15 West South Temple, Ste 600
Salt Lake City, Utah 84101
Telephone No. (801) 531-7870
Business Hours: 9:00 am to 5:00 pm (Mon.-Fri.)
Trustee No. 91158-01F
Parcel No. TCVC-A-2AM

## TRUSTEE'S DEED

This Trustee's Deed is made by and between Scalley Reading Bates Hansen & Rasmussen, P.C., successor trustee and grantor, and Stuart Summit Properties, LLC, as grantee, of 4190 South Highland Drive, Suite 222, Salt Lake City, Utah 84124.

Whereas, on October 15, 2015, Layfield & Wallace, APC, a California corporation, as trustor(s), executed and delivered to Park City Title Company, as trustee, for the benefit of Toll Creek, L.C., a Utah limited liability company as beneficiary, a trust deed to secure the performance by the trustor(s) of obligations under a promissory note executed and delivered to the beneficiary concurrently therewith. The trust deed was filed for record with the Summit County Recorder's Office on October 23, 2015, as Entry No. 1031163; and

Whereas, a default occurred under the terms of the trust deed as set forth in the notice of default described below; and

Whereas, Scalley Reading Bates Hansen & Rasmussen, P.C., was appointed as successor trustee by a substitution of trustee filed for record with the above-described recorder's office on August 1, 2023, as Entry No. 1207549; and

Whereas, the successor trustee executed and filed for record a notice of default with the above-described recorder's office on July 26, 2023, as Entry No. 1207281; and

Whereas, the successor trustee executed a notice of trustee's sale stating that he would sell the property described therein at public auction to the highest bidder, fixing the time and place of the sale as December 11, 2023, at the hour of 1:00 p.m., and did cause copies of the notice to be posted on the property described therein and at the county recorder's office not less than 20 days before the date of sale, as required by statute; and did cause a copy of the notice to be published once a week for three consecutive weeks before the date of sale in The Salt Lake Tribune, a newspaper having a general circulation in the county in which the property is situated, the first date of such publication being November 5, 2023, and the last date being November 19, 2023; and

Whereas, on December 11, 2023, the successor trustee postponed the foreclosure sale until December 19, 2023 at the hour of 1:00 p.m.; and

Whereas, on December 19, 2023, the successor trustee postponed the foreclosure sale until January 12, 2024 at the hour of 1:00 p.m.; and

Whereas, all applicable statutory provisions of the state of Utah and all of the provisions of the trust deed have been complied with as to the acts to be performed and the notices to be given; and

Trustee No. 87288-01F Trustee's Deed SRBH&R.docx
Page **1** of **2**

Whereas, the successor trustee did sell the property described in the notice of trustee's sale to the grantee named above, being the highest bidder at public auction, at the time and place appointed for the sale, for the credit bid or sum of $160,000.00.

Now, therefore, the successor trustee, in consideration of the foregoing and the sum bid and paid by the grantee, by virtue of his authority under the trust deed, grants and conveys to the grantee, without any covenant or warranty, express or implied, effective as of the time of the sale, all of the property (together with all the improvements, easements, fixtures, appurtenant water rights, and all other appurtenances thereto) situated in Summit County, Utah, and more particularly described as follows:

STORAGE UNIT A, TOLL CREEK VILLAGE SECOND AMENDED, A UTAH CONDOMINIUM PROJECT, TOGETHER WITH ITS APPURTENANT UNDIVIDED OWNERSHIP INTEREST IN AND TO THE COMMON AREAS AND FACILITIES, AS ESTABLISHED AND DESCRIBED IN THE RECORD OF SURVEY MAP RECORDED AUGUST 13, 2010 AS ENTRY NO. 904718, AND IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF TOLL CREEK VILLAGE OFFICE CONDOMINIUMS, RECORDED SEPTEMBER 2, 2005 AS ENTRY NO. 749496 IN BOOK 1730 AT PAGE 1816, THE AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF TOLL CREEK VILLAGE OFFICE CONDOMINIUMS RECORDED FEBRUARY 27, 2008 AS ENTRY NO. 838525 IN BOOK 1916 AT PAGE 1360, AND THIRD AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF TOLL CREEK VILLAGE OFFICE CONDOMINIUMS RECORDED SEPTEMBER 19, 2013 AS ENTRY NO. 979487 IN BOOK 2207 AT PAGE 1236, RECORDS OF SUMMIT COUNTY, UTAH.

