1  Malhar S. Pagay (CA Bar No. 189289)
   PACHULSKI STANG ZIEHL & JONES LLP
2  10100 Santa Monica Blvd., 13th Floor
   Los Angeles, California 90067-4003
3  Telephone: 310-277-6910
   Facsimile:  310-201-0760
4  Email: mpagay@pszjlaw.com

5  Attorneys for Richard M. Pachulski, Chapter 7
   Trustee
6

7                 UNITED STATES BANKRUPTCY COURT

8                 CENTRAL DISTRICT OF CALIFORNIA

9                        LOS ANGELES DIVISION

10 | In re                              | Case No. 2:17-BK-19548-NB
11 | LAYFIELD & BARRETT, APC,,          | Chapter 7
12 |            Debtors.                | **EVIDENTIARY OBJECTIONS TO**
13 |                                    | **DECLARATION OF JOSEPH A.**
   |                                    | **ALLEGRETTI IN SUPPORT OF**
   |                                    | **CHAPTER 7 TRUSTEE'S OPPOSITION**
14 |                                    | **TO ALLEGRETTI & COMPANY'S**
   |                                    | **MOTION FOR RELIEF OF ORDER**
15 |                                    | **APPROVING TRUSTEE'S SALE OF**
   |                                    | **REAL PROPERTY ENTERED APRIL 5,**
16 |                                    | **2019 [Doc 428]**

17                                        [Ref. Docket Nos. 419, 428, 660, 661]

18                                        Date:    March 5, 2024
                                          Time:    11:00 a.m.
19                                        Place:   United States Bankruptcy Court
                                                   Edward R. Roybal Federal Building
20                                                 255 E. Temple Street
                                                   Courtroom 1545
21                                                 Los Angeles, California
                                            (or via Zoomgov per posted procedures)
22                                        Judge:   Honorable Neil W. Bason

23      Richard M. Pachulski, the duly appointed and acting chapter 7 trustee of the bankruptcy

24  estate of Layfield & Barrett, APC, in support of his *Trustee's Opposition to Allegretti &*

25  *Company's Motion for Relief of Order Approving Trustee's Sale of Real Property Entered April 5,*

26  *2019 [Doc. 428]*, hereby submits his evidentiary objections to the Declaration of Joseph A.

27  Allegretti (the "Declarant"), filed in support of *Allegretti & Company's Motion for Relief of Order*

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Approving Trustee's Sale of Real Property Entered April 5, 2019 [Doc 428]*, filed by Allegretti &

Company ("Allegretti"), and states as follows:

| Paragraph Number | Objectionable Statement | Evidentiary Objection |
|---|---|---|
| ¶4 | The original response from Randal Rupert ("Rupert) of Keller Williams, broker for the Trustee, on January 25, 2019, to an inquiry by Allegretti's agent, Beitler and Associates, stated that the properties included three (3) dedicated Parking Spaces within the parking garage. | Objection:<br><br>**Inadmissible Hearsay (FRE 804(b)).** Testimony regarding the contents of the referenced "original response" and "inquiry" constitute inadmissible hearsay.<br><br>**Best Evidence Rule (FRE 1004).** To the extent the "response" or "inquiry" constitute writings and the statement purports to summarize or interpret the contents of the referenced documents, it is inadmissible since the documents themselves constitute the best evidence of their content. |
| ¶5 | After the sale of the Properties closed, Rupert was retained by Allegretti to list the Properties for lease. Rupert confirmed the Properties had three (3) dedicated Parking Spaces in the garage. | Objection:<br><br>**Inadmissible Hearsay (FRE 804(b)).** Testimony regarding Rupert's alleged "confirm[ation]" constitutes inadmissible hearsay.<br><br>**Best Evidence Rule (FRE 1004).** To the extent Rupert's "confirm[ation]" constitutes a writing and the statement purports to summarize or interpret the contents of the referenced document, it is inadmissible since the document itself constitutes the best evidence of its content. |
| ¶6 | In September, 2023, Allegretti's tenant, Algren Building and Design ("Algren") advised me that they were told they could not utilize the Parking Spaces | Objection:<br><br>**Inadmissible Hearsay (FRE 804(b)).** Testimony regarding the communication between Algren Building and Design and Allegretti and what Algren allegedly was "told" |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Paragraph Number | Objectionable Statement | Evidentiary Objection |
|---|---|---|
| | | constitute inadmissible hearsay.<br><br>**Best Evidence Rule (FRE 1004).**<br>To the extent Algren's communication with Allegretti or the format of what Algren was "told" constitutes a writing and the statement purports to summarize or interpret the contents of a document, it is inadmissible since the document itself constitutes the best evidence of its contents. |
| ¶7 | Upon being given this information, I sent an email to the president of the COA under which the Properties are governed, Stephen Stuart ("Stuart"). I received no response to my initial 19 email to Stuart and sent another email in November, 2023. | Objection:<br><br>**Inadmissible Hearsay (FRE 804(b)).**<br>Testimony regarding the provision of the "information" given to the Declarant, the initial email to Stuart and subsequent email all constitute inadmissible hearsay.<br><br>**Best Evidence Rule (FRE 1004).**<br>The statement purports to summarize or interpret the referenced writings and are inadmissible since the documents themnselves constitute the best evidence of their contents. |
| ¶8 | On November 7, 2023, I was told by Stuart that the COA did not recognize Allegretti as owners of the Parking Spaces. I was surprised to hear that the Parking Spaces had not been conveyed properly to Allegretti. | Objection:<br><br>**Inadmissible Hearsay (FRE 804(b)).**<br>Testimony regarding Stuart's communication constitutes inadmissible hearsay.<br><br>**Best Evidence Rule (FRE 1004).**<br>To the extent Stuart's communication is a writing, and the statement purports to summarize or interpret the referenced writing, the statement is inadmissible since the document itself constitutes the best evidence of its contents. |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Paragraph Number | Objectionable Statement | Evidentiary Objection |
|---|---|---|
| ¶10 | I obtained through Rupert a copy of the Trustee Letter through which the Trustee confirmed the assignment of parking spaces to the Office Condominiums. I provided a copy of the Trustee Letter to my counsel, Larry Simons and a true and correct copy is attached hereto as Exhibit "6." | Objection:<br><br>**Improper Expert Testimony (FRE 702).**<br>Declarant has not established that he is an attorney at law specializing in Utah property law or otherwise an expert as to other applicable property law to opine on the effect of the referenced letter and whether such contents constitute an alleged "assignment of parking spaces," whether such alleged "assignment" constitutes the transfer of a property right cognizable under Utah law, or whether the contents of the letter constituted a "confirm[ation]" of any alleged "assignment."<br><br>**Best Evidence Rule (FRE 1004).**<br>To the extent the statement purports to summarize or interpret the contents of the referenced letter, it is inadmissible since the email is attached (as Exhibit 6) and constitutes the best evidence of its contents. |
| ¶11 | Shortly thereafter, I reached out to Trustee in November, 2023, advising him that the Parking Spaces should have been conveyed with the sale of the Properties, but were not. I requested that at least two of the spaces (even though I believed Allegretti was entitled to three) be conveyed to Allegretti. I copied Rupert on this inquiry. | Objection:<br><br>**Inadmissible Hearsay (FRE 804(b)).**<br>Testimony regarding the contents of Allegretti's communication with the Trustee constitutes inadmissible hearsay.<br><br>**Best Evidence Rule (FRE 1004).**<br>To the extent Allegretti's communication is a writing, and the statement purports to summarize or interpret the referenced writing, the statement is inadmissible since the document itself constitutes the best evidence of its contents. |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| Paragraph Number | Objectionable Statement | Evidentiary Objection |
|---|---|---|
| ¶12 | I did not receive a response from the Trustee in regards to my inquiry, and to this day, I have still not received a response from the Trustee as to why he believes Allegretti should not have been conveyed the Parking Spaces. I did, however, receive a response from Rupert whereby he included a copy of the Trustee Letter, which was the information he based his original reply regarding the inclusion of the Parking Spaces with the sale. | Objection:<br><br>**Inadmissible Hearsay (FRE 804(b)).** Testimony regarding the contents of Allegretti's communication with Rupert constitutes inadmissible hearsay.<br><br>**Best Evidence Rule (FRE 1004).** To the extent Allegretti's communication from Rupert is a writing, and the statement purports to summarize or interpret the referenced writing, the statement is inadmissible since the document itself constitutes the best evidence of its contents. |
| ¶13 | I emailed the author of the Trustee Letter, Mahal [sic] Pagay ("Pagay"), and inquired about the Parking Spaces and asked that the Trustee convey the spaces to Allegretti. I was told by Pagay that Allegretti was not entitled to the Parking Spaces. | Objection:<br><br>**Inadmissible Hearsay (FRE 804(b)).** Testimony regarding the contents of Allegretti's communications with Pagay constitutes inadmissible hearsay.<br><br>**Best Evidence Rule (FRE 1004).** To the extent the statement purports to summarize or interpret the referenced writings, the statement is inadmissible since the documents themselves constitute the best evidence of their contents. |
| ¶14 | At no time prior was I told that a separate conveyance of the Parking Spaces would be required. In fact, my research of the sale/purchase of Suite 200 (APN TCVC-2-200) by Sterling Holdings showed that its four dedicated Parking Spaces were included in its purchase from the Trustee without separate conveyance. | Objection:<br><br>**Improper Expert Testimony (FRE 702).** Declarant has not established that he is an attorney at law specializing in Utah property law or otherwise an expert as to any other applicable property law to opine on the legal significance of the Sterling Holdings transaction documents allegedly reviewed and the purported need for a "separate conveyance" in addition to the specific |