DATED this 16 day of January, 2024.

Scalley Reading Bates Hansen & Rasmussen, P.C., successor trustee

By: Marlon L. Bates
Its: Supervising Partner

STATE OF UTAH                 )
                              : ss
COUNTY OF SALT LAKE           )

The foregoing instrument was acknowledged before me this 16 day of January, 2024, by Marlon L. Bates, the Supervising Partner of Scalley Reading Bates Hansen & Rasmussen, P.C., successor trustee.

NOTARY PUBLIC

Daniel M. Spendlove
Notary Public
State of Utah
My Commission Expires April 10, 2024
#711197

Trustee No. 87288-01F Trustee's Deed SRBH&R.docx
Page 2 of 2

Exhibit 2

Exhibit 3

**From:** Stephen Stuart <stephen@stuartcompany.com>
**Sent:** Tuesday, February 14, 2023 1:12 PM
**To:** Joseph Allegretti (joeallegretti@sbcglobal.net) <joeallegretti@sbcglobal.net>
**Subject:** Units 210/220

Joe—Here are Units 210/220 which you purchased.  I can't see any mention of parking being included. Is there another document which they gave you?

**Stephen D. Stuart, MAI**
President
Stuart & Company
4190 South Highland Drive, Suite 222
Salt Lake City, Utah 84124

Direct line: 801-656-7577
Fax: 801-521-7766
Email: stephen@stuartcompany.com

**From:** Joe Allegretti <joeallegretti@sbcglobal.net>
**Sent:** Tuesday, February 14, 2023 1:26 PM
**To:** Stephen Stuart <stephen@stuartcompany.com>
**Subject:** Parking Spaces

Please see attached file listing parking spaces:

Page 2, Exhibit A, lists Layfield Wallace as owners of parking spaces 1, 2, and 3, as well as 35, 39, 40, and 41.

I found the following on the Summit County Property Records page (highlighted emphasis added):

TCVC-2-200
UNIT 200, TOLL CREEK VLLAGE 2,A UTAH CONDOMINIUM PROJECT, TOGETHER WITH ITS APPURTENANT UNDIVIDED OWNERSHIP INTEREST IN AND TO THE COMMON AREAS AND FACILITIES, INCLUDING, WITHOUT LIMITATION, UNDERGROUND PARKING STALLS NUMBERED 35, 39, 40 AND 41, AS ESTABLISHED AND DESCRIBED IN THE RECORD OF SURVEY MAP RECORDED FEBRUARY 27, 2008 AS ENTRY NO. 838524, AND IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF TOLL CREEK VILLAGE OFFICE CONDOMINIUMS, RECORDED SEPTEMBER 2,2005 AS ENTRY NO 749496 IN BOOK 1730 AT PAGE 1816, THE AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF TOLL CREEK VILLAGE OFFICE CONDOMINIUMS RECORDED FEBRUARY 27, 2008 AS ENTRY NO 838525 IN BOOK 1916 AT PAGE 1360, AND THIRD AMENDMENT TO DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTION OF TOLL CREEK VILLAGE OFFICE CONDOMINIUMS RECORDED SEPTEMBER 19,2013 AS ENTRY NO. 979487 IN BOOK 2207 AT PAGE 1236, AND THE NOTICE OF ASSIGNMENT OF LIMITED COMMON AREA, RECORDED OCTOBER 19,2015, AS ENTRY NO. 01030716 IN BOOK 2320 AT PAGE 0647, RECORDS OF SUMMIT COUNTY, UTAH. (TCVC-2-200)

It appears that the Suite 200 owners have spaces 35, 39, 40, and 41.