| Paragraph Number | Objectionable Statement | Evidentiary Objection |
|---|---|---|
| | | and multiple references to enumerated parking stalls in the Unit 200 Purchase and Sale Agreement, Unit 200 Sale Motion, the Unit 200 Sale Order, the Unit 200 Sale Correction Order and the property description referenced in each.<br><br>**Best Evidence Rule (FRE 1004).**<br>To the extent the statement purports to summarize or interpret the contents of documents included in the alleged "research of the sale/purchase of Suite 200 (APN TCVC-2-200) by Sterling Holdings," the documents themselves constitute the best evidence of their contents. |

Dated: February 20, 2024              PACHULSKI STANG ZIEHL & JONES LLP


By: /s/ Malhar S. Pagay
    Malhar S. Pagay
    Attorneys for
    Richard M. Pachulski, Chapter 7 Trustee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4880-9209-1558.3 51414.003                    6

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10100 Santa Monica Boulevard, Suite 1300, Los Angeles, CA  90067

A true and correct copy of the foregoing document entitled: **EVIDENTIARY OBJECTIONS TO DECLARATION OF JOSEPH A. ALLEGRETTI IN SUPPORT OF CHAPTER 7 TRUSTEE'S OPPOSITION TO ALLEGRETTI & COMPANY'S MOTION FOR RELIEF OF ORDER APPROVING TRUSTEE'S SALE OF REAL PROPERTY ENTERED APRIL 5, 2019 [Doc 428]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 20, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 20, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Philip James Layfield
Register No. 71408-050
USP Tucson
U.S. Penitentiary Satellite Camp
P.O. Box 24549
Tucson, AZ  85734

☐    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____,
I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 20, 2023 | Nancy Brown | /s/ Nancy Brown |
| Date | Printed Name | Signature |

7

1

**1.**    <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

2

- Wesley H Avery    wes@averytrustee.com, lucy@averytrustee.com;alexandria@averytrustee.com
- Jason Balitzer    jbalitzer@sulmeyerlaw.com, jbalitzer@ecf.inforuptcy.com;dwalker@ecf.inforuptcy.com;kmccamey@sulmeyerlaw.com