And while Allegretti's property records did not record the parking spaces, based upon the attached recorded document and the fact that TVCV-2-200 (Suite 200) lists it spaces as 35,

39, 40, and 41, Allegretti & Company has the three remaining parking spaces formerly owned by Layfield Wallace, those being 1, 2, and 3.

I hope this puts to rest any confusion on parking spaces.

Joe

**JOSEPH A. ALLEGRETTI**

**President and Chief Operating Officer**

*Allegretti & Company*
**UT Office: 6300 N. Sagewood Drive Suite H-228**
**Park City, UT 84098**
**CA Office: 20555 Devonshire Street PMB 375**
**Chatsworth, CA 91311**
**818-321-1225 joeallegretti@sbcglobal.net**

## **DECLARATION OF DEBBIE SANICH**

1.  I am the Manager of Toll Creek, LC, a Utah Limited Liability Company, the developer of the Toll Creek Village Office Condominiums.  I make this declaration of my own personal knowledge and if called as a witness could and would testify competently.

2.  There are two forms of parking spaces available at the Toll Creek village Office Condominiums.  Those parking spaces located underground which have been designated as assigned to the owners of units and those parking spaces that are unassigned.  On October 19, 2015, a document entitled Notice of Assignment of Limited Common Area ("**Parking Assignment**") was recorded.  The Parking Assignment allocates parking spaces 1, 2, 3, 35, 39, 40 and 41 to Layfield Wallace (the Debtor) who, at the time, owned Unit 200, Unit 210, Unit 220 and Storage Unit A.  The Parking Assignment does not assign specific parking spaces to specific units.  It assigns parking spaces to owners of units.  For example, if the Debtor had wanted to assign all 7 parking spaces it had to Storage Unit A it would be within its rights to do so.  Only 50% of the current owners at Toll Creek Village Office Condominiums have covered parking stalls allocated to their owners.

3.  Storage Unit A is located underground and parking spaces 1, 2 and 3 are located directly in front of the two garage door entries to Storage Unit A.  As developer of the Toll Creek Village Office Condominiums, it was my intention that parking spaces 1, 2 and 3 be assigned to the owner of Storage Unit A.  This assignment was to ensure that the owner of Storage Unit A could control unimpeded access to Storage Unit A by controlling who and when parking would be allowed in spaces 1, 2  or 3.  Further, the fire riser room which services the entire building is located in the southwest corner of Storage Unit A, and it is critical that the owner of Storage Unit A be able to provide access to the fire riser room, which would be difficult if they were unable to control the parking in front of that unit.  For these reasons, it was always my intention as the developer of the project that the owner of Storage Unit A have unfettered use of that unit and be allowed ready access to the fire riser room.

9
4869-6602-8707, v. 1

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct and that this declaration is executed on February 19, 2024 in Salt Lake City, Utah.

Debbie Sanich

3869-6602-8707, v. 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 200 S. Los Robles Avenue, Suite 300, Pasadena, CA 91101.

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO MOTION OF ALLEGRETTI & COMPANY FOR RELIEF OF ORDER APPROVING TRUSTEE'S SALE OF REAL PROPERTY ENTERED APRIL 5, 2019** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 20, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Wesley H Avery**    wes@averytrustee.com, lucy@averytrustee.com;alexandria@averytrustee.com
- **Jason Balitzer**    jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com
- **Moses S Bardavid**    mbardavid@hotmail.com
- **Daniel I Barness**    daniel@barnesslaw.com
- **James W Bates**    jbates@jbateslaw.com
- **Darwin Bingham**    cat@scalleyreading.net
- **Paul M Brent**    snb300@aol.com
- **Martin J Brill**    mjb@lnbrb.com
- **William S Brody**    wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com;smartin@buchalter.com
- **Glenn R Bronson**    grbronson@traskbritt.com, cawatters@traskbritt.com
- **Jeffrey D Cawdrey**    jcawdrey@grsm.com, madeyemo@gordonrees.com;sdurazo@grsm.com
- **Baruch C Cohen**    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Jennifer Witherell Crastz**    jcrastz@hrhlaw.com
- **Beth Gaschen**    bgaschen@go2.law, kadele@go2.law;cmeeker@go2.law;cyoshonis@go2.law;bgaschen@ecf.courtdrive.com;dfitzgerald@go2.law
- **Jeffrey I Golden**    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **David M Goodrich**    dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
- **Sevan Gorginian**    sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com;ani@gorginianlaw.com
- **Stella A Havkin**    stella@havkinandshrago.com, shavkinesq@gmail.com
- **M. Jonathan Hayes**    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- **Yana G Henriks**    yhenriks@law-mh.com, rmcmurray@law-mh.com;sridgill@law-mh.com;1457576420@filings.docketbird.com;ndilts@law-mh.com;cpinto@law-mh.com;dpham@law-mh.com;lburdeos@law-mh.com;paralegal@law-mh.com;apham@law-mh.com;dgharibian@law-mh.c
- **James KT Hunter**    jhunter@pszjlaw.com
- **Steven J Kahn**    skahn@pszyjw.com
- **Joseph M Kar**    jkar@mindspring.com
- **Michael S Kogan**    mkogan@koganlawfirm.com
- **Richard W Labowe**    richardwlabowe@gmail.com, llhlaw1631@aol.com
- **Dare Law**    dare.law@usdoj.gov
- **David W. Meadows**    david@davidwmeadowslaw.com
- **Jessica Mickelsen Simon**    simonjm@ballardspahr.com, carolod@ballardspahr.com;garciae@ballardspahr.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

- **Dennette A Mulvaney**    dmulvaney@leechtishman.com,
  lmoya@leechtishman.com;kgutierrez@leechtishman.com;NArango@LeechTishman.com
- **Rana Nader**    rnader@naderlawgroup.com, monique@naderlawgroup.com
- **Joel A. Osman**    osman@parkermillsllp.com, gonzalez@parkermillsllp.com
- **Richard M. Pachulski (TR)**    rmp@pszy.com
- **Malhar S Pagay**    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- **Brian A Paino**    bpaino@mcglinchey.com, irvineECF@mcglinchey.com
- **Michael F Perlis**    mperlis@lockelord.com,
  merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
- **Michael F Perlis**    ,
  merickson@lockelord.com,jhagey@lockelord.com,RRJohnson@lockelord.com,bmungaray@lockelord.com
- **Hamid R Rafatjoo**    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Faye C Rasch**    faye@wrlawgroup.com, travis@wrlawgroup.com;oa@wrlawgroup.com
- **Damion Robinson**    damion.robinson@diamondmccarthy.com, efiling@agzlaw.com
- **Larry D Simons**    larry@lsimonslaw.com, simonsecf@gmail.com;simonslr44533@notify.bestcase.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Daniel A Solitro**    dsolitro@lockelord.com, ataylor2@lockelord.com
- **Olivier A Taillieu**    o@taillieulaw.com, mstephens@taillieulaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Robert G Uriarte**    rgulawoffice@gmail.com
- **Gary R Wallace**    garyrwallace@ymail.com
- **Alan J Watson**    alan.watson@hklaw.com, rosanna.perez@hklaw.com

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:

On **February 20, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.


Sterling Holdings LLC, c/o Robert Martino, 2720 Homestead Road, Suite 200, Park City, UT 84098

Frank X. Ruggier, Law Offices of Larry D. Simons, 15545 Devonshire Street, Suite 110, Mission Hills, CA 91345


☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **(date)**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 20, 2024 | Lydia Moya | /s/ Lydia Moya |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.