3

- Moses S Bardavid    mbardavid@hotmail.com

4

- Daniel I Barness    daniel@barnesslaw.com
- James W Bates    jbates@jbateslaw.com

5

- Darwin Bingham    cat@scalleyreading.net
- Paul M Brent    snb300@aol.com

6

- Martin J Brill    mjb@lnbrb.com
- William S Brody    wbrody@buchalter.com, dbodkin@buchalter.com;IFS_filing@buchalter.com;smartin@buchalter.com

7

- Glenn R Bronson    GRBronson@traskbritt.com, cawatters@traskbritt.com
- Jeffrey D Cawdrey    jcawdrey@grsm.com, madeyemo@gordonrees.com;sdurazo@grsm.com

8

- Baruch C Cohen    bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com

9

- Beth Gaschen    bgaschen@go2.law, adele@wgllp.com; cbmeeker@gmail.com; cyoshonis@wgllp.com; lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com

10

- Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com ;cbmeeker@gmail.com ;lbracken@wgllp.com;gestrada@wgllp.com;golden.jeffreyi.b117954@notify.bestcase.com

11

- David M Goodrich    dgoodrich@go2.law, kadele@wgllp.com; lbracken@wgllp.com;wggllp@ecf.courtdrive.com;gestrada@wgllp.com

12

- Sevan Gorginian    sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com;ani@gorginianlaw.com
- Stella A Havkin    stella@havkinandshrago.com, shavkinesq@gmail.com

13

- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com ;matt@rhmfirm.com; rosario@rhmfirm.com; sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com

14

- Yana G Henriks    yhenriks@law-mh.com, rmcmurray@law-mh.com;sridgill@law-mh.com;lawclerk1@law-mh.com;lfreidenberg@law-mh.com;mbral@law-mh.com;egarcia@law-mh.com;clopez@law-mh.com

15

- James KT Hunter    jhunter@pszjlaw.com

16

- Steven J Kahn    skahn@pszyjw.com
- Joseph M Kar    jkar@mindspring.com

17

- Michael S Kogan    mkogan@koganlawfirm.com
- Richard W Labowe    richardwlabowe@gmail.com, llhlaw1631@aol.com

18

- Dare Law    dare.law@usdoj.gov, ron.maroko@usdoj.gov
- David W. Meadows    david@davidwmeadowslaw.com

19

- Jessica Mickelsen Simon    simonjm@ballardspahr.com, carolod@ballardspahr.com
- Dennette A Mulvaney    dmulvaney@leechtishman.com, lmoya@leechtishman.com; kgutierrez@leechtishman.com; NArango@LeechTishman.com

20

- Rana Nader    rnader@naderlawgroup.com, monique@naderlawgroup.com
- Joel A. Osman    osman@parkermillsllp.com, gonzalez@parkermillsllp.com

21

- Malhar S Pagay    mpagay@pszjlaw.com, bdassa@pszjlaw.com
- Brian A Paino    bpaino@mcglinchey.com, irvineECF@mcglinchey.com

22

- Michael F Perlis    mperlis@lockelord.com, merickson@lockelord.com, jhagey@lockelord.com, RRJohnson@lockelord.com, bmungaray@lockelord.com

23

- Michael F Perlis    , merickson@lockelord.com, jhagey@lockelord.com, RRJohnson@lockelord.com, bmungaray@lockelord.com

24

- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Faye C Rasch    faye@wrlawgroup.com, travis@wrlawgroup.com;oa@wrlawgroup.com

25

- Damion Robinson    damion.robinson@diamondmccarthy.com, efiling@agzlaw.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com

26

- Daniel A Solitro    dsolitro@lockelord.com, ataylor2@lockelord.com

27

- Olivier A Taillieu    o@taillieulaw.com, mstephens@taillieulaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

28

- Robert G Uriarte    rgulawoffice@gmail.com
- Gary R Wallace    garyrwallace@ymail.com
- Alan J Watson    alan.watson@hklaw.com, rosanna.perez@hklaw.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA